ELECTRONICALLY FILED - 2025 Apr 25 9:16 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

STATE OF SOUTH CAROLINA
COUNTY OF GREENWOOD

IN THE COURT OF COMMON PLEAS
EIGHTH JUDICIAL CIRCUIT

IN RE:
PFAS LITIGATION COORDINATED DOCKET

---

Greenwood Commissioners of Public Works,

Plaintiff,

v.

Cone Mills Receiver, LLC; Cryovac, Inc.; Cryovac, LLC; Firstsource Worldwide, LLC; Fitesa Simpsonville, Inc.; Milliken & Company; Oppermann Webbing, Inc.; T&S Brass and Bronze Works, Inc.; and Unichem Specialty Chemicals, LLC,

Defendants.

C.A. No. 2024-CP-24-00735

---

STATE OF SOUTH CAROLINA
COUNTY OF LAURENS

IN THE COURT OF COMMON PLEAS
EIGHTH JUDICIAL CIRCUIT

IN RE:
PFAS LITIGATION COORDINATED DOCKET

---

Laurens County Water and Sewer Commission,

Plaintiff,

v.

Cone Mills Receiver, LLC; Cryovac, Inc.; Cryovac, LLC; First Source Worldwide, LLC; Fitesa Simpsonville, Inc.; Milliken & Company; Oppermann Webbing, Inc.; T&S Brass and Bronze Works, Inc.; and Unichem Specialty Chemicals, LLC,

Defendants.

C.A. No. 2024-CP-30-00734

ELECTRONICALLY FILED - 2025 Apr 25 9:16 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

STATE OF SOUTH CAROLINA
COUNTY OF LAURENS

IN RE:
PFAS LITIGATION COORDINATED DOCKET

IN THE COURT OF COMMON PLEAS
EIGHTH JUDICIAL CIRCUIT

City of Clinton, South Carolina,

*Plaintiff,*

v.

BASF Corporation; Bausch & Lomb, Inc.; Dodge Mechanical Power Transmission Company, Inc.; Fibertex Nonwovens, Inc.; Greif Packaging, LLC; Jain-Chem, Ltd.; Nicca USA, Inc.; and VLS Piedmont, LLC,

*Defendants.*

C.A. No. 2025-CP-30-00005

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND DEFENDANTS' MOTIONS FOR PROTECTIVE ORDER AND STAY OF DISCOVERY

This matter came before the Court on motions to dismiss and to stay discovery that were filed by various Defendants in the above-captioned cases. In the cases filed by Plaintiffs Greenwood Commissioners of Public Works ("GCPW") and Laurens County Water and Sewer Commission ("LCWSC"), Defendants Cryovac, Inc. and Cryovac, LLC (collectively, "Cryovac"); First Source Worldwide, LLC ("First Source"); Fitesa Simpsonsonville, Inc. ("Fitesa"); Milliken & Company ("Milliken"); Oppermann Webbing, Inc. ("Oppermann"); T&S Brass and Bronze Works, Inc. ("T&S"); and Unichem Specialty Chemicals, LLC ("Unichem") all filed motions to dismiss the amended complaints, and Defendants Cryovac, Fitesa, Oppermann, T&S, and Unichem also filed motions to stay discovery in those cases. In the case filed by Plaintiff City of Clinton, South Carolina ("Clinton"), Defendants Fibertex Nonwovens, Inc. ("Fibertex"); Jain-

2

ELECTRONICALLY FILED - 2025 Apr 25 9:16 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Chem, Ltd. ("Jain-Chem"); and Nicca USA, Inc. ("Nicca") likewise filed a motion to dismiss the amended complaint and to stay discovery.

This Court held a hearing on March 11, 2025, during which the Court heard argument on the pending motions in these three cases. The parties filed briefs in support of their positions before the hearing, and the Court permitted the parties to file supplemental briefing and caselaw thereafter.

Having carefully considered the arguments, submissions, and the record in each of these cases, as well as the applicable law, the Court finds and concludes that Defendants' motions are respectfully **DENIED**.

**BACKGROUND**[1]

Plaintiffs allege that, for decades, Defendants have knowingly and recklessly discharged toxic per- and polyfluoroalkyl substances ("PFAS") to the Reedy River, the Saluda River, Lake Greenwood, and the Enoree River, contaminating Plaintiffs' properties and the drinking water supplied to their customers with the chemicals. Plaintiffs GCPW and LCWSC rely on and use Lake Greenwood, which is fed by the Reedy River and the Saluda River, as a vital source to draw and supply drinking water to thousands of water customers. Plaintiff Clinton does the same with respect to the Enoree River. But Plaintiffs allege that Defendants' PFAS contamination threatens the health of Plaintiffs' customers and harms Plaintiffs' properties, including, for example, their water treatment and distribution infrastructure. These man-made "forever chemicals" do not break down naturally in the environment, and they cannot be removed with conventional water treatment processes. As a result of Defendants' alleged PFAS pollution, Plaintiffs' water treatment systems

---

[1] The following background is based on the allegations in Plaintiffs' complaints and does not constitute findings of fact by the Court.

ELECTRONICALLY FILED - 2025 Apr 25 9:16 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

cannot provide water that is not contaminated with these dangerous chemicals to the approximately 73,500 customers that rely on Plaintiffs for their drinking water.

Defendants own and operate industrial facilities upstream of Plaintiffs' drinking water intakes—Defendants Cryovac, First Source, Fitesa, Milliken, Oppermann, T&S, and Unichem are located in and around the Greenville area, upstream of GCPW and LCWSC's intakes on Lake Greenwood. Defendants Fibertex, Jain-Chem, and Nicca own and operate industrial facilities upstream of Clinton's intake on the Enoree River. Plaintiffs allege that all of these defendants have used and continue to use PFAS-containing products in their manufacturing operations. Further, Plaintiffs allege that Defendants' operations continually generate PFAS-laden wastewater, which they indirectly discharge to the Reedy River, the Saluda River, Lake Greenwood, the Enoree River, and tributaries of those waterways via various public wastewater treatment plants ("WWTPs").

According to Plaintiffs, the WWTPs cannot remove PFAS from Defendants' wastewater, and the polluted effluent passes through the WWTPs' treatment processes. Plaintiffs allege Defendants' PFAS-contaminated water migrates downstream to Plaintiffs' intakes on Lake Greenwood and the Enoree River, causing injury to Plaintiffs and their properties, which include Plaintiffs' surface water treatment plants ("SWTPs"), related buildings, improvements, and infrastructure and equipment that comprise Plaintiffs' water treatment and distribution systems.

Plaintiffs allege that Defendants all knew or should have known that their chosen methods for disposing of their PFAS-contaminated wastewater would cause harm downstream. By their very nature, PFAS are persistent in the environment and resist natural breakdown methods and water treatment methods. PFAS chemicals' stability, resistance to breakdown, and ability to repel oil and water make them desirable in Defendants' manufacturing and industrial applications but also render them an environmental menace and a hazard to human health.

ELECTRONICALLY FILED - 2025 Apr 25 9:16 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Plaintiffs further allege that the Environmental Protection Agency ("EPA") and numerous scientific studies have linked PFAS exposure to serious human health effects, including immune system suppression, thyroid disorders, liver damages, reproductive and developmental harms (particularly in infants and pregnant women), and kidney, testicular, and liver cancers. While PFAS are used in a variety of products, a major source of human PFAS exposure is through consuming PFAS-contaminated drinking water.

In March 2023, EPA issued proposed maximum contaminant levels ("MCLs")—the enforceable maximum amount of a contaminant that may be delivered to any public water system user (based on existing detection technology)—and maximum contaminant level goals ("MCLGs")—a purely safety-based standard for the maximum amount of a contaminant in drinking water at which adverse human health effects are not known or anticipated to occur—for certain PFAS compounds. Then, in April 2024, EPA issued the final MCLs—the agency's first ever binding regulatory limits for PFAS in drinking water. EPA set MCLs at 4 parts per trillion ("ppt") for PFOA and PFOS, 10 ppt for certain other PFAS compounds, and issued a "hazard index" approach to control mixtures of those other PFAS compounds. At that time, EPA also set MCLGs for PFOA and PFOS at zero ppt based on the agency's determination that there is no safe level of exposure to these two compounds.

Public drinking water systems such as Plaintiffs' must comply with the enforceable MCLs by April 2029, but the MCLGs mean that any level of PFOA and PFOS in drinking water presents a risk of adverse health impacts. PFAS levels at Plaintiffs' drinking water sources currently exceed both the MCLs and MCLGs, and Plaintiffs' water treatment systems were never designed to, and cannot, remove Defendants' PFAS from the water. Plaintiffs allege that as a result of Defendants' PFAS contamination, Plaintiffs cannot supply drinking water to their customers that is free of

ELECTRONICALLY FILED - 2025 Apr 25 9:16 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

PFAS contamination, and Plaintiffs' property rights and properties—e.g., their land, SWTPs, distribution lines, and other infrastructure—have been harmed. Plaintiffs claim they have suffered, currently suffer, and will continue to suffer significant harm and property injuries because of the contamination, and they seek both monetary and equitable relief to remedy that harm and protect their communities from the consumption of Defendants' PFAS.

Defendants deny Plaintiffs' allegations and argue that the common law claims Plaintiffs assert are not appropriate avenues by which Plaintiffs can seek relief.

## STANDARD OF REVIEW

South Carolina's pleading rules state that "[e]ach averment of a pleading shall be simple concise, and direct," and they do not require any "technical forms of pleading." Rule 8(e)(1), SCRCP. Courts must liberally construe pleadings "to do substantial justice to all parties." Rule 8(f), SCRCP; *Quality Towing, Inc. v. City of Myrtle Beach*, 340 S.C. 29, 33, 530 S.E.2d 369, 371 (2000). Pleadings provide notice to litigants of the issues in the case—"It is elementary that the principal purpose of pleadings is to inform the pleader's adversary of legal and factual positions which he will be required to meet on trial." *Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 574, 743 S.E.2d 778, 785 (2013) (quoting *S.C. Nat'l Bank v. Joyner*, 289 S.C. 382, 387, 346 S.E.2d 329, 332 (Ct. App. 1986)). While a complaint must plead facts showing that the plaintiff is entitled to relief, the complaint need not allege "the evidence which will be used to prove those facts." *Clark v. Clark*, 293 S.C. 415, 416, 361 S.E.2d 328, 328 (1987); Rule 8(a), SCRCP.

A motion under Rule 12(b)(6), SCRCP, tests the legal sufficiency of a plaintiff's complaint, but "it is not a vehicle for addressing the underlying merits" of the claims asserted. *Doe v. Oconee Mem. Hosp.*, 437 S.C. 574, 581, 878 S.E.2d 920, 925 (Ct. App. 2022). A court should only dismiss a claim under this rule if it fails "to state facts sufficient to constitute a cause of action." Rule

ELECTRONICALLY FILED - 2025 Apr 25 9:16 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

12(b)(6), SCRCP. "A ruling on a 12(b)(6) motion to dismiss must be based solely upon the allegations set forth on the face of the complaint and the motion cannot be sustained if facts alleged and inferences reasonably deducible therefrom would entitle the plaintiff to any relief on any theory of the case." *Toussaint v. Ham*, 292 S.C. 415, 416, 357 S.E.2d 8, 9 (1987); *accord Stiles v. Onorato*, 318 S.C. 297, 300, 457 S.E.2d 601, 602–03 (1995). Additionally, the court "must presume all well pled facts to be true" and "every doubt" should be resolved in the plaintiff's favor. *Morrow Crane Co. v. T.R. Tucker Constr. Co.*, 296 SC. 427, 429, 373 S.E.2d 701, 702 (Ct. App. 1988); *Cole Vision Corp. v. Hobbs*, 394 S.C. 144, 149, 714 S.E.2d 537, 539 (2011). "Further, the complaint should not be dismissed merely because the court doubts the plaintiff will prevail in the action," *Plyler v. Burns*, 373 S.C. 637, 645, 647 S.E.2d 188, 192 (2007), and "novel questions of law should not ordinarily be resolved on a Rule 12(b)(6) motion," *Chestnut v. AVX Corp.*, 413 S.C. 224, 227, 776 S.E.2d 82, 84 (2015).

## CONCLUSIONS

In seeking dismissal of Plaintiffs' complaints, Defendants make the following arguments: (1) Plaintiffs' claims are non-justiciable because they are not ripe and Plaintiffs lack standing to bring them; (2) Plaintiffs failed to join necessary and indispensable parties under Rule 19, SCRCP; (3) Plaintiffs' claims for trespass fail because they did not adequately allege Defendants committed any intentional act resulting in a tangible intrusion onto their properties; (4) Plaintiffs' (i) private nuisance claims fail because they did not adequately allege Defendants controlled the source of the nuisance, interfered with Plaintiffs' properties, or sustained cognizable damages; and (ii) public nuisance claims fail because they did not adequately allege Defendants committed any unlawful act; (5) Plaintiffs' negligence claims fail because Defendants owed them no duty and Plaintiffs failed to adequately allege breach, proximate causation, or cognizable damages; (6) Plaintiffs did

ELECTRONICALLY FILED - 2025 Apr 25 9:16 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

not adequately allege Defendants are the source of the PFAS allegedly contaminating Plaintiffs' properties; (7) the "municipal cost recovery rule" precludes Plaintiffs' recoveries; (8) these cases should be stayed and referred to the South Carolina Department of Environmental Services ("DES") based on the "primary jurisdiction" doctrine; (9) the statute of limitations bars GCPW and LCWSC's claims against Milliken; and (10) Plaintiffs lack standing to enforce regulatory standards for South Carolina waters. Certain Defendants further assert that the Court should enter an order staying discovery until after it decides the issues raised in their motions to dismiss.

Having carefully and fully considered the allegations in Plaintiffs' complaints, the parties' submissions, the arguments presented, and the applicable law, the Court makes the following conclusions:

## 1. Plaintiffs' claims are justiciable.

"Our courts will not address the merits of any case unless it presents a justiciable controversy." *Jowers v. S.C. Dep't of Health and Env't Control*, 423 S.C. 343, 353, 815 S.E.2d 446, 451 (2018) (quoting *Byrd v. Irmo High Sch.*, 321 S.C. 426, 430-31, 468 S.E.2d 861, 864 (1996)). "Justiciability encompasses several doctrines, including ripeness, mootness, and standing." *James v. Anne's Inc.*, 390 S.C. 188, 193, 701 S.E.2d 730, 732 (2010) (citing *Jackson v. State*, 331 S.C. 486, 490 n.4, 489 S.E.2d 915, 917 n.4 (1997)). "A plaintiff has standing to challenge legislation when he sustained, or is in immediate danger of sustaining, actual prejudice or injury from the legislative action." *Jowers*, 423 S.C. at 353, 815 S.E.2d at 451 (citing *Sea Pines Ass'n for Prot. of Wildlife, Inc. v. S.C. Dep't of Nat. Res.*, 345 S.C. 594, 600, 550 S.E.2d 287, 291 (2001)). The South Carolina courts "have explained ripeness by defining what is not ripe, stating 'an issue that is contingent, hypothetical, or abstract is not ripe for judicial review.'" *Id.* (quoting *Colleton Cnty. Taxpayers Ass'n v. Sch. Dist. of Colleton Cnty.*, 371 S.C. 224, 242, 638 S.E.2d 685, 694 (2006)). "The principles of justiciability developed by South Carolina appellate courts have

8

grown out of the federal court's interpretation of 'the case or controversy' requirement contained in Article III of the United States Constitution." *Crescent Homes SC, LLC v. CJN, LLC*, 445 S.C. 164, 184, 912 S.E.2d 389, 399 (Ct. App. 2024) (quoting Jean Heofer Toal et al., *Appellate Practice in South Carolina*, at 125 (3d ed. 2016)).

Defendants contend that these actions are premature because enforcement of the MCLs for PFAS will not begin until April 2029, and that Plaintiffs' obligations to comply with those regulations remain speculative and dependent on future developments. Defendants further cite pending litigation in the D.C. Circuit that may affect the final form of those regulations. As to standing, Defendants argue that Plaintiffs do not own the waters at issue, which are instead owned by the State of South Carolina, and therefore Plaintiffs lack a concrete injury.

Plaintiffs' complaints plead state common law causes of action, alleging that Defendants have maintained an ongoing PFAS contamination of their properties, including their land, SWTPs, water distribution infrastructure, and water sources. Plaintiffs therefore allege that they have suffered direct property injuries and interference with the use and enjoyment of their properties, including the inability to supply water free from unsafe concentrations of PFAS; incurring significant costs in investigating and identifying the sources of PFAS contamination; and property devaluation.

The Court finds that the issues of ripeness and standing boil down to the same question here: Whether Plaintiffs allege that they currently suffer concrete injury. Plaintiffs' claims are not based on speculative future regulatory burdens but rather on existing and ongoing contamination of their land, infrastructure, and water sources with PFAS. Plaintiffs do not assert claims premised solely on compliance with future regulations. Instead, they seek relief for actual and continuing property injuries allegedly caused by Defendants' discharges of PFAS-containing wastewater into

ELECTRONICALLY FILED - 2025 Apr 25 9:16 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Apr 25 9:16 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

rivers upstream of Plaintiffs' water intakes. The pleadings describe specific harms to Plaintiffs' properties and water treatment and distribution systems that have already occurred and continue to occur. Accordingly, the claims are ripe for judicial review.

The Court also finds that Plaintiffs have sufficiently alleged a personal stake in the outcome of the controversy to satisfy standing requirements. The complaints allege that Defendants' conduct has directly resulted in the contamination of Plaintiffs' SWTPs, water distribution infrastructure, and underlying property. Plaintiffs further allege they have suffered and will continue to suffer concrete injuries, including contamination of their systems, interference with their properties and operations, and the imposition of significant investigative and remedial costs. That Plaintiffs do not own the waters of the state does not bar their ability to seek relief for injuries to their legally protected interests in their land and infrastructure.

Accordingly, Defendants' motions to dismiss on the grounds of ripeness and standing are hereby **DENIED**.

**2.      Plaintiffs have not failed to join persons needed for just adjudication.**

Rule 19, SCRCP controls the joinder of indispensable parties. The relevant sections state as follows:

> **(a) Persons to Be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

**(b) Determination by Court Whenever Joinder Not Feasible.** If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

The South Carolina Supreme Court "has interpreted Rule 19, SCRCP to require that a party be a 'necessary party' to be joined in an action pursuant to the rule." *Ex parte Gov't Emp.'s Ins. Co.*, 373 S.C. 132, 137, 644 S.E.2d 699, 701 (2007) (quoting *Slatton v. Slatton*, 289 S.C. 128, 130, 345 S.E.2d 248, 249 (1986)). "A necessary party is one whose rights must be ascertained and settled before the rights of the parties to the action can be determined." *Slatton*, 289 S.C. at 130, 345 S.E.2d at 249.

Nonetheless, where multiple tortfeasors may exist, South Carolina adheres to the "plaintiff chooses" rule. *Smith v. Tiffany*, 419 S.C. 548, 562, 799 S.E.2d 479, 487 (2017). Thus, "[i]t is well-settled that a plaintiff has the sole right to determine which co-tortfeasors she will sue." *Chester v. S.C. Dep't of Pub. Safety*, 388 S.C. 343, 345, 698 S.E.2d 559, 560 (2010); *see also id.* ("A ruling that a . . . defendant can compel a plaintiff to join other alleged tortfeasors as defendants in that suit would overturn this firmly entrenched common law principle."). Courts have identified many important rationales for this rule. *See Tiffany*, 419 S.C. at 563, 799 S.E.2d at 487.

Defendants assert that Plaintiffs' claims are misplaced because it is the WWTPs, not Defendants, who ultimately discharge the treated wastewater into the rivers that flow downstream to Plaintiffs' water sources. According to Defendants, these WWTPs are indispensable parties because they are the entities that allegedly introduced PFAS into the waterways. Fibertex, Jain-

11

ELECTRONICALLY FILED - 2025 Apr 25 9:16 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Chem, and Nicca additionally argue that DES is a necessary and indispensable party because it is the state agency responsible for regulating South Carolina's waters.

Plaintiffs counter that Rule 19 does not require the joinder of the third parties that Defendants contend are co-tortfeasors. Citing well-established South Carolina law, Plaintiffs argue that they have the legal right to choose which tortfeasors to sue, and that they are not required to join every actor who may have contributed to the alleged harm. Further, Plaintiffs allege that the WWTPs are not sources of PFAS themselves, but instead merely transmit the PFAS discharged by Defendants. Plaintiffs further assert that the WWTPs' rights need not be adjudicated in order to determine Defendants' liability and that complete relief can be afforded among the parties presently before the Court.

Having considered the arguments of counsel and applicable South Carolina law, the Court finds that the WWTPs and DES are neither necessary nor indispensable under Rule 19(a), SCRCP. South Carolina courts have long recognized that a plaintiff may choose among joint tortfeasors in deciding whom to sue and is not required to join all potential wrongdoers. Nothing in the pleadings indicates that complete relief among the existing parties cannot be accorded in the absence of the WWTPs or DES, nor is there any indication that the WWTPs or DES claim an interest that would be impaired or leave Defendants at risk of multiple or inconsistent obligations if these actions are adjudicated without their joinder.

Accordingly, Defendants' motions to dismiss for failure to join indispensable parties under Rule 19, SCRCP, are hereby **DENIED.**

**3.      Plaintiffs have alleged actionable claims for trespass.**

Under South Carolina law, "a trespass is any interference with one's right to the exclusive, peaceable possession of his property." *Ravan v. Greenville Cnty.*, 315 S.C. 447, 463, 434 S.E.2d 296, 306 (Ct. App. 1993); *see also Hedgepath v. Am. Tel. & Tel. Co.*, 348 S.C. 340, 357, 559

ELECTRONICALLY FILED - 2025 Apr 25 9:16 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

S.E.2d 327, 337 (Ct. App. 2001) ("[T]respass is any intentional invasion of the plaintiff's interest in the exclusive possession of his property . . . ." (quoting *Silvester v. Spring Valley Country Club*, 344 S.C. 280, 286, 543 S.E.2d 563, 566 (Ct. App. 2001))). To state a claim for actionable trespass, a plaintiff must allege that the defendant invaded his property without permission through an affirmative, intentional act. *Snow v. City of Columbia*, 305 S.C. 544, 552–53, 409 S.E.2d 797, 802 (Ct. App. 1991). "The gist of trespass is the injury to possession, and generally either actual or constructive possession is sufficient to maintain an action for trespass." *Hawkins v. City of Greenville*, 358 S.C. 280, 296, 594 S.E.2d 557, 566 (Ct. App. 2004).

Plaintiffs allege that Defendants are liable for trespass because Defendants have intentionally discharged wastewater containing PFAS products, and Defendants knew or should have known their PFAS-contaminated wastewater would enter and invade Plaintiffs' properties, which include Plaintiffs' SWTPs, related buildings, improvements, and infrastructure and equipment that comprise Plaintiffs' water treatment and distribution systems. Further, they allege Defendants' products and wastewater have physically invaded and altered Plaintiffs' properties, and they continue to do so.

Defendants contend that Plaintiffs have not sufficiently alleged two necessary elements in support of their trespass claim—a tangible, physical intrusion and that their conduct was intentional. Defendants argue that PFAS cannot support an actionable invasion or interference, relying on *Babb v. Lee County Landfill SC, LLC*, 405 S.C. 129, 747 S.E.2d 468 (2013). They also argue that any alleged trespass was not intentional because their PFAS-contaminated wastewater passes through WWTPs before reaching Plaintiffs' water sources, where Plaintiffs affirmatively withdraw water.

ELECTRONICALLY FILED - 2025 Apr 25 9:16 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

In *Babb*, the South Carolina Supreme Court answered certified questions from the federal district court, one of which asked if "South Carolina law recognizes a cause of action for trespass solely from invisible odors, rather than from a physical invasion such as dust or water." 405 S.C. at 144, 747 S.E.2d at 476. The Supreme Court answered that South Carolina law requires "an invasion by a physical, tangible thing for a trespass to exist, and accordingly, [it held] that odors cannot give rise to a trespass claim." *Id.* at 145, 747 S.E.2d at 476. While Defendants maintain that "PFAS molecules" are intangible, "microscopic" particles that cannot constitute a trespass under *Babb*, Plaintiffs allege that their properties were physically invaded with Defendants' PFAS-contaminated wastewater—indisputably tangible substances—causing past and continuing harm. PFAS-contaminated wastewater, which persists indefinitely in the environment, is distinguishable from ephemeral, dissipating odors, and the *Babb* court even recognized that water constitutes a physical invasion. *See id.* at 144, 747 S.E.2d at 476. Plaintiffs' allegations are therefore sufficient under *Babb* and decades of South Carolina precedent recognizing that chemical contamination via water is a physical invasion and actionable trespass, even if the individual contaminants are microscopic.[2]

---

[2] *See, e.g., Kelly v. Para-Chem. S., Inc.*, 311 S.C. 223, 224, 428 S.E.2d 703, 703 (1993) (affirming a jury verdict for plaintiff in an "action for trespass through groundwater contamination"); *Johnson v. Hoechst Celanese Corp.*, 317 S.C. 415, 418–19, 453 S.E.2d 908, 910–11 (Ct. App. 1995) (noting that the jury returned a trespass verdict in favor of plaintiffs whose properties were either within a plume of chemically-contaminated groundwater or near a contaminated creek); *In re Wildewood Litig.*, 52 F.3d 499, 501–02 (4th Cir. 1995) (noting that trespass claim was submitted to the jury in a case alleging "the release by [Defendant]'s plant of trichloroethane (TCE) into the groundwater in and surrounding the owners' properties"); *Tillman v. Highland Indus., Inc.*, 486 F. Supp. 3d 1026, 1040–41 (D.S.C. 2020) (finding Plaintiff stated a trespass claim under South Carolina law where the complaint alleged chemical contamination of Plaintiff's property via Defendant's storm water discharge pipe); *Shockley v. Hoechst Celanese Corp.*, 793 F. Supp. 670, 672–74 (D.S.C. 1992) (upholding jury's determination that Defendant was liable for trespass in a case where Defendant's spilled chemicals contaminated groundwater and the contamination migrated to Plaintiffs' property), *aff'd in part*, 996 F.2d 1212 (4th Cir. 1993) (affirming the jury's verdict for Plaintiff on trespass); *Weatherford v. E.I. Dupont de Nemours & Co.*, C.A. No. 4:22-cv-01427-RBH, 2023 WL 11015357, at *5 (D.S.C. Sept. 27, 2023) (concluding Plaintiffs "plausibly alleged a trespass claim" under South Carolina law based on PFAS-contaminated wastewater entering the environment via river discharges and agricultural sludge and contaminating Plaintiffs' wells).

ELECTRONICALLY FILED - 2025 Apr 25 9:16 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Plaintiffs also sufficiently allege that Defendants' invasion via PFAS-contaminated wastewater was intentional. A defendant's trespass was intentional if "the defendant acted voluntarily and [either] he knew or should have known the result would follow from his act." *Snow*, 305 S.C. at 553, 409 S.E.2d at 802. "[W]hile the trespasser, to be liable, need not intend or expect the damaging consequence of his entry, he must intend the act which constitutes the unwarranted entry on another's land." *Id.* That Defendants' PFAS-contaminated wastewater passes through WWTPs before reaching Plaintiffs' intakes does not negate their intent; constructive knowledge that an unwarranted entry will occur is sufficient. *See id.*; *Comm'rs of Pub. Works v. Costco Wholesale Corp.*, C.A. No. 2:21-cv-42-RMG, 2021 WL 5908758, at *8 (D.S.C. Dec. 13, 2021) (finding allegations "that Defendants knew or should have known that their flushable wipes are misleadingly labeled, do not disperse as advertised, and enter directly into Plaintiffs sewer system" are "affirmative or willful acts, even if the actual flushing of the wipes into Plaintiff's sewer system is done by third parties"). If proven, Plaintiffs' allegations that Defendants voluntarily discharged their industrial wastewater containing PFAS when they knew or should have known their contaminated wastewater would enter and pollute Plaintiffs' properties would establish the intent requirement of their trespass claims.

Accordingly, Defendants' motions to dismiss Plaintiffs' trespass claims are hereby **DENIED**.

**4.    Plaintiffs' allegations state claims for both private and public nuisance.**

"A nuisance is anything which works hurt, inconvenience, or damage; anything which essentially interferes with the enjoyment of life or property." *Neal v. Darby*, 282 S.C. 277, 285, 318 S.E.2d 18, 23 (Ct. App. 1984). A claim for private nuisance generally protects against unreasonable interference with the use and enjoyment of property, while public nuisance generally protects public rights—such as public order, health, and morals. *O'Cain v. O'Cain*, 322 S.C. 551,

15

560–62, 473 S.E.2d 460, 466 (Ct. App. 1996); *Overcash v. S.C. Elec. & Gas Co.*, 364 S.C. 569, 573–74, 614 S.E.2d 691, 621–22 (2005). Whether an interference constitutes a nuisance, however, depends on the facts. *Lefurgy v. Long Cove Club Owners Ass'n*, 313 S.C. 555, 558–59, 443 S.E.2d 577, 579 (Ct. App. 1994). Even lawful conduct "may become a nuisance by reason of circumstances, location, or surroundings." *Neal*, 282 S.C. at 286, 318 S.E.2d at 23.

Defendants argue they cannot be liable for creating a nuisance because Plaintiffs have not sufficiently alleged control, unreasonable interference, recoverable damages, or any "special injury." Defendants claim they lacked the requisite "control" over their respective contributions to the nuisance, disclaiming control over their PFAS-contaminated wastewater that they continually discharge because they discharge their wastewater to WWTPs. Relying principally on *Clark v. Greenville County*, 313 S.C. 205, 437 S.E.2d 117 (1993), Defendants contend that the WWTPs' properties are the source of the PFAS contamination rather than their own. They also contend that the contamination of public bodies of waters—such as the Reedy River, the Saluda River, Lake Greenwood, and the Enoree River—cannot give to private or public nuisance because Plaintiffs have not suffered any private property injuries.

The Court finds that Plaintiffs have stated claims for actionable nuisance—both private and public—under South Carolina law. Plaintiffs allege that, in addition to causing substantial and unreasonable interference with Plaintiffs' use of their properties, Defendants' PFAS-contaminated wastewater has and continues to endanger the public health of the communities that Plaintiffs supply with drinking water. Plaintiffs' allegations of discreet injuries to their properties constitute a substantial and unreasonable interference with Plaintiffs' property rights for purposes of stating a private nuisance claim, as well as special injuries to allow them to sue for public nuisance. *See*

ELECTRONICALLY FILED - 2025 Apr 25 9:16 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Apr 25 9:16 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

*Home Sales, Inc. v. City of N. Myrtle Beach*, 299 S.C. 70, 82, 382 S.E.2d 463, 469 (1989); *Overcash*, 364 S.C. at 573–75, 614 S.E.2d at 621–22.

Relatedly, the Court disagrees with Defendants' argument that Plaintiffs' nuisance claims should be dismissed because Defendants lack "control." Plaintiffs allege that Defendants are the source of the nuisance—they owned and controlled their industrial facilities and the PFAS products used, and they disposed of their PFAS-contaminated wastewater at those facilities in a way that prevents Plaintiffs from enjoying the use of their own properties. *See Clark*, 313 S.C. at 209, 437 S.E.2d at 119. Plaintiffs allege that Defendants continually discharge their PFAS-contaminated wastewater from their facilities to WWTPs with knowledge that it passes through WWTPs unchanged and flows directly into surface waters and onto Plaintiffs' properties. Plaintiffs have sufficiently alleged that Defendants controlled the nuisance.

Accordingly, Defendants' motions to dismiss Plaintiffs' claims for private nuisance and public nuisance are hereby **DENIED**.

**5.    Plaintiffs' allegations state claims for negligence.**

"An essential element in a cause of action for negligence is the existence of a legal duty of care owed by the defendant to the plaintiff." *Bishop v. S.C. Dep't of Mental Health*, 331 S.C. 79, 85, 502 S.E.2d 78, 81 (1998). The existence of a legal duty is a question of law. *McCord v. Laurens Cnty. Health Care Sys.*, 429 S.C. 286, 296, 838 S.E.2d 220, 225 (Ct. App. 2020). Plaintiffs allege that "Defendants have a duty to use due care in the handling, use, and disposal of products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to avoid causing an unreasonable risk of harm to others."

In opposing Plaintiffs' negligence claims, Defendants cite case law providing that "there is no general duty to control the conduct of another or to warn a third person or potential victim of danger." *Madison ex rel. Bryant v. Babcock Ctr., Inc.*, 371 S.C. 123, 136, 638 S.E.2d 650, 656–57

17

ELECTRONICALLY FILED - 2025 Apr 25 9:16 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

(2006). Because they deliver their industrial wastewater to various WWTPs and owe no duty to ensure that the WWTPs treat their wastewater in a way that does not risk harm to third parties, Defendants argue that they owe no duty of care to Plaintiffs. Defendants further argue that a duty to Plaintiffs may only be created "by statute, a contractual relationship, status, property interest, or some other special circumstance," none of which are applicable here. *Id.*

Plaintiffs respond that they do not allege a duty to protect them from third parties and that Defendants conflate different tenets of South Carolina law. They explain that while an affirmative duty to act may only be created in certain circumstances, once a party voluntarily undertakes an act, it must exercise due care in doing so. Plaintiffs contend that, by voluntarily engaging in their industrial activities, Defendants were required to do so with due care. Additionally, Plaintiffs highlight that Defendants owed them a duty because they "created a situation that they knew or should have known posed a substantial risk of injury" to Plaintiffs. *Edwards v. Lexington Cnty. Sheriff's Dep't*, 386 S.C. 285, 294, 688 S.E.2d 125, 130 (2010); *see also* RESTATEMENT (THIRD) OF TORTS: LIABILITY FOR PHYSICAL AND EMOTIONAL HARM, § 7 ("An actor ordinarily has a duty to exercise reasonable care when the actor's conduct creates a risk of physical harm.").

The Court agrees with Plaintiffs and concludes that they have sufficiently alleged a legal duty of care under the circumstances. Plaintiffs do not allege that Defendants owed a duty to protect them from the independent actions of a third party, but instead that Defendants owed a duty of care arising from their own conduct, which created a risk of harm. Moreover, South Carolina courts have consistently recognized a duty of care in environmental pollution contexts, where parties who released pollution into the environment owed a duty to those exposed to the pollutants. *See, e.g., Chestnut v. AVX Corp.*, 413 S.C. 224, 226, 776 S.E.2d 82, 83 (2015) (finding that a manufacturer who released hazardous chemicals beyond its plant's boundaries, contaminating surrounding

ELECTRONICALLY FILED - 2025 Apr 25 9:16 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

properties, owed a duty of care to the affected property owners); *Ravan v. Greenville Cnty.*, 315 S.C. 447, 452, 434 S.E.2d 296, 299 (Ct. App. 1993) (holding that the defendant transporter of toxic chemicals owed a duty of care not only during the transport but also in selecting a landfill location, thus extending its duty to mitigate risks associated with industrial waste disposal).

The Court concludes that the allegations in the complaints, taken as true, sufficiently establish that Defendants owed a duty of care to Plaintiffs due to their undertaking of industrial operations that posed a substantial risk of harm to Plaintiffs' water systems.

The Court furthermore finds that the complaints adequately plead that Defendants breached their duties of due care in the use and disposal of PFAS by discharging the chemicals to WWTPs with knowledge that PFAS are hazardous to human health, resistant to the treatment methods used by their receiving WWTPs, and environmentally persistent, and further, that the receiving WWTPs discharge Defendants' PFAS to rivers upstream from Plaintiffs' water intakes.

As for causation, "[p]roximate cause requires proof of both causation in fact and legal cause." *Bishop v. Dep't of Mental Health*, 331 S.C. 79, 88, 502 S.E.2d 78, 83 (1998). "Causation in fact is proved by establishing the injury would not have occurred 'but for' the defendant's negligence. Legal cause is proved by establishing foreseeability." *Id.* at 88–89, 502 S.E.2d at 83 (citation omitted). "Foreseeability is determined by looking to the natural and probable consequences of the complained of act." *Id.* at 89, 502 S.E.2d at 83. "The defendant's negligence does not have to be the sole proximate cause of the plaintiff's injury; instead, the plaintiff must prove the defendant's negligence was at least one of the proximate causes of the injury." *Id.* "Ordinarily, the question of proximate cause is one of fact for the jury. . . ." *Hurd v. Williamsburg Cnty.*, 353 S.C. 596, 613, 579 S.E.2d 136, 145 (Ct. App. 2003) (quoting *McNair v. Rainsford*, 330 S.C. 332, 349, 499 S.E.2d 488, 497 (Ct. App. 1998)).

ELECTRONICALLY FILED - 2025 Apr 25 9:16 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Plaintiffs allege that PFAS are man-made chemicals that do not occur naturally in the environment, Defendants discharge PFAS-contaminated wastewater into bodies of water upstream of Plaintiffs' properties, PFAS do not naturally degrade in the environment, and the PFAS that Defendants discharged flow downstream onto Plaintiffs' properties. Plaintiffs moreover allege that Defendants knew that PFAS were in their waste streams and that PFAS are persistent and resistant to conventional wastewater treatment methods like those used by their receiving WWTPs. The Court finds that Plaintiffs have sufficiently alleged causation-in-fact and proximate cause. Plaintiffs' allegations, taken as true, are sufficient to allege that Defendants are "but-for" causes of Plaintiffs' injuries and that their injuries were the "natural and probable consequences" of Defendants' alleged conduct. *Bishop*, 331 S.C. at 89, 502 S.E.2d at 83.

As for Defendants' argument that Plaintiffs' fail to support their negligence claims with allegations of actionable physical injury or damage to property, the Court rejects this argument for the same reasons stated in Section 1, pertaining to justiciability. The Court finds that the complaints plainly allege direct injuries to Plaintiffs' properties caused by Defendants' PFAS, including the contamination of their land and treatment systems and the inability to use their facilities to treat and supply drinking water without hazardous levels of PFAS.

Defendant T&S uniquely argues that Plaintiffs GCPW and LCSWC's negligence claims fail because they assumed the risk of PFAS contamination by voluntarily taking on the role of a public drinking water utility, invoking the doctrine of primary implied assumption of risk.

"Primary implied assumption of risk arises when the plaintiff impliedly assumes those risks that are *inherent* in a particular activity." *Davenport v. Cotton Hope Plantation Horizontal Prop. Regime*, 333 S.C. 71, 81, 508 S.E.2d 565, 570 (1998). In *Davenport*, the South Carolina Supreme Court clarified that "[p]rimary implied assumption of risk is not a true affirmative defense, but

ELECTRONICALLY FILED - 2025 Apr 25 9:16 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

instead goes to the initial determination of whether the defendant's legal duty encompasses the risk encountered by the plaintiff." *Id.* That is, "primary implied assumption of risk is but another way of stating the conclusion that a plaintiff has failed . . . to establish that a duty exists." *Id.* (quoting *Perez v. McConkey*, 872 S.W.2d 897, 902 (Tenn. 1994)).

Plaintiffs argue that they have alleged in their complaints that PFAS are "man-made chemicals that do not occur naturally in the environment," and that, resultingly, PFAS contamination is not a risk inherent to the treatment and provision of drinking water to Plaintiffs' customers.

Given that the Court has already found that Plaintiffs adequately plead that Defendants owed them a duty of due care in Defendants' use and disposal of PFAS, the Court finds that Plaintiffs also adequately alleged that they did not impliedly assume the risk of PFAS contamination by engaging in water treatment activities.

Accordingly, Defendants' motions to dismiss Plaintiffs' claims for negligence are hereby **DENIED**.

### 6.    Plaintiffs sufficiently allege traceability.

Defendants move to dismiss Plaintiffs GCPW and LCWSC's claims on traceability grounds, contending that Plaintiffs have failed to sufficiently allege that PFAS discharged by these specific entities are the same PFAS detected in Plaintiffs' water sources and treatment systems. Defendants highlight that the complaints allege that PFAS are used widely across various industries and are highly mobile and persistent in the environment, arguing that the PFAS impacting Plaintiffs may originate from unknown third-party sources. Defendants contend that these characteristics undermine Plaintiffs' ability to plausibly allege that the contamination of their properties is traceable to any particular Defendant in this action.

21

ELECTRONICALLY FILED - 2025 Apr 25 9:16 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Another element of standing is a requisite "causal connection between the injury and the challenged conduct." *Opternative, Inc. v. S.C. Bd. of Med. Exam'rs*, 433 S.C. 405, 415, 859 S.E.2d 263, 268 (Ct. App. 2021) (citing *Joseph v. S.C. Dep't of Labor, Licensing and Regulation*, 417 S.C. 436, 449, 790 S.E.2d 763, 770 (2016)). "A causal connection exists if the injury is 'fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.'" *Id.* (quoting *Sea Pines Ass'n for Prot. of Wildlife, Inc. v. S.C. Dep't of Nat. Res.*, 345 S.C. 594, 600, 550 S.E.2d 287, 291 (2001)) (cleaned up). "Establishing a 'but for' causal connection or showing a substantial likelihood that the challenged action caused the injury is sufficient.'" *Id.* (citing *Duke Power Co. v. Carolina Env't Study Group, Inc.*, 438 U.S. 59, 74-78 (1978); *Bailey v. S.C. Dep't of Health & Env't Control*, 388 S.C. 1, 7, 693 S.E.2d 426, 429 (Ct. App. 2010)).

Plaintiffs respond that the traceability arguments raised by Defendants are premature and go beyond the scope of what is required at the pleading stage. Plaintiffs allege that PFAS are entirely synthetic substances that do not occur naturally in the environment and that Defendants have discharged PFAS-contaminated wastewater into rivers upstream of Plaintiffs' water intakes. Plaintiffs also allege that water sampling has confirmed the presence of PFAS in these bodies of water, and that Defendants discharged wastewater from specific industrial facilities into these same waters. Plaintiffs contend that these allegations, taken as true and with all reasonable inferences drawn in their favor, are sufficient to plead causation in fact and support a plausible inference that Defendants' conduct contributed to their injuries.

On consideration, the Court finds that Plaintiffs have plausibly alleged that the PFAS interfering with the use and enjoyment of their properties and damaging their properties are fairly traceable to Defendants' challenged conduct. Whether Plaintiffs can ultimately prove that the

PFAS on their properties originated from these Defendants is a factual question that must be resolved through discovery and cannot be adjudicated on a motion to dismiss.

Accordingly, Defendants' motions to dismiss Plaintiffs GCPW and LCWSC's claims for failure to sufficiently allege traceability are hereby **DENIED**.

**7.    The "municipal cost recovery rule" does not apply.**

Defendants seek dismissal of Plaintiffs GCPW and LCWSC's claims on the basis of the municipal cost recovery rule (also known as the "free public services doctrine"), which they contend precludes the tort recovery Plaintiffs seek. The basis for the argument is that Plaintiffs are government entities pursuing tort claims in order to upgrade their SWTPs, and that under the municipal cost recovery rule, public expenditures made in the performance of governmental functions, like the costs of upgrading the SWTPs, are not recoverable in tort.

Neither Defendants nor Plaintiffs cite any South Carolina decisions applying the municipal cost recovery rule, and it is unclear whether the rule has been previously recognized in our jurisprudence. Nevertheless, in jurisdictions that have recognized it, the rule generally "provides that absent specific statutory authorization or damage to government-owned property, a county [or other government entity] cannot recover the costs of carrying out public services from a tortfeasor whose conduct caused the need for the services." *Walker Cnty. v. Tri-State Crematory*, 284 Ga. App. 34, 37, 643 S.E.2d 324, 327 (2007). The municipal cost recovery rule rests on the premise that when legislative authorities have allocated the costs of public services across the public as whole, such as through taxes, courts should not intrude upon this legislative determination by authorizing tort recovery. *City of Flagstaff v. Atchison, Topeka and Santa Fe Ry. Co.*, 719 F.2d 322, 323 (9th Cir. 1983). In the *Flagstaff* decision, the Ninth Circuit explained that application of the doctrine turns on "the identity of the claimant and the nature of the cost," which "combine to deny recovery." *Id.* at 324.

ELECTRONICALLY FILED - 2025 Apr 25 9:16 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Apr 25 9:16 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

According to Plaintiffs, Defendants' only real basis for invoking the municipal cost recovery rule is the fact that Plaintiffs are government entities. Plaintiffs argue it does not apply here because Plaintiffs' respective provision of drinking water to paying customers is neither free nor public as contemplated by the doctrine. Rather, Plaintiffs only provide drinking water to those customers who pay for the service.

The Court finds that the municipal cost recovery rule does not apply to bar Plaintiffs' claims. Plaintiffs are a municipal water utility (in the case of GCPW) and a special purpose water district (in the case of LCWSC). Plaintiffs' water services are not funded by taxes paid by the general public but instead through rates and fees collected from Plaintiffs' customers, as the Legislature has expressly authorized them to do. *See* S.C. Code § 5-31-670. Therefore, while Plaintiffs are government entities, their water services are not "free" or "public" for the purposes of applying the doctrine. *See Johnson v. 3M*, 563 F. Supp. 3d 1253, 1311 (N.D. Ga. 2021) ("Unlike services such as police or fire protection, water service to paying customers is not free for all the public[.]"). In addition, the Court finds that the municipal cost recovery rule does not apply because the claims at issue involve "damage to government-owned property." *Walker Cnty.*, 284 Ga. App. At 37, 643 S.E.2d at 327.

Accordingly, Defendants' motion to dismiss Plaintiffs GCPW and LCWSC's claims on the basis of the municipal cost recovery rule are hereby **DENIED**.

**8.    There is no reason to stay these cases based on "primary jurisdiction."**

Defendants in the cases brought by GCPW and LCWSC have requested, in the alternative to dismissal, that the Court stay these cases so that they can be referred to DES on the grounds of primary jurisdiction, contending that the Legislature has entrusted DES with addressing the exact harm alleged here via the South Carolina State Safe Drinking Water Act ("SCSDWA"), S.C. Code Ann. §§ 44-55-10 to -120 (2018). According to Defendants, the SCSDWA vests DES with

24

exclusive enforcement authority with respect to issues in this case relating to the contamination of public water systems.

Primary jurisdiction doctrine is a discretionary doctrine that "applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such case the judicial process is suspended pending referral of such issues to the administrative body for its views." *United States v. W. Pac. R. Co.*, 352 U.S. 59, 64 (1956). In determining whether to apply the doctrine to stay a case, the court considers whether the case "rais[es] issues of fact not within the conventional experience of judges" or which "requir[e] the exercise of administrative discretion," further taking into account "the expert and specialized knowledge of the agencies" and "desirable uniformity" in regulation. *Id.*

Plaintiffs respond that this is an unjustified delay tactic that falls well outside the scope of the primary jurisdiction doctrine. Plaintiffs emphasize that they assert only common law claims and do not seek relief under the SCSDWA or any other state or federal statute. Plaintiffs furthermore point out that DES has not taken any action to control Defendants' PFAS discharges, and that it was EPA, not DES, that issued the MCLs for PFAS.

The Court declines to stay these cases on the basis of the primary jurisdiction doctrine. The Court finds that while these cases involve regulatory standards and factual matters that intersect with the purview of DES, the cases are ultimately based on common law tort theories of negligence, nuisance, and trespass that are well within the Court's competence and experience. Furthermore, Defendants read the SCSDWA too broadly when invoking it as a predicate for applying primary jurisdiction by stating, "the General Assembly has vested <u>exclusive</u> enforcement

ELECTRONICALLY FILED - 2025 Apr 25 9:16 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Apr 25 9:16 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

of these issues in [DES]" via the SCSDWA. T&S MIS, at 22-23 (emphasis in original); *see* Fitesa MIS, at 17. While the SCSDWA vests DES with authority to enforce the Act and lacks a citizen-suit enforcement provision, its text does not demonstrate a legislative intent for the SCSDWA to preempt or otherwise supersede common law claims relating to the contamination of public water systems.

Accordingly, Defendants' request to stay the cases brought by GCPW and LCWSC on the basis of primary jurisdiction is hereby **DENIED**.

## 9.     The statute of limitations does not bar claims against Milliken.

Plaintiffs GCPW and LCWSC's claims against Milliken center on its former Judson Mill facility, which they allege historically discharged PFAS to the Reedy River system via the Mauldin Road WWTP and continues to leach these toxic chemicals directly into a tributary of the Reedy River today. Plaintiffs filed their original complaints on July 10, 2024, and July 16, 2024, respectively, and their amended complaints, which first named Milliken as a Defendant, on August 23, 2024. Both amended complaints allege that Milliken owned and operated the Judson Mill between approximately 1960 and 2015.

Defendant Milliken argues that based on Plaintiffs' own allegations that the Judson Mill closed in 2015, Plaintiffs' claims are outside the applicable three-year statute of limitations and must be dismissed because more than eight years have elapsed since Milliken operated the mill. Milliken claims it could not have taken any action to harm Plaintiffs within the statutory period.

Under S.C. Code Ann. § 15-3-530(3) (2024), any action alleging injury to land—or, in the language of the statute, "an action for trespass upon or damage to real property," must be brought within three years. Affirmative defenses, like the statute-of-limitations defense, "ordinarily may not be asserted in a motion to dismiss under Rule 12(b)(6) unless the allegations of the complaint demonstrate the existence of the affirmative defense." *Spence v. Spence*, 368 S.C. 106, 123, 6 28

ELECTRONICALLY FILED - 2025 Apr 25 9:16 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

S.E.2d 869, 878 (2006). This is because "consideration of an affirmative defense usually requires reference to factual allegations and matters which are beyond the scope of allegations set forth in the complaint." *Id.* In addition, South Carolina courts recognize the discovery rule when applying the statute of limitations. *See, e.g., Hedgepath v. Am. Tel. & Tel. Co.*, 348 S.C. 340, 355-56, 559 S.E.2d 327, 336 (Ct. App. 2001). Under the discovery rule, the statute of limitations begins to "run[]from the date the injured party either knows or should have known by the exercise of reasonable diligence that a cause of action arises from the wrongful conduct." *Id.* (quoting *Dean v. Ruscon Corp.*, 321 S.C. 360, 363-64, 468 S.E.2d 645, 647 (1996)).

Plaintiffs respond that Milliken cannot meet its burden of showing that the statute of limitations bars their claims. Plaintiffs argue that the discovery rule applies, and that Milliken improperly conflates the date of its facility closure with when Plaintiffs knew or should have known they had a cause of action against Milliken. Plaintiffs also emphasize that Milliken cannot plausibly contend in the same briefing both that Plaintiffs' claims are time barred and that Plaintiffs' claims are unripe.

The Court finds that Defendant Milliken fails to carry its burden of establishing its statute-of-limitations defense from the face of the pleadings because the amended complaints' allegation that Milliken ceased operating the facility at issue in 2015 does not sufficiently demonstrate that Plaintiffs knew or should have known at that time they had actionable claims for this facility's alleged PFAS discharges.

Accordingly, Defendant Milliken's motion to dismiss Plaintiffs GCPW and LCWSC's claims against Milliken on the basis of the statute of limitations is hereby **DENIED**.

**10.     Defendants' argument concerning Plaintiffs' standing to enforce water quality standards is inapposite.**

27

ELECTRONICALLY FILED - 2025 Apr 25 9:16 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Similar to the arguments addressed in Sections 1 and 8 (i.e., justiciability and primary jurisdiction, respectively), Defendants argue that Plaintiffs lack standing to enforce regulatory standards for the State of South Carolina pertaining to the quality of "waters of the State." Instead, Defendants contend that only the State of South Carolina has standing to enforce these water quality standards, because the State, rather than Plaintiffs, owns the waters of the State. Further, Defendants contend that the State has given jurisdiction over such matters to DES.

Plaintiffs counter that their claims are based on direct injuries to their properties, including contamination of their water sources and treatment systems with Defendants' PFAS. Plaintiffs assert that their claims are not regulatory enforcement actions, but rather tort claims arising from ongoing environmental harm. They argue that they have a clear, legally cognizable interest in protecting the water supplies and infrastructure they operate and maintain, and that they have standing to seek relief for the damages caused by Defendants' actions. Furthermore, Plaintiffs contend that their standing is not dependent on the State's enforcement of water quality standards, as their claims are grounded in direct harm to their property rights and the impairment of their ability to supply safe drinking water to their respective communities.

For the reasons discussed in Section 1, the Court finds that the issue of standing here is not solely about enforcement of regulatory standards, but rather about the injuries Plaintiffs have sustained as operators of public water systems. Plaintiffs have alleged direct harm to their properties, infrastructure, and operations due to Defendants' discharges of PFAS-containing wastewater. These injuries are not hypothetical or tied to future regulatory action, but are real, present harms for which Plaintiffs seek redress under state tort law. As has been well-established, standing to sue arises where a party has sustained a concrete injury in fact that is traceable to the

defendant's conduct and is redressable by a favorable decision. Plaintiffs' complaints adequately allege each.

Accordingly, Defendants' motions to dismiss on the basis of Plaintiffs' lack of standing to enforce regulatory standards are hereby **DENIED**.

**11.    The motions to stay discovery are denied.**

Defendants have moved for a protective order and to stay discovery pursuant to Rule 26(c), SCRCP, pending resolution of their motions to dismiss. Defendants argue that discovery at this stage would be unduly burdensome and unnecessary, as the pending motions may dispose of some or all claims in the cases. They contend that allowing discovery to proceed would impose significant costs and require them to respond to potentially moot requests.

Plaintiffs oppose the motion, arguing that Defendants have not demonstrated "good cause" sufficient to justify a stay under Rule 26(c). Plaintiffs assert that the discovery they seek is relevant to their claims and that a stay would cause unnecessary delay in litigating cases involving ongoing contamination of public drinking water systems. Plaintiffs also note that, as a practical matter, the parties have informally agreed to defer discovery pending the Court's ruling on the motions to dismiss because they have not pressed the matter during the pendency of Defendants' motions.

With this Order denying Defendants' motions to dismiss, many Parties acknowledge that these motions are now moot. However, Defendants Fibertex and Jain-Chem specifically requested that if any portion of the complaints are not dismissed, the Court should grant Defendants an extension to answer and stay discovery until sixty days following resolution of their motions.

Rule 26(c), SCRCP provides the Court with discretion to issue protective orders for good cause shown, including staying discovery where appropriate. However, a stay is not automatic simply because a motion to dismiss is pending. The moving party bears the burden of demonstrating that good cause exists to justify the limitation on discovery.

ELECTRONICALLY FILED - 2025 Apr 25 9:16 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Apr 25 9:16 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Here, the Court finds that Defendants have not demonstrated good cause warranting a formal stay of discovery beyond any informal agreements already reached between counsel, particularly now that Defendants' motions to dismiss have been denied.

Accordingly, Defendants' motions for a protective order and to stay discovery are hereby **DENIED**, except to the extent that the parties have already informally agreed to defer discovery pending the resolution of the motions to dismiss. Where in place, such agreements shall govern as to deadlines for discovery already served, unless otherwise ordered by the Court.

## CONCLUSION

In summation and based on the foregoing, the Court:

- **DENIES** the motions to dismiss the amended complaint in *Greenwood Commissioners of Public Works v. Cone Mills Receiver, LLC, et al.*, C.A. No. 2024-CP-24-00735 (8th Jud. Cir.), filed by Defendants Cyrovac, First Source, Fitesa, Milliken, Oppermann, T&S, and Unichem;

- **DENIES** the motions to dismiss the amended complaint in *Laurens County Water and Sewer Commission v. Cone Mills Receiver, LLC, et al.*, C.A. No. 2024-CP-30-00734 (8th Jud. Cir.), filed by Defendants Cyrovac, First Source, Fitesa, Milliken, Oppermann, T&S, and Unichem;

- **DENIES** the motion to dismiss the amended complaint in *City of Clinton, S.C. v. BASF Corp., et al.*, C.A. No. 2025-CP-30-00005 (8th Jud. Cir.), filed by Defendants Fibertex, Jain-Chem, and Nicca;

- **DENIES** the motions to stay discovery in *Greenwood Commissioners of Public Works v. Cone Mills Receiver, LLC, et al.*, C.A. No. 2024-CP-24-00735 (8th Jud. Cir.), filed by Defendants Cryovac, Fitesa, Opperman, T&S, and Unichem;

30

ELECTRONICALLY FILED - 2025 Apr 25 9:16 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

- **DENIES** the motions to stay discovery in *Laurens County Water and Sewer Commission v. Cone Mills Receiver, LLC, et al.*, C.A. No. 2024-CP-30-00734 (8th Jud. Cir.), filed by Defendants Cryovac, Fitesa, Opperman, T&S, and Unichem; and

- **DENIES** the motion to stay discovery in *City of Clinton, S.C. v. BASF Corp., et al.*, C.A. No. 2025-CP-30-00005 (8th Jud. Cir.), filed by Defendants Fibertex, Jain-Chem, and Nicca.

SO ORDERED.

ELECTRONICALLY FILED - 2025 Apr 25 9:16 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734



Laurens Common Pleas

**Case Caption:**     Laurens County Water And Sewer Commission VS   Cone Mills
Receiver, Llc , defendant, et al

**Case Number:**     2024CP3000734

**Type:**     Order/Other

IT IS SO ORDERED.

S/GRACE GILCHRIST KNIE - 2760

Electronically signed on 2025-04-24 17:26:56     page 32 of 32

## Other Orders/Judgments

2:18-mn-02873-RMG In Re Aqueous Film-Forming Foams Products Liability Litigation MDL 2873

APPEAL,JURY,LEAD,MDL



A TRUE COPY
ATTEST: ROBIN L. BLUME, CLERK

BY: *Sandra S. Shealy*

DEPUTY CLERK

### U.S. District Court

### District of South Carolina

## Notice of Electronic Filing

The following transaction was entered on 6/12/2025 at 11:04 AM EDT and filed on 6/12/2025

**Case Name:**        In Re Aqueous Film-Forming Foams Products Liability Litigation MDL 2873
**Case Number:**    2:18-mn-02873-RMG
**Filer:**
**Document Number:** 7350(No document attached)

**Docket Text:**

**TEXT ORDER This Order Relates to Case No. 2:25-cv-01647-RMG. The Court has reviewed the Joint Stipulation to Remand filed by Plaintiff City of Florence, South Carolina and Defendants BFI Waste Systems of North America, LLC and Republic Services, Inc. (Dkt. No. [7341] in 2:18-mn-2873; Dkt. No. 26 in 2:25-cv-01647). The Court hereby approves the Parties' Stipulation and REMANDS this action to the South Carolina Court of Common Pleas for the Twelfth Judicial Circuit, Florence County. AND IT IS SO ORDERED. Entered at the Direction of Honorable Richard M Gergel on 6/12/2025. Associated Cases: 2:18-mn-02873-RMG, 2:25-cv-01647-RMG(sshe, )**

**Case Name:**        City of Florence South Carolina v. Aladdin Manufacturing Corporation et al
**Case Number:**    2:25-cv-01647-RMG
**Filer:**
**Document Number:** 27(No document attached)

**Docket Text:**

**TEXT ORDER This Order Relates to Case No. 2:25-cv-01647-RMG. The Court has reviewed the Joint Stipulation to Remand filed by Plaintiff City of Florence, South Carolina and Defendants BFI Waste Systems of North America, LLC and Republic Services, Inc. (Dkt. No. [7341] in 2:18-mn-2873; Dkt. No. 26 in 2:25-cv-01647). The Court hereby approves the Parties' Stipulation and REMANDS this action to the South Carolina Court of Common Pleas for the Twelfth Judicial Circuit, Florence County. AND IT IS SO ORDERED. Entered at the Direction of Honorable Richard M Gergel on 6/12/2025. Associated Cases: 2:18-mn-02873-RMG, 2:25-cv-01647-RMG(sshe, )**

ELECTRONICALLY FILED - 2025 Jun 12 12:53 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

**2:18-mn-02873-RMG Notice has been electronically mailed to:**

David Eidson Dukes     david.dukes@nelsonmullins.com, amanda.kitts@nelsonmullins.com, caroline.middlebrooks@nelsonmullins.com, natalie.butrym@nelsonmullins.com, wes.moran@nelsonmullins.com

Alexander M Bullock     abullock@ktslaw.com, moroberts@kilpatricktownsend.com

Joseph F Rice     jrice@motleyrice.com, gworthington@motleyrice.com

Fred Thompson, III     fthompson@motleyrice.com, dhoyle@motleyrice.com, jcrum@motleyrice.com, mbessis@motleyrice.com

Stanley Eugene Barnett     stan.barnett@yahoo.com, stanleyb@s3blaw.com

Ronald K Wray, II     rwray@gwblawfirm.com, ebehymer@gwblawfirm.com

Kevin Kendrick Bell     kbell@robinsongray.com, dcarmichael@robinsongray.com, mlayton@robinsongray.com, thawkins@robinsongray.com, vcordoni@robinsongray.com

Deborah B Barbier     dbb@deborahbarbier.com

Molly Hood Craig     molly.craig@hoodlaw.com, Info@hoodlaw.com

Robert H Jordan     robertjordan@parkerpoe.com, celestemallett@parkerpoe.com, jeslynharvey@parkerpoe.com, robertosborne@parkerpoe.com

Robert Bruce Wallace     bwallace@maynardnexsen.com, Anne.Johnson@maynardnexsen.com, MTrevino@maynardnexsen.com

George V Hanna, IV     ghanna@hnblaw.com

Alice W Parham Casey     tcasey@wyche.com, cpegler@wyche.com, crawls@wyche.com, sdavis@wyche.com

Elissa J Preheim     elissa.preheim@arnoldporter.com, ecf-89922c8b8691@ecf.pacerpro.com, edocketscalendaring@arnoldporter.com, maouscourts@arnoldporter.com

Steven D Weber     steveweber@parkerpoe.com, clairedancey@parkerpoe.com, fernpaterson@parkerpoe.com, janicestafford@parkerpoe.com

Amanda S Kitts     amanda.kitts@nelsonmullins.com, james.merideth@nelsonmullins.com, kim.lanier@nelsonmullins.com, marylouise.snipes@nelsonmullins.com, natalie.butrym@nelsonmullins.com

James B Hood     james.hood@hoodlaw.com, info@hoodlaw.com

Jason Robert Benton     jasonbenton@parkerpoe.com, vickiburn@parkerpoe.com

Merritt G Abney     merritt.abney@nelsonmullins.com, donna.mills@nelsonmullins.com, lauren.lynch@nelsonmullins.com, margaret.marks@nelsonmullins.com

ELECTRONICALLY FILED - 2025 Jun 12 12:53 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Brian C Duffy    bduffy@duffyandyoung.com, supportstaff@duffyandyoung.com

James F Bogan, III    jbogan@kilpatricktownsend.com

Kristin V Gallagher    kgallagher@cmk.com

Geoffrey William Gibbon    Geoff@fayssouxlaw.com, Kristen@fayssouxlaw.com

Mary Katherine Hackney Stukes    marykatherinestukes@mvalaw.com, madisongilbert@mvalaw.com, marthaefird@mvalaw.com, piercewerner@mvalaw.com, tiffanypayne@mvalaw.com

Robert L Joyce    robert.joyce@littletonjoyce.com

Lindsey Bowen Mann    lindsey.mann@troutman.com, katie.keranen@troutman.com

Matthew D Thurlow    matthew.thurlow@morganlewis.com, april.knight@morganlewis.com

Stephen P Ellenbecker    ellenbeckers@jbltd.com

Stephen D Feldman    sfeldman@robinsonbradshaw.com, docketing@robinsonbradshaw.com

Jason Severin Smith    js@hellmanyates.com, scb@hellmanyates.com, scp@hellmanyates.com

Charles E Raynal, IV    charlesraynal@parkerpoe.com, kathythompson@parkerpoe.com, maryseawell@parkerpoe.com, rosedarden@parkerpoe.com

Mark Steven Cheffo    mark.cheffo@dechert.com, Brett.Stone@dechert.com, David.Weinraub@dechert.com, Douglas.Fleming@dechert.com, Michael.Lebair@dechert.com, Rachel.Passaretti-Wu@dechert.com, antonella.capobianco-ranallo@dechert.com, bert.wolff@dechert.com

Adria Conklin    Adria.conklin@pcwlawllc.com, Nichole.pullen@pcwlawllc.com, renee.baswell@pcwlawllc.com

Theodore M Grossman    tgrossman@jonesday.com

Michael A London (Terminated)    mlondon@douglasandlondon.com, gdouglas@douglasandlondon.com, hmurphy@douglasandlondon.com, kmarrera@douglasandlondon.com, lferrante@douglasandlondon.com, lmaldonado@douglasandlondon.com, lsay@douglasandlondon.com, pratzki@douglasandlondon.com, rnewman@douglasandlondon.com, tgoddard@douglasandlondon.com, tkunkle@douglasandlondon.com

Rachael Lewis Anna    ranna@wyche.com, rchristopher@wyche.com, rhorton@wyche.com, sbazzle@wyche.com, sdavis@wyche.com, swascom@wyche.com

Amanda Pickens Nitto    anitto@robinsonbradshaw.com, docketing@robinsonbradshaw.com

Addie K S Ries    aries@smithlaw.com, cbona@smithlaw.com, djsmith@smithlaw.com, jpfister@smithlaw.com, jragan@smithlaw.com, kwarner@smithlaw.com

Kevin Scott Hannon    khannon@singletonschreiber.com, akarcz@singletonschreiber.com, environmentalparalegals@singletonschreiber.com, jmiranda@singletonschreiber.com, ysantana@singletonschreiber.com

ELECTRONICALLY FILED - 2025 Jun 12 12:53 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Laura A Sexton     lsexton@goldmanismail.com, 5294989420@filings.docketbird.com, dtuttle@goldmanismail.com, lgehrs@goldmanismail.com, rnastase@goldmanismail.com, sdeokule@goldmanismail.com, spope@goldmanismail.com

Gregory Lee Skidmore     gskidmore@robinsonbradshaw.com, ablosser@robinsonbradshaw.com, docketing@robinsonbradshaw.com, phowell@robinsonbradshaw.com, tmixon@robinsonbradshaw.com

Tyler D Alfermann     talfermann@mayerbrown.com, 7130076420@filings.docketbird.com, cnotification@mayerbrown.com

Keith Edward Smith     smithkei@gtlaw.com, cahilla@gtlaw.com, naussnerj@gtlaw.com

Richard F Bulger     rbulger@mayerbrown.com, 3323365420@filings.docketbird.com, PFAS_Pleadings@zestediscovery.com, cnotification@mayerbrown.com

Michael A Olsen     molsen@mayerbrown.com, 1024489420@filings.docketbird.com, cnotification@mayerbrown.com

Joseph G Petrosinelli     jpetrosinelli@wc.com, ksamuelson@wc.com, lmontgomery@wc.com, lrome@wc.com, skramer@wc.com

Daniel Leslie Ring     dring@mayerbrown.com, 4179295420@filings.docketbird.com, cnotification@mayerbrown.com

Jonathan Isaac Handler (Terminated)     jihandler@daypitney.com, dcovino@daypitney.com, kbensten@daypitney.com

Alan Jon Knauf     aknauf@nyenvlaw.com, Docket@nyenvlaw.com, mvalle@nyenvlaw.com

Amy K Kendall     akendall@nyenvlaw.com

Jacqueline Liat Rome     lrome@wc.com

Scott Summy     ssummy@baronbudd.com, 8446743420@filings.docketbird.com, cburkepickrel@baronbudd.com, emcintosh@baronbudd.com, erojo@baronbudd.com, lcollins@baronbudd.com, lphilpott@baronbudd.com, spetersen@baronbudd.com

Erin K Dickinson     ekd@cruegerdickinson.com

Mark A Chertok     mchertok@sprlaw.com

Margaret Holden     mholden@sprlaw.com

Elizabeth Knauer     eknauer@sprlaw.com

Bennett T Richardson     btrichardson@kilpatricktownsend.com

Kyle J McGee     kmcgee@gelaw.com, 6410019420@filings.docketbird.com

Nicholas Rigano     nrigano@riganollc.com

ELECTRONICALLY FILED - 2025 Jun 12 12:53 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jun 12 12:53 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Daniel A Spira     dspira@sidley.com, daniel-spira-5955@ecf.pacerpro.com, efilingnotice@sidley.com

Scott A Clark     sclark@bfwlaw.com, jjohnson@bfwlaw.com, scanner@bfwlaw.com

Gwen Farley     gwen.farley@dol.lps.state.nj.us

Laura B Murphy     laura.murphy@vermont.gov, natasha.sala@vermont.gov

Matthew F Pawa     mp@pawalaw.com, dphelan@seegerweiss.com

Christopher G Aslin     christopher.aslin@doj.nh.gov

William J Jackson     bjackson@kelleydrye.com, docketing@kelleydrye.com

Jonathan B Blakley     jblakley@grsm.com, aflores@grsm.com

Katherine LI Hacker     kat.hacker@bartlitbeck.com

David R Erickson     derickson@shb.com, hgreen@shb.com, sdrum@shb.com

Margaret Raymond-Flood     mrflood@norris-law.com, pdonahue@norris-law.com

Martha N Donovan     mndonovan@norris-law.com

Matthew A Holian     matt.holian@us.dlapiper.com, catherine-orth-1390@ecf.pacerpro.com, matthew-holian-6478@ecf.pacerpro.com

David B Dwerlkotte     dbdwerlkotte@shb.com, NJSMITH@shb.com, amcrouch@shb.com, jhackman@shb.com

George H Buermann     gbuermann@goldbergsegalla.com, aharris@goldbergsegalla.com, bbussey@goldbergsegalla.com

Jennifer A Simon     jsimon@kmcllaw.com

Jeff B Kray     jkray@martenlaw.com, abostrom@martenlaw.com, eherlihy@martenlaw.com, elautanen@martenlaw.com, icarey@martenlaw.com, jferrell@martenlaw.com, jlyman@martenlaw.com, jnielsen@martenlaw.com, mgoodrich@martenlaw.com, mroderick@martenlaw.com, sjohnson@martenlaw.com, vxu@martenlaw.com

Keisha Blaise     keisha_blaise@cnmioag.org

Jessica K Ferrell     jferrell@martenlaw.com, abostrom@martenlaw.com, bbrown@martenlaw.com, eherlihy@martenlaw.com, elautanen@martenlaw.com, jlyman@martenlaw.com, mgoodrich@martenlaw.com, sjohnson@martenlaw.com, vxu@martenlaw.com

William G. Grantham     wgrantham@nmag.gov

Shari Howard     shari.howard@usdoj.gov

Peter C Condron     pcondron@crowell.com, kkaider@crowell.com, peter-condron-8679@ecf.pacerpro.com

Katharine A Roin     kate.roin@bartlitbeck.com

Kurt D Weaver     kweaver@shb.com

Andrew D Knudsen     andrew.knudsen@usdoj.gov

Michele S Greif     michele.greif@usdoj.gov

Ruth Ann Levy     Ruth.Levy@wbd-us.com, David.Joyce@wbd-us.com, jill.horn@wbd-us.com, tonya.walkup@wbd-us.com

Oliver E Twaddell     otwaddell@goldbergsegalla.com, klockhart@goldbergsegalla.com

Haroon Anwar     haroon.anwar@usdoj.gov

Ashley B Campbell     ashley@sheredling.com, alfred@sheredling.com, gianna@sheredling.com, oni@sheredling.com

Rachel B Weil     rweil@tcspllc.com

Gretchen Freeman Cappio     gcappio@kellerrohrback.com, Lnims@kellerrohrback.com, bianca-nealious-3081@ecf.pacerpro.com, elizabeth-burnett-5828@ecf.pacerpro.com, gretchen-freeman-cappio-5238@ecf.pacerpro.com, leslie-nims-6342@ecf.pacerpro.com

Peter James Van Zandt     peter.vanzandt@lewisbrisbois.com, kmoe@aghwlaw.com, palvarez@aghwlaw.com, pvanzandt@aghwlaw.com

Elizabeth J Carpenter     ecarpenter@cozen.com

Scott Michael Watson     scott.watson@btlaw.com

James L Stengel (Terminated)     jstengel@orrick.com, casestream@ecf.courtdrive.com

Jessica L Pahl     jpahl@wc.com, ahrom@wc.com, cmendez@wc.com, dzdelar@wc.com, ksamuelson@wc.com, lrome@wc.com, sdhanji@wc.com

J Alan Truitt     atruitt@kmcllaw.com, jsimon@kmcllaw.com, nsmith@kmcllaw.com

Jason A Proctor     jproctor@tcspllc.com

Kimbrilee M Weber     kmweber@norris-law.com

Jacob J Lantry     jlantry@campbell-trial-lawyers.com

Benjamin M. Kleinman     benjaminkleinman@quinnemanuel.com

Curtis Allen Garrett, Jr     agarrett@kilpatricktownsend.com

Gregory Clayton Ulmer     gulmer@bakerlaw.com, cycollins@bakerlaw.com

ELECTRONICALLY FILED - 2025 Jun 12 12:53 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Wesley A Bowden    wbowden@levinlaw.com, bpoff@levinlaw.com, kobrien@levinlaw.com, lmassey@levinlaw.com

Bruce D Oakley    bruce.oakley@hoganlovells.com

Kaitlyn R Maxwell    maxwellk@gtlaw.com, cahilla@gtlaw.com

Trevor J Keenan    tkeenan@campbell-trial-lawyers.com, coliveira@campbell-trial-lawyers.com, wzannini@campbell-trial-lawyers.com

Caleb J Holmes    holmesc@gtlaw.com

Joshua P Ackerman    josh.ackerman@bartlitbeck.com

Kelsey J Moe    kmoe@aghwlaw.com, sromero@aghwlaw.com

Chad W. Higgins    chad.higgins@dentons.com

Rosemarie Carmella Hebner    Rohebner@gmail.com

Jessica Wilson    jessica.wilson@dlapiper.com

Christine Prugh Payne    cpayne@gunster.com, 9552229420@filings.docketbird.com, pfas_pleadings@gunster.com

Peter A Strotz    pstrotz@kslaw.com, jgranados@kslaw.com, mpanek@kslaw.com, ssarff@kslaw.com

Stefani L Wittenauer    stefani.wittenauer@bclplaw.com, stefani-wittenauer-9386@ecf.pacerpro.com

Ann Elizabeth Sternhell Blackwell    liz.blackwell@bclplaw.com, debra.holt@bclplaw.com, hope.gutierrez@bclplaw.com, liz-blackwell-4001@ecf.pacerpro.com

Christopher Strunk    cstrunk@grsm.com

Heather Kelly    heather.kelly@coag.gov, john.watson@coag.gov

Richard P Cassetta    richard.cassetta@bclplaw.com, jhenneke@bclplaw.com, richard-cassetta-1954@ecf.pacerpro.com

Kevin Kenneally    kkenneally@fmglaw.com

Michael Pierre Giunta    mgiunta@fmglaw.com

Joshua Ferguson    jferguson@fmglaw.com

Brian L Stekloff    bstekloff@wilkinsonstekloff.com, 3M-Associates@wilkinsonstekloff.com, 3M-paras@wilkinsonstekloff.com, CourtNotices@wilkinsonstekloff.com, apastan@wilkinsonstekloff.com, mwarren@wilkinsonstekloff.com

Beth A Wilkinson    bwilkinson@wilkinsonstekloff.com, 3M-associates@wilkinsonstekloff.com, 3M-

ELECTRONICALLY FILED - 2025 Jun 12 12:53 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

paras@wilkinsonstekloff.com, CourtNotices@wilkinsonstekloff.com

GRACE LEMPKA    glempka@dvoraklegal.com

Bradley Motl    motlbj@doj.state.wi.us, henrycj@doj.state.wi.us

Lori A Dvorak    ldvorak@dvorakandassociates.com

Keri L Arnold    karnold@wilkinsonstekloff.com, CourtNotices@wilkinsonstekloff.com

Robert J Giuffra, Jr    giuffrar@sullcrom.com

William B Monahan    monahanw@sullcrom.com

Justin DeCamp    decampj@sullcrom.com, charnellp@sullcrom.com

Nicole Friedlander    friedlandern@sullcrom.com

Judson Owen Littleton    littletonj@sullcrom.com

Stephanie D. Biehl    stephanie@sheredling.com, alfred@sheredling.com, gianna@sheredling.com, oni@sheredling.com

Thai Nguyen    thai.nguyen@law.njoag.gov

Christopher Ross Rodriguez    crodriguez@singletonschreiber.com, abluth@singletonschreiber.com, bdejurnett@singletonschreiber.com, mjohnson@singletonschreiber.com, tnelson@singletonschreiber.com

Andrew Rima    arima@goldmanismail.com, 5294989420@filings.docketbird.com, PFAS_Pleadings@zestediscovery.com, almanza@goldmanismail.com, dtuttle@goldmanismail.com, lgehrs@goldmanismail.com, rnastase@goldmanismail.com, sdeokule@goldmanismail.com, spope@goldmanismail.com

Geoffrey M Coan    gcoan@hinshawlaw.com, lgrimard@hinshawlaw.com

Ralia Polechronis    rpolechronis@wilkinsonstekloff.com, CourtNotices@wilkinsonstekloff.com

Paul J Pytlik    pytlik@simpsondeardorff.com, sahafeman@kopkalaw.com

Michael T Chen    michael.chen3@usdoj.gov

Robert Buchholz    rbuchholz@hinshawlaw.com, earmanno@hinshawlaw.com

Adam Brebner    brebnera@sullcrom.com

J. Scott Wood    swood@woodgrlaw.com, service@woodgrlaw.com

Zackary Paal    zpaal@grsm.com, seaabestos@grsm.com

Jimmy Rock    jrock@edelson.com, 3956638420@filings.docketbird.com, docket@edelson.com

ELECTRONICALLY FILED - 2025 Jun 12 12:53 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Amy Rachel McCalib     amy.gore@bartlitbeck.com

Joseph Carroll Smith, Jr     joseph.smith@bartlit-beck.com

William English Whitney, III     wwhitney@gwblawfirm.com, ebehymer@gwblawfirm.com

Dominique Savinelli     dominique.savinelli@huschblackwell.com, Lisa.Schroeder@huschblackwell.com, becky.robertson@huschblackwell.com, dominique-savinelli-3240@ecf.pacerpro.com

Paul S Rosenblatt     paul.rosenblatt@butlersnow.com

Curtis Andrew Cox     Curtis.Cox@azag.gov

Janelle Muriel Smith     janelle.smith@doj.ca.gov

Annadel Angeline Almendras     annadel.almendras@doj.ca.gov

Sarae Snyder     sarae.snyder@doj.ca.gov

Ann R Johnston     ajohnston@attorneygeneral.gov, mrobinson@attorneygeneral.gov

William Jenkins     william.jenkins@doj.ca.gov

Cheryl P Jacobs     cjacobs@attorneygeneral.gov

Mary Catherine Way     marycatherine.way@pcwlawllc.com, nichole.pullen@pcwlawllc.com, renee.baswell@pcwlawllc.com

Clarence Y Lee     clarence.lee@saul.com, jennifer.hibner-spencer@saul.com

Paul J Zidlicky     pzidlicky@sidley.com

Jennifer Caplan Barks     JBarks@KelleyDrye.com, Docketing@KelleyDrye.com

James A King     jking@porterwright.com

Peter A Farrell     peter.farrell@kirkland.com

Sherrie Armstrong Davis     sarmstrongdavis@tcspllc.com, PFAS_Pleadings@gunster.com, dgriffith@tcspllc.com, eford@tcspllc.com, klittrell@tcspllc.com, mtuggle@tcspllc.com, rdavis@tcspllc.com, vwolfe@tcspllc.com

Philip Judson Combs     pcombs@tcspllc.com, bmaxwell@tcspllc.com, klittrell@tcspllc.com, rdavis@tcspllc.com, vwolfe@tcspllc.com

James Conrad Olson, II     james.olson@azag.gov

Rene Harrod     rharrod@broward.org

Frank Sharp Holleman, IV     fholleman@sonosky.com

ELECTRONICALLY FILED - 2025 Jun 12 12:53 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Howard Kenison     hkenison@joneskeller.com, emorse-lee@joneskeller.com

Justin Newman     jnewman@environlaw.com

Alexandra Lisowski     olisowski@joneskeller.com, emorse-lee@joneskeller.com

Dan Drachler     ddrachler@zsz.com, dan-drachler-6676@ecf.pacerpro.com

Katherine Amanda Saunders     AmandaS@sonosky.net, courtnotices@sonosky.net

Elizabeth J Cabraser     ecabraser@lchb.com

Dennis David Altman     daltman@environlaw.com

Paige Pavone (Terminated)     ppavone@orrick.com

Gina Nicholls     gnicholls@nossaman.com, mwiman@nossaman.com

Christine Carson     ccarson@awattorneys.com, dcarranza@awattorneys.com, jgonzalez@awattorneys.com, kalleninfante@awattorneys.com, kchacon@awattorneys.com, lmadrid@awattorneys.com, nvaca@awattorneys.com

Bethany J Ring     bring@gravesandking.com

Brian Keith Estep     bestep@clsmlaw.com

Jennifer Thompson Buckman     jtb@bkslawfirm.com

Erin K McGowan     mcgowane@stlouis-mo.gov

Michael B Weinberg     mweinberg@fmglaw.com

Lora L LoCoco     lora.lococo@quarles.com, debra.pope@quarles.com, eleina.arce@quarles.com, julie.gandee@quarles.com

Dije Ndreu     dije.ndreu@doj.ca.gov

Andre Hunter, Jr     aahunter@grsm.com

Laura Smalley     lsmalley@harrisbeachmurtha.com, cmaslanka@harrisbeachmurtha.com

Stephen P Brown     sbrown@plunkettcooney.com, ad'amico@plunkettcooney.com, ecummings@plunkettcooney.com, kwebster@plunkettcooney.com, lbowen@plunkettcooney.com, nruggirello@plunkettcooney.com, rrivera@plunkettcooney.com

James Mathew     jmmathew@fmglaw.com

Peder Kristian Batalden     ehenderson@horvitzlevy.com

Jessica Gutierrez     jxgutierrez@grsm.com, lskalka@grsm.com

ELECTRONICALLY FILED - 2025 Jun 12 12:53 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Kevin D Siegel    ksiegel@bwslaw.com

Joshua Imeri-Garcia    jimerigarcia@awattorneys.com

Gregory Venker    gregory.venker@lansingmi.gov, cityatty@lansingmi.gov, holly.elie@lansingmi.gov

Danielle Barbara Dobosz    ddobosz@smithlaw.com

Natalie Atkinson    natkinson@amplaw.com

Joseph C Orlet    joseph.orlet@huschblackwell.com, Lisa.Schroeder@huschblackwell.com, Marissa.Siemer@huschblackwell.com, becky.robertson@huschblackwell.com

Paul Angelo Calfo    paul.calfo@huschblackwell.com

Alexandra Caritis    alexandra.caritis@kirkland.com

Sarah E McVay    sarah.mcvay@kirkland.com

Tia Trout Perez    ttrout-perez@kirkland.com

Michael F Williams    mwilliams@kirkland.com

Kelli M Mulder    kelli.mulder@kirkland.com

Bradford S Moyer    brad.moyer@Kennedyslaw.com, melissa.garcia@kennedyslaw.com

Andrew Margulis    andrew.margulis@ropers.com, jena.lombardo@ropers.com, tehila.colman@ropers.com

Y'Noka Bass    ybass@grsm.com

Annemieke Monique Tennis    a.tennis@kanner-law.com

David Ivy-Taylor    d.ivytaylor@kanner-law.com

Alexandra Cole    aecole@grsm.com

Robert F Walsh    walshr@whiteandwilliams.com, ferrantes@whiteandwilliams.com

Lynndon Groff    groffl@whiteandwilliams.com

Vanessa V Pisano    vpisano@hinshawlaw.com, nwodarski@hinshawlaw.com

Bernice Corman    bcorman@bickycormanlaw.com

Brian Coffey    brian.coffey@mclolaw.com, deitra.seaton@mclolaw.com

Morgan Liptak    liptakm@whiteandwilliams.com

Noel Couch    ncouch@fmglaw.com

ELECTRONICALLY FILED - 2025 Jun 12 12:53 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Terri A Sutton     terri.sutton@kennedyslaw.com

Scott L Davis     sdavis@spencerfane.com, prodriguez@spencerfane.com, rklunkert@spencerfane.com, scott-davis-5199@ecf.pacerpro.com, tsims@spencerfane.com

Dieter J Juedes     dieter.juedes@huschblackwell.com, Erin.Gallam@huschblackwell.com

Stuart Charles Schmadeke     sschmadeke@spencerfane.com

Kelly Lynn Ferron     klferron@kopkalaw.com, smmelton@kopkalaw.com

Herschel Brodkey     hbbrodkey@kopkalaw.com, sahafeman@kopkalaw.com

Patrick Todd     patrick.todd@huschblackwell.com, valerie.stephens@huschblackwell.com

Thomas M Crawford     crawford@litchfieldcavo.com, mcinerney@litchfieldcavo.com

Claire Homsher     chomsher@sidley.com

Ken Baum     kbaum@goldmanismail.com

Craig Woods     cwoods@goldmanismail.com

Lucas Russell White     lucas.white@usdoj.gov

Michelle T Domingue, II     michelle.t.domingue.ii@usdoj.gov

Evan Allister Ward     eward@kmcllaw.com

Christopher James Williams     cjwilliams@kmcllaw.com

David Michael Cohen     david.cohen@butlersnow.com, amy.ragone@butlersnow.com, ecf.notices@butlersnow.com

Raquel Lucas Herraiz     raquel.lucas@butlersnow.com, amy.ragone@butlersnow.com, ecf.notices@butlersnow.com

Sarah A Meadows     smeadows@tcspllc.com, rdavis@tcspllc.com, vwolfe@tcspllc.com

Priya Desai     pdesai@mayerbrown.com, 4675478420@filings.docketbird.com, courtnotification@mayerbrown.com

Andrew D Kaplan     akaplan@crowell.com

Jolee Porter     jporter@wilkinsonstekloff.com

Alysha Bohanon     abohanon@wilkinsonstekloff.com

**2:18-mn-02873-RMG Notice will not be electronically mailed to:**

**2:25-cv-01647-RMG Notice has been electronically mailed to:**

ELECTRONICALLY FILED - 2025 Jun 12 12:53 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

John Belton White, Jr     jwhite@johnbwhitelaw.com, droberts@johnbwhitelaw.com, glynch@johnbwhitelaw.com, mshisko@johnbwhitelaw.com, nrice@johnbwhitelaw.com

Richard Hood Willis     rwillis@williamsmullen.com, krothrock@williamsmullen.com, styer@williamsmullen.com

Kevin A Dunlap     kevindunlap@parkerpoe.com, janicestafford@parkerpoe.com, melanienowend@parkerpoe.com

Merritt G Abney     merritt.abney@nelsonmullins.com, donna.mills@nelsonmullins.com, lauren.lynch@nelsonmullins.com, margaret.marks@nelsonmullins.com

Marghretta Hagood Shisko     mshisko@johnbwhitelaw.com, nrice@johnbwhitelaw.com

William G Beck     william.beck@lathropgpm.com

John G. Tamasitis     jtamasitis@williamsmullen.com, jewatson@williamsmullen.com, kmartin-rothrock@williamsmullen.com, styer@williamsmullen.com

Christopher Rutledge Jones     cjones@johnbwhitelaw.com, crjlegal@gmail.com

Matthew A Walker     matt.walker@lathropgpm.com

Hunter Phares     hphares@corywatson.com, hjones@corywatson.com, jtapley@corywatson.com, twilliams@corywatson.com

Christopher M Ward     cward@calfee.com

**2:25-cv-01647-RMG Notice will not be electronically mailed to:**

ELECTRONICALLY FILED - 2025 Jun 12 12:53 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jun 12 6:29 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

STATE OF SOUTH CAROLINA

COUNTY OF FLORENCE

City of Florence, South Carolina,

Plaintiff,

v.

Aladdin Manufacturing Corporation *et al.*,

Defendants.

IN THE COURT OF COMMON PLEAS

FOR THE TWELFTH JUDICIAL CIRCUIT

Civil Action No. 2024-CP-21-02844

**STIPULATION OF DISMISSAL
WITH PREJUDICE**

Pursuant to Rule 41(a)(1)(B) of the South Carolina Rules of Civil Procedure, Plaintiff, City of Florence, South Carolina, and Defendant BFI Waste Systems of North America, LLC ("BFI"), each through their undersigned counsel, hereby submit this joint stipulation of dismissal, with prejudice, as to Defendant BFI. Each party shall bear its own attorney's fees and costs. Plaintiff's claims against the remaining Defendants are unaffected by this filing.

And it is so stipulated.

Respectfully submitted,

 /s/ John B. White, Jr.
John B. White, Jr. (S.C. Bar No. 2465)
Marghretta H. Shisko (S.C. Bar No. 100106)
Christopher R. Jones (S.C. Bar No. 101265)
John B. White, Jr., P.A.
291 S. Pine Street (29302)
P.O. Box 2465
Spartanburg, SC 29304
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com

*Attorneys for Plaintiff*

June 12, 2025

 /s/Kevin A. Dunlap
Kevin A. Dunlap (S.C. Bar No. 13081)
Parker Poe Adams & Bernstein LLP
110 East Court Street, Suite 200
Greenville, SC 29601
(864) 253-6105

*Attorney for Defendant BFI Waste Systems of
North America, LLC*

1

ELECTRONICALLY FILED - 2025 Jun 12 6:29 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

STATE OF SOUTH CAROLINA

COUNTY OF FLORENCE

IN THE COURT OF COMMON PLEAS

FOR THE TWELFTH JUDICIAL CIRCUIT

City of Florence, South Carolina,

Plaintiff,

v.

Aladdin Manufacturing Corporation *et al.*,

Defendants.

Civil Action No. 2024-CP-21-02844

**STIPULATION OF DISMISSAL
WITH PREJUDICE**

Pursuant to Rule 41(a)(1)(B) of the South Carolina Rules of Civil Procedure, Plaintiff, City of Florence, South Carolina, and Defendant Republic Services, Inc. ("RSI"), each through their undersigned counsel, hereby submit this joint stipulation of dismissal, with prejudice, as to Defendant RSI. Each party shall bear its own attorney's fees and costs. Plaintiff's claims against the remaining Defendants are unaffected by this filing.

And it is so stipulated.

Respectfully submitted,

/s/ John B. White, Jr.
John B. White, Jr. (S.C. Bar No. 2465)
Marghretta H. Shisko (S.C. Bar No. 100106)
Christopher R. Jones (S.C. Bar No. 101265)
John B. White, Jr., P.A.
291 S. Pine Street (29302)
P.O. Box 2465
Spartanburg, SC 29304
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com

*Attorneys for Plaintiff*
June 12, 2025

/s/Kevin A. Dunlap
Kevin A. Dunlap (S.C. Bar No. 13081)
Parker Poe Adams & Bernstein LLP
110 East Court Street, Suite 200
Greenville, SC 29601
(864) 253-6105

*Attorney for Defendant Republic Services,
Inc.*

1

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

STATE OF SOUTH CAROLINA
COUNTY OF FLORENCE

IN THE COURT OF COMMON PLEAS
TWELFTH JUDICIAL CIRCUIT

IN RE:
PFAS LITIGATION COORDINATED DOCKET

_____

City of Florence, South Carolina,

*Plaintiff*,

v.

Aladdin Manufacturing Corporation; Americhem, Inc.; Auria Albemarle, LLC; Auria Solutions USA, Inc.; BFI Waste Systems of North America, LLC; Burlington Industries, Inc.; Carvana, LLC; Cascades Holding US, Inc.; Chem-Tex Laboratories, Inc.; Delta Mills, Inc., its predecessors, successors, assigns, and/or responsible parties; Domtar Paper Company, LLC; Elevate Textiles, Inc.; HeiQ Chemtex, Inc.; J.P. Stevens & Company, Inc., its predecessors, successors, assigns, and/or responsible parties; Marcal Cordova LLC; Mohawk Industries, Inc.; Republic Services, Inc.; Waste Connections, Inc.; and Waste Connections of North Carolina, Inc.,

*Defendants*.

C.A. No. 2024-CP-21-02844

**PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR LEAVE TO AMEND**

Please take notice that Plaintiff, City of Florence, South Carolina ("Plaintiff"), moves for leave of Court, pursuant to Rule 15(a) of the South Carolina Rules of Civil Procedure, to amend Plaintiff's pleading in the above-captioned action. Simultaneously with the filing of this Motion, Plaintiff is filing Plaintiff's proposed Second Amended Summons and Complaint. Plaintiff seeks leave of Court to amend the summons and complaint in this matter to:

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

1. Remove Defendants Waste Connections, Inc. and Waste Connections of North Carolina, Inc. (collectively, the "WC Defendants") as parties and the allegations against them from the summons and complaint because Plaintiff voluntarily dismissed the WC Defendants without prejudice on May 29, 2025[1];

2. Remove Defendants BFI Waste Systems of North America, LLC ("BFI") and Republic Services, Inc. ("Republic") as parties and the allegations against them from the summons and complaint because Plaintiff, BFI, and Republic have agreed to resolve this action through dismissal of BFI and Republic with prejudice in this action[2];

3. Remove Defendant Domtar Paper Company, LLC ("Domtar") as a party and the allegations against it because Plaintiff will be dismissing Domtar without prejudice from this action;

4. Add certain PFAS manufacturers/suppliers and dischargers as defendants in this action and add allegations related to those defendants; and

5. Make minor edits to the existing factual allegations asserted in the amended complaint, filed December 12, 2024.

---

[1] Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice of Defendants Waste Connections, Inc. and Waste Connections of North Carolina, Inc. pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) on May 29, 2025, while this action was pending in the District of South Carolina. *City of Florence, South Carolina v. Aladdin Mfg. Corp. et al.*, No. 2:25-cv-01647-RMG, ECF No. 23 (D.S.C.) (the "Federal Action").

[2] Plaintiff, BFI, and Republic (collectively, the "Parties") filed a Joint Stipulation to Remand in the Federal Action on June 11, 2025, in which they "agreed to resolve this action through dismissal of BFI and Republic with prejudice in State Court." *City of Florence, South Carolina v. Aladdin Mfg. Corp. et al.*, No. 2:25-cv-01647-RMG, ECF No. 26 (D.S.C.). After the case was remanded and transferred back to this Court on June 12, 2025, the Parties filed joint stipulations of dismissal with prejudice as to BFI and Republic on June 12, 2025.

Plaintiff filed the summons and complaint on November 20, 2024, and an amended summons and complaint on December 12, 2024, but the case was removed to federal court on March 12, 2025, and it was just recently remanded and transferred back to state court on June 12, 2025. *See Limehouse v. Hulsey*, 404 S.C. 93, 105, 744 S.E.2d 566, 573 (2013) (observing that removal proceedings involve "a 'suspension' of the state court's jurisdiction"). Before the case was remanded and before filing this motion, Plaintiff sought the currently named defendants' written consent to amend pursuant to Fed. R. Civ. P. 15(a)(2), which is "substantially the same" as Rule 15(a), SCRCP, *Patton v. Miller*, 420 S.C. 471, 490, 804 S.E.2d 252, 262 (2017), and Plaintiff provided them with a federal court version of Plaintiff's proposed Second Amended Complaint.[3] After Judge Gergel remanded the case, Plaintiff recirculated the state court version of the proposed Second Amended Summons and Complaint in this action to defense counsel, and Plaintiff has not received any objection to the proposed amendment.

Where, as here, a party seeks leave of court to amend a pleading, the South Carolina Rules of Civil Procedure state that "leave shall be freely given when justice so requires and does not prejudice any other party." Rule 15(a), SCRCP. "This rule strongly favors amendments and the court is encouraged to freely grant leave to amend." *Parker v. Spartanburg Sanitary Sewer Dist.*,

---

[3] Before the case was remanded, in response to Plaintiff's Fed. R. Civ. 15(a)(2) request, Defendants Auria Albemarle, LLC and Auria Solutions USA, Inc. (collectively, "Auria") consented to Plaintiff's amendment, and Defendants Burlington Industries, Inc. ("Burlington"), Chem-Tex Laboratories, Inc. and HeiQ Chemtex, Inc. (collectively, "Chem-Tex"), and Marcal Cordova LLC ("Marcal") stated they had no objection. Defendants BFI and Republic likewise took no positions on Plaintiff's request to amend. Defendant Americhem, Inc. ("Americhem") responded that it was not in a position to consent by the requested deadline because the federal court version of the Second Amended Complaint referenced an agreement to remand with which Americhem's counsel was unfamiliar. However, the Joint Stipulation to Remand between Plaintiff and Defendants BFI and Republic was subsequently filed on the docket in the Federal Action, and Plaintiff has received no further response or any objection from Americhem (or any other currently named defendant) to the Second Amended Summons and Complaint being filed herewith.

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

362 S.C. 276, 286, 607 S.E.2d 711, 717 (Ct. App. 2005). South Carolina's Rule 15(a) "is substantially the same as the Federal Rule, . . . and the Supreme Court of the United States has referred to the Rule's 'freely given' provision as a 'mandate' that 'is to be heeded.'" *Patton v. Miller*, 420 S.C. 471, 490, 804 S.E.2d 252, 262 (2017) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The party opposing a motion for leave to amend has the burden to establish prejudice—i.e., "a lack of notice that the new issue is to be tried and a lack of opportunity to refute it." *Stanley v. Kirkpatrick*, 357 S.C. 169, 175, 592 S.E.2d 296, 2986 (2004); *see also Health Promotion Specialists, LLC v. S.C. Bd. of Dentistry*, 403 S.C. 623, 632, 743 S.E.2d 808, 812 (2013) ("A motion to amend is within the sound discretion of the trial judge and the opposing party has the burden of establishing prejudice.").

Granting Plaintiff leave to amend to add claims against new parties and to update the complaint's factual allegations is consistent with the goal of having cases be decided on their merits. *See Patton*, 420 S.C. at 492–93, 804 S.E.2d at 263; *cf. Yelsen Land Co. v. State*, 397 S.C. 15, 20, 723 S.E.2d 592, 595 (2012) (noting that the plaintiff was allowed to amend the complaint to add a defendant). Additionally, no party has articulated any objection to Plaintiff's proposed amendment or any reason for denying Plaintiff's proposed amendment (much less established prejudice), and there is no "bad faith, undue delay, or prejudice" that would warrant denying Plaintiff leave to amend. *Doe v. Oconee Mem. Hosp.*, 437 S.C. 574, 583, 878 S.E.2d 920, 925 (Ct. App. 2022) (noting the denial of leave to amend is an abuse of discretion in "the absence of a proper reason" (quoting *Forrester v. Smith & Steele Builders, Inc.*, 295 S.C. 504, 507, 369 S.E.2d 156, 158 (Ct. App. 1988))). Plaintiff, therefore, respectfully submits that the Court should grant leave to amend pursuant to Rule 15(a), SCRCP, and consistent with South Carolina law. *See, e.g.*, *Maybank 2754, LLC v. Zurlo*, 444 S.C. 47, 83, 906 S.E.2d 94, 114 (Ct. App. 2024) ("In the absence

4

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'" (quoting *Patton*, 420 S.C. at 490, 804 S.E.2d at 262)).

Further, Plaintiff respectfully submits that the Court should exercise its discretion to expedite a decision on Plaintiff's Motion to Amend and enter an order granting Plaintiff leave to amend as soon as possible because none of the defendants that have appeared have objected to Plaintiff amending the state court summons and complaint. *See generally Skydive Myrtle Beach, Inc. v. Horry Cnty.*, 426 S.C. 175, 182, 826 S.E.2d 585, 588 (2019) ("A trial court has discretion to deny a motion to amend if the party opposing the amendment can show a valid reason for denying the motion."); Rule 1, SCRCP ("These rules . . . shall be construed to secure the just, speedy, and inexpensive determination of every action."); *RE: Local PFAS Litig.*, Order (S.C. Sup. Ct. filed Oct. 7, 2024) (encouraging "the effective and expeditious disposition of this litigation"). An expedited order granting leave to amend will ensure that the new defendants are served, receive notice of the claims against them, and have the opportunity to participate in the litigation and defend the merits without delay. *See Doe*, 437 S.C. at 583, 878 S.E.2d at 925. Plaintiff is submitting a proposed order herewith granting Plaintiff's Motion for Leave to Amend and extending the deadline for the currently named defendants to respond to Plaintiff's complaint to 30 days after the entry of the Court's order on this motion.

Respectfully moved,

*/s/ John B. White. Jr.*
John B. White, Jr. (S.C. Bar No. 5996)
Marghretta H. Shisko (S.C. Bar No. 100106)
Christopher R. Jones (S.C. Bar No. 101265)
Griffin L. Lynch (S.C. Bar No. 72518)
John B. White, Jr., P.A.
291 S. Pine Street
P.O. Box 2465 (29304)

5

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

June 13, 2025

6

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

STATE OF SOUTH CAROLINA
COUNTY OF FLORENCE

IN THE COURT OF COMMON PLEAS
TWELFTH JUDICIAL CIRCUIT

IN RE:
PFAS LITIGATION COORDINATED DOCKET

City of Florence, South Carolina,

*Plaintiff*,

v.

AGC Chemicals Americas, Inc.; Aladdin Manufacturing Corporation; Americhem, Inc.; Archroma U.S., Inc; Arkema, Inc.; Auria Albemarle, LLC; Auria Solutions USA, Inc.; Burlington Industries, Inc.; Carvana, LLC; Cascades Holding US, Inc.; Celgard, LLC; Chem-Tex Laboratories, Inc.; Clariant Corporation; Corteva, Inc.; Daikin America, Inc.; Delta Mills, Inc., its predecessors, successors, assigns, and/or responsible parties; DuPont de Nemours, Inc.; EIDP, Inc.; Elevate Textiles, Inc.; Goulston Technologies, Inc.; HeiQ Chemtex, Inc.; Huntsman International, LLC; INV Performance Surfaces, LLC; J.P. Stevens & Company, Inc., its predecessors, successors, assigns, and/or responsible parties; Marcal Cordova LLC; Mohawk Industries, Inc.; Solvay Specialty Polymers USA, LLC; The Chemours Company; and Thuasne, LLC,

*Defendants*.

C.A. No. 2024-CP-21-02844

**SECOND AMENDED SUMMONS**
(JURY TRIAL DEMANDED)

**TO THE ABOVE-NAMED DEFENDANTS:**

YOU ARE HEREBY SUMMONED and required to answer the Second Amended Complaint in this action, a copy of which is hereby served on you, and to serve a copy of your Answer to the Second Amended Complaint on the subscriber at 291 S. Pine Street, Spartanburg,

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

SC 29302, within 30 days after service hereof, exclusive of the day of such service, and if you fail to answer the Second Amended Complaint, judgment by default will be rendered against you for the relief demanded in the Second Amended Complaint.

Respectfully submitted,

/s/ John B. White. Jr.
John B. White, Jr. (SC Bar No. 5996)
Marghretta H. Shisko (SC Bar No. 100106)
Christopher R. Jones (SC Bar No. 101265)
Griffin L. Lynch (SC Bar No. 72518)
John B. White, Jr., P.A.
291 S. Pine Street
Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

June 13, 2025

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

STATE OF SOUTH CAROLINA
COUNTY OF FLORENCE

IN THE COURT OF COMMON PLEAS
TWELFTH JUDICIAL CIRCUIT

IN RE:
PFAS LITIGATION COORDINATED DOCKET

---

City of Florence, South Carolina,

Plaintiff,

v.

AGC Chemicals Americas, Inc.; Aladdin Manufacturing Corporation; Americhem, Inc.; Archroma U.S., Inc; Arkema, Inc.; Auria Albemarle, LLC; Auria Solutions USA, Inc.; Burlington Industries, Inc.; Carvana, LLC; Cascades Holding US, Inc.; Celgard, LLC; Chem-Tex Laboratories, Inc.; Clariant Corporation; Corteva, Inc.; Daikin America, Inc.; Delta Mills, Inc., its predecessors, successors, assigns, and/or responsible parties; DuPont de Nemours, Inc.; EIDP, Inc.; Elevate Textiles, Inc.; Goulston Technologies, Inc.; HeiQ Chemtex, Inc.; Huntsman International, LLC; INV Performance Surfaces, LLC; J.P. Stevens & Company, Inc., its predecessors, successors, assigns, and/or responsible parties; Marcal Cordova LLC; Mohawk Industries, Inc.; Solvay Specialty Polymers USA, LLC; The Chemours Company; and Thuasne, LLC,

Defendants.

C.A. No. 2024-CP-21-02844

**SECOND AMENDED COMPLAINT**
(JURY TRIAL DEMANDED)

Plaintiff, City of Florence, South Carolina, by and through the undersigned counsel, brings this action against the above-named Defendants for compensatory and punitive damages, injunctive relief, and abatement of a nuisance, and alleges as follows:

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

**STATEMENT OF THE CASE**

1.      Plaintiff, City of Florence, South Carolina ("Plaintiff"), brings this action to address Defendants' ongoing contamination of the Great Pee Dee River and Plaintiff's properties with certain toxic per- and polyfluoroalkyl substances ("PFAS"): perfluorooctanoic acid ("PFOA"); perfluorooctanesulfonic acid ("PFOS"); perfluorononanoic acid ("PFNA"); perfluorobutane sulfonate ("PFBS"); perfluorohexane sulfonate ("PFHxS"); and hexafluoropropylene oxide dimer acid ("HFPO-DA" or "GenX Chemicals").

2.      As Plaintiff has recently discovered, Defendants have discharged and continue to discharge products that contain or degrade to these PFAS to the Great Pee Dee River and its tributaries, which travel downstream to Plaintiff's water intake, thereby contaminating Plaintiff's properties and the domestic water supply for over 34,000 water customers in Florence County. Plaintiff seeks a declaratory judgment, injunctive relief, abatement, damages, and an award of costs, including attorneys' fees, for Defendants' repeated and ongoing PFAS contamination.

3.      Plaintiff provides potable water to Florence County residents. It owns and occupies property in Florence County. At 2598 Florence Harllee Blvd., Florence, South Carolina 29506, Plaintiff owns and operates the Pee Dee Regional Water Treatment Plant (a surface water treatment plant, or "SWTP") and related buildings, improvements, property, and equipment that make up its water treatment and distribution system. Plaintiff also owns and operates property abutting the Great Pee Dee River, where its water intake withdraws water for treatment at the SWTP before distribution to customers.

4.      Defendants own and/or operate industrial facilities upstream of Plaintiff's water intake and have in the past and/or currently use products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in their industrial processes ("Discharger

2

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Defendants") or otherwise supply these products to Discharger Defendants' manufacturing facilities ("Supplier Defendants"). Discharger Defendants then discharge wastewater contaminated with these products to surface waters in the Great Pee Dee River and its tributaries upstream of Plaintiff's water intake. Some Defendants directly discharge PFAS-contaminated wastewater, while others do so indirectly via certain wastewater treatment plants ("WWTPs"). These WWTPs include the Long Creek WWTP in Albemarle, North Carolina; the Rockingham WWTP in Rockingham, North Carolina; the Rocky River Regional WWTP in Concord, North Carolina; the Monroe WWTP in Monroe, North Carolina; and the Hamlet WWTP in Hamlet, North Carolina.

5.     Industrial wastewater from Discharger Defendants' facilities contains high levels of PFAS, which cannot be adequately removed by conventional wastewater treatment processes, are discharged to the Great Pee Dee River and its tributaries, and flow downstream to Plaintiff's SWTP. As a direct and proximate result of Defendants' actions, Plaintiff has suffered losses to the use and enjoyment of its property rights, and Plaintiff's properties have been, and will continuously be, trespassed and damaged by water contaminated with dangerous concentrations of PFAS.

6.     Defendants' PFAS contaminate Plaintiff's water source at concentrations exceeding what the U.S. Environmental Protection Agency ("EPA") deems unsafe for consumption, and Plaintiff's existing water treatment processes cannot remove them. Instead, Plaintiff requires new water treatment technologies to remove, and provide water free from, Defendants' PFAS.

7.     As a result of Defendants' intentional, willful, wanton, reckless, and/or negligent acts and omissions and the nuisance thereby created, maintained, and continued, Plaintiff has suffered injury to its property rights and resulting damages, including compensatory and

3

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

consequential damages. Plaintiff is also seeking equitable and injunctive relief requiring Defendants to fund the evaluation, testing, acquisition, installation, operation, and maintenance of water treatment technologies at Plaintiff's SWTP that will remove Defendants' PFAS from drinking water. In addition, based on the Defendants' intentional, willful, wanton, reckless, malicious, and oppressive misconduct, Plaintiff is seeking the recovery of punitive damages.

## DISCLAIMER

8.      Plaintiff makes no assertion of fact concerning, and brings no cause of action based on, the manufacture, sale, distribution, use, or disposal of PFAS associated with aqueous film forming foam ("AFFF"), whether commercial, Mil-Spec, or other variety. Plaintiff expressly disclaims any causes of action, injury, or damages resulting from the manufacture, sale, distribution, use, or disposal of any AFFF by any Defendant or third-party.

9.      Plaintiff's causes of action against Americhem, Inc.; Auria Albemarle, LLC; Auria Solutions USA, Inc.; Carvana, LLC; Cascades Holding US, Inc.; Celgard, LLC; Chem-Tex Laboratories, Inc.; Elevate Textiles, Inc.; Goulston Technologies, Inc.; HeiQ ChemTex, Inc.; Marcal Cordova LLC; and Thuasne, LLC arise under North Carolina law. Plaintiff brings no cause of action against these Defendants under South Carolina law.

10.     Plaintiff's causes of action against the remaining Defendants arise under South Carolina law.

11.      Plaintiff brings no cause of action against, and seeks no relief from, any Defendant under federal law or statute.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over this action pursuant to Article V of the Constitution of the State of South Carolina and sections 5-7-30 and 14-1-80 of the South Carolina Code.

4

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

13. This Court has personal jurisdiction over all Defendants, consistent with due process and South Carolina's long-arm statute, section 36-2-803 of the South Carolina Code.

14. Venue is properly in this Court pursuant to sections 15-7-10 and -30 of the South Carolina Code because the subject of the action is for injuries sustained to Plaintiff's property located in Florence County, and the most substantial part of Defendants' alleged acts or omissions giving rise to Plaintiff's claims occurred in Florence County. *See id.* at § 15-7-30(B) ("If there is more than one defendant, the action may be tried in any county where the action properly may be maintained against one of the defendants pursuant to this section.").

## PARTIES

### I.     Plaintiff

15. Plaintiff is a municipal corporation organized and existing under the laws of South Carolina. *See* S.C. CODE ANN. §§ 5-7-10, *et seq*.; 5-31-610. Through its Department of Public Works, Plaintiff provides potable water services to its customers.

16. Plaintiff owns two properties at issue. The first is located at 2598 Florence Harllee Boulevard, Florence, South Carolina 29506, where Plaintiff operates the Pee Dee Regional SWTP. Approximately three miles to the northeast, Plaintiff owns land riparian to the Great Pee Dee River, where it operates a surface water intake.

17. The Pee Dee Regional SWTP provides potable water to approximately 34,000 customers.

### II.    Discharger Defendants

18. Defendant **Americhem, Inc. ("Americhem")** is a Delaware corporation that operates an industrial facility located at 723 Commerce Drive, Concord, North Carolina 28025. There, Americhem uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS,

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

and/or GenX Chemicals in the manufacture of plastics products for textile applications. As part of its processes, the Americhem facility discharges industrial wastewater contaminated with products that contain or degrade to these PFAS to the Rocky River Regional WWTP. The Rocky River WWTP cannot remove Americhem's PFAS, which it discharges to the Rocky River upstream of the Great Pee Dee River and Plaintiff's water intake. Americhem's PFAS resist environmental degradation, flow downstream from the Great Pee Dee River, and thereby contaminate Plaintiff's properties and its water source.

19.     Defendant **Auria Albemarle, LLC** is a Delaware limited liability company, and Defendant **Auria Solutions USA, Inc.** is a Delaware corporation **(collectively "Auria")**. Auria operates an industrial facility located at 313 Bethany Road, Albemarle, North Carolina 28001, where it uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in the manufacture of textile products in the automotive industry. As part of its processes, the Auria facility discharges industrial wastewater contaminated with products that contain or degrade to these PFAS to the Long Creek WWTP. The Long Creek WWTP cannot remove Auria's PFAS, which it discharges to a tributary upstream of the Great Pee Dee River and Plaintiff's water intake. Auria's PFAS resist environmental degradation, flow downstream from the Great Pee Dee River, and thereby contaminate Plaintiff's properties and its water source.

20.     Defendant **Burlington Industries, Inc. ("Burlington")** was a Delaware corporation authorized to do business in South Carolina until its dissolution in 2004. On May 13, 2022, the South Carolina Circuit Court appointed Peter McCoy, Jr., a resident of Charleston County, South Carolina, as the receiver for Burlington. *See Mimms v. Burlington Indus., Inc. et al.*, C.A. No. 2021-CP-40-05873, Order Appointing Receiver Over Defendant Burlington Industries, Inc. (Richland Cnty. Ct. of Common Pleas May 13, 2022). Burlington was the owner

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

and operator of an industrial facility located at 670 N. Main Street, Society Hill, South Carolina 29593. The facility is a former textile mill and finishing facility bordering Cedar Creek and the Great Pee Dee River. Over the course of the facility's operations, Burlington used products that contain or degrade to PFOA, PFOS, PFNA, PFHxS, PFBS, and/or GenX Chemicals in the manufacture of textile products. As part of its processes, Burlington discharged industrial wastewater contaminated with these PFAS from its own wastewater treatment plant to Cedar Creek and the Great Pee Dee River upstream of Plaintiff's water intake. Wastewater lagoons and other storage basins at the facility have accumulated PFOA, PFOS, PFNA, PFHxS, PFBS, GenX Chemicals, and/or their precursors for decades. These PFAS transport to the Great Pee Dee River upstream Plaintiff's water intake. Burlington's PFAS resist environmental degradation, flow downstream from the Great Pee Dee River, and thereby contaminate Plaintiff's properties and its water source. Burlington also manufactured and distributed agricultural biosolid products contaminated with PFOA, PFOS, PFHxS, PFNA, PFBS, GenX Chemicals, and/or their precursors to farms and other users throughout the Great Pee Dee River watershed upstream of Plaintiff's water intake. PFAS from Burlington's biosolids have accumulated in the Great Pee Dee River watershed, enter surface waters, continually flow downstream to Plaintiff's water intake, and contaminate Plaintiff's properties and its water source.

21.    Defendant **Carvana, LLC ("Carvana")** is an Arizona limited liability company authorized to do business in South Carolina. Carvana owns and operates a facility located at 3045 New Town Way SW, Concord, North Carolina 28027, where it uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in automotive washing, detailing, and painting operations. As part of its processes, the Carvana facility discharges industrial wastewater contaminated with products that contain or degrade to these PFAS to the

7

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Rocky River Regional WWTP. The Rocky River Regional WWTP cannot remove Carvana's PFAS, which it discharges to the Rocky River upstream of the Great Pee Dee River and Plaintiff's water intake. Carvana's PFAS resist environmental degradation, flow downstream from the Great Pee Dee River, and thereby contaminate Plaintiff's properties and its water source.

22.     Defendant **Cascades Holding US, Inc. ("Cascades")** is a Delaware corporation authorized to do business in South Carolina. Cascades owns and operates industrial facilities located at 805 Midway Road and 112 Cascades Way—both in Rockingham, North Carolina 28739. At its facilities, Cascades uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in the manufacture of products in the paper industry. As part of their processes, the Cascades facilities discharge industrial wastewater contaminated with products that contain or degrade to these PFAS to the Rockingham WWTP. The Rockingham WWTP cannot remove Cascades' PFAS, which it discharges to the Great Pee Dee River upstream of Plaintiff's water intake. Cascades' PFAS resist environmental degradation, flow downstream from the Great Pee Dee River, and thereby contaminate Plaintiff's properties and its water source.

23.     Defendant **Celgard, LLC ("Celgard")** is a Delaware limited liability company authorized to do business in South Carolina. Celgard owns and/or operates an industrial facility located at 390 Business Blvd., Concord, North Carolina 28027. There, it uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in manufacturing battery separator and technical textile products. As part of its processes, Celgard's facility discharges industrial wastewater contaminated with products that contain or degrade to these PFAS to the Rocky River Regional WWTP. The Rocky River Regional WWTP cannot remove Celgard's PFAS, which it discharges to the Rocky River upstream of the Great Pee Dee River

8

Plaintiff's water intake. Celgard's PFAS resist environmental degradation, flow downstream the Great Pee Dee River, and thereby contaminate Plaintiff's property and its water source.

24.     Defendant **Goulston Technologies, Inc. ("Goulston")** is a Delaware limited liability company that owns and/or operates an industrial facility located at 700 N Johnson St, Monroe, North Carolina 28110. There, it uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in manufacturing chemicals for the textile industry. As part of its processes, Goulston's facility discharges industrial wastewater contaminated with products that contain or degrade to these PFAS to the Monroe WWTP. The Monroe WWTP cannot remove Goulston's PFAS, which it discharges to Richardson Creek upstream of the Rocky River and Great Pee Dee River Plaintiff's water intake. Goulston's PFAS resist environmental degradation, flow downstream the Great Pee Dee River, and thereby contaminate Plaintiff's property and its water source.

25.     Defendants **HeiQ Chemtex, Inc.** and **Chem-Tex Laboratories, Inc. (collectively "Chem-Tex")** are North Carolina corporations that own and/or operate an industrial facility located at 2725 Armentrout Drive, North Carolina 28025. There, Chem-Tex uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in the manufacture of chemicals for textile, paper, and petroleum extraction industries. As part of its processes, the Chem-Tex facility discharges industrial wastewater contaminated with products that contain or degrade to these PFAS to the Rocky River Regional WWTP. The Rocky River Regional WWTP cannot remove Chem-Tex's PFAS, which it discharges to the Rocky River upstream of the Great Pee Dee River and Plaintiff's water intake. Chem-Tex's PFAS resist environmental degradation, flow downstream from the Great Pee Dee River, and thereby contaminate Plaintiff's properties and its water source.

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

26.     Defendant **Elevate Textiles, Inc. ("Elevate")** is a Delaware corporation authorized to do business in South Carolina. Elevate owns and operates an industrial facility located at 740 Old Cheraw Highway, Rockingham, NC 28379 ("Richmond Plant"), which was previously owned and operated by Defendant Burlington. Throughout the facility's operation, both Burlington and Elevate used, and Elevate continues to use, products that contain or degrade to PFOA, PFOS, PFHxs, PFNA, PFBS, and/or GenX Chemicals. As part of their processes, Burlington and Elevate discharged, and Elevate continues to discharge, industrial wastewater contaminated with products that contain or degrade to these PFAS from the Richmond Plant to Hitchcock Creek upstream of Great Pee Dee River. The Richmond Plant does not remove Defendants' PFAS, and it discharged and continues to discharge their PFAS into the Great Pee Dee River upstream of Plaintiff's water intake. Defendants' PFAS resist environmental degradation, flow downstream from the Great Pee Dee River, and thereby contaminate Plaintiff's properties and its water source.

27.     Defendant **J.P. Stevens & Company, Inc.** was a Delaware corporation authorized to do business in the State of South Carolina until 1999. J.P. Stevens & Company, Inc. and its predecessors, successors, assigns, and/or responsible parties are collectively referenced as **"JPS."** From 1946 to 1986 or 1987, JPS operated the Delta Mills industrial facility located at or around 4351 Brickyard Road, Wallace, South Carolina 29596. JPS transferred the Delta Mills facility to Defendant **Delta Mills, Inc.,** who owned and operated the facility from 1986 or 1987 to 2006. Delta Mills, Inc. was a Delaware corporation with its principal place of business located at 700 North Woods Drive, Fountain Inn, South Carolina 29644. Delta Mills, Inc. and its predecessors, successors, assigns, and/or responsible parties are collectively referenced as **"Delta Mills."** Over the course of the Delta Mills facility operations, Defendants JPS and Delta Mills used products that contain or degrade to PFOA, PFOS, PFNA, PFHxS, PFBS, and/or GenX Chemicals in the

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

manufacture of textile products. As part of their processes, JPS and Delta Mills discharged industrial wastewater contaminated with these PFAS from the facility's own WWTP to the Great Pee Dee River upstream of Plaintiff's water intake. JPS and Delta Mills also created wastewater lagoons on the facility property, which were contaminated with high levels of these PFAS that accumulated over decades. JPS's and Delta Mills' PFAS continually overflow and/or migrate to the Great Pee Dee River upstream of Plaintiff's water intake. JPS's and Delta Mills' PFAS resist environmental degradation, flow downstream from the Great Pee Dee River, and thereby contaminate Plaintiff's properties and its water source.

28.     Defendant **Marcal Cordova LLC ("Marcal")** is a Delaware corporation that owns and operates an industrial facility located at 126 1st Street, Cordova, North Carolina 28330. There, Marcal uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in the manufacture of paper products. As part of its processes, the Marcal facility discharges industrial wastewater contaminated with products that contain or degrade to these PFAS to the Rockingham WWTP. The Rockingham WWTP cannot remove Marcal's PFAS, which it discharges to the Great Pee Dee River upstream of Plaintiff's water intake. Marcal's PFAS resist environmental degradation, flow downstream from the Great Pee Dee River, and thereby contaminate Plaintiff's properties and its water source at Pee Dee Regional SWTP.

29.     Defendants **Mohawk Industries, Inc.** and **Aladdin Manufacturing Corporation** are Delaware corporations authorized to do business in the State of South Carolina (collectively **"Mohawk"**). Mohawk owned Oak River Mill located at 2118 Marlboro Road, Blenheim, South Carolina 29516, which Mohawk operated until its closing in October 2022. For nearly 60 years, Mohawk used products that contain or degrade to PFOA, PFOS, PFHxs, PFNA, PFBS, and/or GenX Chemicals in the manufacture of carpet products at Oak River Mill. As part of its processes,

11

Oak River Mill discharged industrial wastewater contaminated with products that contain or degrade to these PFAS directly into the Great Pee Dee River upstream of Plaintiff's water intake. Oak River Mill also utilized wastewater lagoons contaminated with high levels of these PFAS and/or their precursors on the border of the Great Pee Dee River. These lagoons currently and continually overflow and/or release PFAS-contaminated wastewater into the Great Pee Dee River upstream of Plaintiff's water intake. PFAS and/or their precursors from both Mohawk's legacy discharges and continuing lagoon discharges resist environmental degradation, flow downstream from the Great Pee Dee River, and thereby contaminate Plaintiff's properties and its water source.

30.     Defendant **Thuasne, LLC**, f/k/a Knit-Rite, LLC **("Thuasne")**, is a Delaware limited liability company authorized to do business in South Carolina. Thuasne owns and/or operates an industrial facility located at 167 Marks Creek Road, Hamlet, North Carolina 28345. There, it uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in textile manufacturing operations. As part of its processes, the Thuasne facility discharges industrial wastewater contaminated with products that contain or degrade to these PFAS to the Hamlet WWTP. The Hamlet WWTP cannot remove Thuasne's PFAS, which it discharges to a tributary of the Great Pee Dee River upstream of Plaintiff's water intake. Thuasne's PFAS resist environmental degradation, flow downstream the Great Pee Dee River, and thereby contaminate Plaintiff's property and its water source.

### III.     Supplier Defendants

31.     Defendant **AGC Chemicals Americas, Inc. ("Asahi")** is a Delaware corporation authorized to do business in South Carolina. Among other acts and omissions, Asahi has for many years manufactured and supplied products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to one or more of the Discharger Defendants in this action.

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

32.     Defendant **Arkema, Inc. ("Arkema")** is a Pennsylvania corporation authorized to do business in South Carolina. Among other acts and omissions, Arkema has for many years manufactured and supplied products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to one or more of the Discharger Defendants in this action.

33.     Defendant **Clariant Corporation ("Clariant")** is a New York corporation authorized to do business in South Carolina. Among other acts and omissions, Clariant has for many years manufactured and supplied products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to one or more of the Discharger Defendants in this action.

34.     Defendant **Archroma U.S., Inc. ("Archroma")** is a Delaware corporation authorized to do business in South Carolina. Among other acts and omissions, Archroma has for many years manufactured and supplied products containing or degrading to PFOA, PFOS, PFHxS, PFBS, and/or GenX Chemicals to one or more of the Discharger Defendants in this action.

35.     Defendant **Daikin America, Inc. ("Daikin")** is a Delaware corporation authorized to do business in South Carolina. Among other acts and omissions, Daikin has for many years manufactured and supplied products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to one or more of the Discharger Defendants in this action.

36.     Defendant **EIDP, Inc. ("Old DuPont")**, f/k/a E.I. du Pont de Nemours and Company, is a Delaware corporation authorized to do business in South Carolina. Among other acts and omissions, Old DuPont has for many years manufactured and supplied products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to one or more of the Discharger Defendants in this action.

37.     Defendant **The Chemours Company ("Chemours")** is a Delaware limited liability company authorized to do business in South Carolina. Among other acts and omissions,

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Chemours has for many years manufactured and supplied products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to one or more of the Discharger Defendants in this action.

38.     Defendant **Corteva, Inc. ("Corteva")** is a Delaware corporation that conducts business in South Carolina. Among other acts and omissions, Corteva has assumed PFAS-related liabilities from Old DuPont.

39.     Defendant **DuPont de Nemours, Inc. ("New DuPont")**, f/k/a DowDuPont, Inc., is a Delaware corporation that conducts business in South Carolina. Among other acts and omissions, New DuPont has assumed PFAS-related liabilities from Old DuPont.

40.     Defendant **INV Performance Surfaces, LLC ("Invista")** is a Delaware limited liability company authorized to do business in South Carolina. Among other acts and omissions, Invista has for many years manufactured and supplied products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to one or more of the Discharger Defendants in this action.

41.     Defendant **Huntsman International, LLC ("Huntsman")** is a Delaware limited liability company authorized to do business in South Carolina. Among other acts and omissions, Huntsman has for many years manufactured and supplied products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to one or more of the Discharger Defendants in this action.

42.     Defendant **Solvay Specialty Polymers USA, LLC ("Solvay")** is a Delaware limited liability company authorized to do business in South Carolina. Among other acts and omissions, Solvay has for many years manufactured and supplied products containing or degrading

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to one or more of the Discharger Defendants in this action.

## FACTUAL ALLEGATIONS

### I.    Background and Hazards of PFAS

43.    PFAS are a large group of man-made chemicals that do not occur naturally in the environment. Due to their strong carbon-fluorine bonds, PFAS are extremely stable, repel both oil and water, and are resistant to heat and chemical reactions. As a result of these properties, PFAS have a wide variety of industrial, commercial, and consumer applications.

44.    The stable carbon-fluorine bonds that make PFAS pervasive in industrial, commercial, and consumer products also result in their persistence in the environment. They are colloquially termed "forever chemicals," as terminal PFAS have no known environmental breakdown mechanism, are readily absorbed into biota, and tend to bioaccumulate with repeated exposure.

45.    There are both polymer and non-polymer PFAS. Non-polymer PFAS include substances like PFOA, PFOS, PFHxS, PFNA, PFBS, and HFPO-DA (a/k/a GenX Chemicals). Polymer PFAS include fluoropolymers and side-chain fluorinated polymers that are often the active chemistry in the PFAS-containing products sold and utilized by Defendants.

46.    There are also both terminal PFAS and their precursors. Precursors may undergo environmental degradation that ultimately results in the formation of terminal PFAS—meaning no further degradation occurs under normal environmental conditions. PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals are all terminal PFAS.

47.    Both polymer and non-polymer PFAS can degrade to terminal PFAS. Generally, terminal PFAS are present in or otherwise form from PFAS products via three primary routes: (1) as a direct byproduct of the manufacturing process; (2) the degradation of precursor PFAS that are

15

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

byproducts of the manufacturing process; and/or (3) the degradation of polymer PFAS into terminal PFAS and precursor PFAS.

48.    Further, PFAS are manufactured by either electrochemical fluorination ("ECF") or telomerization.

49.    PFAS leach from soil to groundwater and are highly mobile and water soluble, making groundwater and surface water particularly vulnerable to contamination. Therefore, a major source of human exposure to PFAS is through ingestion of contaminated drinking water. Exposure is dose-additive, meaning that exposure to low levels of multiple PFAS, which individually would pose little or no risk, can result in a combined dose capable of causing adverse health effects.

50.    While there are thousands of different PFAS chemicals, current scientific evidence shows that harmful health effects can result from consuming drinking water with any level of PFOA or PFOS, and at certain aggregate levels of PFHxS, PFNA, PFBS, and GenX Chemicals. Depending on the type of PFAS, negative health effects include increased risk of certain types of cancer and adverse impacts on fetal growth and development; reproduction; and on liver, thyroid, immune, cardiovascular, and/or nervous system function.

51.    PFOA and PFOS have been the most widely used PFAS, and they are the most studied by regulators and the scientific community. While some industries voluntarily phased out products containing PFOA and PFOS by 2015, their limited use continues even in the United States. Due to their persistent nature, PFOA and PFOS remain in the environment from decades of legacy industrial use.

52.    Products based on PFAS consisting of shorter fluorinated carbon chains were developed to replace "long-chain" PFAS like PFOA and PFOS, and they are now used in industrial

16

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

applications to confer similar properties and characteristics. These "short-chain" PFAS are still bioaccumulative and environmentally persistent, and some short-chain PFAS products nevertheless still contain PFOA and PFOS and their precursors. Terminal short-chain PFAS include PFBS and GenX Chemicals.

53.     Based on the science available in 2009, EPA published provisional drinking water health advisories for short-term exposure to PFOA and PFOS.[1] The advisory levels at that time were 400 parts per trillion ("ppt") for PFOA and 200 ppt for PFOS. In the same publication, EPA reported that it conducted sampling of public drinking water in Alabama communities, finding PFOA and PFOS levels lower than 40 ppt. It explained, "Based on its current understanding, EPA believes these levels are not of concern and residents may rely upon public water systems."[2]

54.     On May 16, 2016, due to the evolution of science on the health effects of PFOA and PFOS, EPA published lifetime health advisory levels for each chemical in drinking water.[3] Superseding the 2009 provisional levels, the 2016 levels for PFOA and PFOS were 70 ppt, independently or in the aggregate. EPA explained that its new health advisories "identify the concentration of PFOA and PFOS in drinking water at or below which adverse health effects are not anticipated to occur over a lifetime of exposure."[4]

---

[1] U.S.E.P.A., Provisional Health Advisories for Perfluorooctanoic Acid (PFOA) and Perfluorooctane Sulfonate (PFOS) (Jan. 8, 2009), *available at* https://www.epa.gov/sites/default/files/2015-09/documents/pfoa-pfos-provisional.pdf.

[2] *Id.*

[3] Lifetime Health Advisories and Health Effects Support Documents for Perfluorooctanoic Acid and Perfluorooctane Sulfonate, 81 Fed. Reg. 33250 (May 25, 2016).

[4] *Id.*

55.    EPA's 2016 Health Advisories were based on peer-reviewed studies of the effects of PFOA and PFOS on laboratory animals and epidemiological studies of human populations exposed to PFOA and PFOS. These studies indicated that exposure to PFOA and PFOS over certain levels may result in adverse health effects, including developmental defects to fetuses, cancer (testicular, kidney), liver effects, immune effects, thyroid effects, and other adverse effects. But based on its review of the science, EPA stated that its analysis indicated exposure to PFOA and PFOS at or below health advisory levels "will not result in adverse health effects (including cancer and non-cancer) to the general population over a lifetime (or any shorter period) of exposure to these chemicals."[5]

56.    On June 15, 2022, EPA again updated health advisory levels for PFOA and PFOS on an interim basis, which replaced the 2016 advisory levels.[6] EPA explained that updated human epidemiological data indicated "that the level at which negative health effects could occur are much lower than previously understood when the agency issued its 2016 health advisories for PFOA and PFOS"—finding "associations between PFOA and/or PFOS exposure and effects on the immune system, the cardiovascular system, development (e.g., decreased birth weight), and cancer."[7] Concerned with the public health implications of its data, EPA issued interim levels pending determination of maximum contaminant levels and maximum contaminant level goals. The interim levels were 0.004 ppt for PFOA and 0.02 ppt for PFOS.

---

[5] *Id.*

[6] Lifetime Drinking Water Health Advisories for Four Perfluoroalkyl Substances, 87 Fed. Reg. 36848 (June 21, 2022).

[7] *Id.*

18

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

57.     Simultaneously, EPA also issued health advisories for the first time covering PFBS and GenX Chemicals. EPA reported that "GenX Chemicals have been linked to health effects on the liver, the kidney, the immune system, and developmental effects, as well as cancer."[8] For PFBS, it noted studies indicating health effects on the thyroid, reproductive system, development, and kidney. Based on its 2021 toxicity studies for these chemicals, EPA released final health advisories for each: GenX Chemicals at 10 ppt and PFBS at 2,000 ppt.

58.     In March of 2023, EPA issued proposed maximum contaminant levels ("MCLs") and maximum contaminant level goals ("MCLGs") for PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals.[9] An MCLG is the maximum level of a contaminant in drinking water at which no known or anticipated adverse effect on the health of persons would occur, allowing an adequate margin of safety. An MCL is the maximum allowable level of a contaminant that may be delivered to any user of a public water system and is based on the feasibility of existing technology to detect PFAS at a threshold level.

59.     At that time, EPA announced that, "[f]ollowing a systematic review of available human epidemiological and animal toxicity studies, EPA has determined that PFOA and PFOS are likely to cause cancer (e.g., kidney and liver cancer) and that there is no dose below which either chemical is considered safe."[10] Therefore, it proposed MCLG levels for both chemicals at zero ppt. Enforceable MCL levels for each chemical were proposed at 4 ppt. According to EPA, "[a]ny

---

[8] *Id.*

[9] PFAS Nat'l Primary Drinking Water Regulation Rulemaking, 88 Fed. Reg. 18638 (Mar. 29, 2023) (to be codified at 40 C.F.R. pt. 141, 142).

[10] *Id.*

19

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

exceedance of this limit requires action to protect public health, regardless of any mixture in which they are found."[11]

60.    Due to their toxic effects, dose additivity, and presence in drinking water, EPA proposed a hazard index approach covering mixtures of PFHxS, PFNA, PFBS, and GenX Chemicals. The hazard index is the sum of each PFAS's "hazard quotient." Hazard quotients are first calculated by dividing the applicable PFAS's "exposure metric" (i.e., concentration in drinking water) by its "health reference value" (PFHxS: 9 ppt; GenX Chemicals: 10 ppt; PFNA: 10 ppt; PFBS: 2,000 ppt). If the sum of each's hazard quotient is below 1.0, then it "represents a level at which no known or anticipated adverse effects on the health of persons is expected to occur and which allows for an adequate margin of safety."[12] If greater than 1.0, then "potential risk is indicated."[13]

61.    EPA stated that, once its proposed MCLs became final, it would "save thousands of lives and prevent tens of thousands of avoidable illnesses."[14]

62.    EPA finalized its proposed MCLs and MCLGs on April 10, 2024.[15] In accompanying publications, EPA declared, "The science is clear: exposure to these six PFAS is

---

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] U.S.E.P.A., *EPA Releases Annual Report Showing Steady Progress to Protect Communities from PFAS Pollution* (Dec. 14, 2023), *available at* https://www.epa.gov/newsreleases/epa-releases-annual-report-showing-steady-progress-protect-communities-pfas-pollution.

[15] U.S.E.P.A., PFAS Nat'l Primary Drinking Water Regulation Rulemaking (Apr. 10, 2024), *available at* https://www.epa.gov/system/files/documents/2024-04/pfas-npdwr_prepubfederalregisternotice_4.8.24.pdf (pre-publication version).

20

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

linked to significant health risks" that include "certain cancers and heart impacts in adults, and immune and developmental impacts in infants and children."[16]

63.    The final regulation solidifies MCLs of 4.0 ppt for PFOA and PFOS and 10.0 ppt for PFNA, PFHxS, and GenX Chemicals, including a Hazard Index that covers mixtures of PFBS with PFNA, PFHxS, and GenX Chemicals. It also enshrines MCLGs of zero ppt for PFOA and PFOS, which EPA states "reflects the latest science showing that there is no level of exposure to these two PFAS without risk of health impacts."[17] According to EPA, "[t]he more you reduce your exposure to PFAS, the more you reduce your risk."[18]

64.    EPA's final regulations mandate several new obligations regarding PFAS, including the implementation of solutions to reduce regulated PFAS concentrations in the drinking water that Plaintiff distributes, maintenance of ongoing compliance monitoring, and informing the public of PFAS levels in the water and of any violations.

65.    EPA's April 10, 2024 regulation imposed a deadline of 2027 for Plaintiff to begin conducting and reporting regular PFAS monitoring and a deadline of 2029 for Plaintiff to comply with all MCLs.

66.    On May 14, 2025, EPA affirmed its intention to maintain the April 10, 2024 regulation MCLs and MCLGs for PFOA and PFOS, but it announced plans to propose extending the MCL compliance deadline by two years, to 2031, "[t]o allow drinking water systems more

---

[16] U.S.E.P.A., *Frequently Asked Questions and Answers: Final PFAS Nat'l Drinking Water Regulation* (Apr. 10, 2024); *see also* U.S.E.P.A., Final PFAS Nat'l Drinking Water Regulation Landing Page, http://www.epa.gov/sdwa/and-polyfluoroalkyl-substances-pfas (providing links to EPA PFAS regulation publications).

[17] U.S.E.P.A., *Presentation: Overview EPA PFAS NPDWR* (Apr. 10, 2024).

[18] U.S.E.P.A., *Frequently Asked Questions and Answers: Final PFAS Nat'l Drinking Water Regulation* (Apr. 10, 2024).

time to develop plans for addressing PFOA and PFOS where they are found and implement solutions."[19] Although EPA announced its intention to rescind the MCLs concerning PFNA, PFHxS, and GenX Chemicals, as well as the Hazard Index covering mixtures of PFBS, PFNA, PFHxS, and GenX Chemicals, it did so "to ensure that the determinations and any resulting drinking water regulation follow the legal process laid out in the Safe Drinking Water Act.," and EPA did not retract its prior statement that the science shows that exposure to these types of PFAS is linked to significant health risks.[20] At the same time, EPA expressed the importance of protecting public health and "ensur[ing] that polluters are held responsible."[21]

67.     EPA's recent announcement stated that "EPA plans to issue a proposed rule this fall and finalize this rule in the Spring of 2026."[22] Under the April 10, 2024 final National Primary Drinking Water Regulation, Plaintiff must begin conducting and reporting regular PFAS monitoring by 2027, and Plaintiff must comply with all MCLs by 2029. EPA's planned rule would extend Plaintiff's MCL compliance deadline for PFOA and PFOS from 2029 to 2031.

## II.     Contamination of the Great Pee Dee River with PFAS

68.     Plaintiff's water intake rests on the Great Pee Dee River in Florence County, South Carolina, which draws water from the river for treatment at the Pee Dee Regional SWTP before distribution to customers.

---

[19] U.S.E.P.A., *EPA Announces It Will Keep Maximum Contaminant Levels for PFOA, PFOS* (May 14, 2025), *available at* https://www.epa.gov/newsreleases/epa-announces-it-will-keep-maximum-contaminant-levels-pfoa-pfos [hereinafter *EPA 2025 MCL Announcement*].

[20] *Id.*

[21] *Id.*

[22] *Id.*

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

69.     Defendants' industrial facilities, and/or their applicable WWTPs, operate along the Great Pee Dee River or one of its tributaries upstream of Plaintiff's water intake.

70.     PFAS sampling of the Great Pee Dee River upstream of Plaintiff's water intake confirms the presence of PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals throughout the river system. These PFAS flow downstream and contaminate the water at Plaintiff's water intake at concentrations exceeding EPA's MCLs and MCLGs. Indeed, sampling at Plaintiff's water intake confirms the presence of PFOA and PFOS at concentrations higher than what EPA deems unsafe for consumption. Defendants are the source.

71.     Discharger Defendants are, or were, owners and operators of manufacturing plants and waste disposal facilities upstream of Plaintiff's water intake. In their industrial processes, Discharger Defendants utilize, or utilized, products that contain or degrade to PFOS, PFOA, PFHxS, PFNA, PFBS, and/or GenX Chemicals. Discharger Defendants' industrial processes generate industrial wastewater containing these PFAS, which Discharger Defendants ultimately discharge to surface waters upstream of Plaintiff's water intake.

72.     Defendants' PFAS and their precursors flow downstream to Plaintiff's water intake, damaging Plaintiff's property and contaminating its water source.

73.     The Pee Dee Regional SWTP utilizes conventional water treatment technologies to treat raw water, none of which remove PFAS. Instead, the Pee Dee Regional SWTP requires new water treatment technologies to do so.

74.     All Defendants knew or should have known that conventional wastewater treatment technologies used by those Discharger Defendants that discharge directly into surface waters and by the WWTPs that receive wastewater from the other Discharger Defendants cannot remove

23

PFAS from wastewater. All Defendants also knew or should have known that their treated wastewater contaminates surface waters and the water Plaintiff draws for its customers.

75.     Despite knowing of the adverse health and environmental effects of PFAS, particularly the chemicals' capacity to endanger drinking water supplies when released to surface waters, Supplier Defendants did not require, instruct, advise, or otherwise direct the Discharger Defendants to dispose of their PFAS-containing wastewater in a manner that would prevent this effluent from entering surface waters and contaminating Plaintiff's properties.

76.     Plaintiff's SWTP utilizes conventional water treatment technologies to treat raw water, none of which remove PFAS. Instead, Plaintiff's SWTP requires new water treatment technologies to do so.

77.     All Defendants knew or should have known that conventional treatment technologies used by public water systems like Plaintiff's cannot remove Defendants' PFAS from water that is treated and distributed as potable drinking water.

### III.     Supplier Defendants Had Superior Knowledge of PFAS's Hazardous Properties.

78.     All Defendants have long known that PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals are environmentally persistent, bioaccumulative, dose-additive, and toxic; that they cannot be removed by conventional water and wastewater treatment methods; and that there is no safe dose for PFOA and PFOS.

79.     Old DuPont pioneered the field of PFAS chemistry in the middle of the twentieth century, and it was long a leader in the industry. Old DuPont's knowledge of the properties of PFAS, including knowledge of the compounds' chemistry, toxicology, environmental fate, and effects on human health has been virtually unmatched, typically exceeding that of government regulators, the scientific community, and the public.

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

80.    Old DuPont has maintained an in-house staff of doctors, environmental engineers, industrial hygienists, and scientists in health-related fields, as well as a corporate industrial medicine program. Old DuPont was thus well equipped to understand the potential dangers of exposing people to PFAS via drinking water.

81.    By the early 1960s, Old DuPont understood PFOA and PFNA to be toxic based on studies that found exposure to the chemicals to increase liver size in rats, and by the mid-1960s, if not earlier, Old DuPont knew that PFOA could leach from waste into water and groundwater.

82.    In 1978, Old DuPont began to review and monitor the health conditions of its workers who were potentially being exposed to PFOA. Old DuPont subsequently found that PFOA is "toxic" and that "continued exposure is not tolerable," but it did not disclose this to the public or to EPA. Three years later, Old DuPont again failed to disclose data demonstrating the transplacental movement of PFOA to fetuses. It also failed to disclose widespread PFOA contamination in public drinking water sources resulting from discharges at its Washington Works facility near Parkersburg, West Virginia, where PFOA concentrations exceeded Old DuPont's own Community Exposure Guideline.

83.    In 1991, Old DuPont researchers recommended following up a study from ten years earlier of employees who might have been exposed to PFOA. The prior study showed elevated liver enzymes in the blood of Old DuPont workers. On information and belief, for the purpose of avoiding or limiting liability, Old DuPont chose not to conduct the follow-up study, instead postponing it until after it was sued.

84.    By 1999, at the latest, Old DuPont knew that PFOA was present in its products based on telomer PFAS chemistry.

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

85.    In or around December 2005, Old DuPont agreed to pay a $10.25 million fine to the federal government arising from its failures to disclose information to EPA about PFOA's health risks. Upon information and belief, in statements to the public and government regulators, Old DuPont has repeatedly and falsely claimed that human exposure to PFOA has no adverse health consequences. In a May/June 2008 publication, for example, Old DuPont stated that "the weight of the evidence indicates that PFOA exposure does not pose a health risk to the general public," and "there are no human health effects known to be caused by PFOA, although study of the chemical continues." Old DuPont made those statements against the advice of its own Epidemiology Review Board, which urged it not to make public statements asserting that PFOA does not pose any health risks. In 2005, EPA levied a record-setting $16.5 million civil penalty against Old DuPont for failing to disclose to EPA information about the health risks of PFOA and about the company's environmental releases of PFOA in West Virginia and Ohio.

86.    For decades, Old DuPont purchased the PFOA it used in the manufacture of Teflon and other products from 3M Company ("3M").

87.    In May 2000, 3M announced it would phase out its manufacture and sale of products based on long-chain PFAS, including PFOA and PFOS, by 2002. In its public announcement of the phaseout, 3M cited the chemicals' environmental persistence and its finding that PFOS was present in the blood of the general public.

88.    In response to 3M's phaseout announcement, and despite the public concerns 3M cited for its phaseout decision and Old DuPont's own internal knowledge of the risks to human health and the environment posed by PFOA, Old DuPont did not cease using PFOA or eliminate PFOA from its products. Instead, Old DuPont opened its own plant to manufacture PFOA to use in the manufacture of Old DuPont's products.

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

89.     As demonstrated by its material safety data sheet for PFOA, Old DuPont knew PFOA required disposal by incineration by at least 1991.

90.     Old DuPont participated in the Telomer Research Program ("TRP") that was convened by EPA in the early 2000s to coordinate research and data on PFOA and PFAS manufactured by the telomerization process. The TRP consisted of the leading telomer-based PFAS manufacturers. Through its participation in the TRP, Old DuPont obtained and shared with other PFAS manufacturers information about various aspects of PFOA and telomer PFAS, such as their chemical degradation pathways, the fate and transport of PFAS products from customer facilities to the environment and public water supplies, and human health risks associated with exposure to these chemicals.

91.     In 2015, Old DuPont spun off its Performance Chemicals business (which included the design, manufacture, marketing, and sale of PFAS, as well as the environmental liabilities) to Chemours. Chemours inherited Old DuPont's expertise, resources, and knowledge of PFAS, and PFOA in particular.

92.     Invista was formed in 2004 through the sale of Old DuPont's Textiles & Interiors division to Koch Industries and conducted bundled sales of textile products with Old DuPont PFAS products that it knew could degrade to PFOA. Invista inherited Old DuPont's expertise, resources, and knowledge of PFAS, and PFOA in particular.

93.     Huntsman uses PFAS manufactured by other Supplier Defendants, including Old DuPont and Chemours, to blend with other non-PFAS components in the manufacture of the PFAS products it sells. Upon information and belief, Huntsman has long known that PFAS are persistent, bioaccumulative, and toxic, and that terminal PFAS such as PFOA, and/or their precursors, are present in the products it manufactures and sells.

27

94.     Daikin is a subsidiary of Daikin Industries, Ltd., which has been in the PFAS business in Japan since the 1940s. It entered the U.S. market in the early 1990s, establishing manufacturing operations in Decatur, Alabama, adjacent to 3M's plant there.

95.     Daikin purchased PFOA from 3M for use as a processing chemical in its manufacture of fluoropolymers. Daikin knew from the early 1990s that PFOA was carcinogenic, bioaccumulative, environmentally persistent, and soluble in water.

96.     Though fully aware of the reasons that 3M decided to withdraw its products based on long-chain PFAS in 2000, Daikin rushed to fill as much of the PFAS market left by 3M as possible, with the specific intent to prevent customers from shifting to non-PFAS products.

97.     Underscoring its position as one of the world's leading PFAS manufacturers, Daikin participated in the TRP during the 2000s, through which it obtained and shared with other PFAS manufacturers information about various aspects of PFOA and telomer PFAS, such as their chemical degradation pathways, the fate and transport of PFAS products from customer facilities to the environment and public water supplies, and human health risks associated with exposure to these chemicals.

98.     Daikin was well aware of the need to incinerate or otherwise treat wastewater to remove PFAS; indeed, Daikin practiced incineration for the PFAS-containing wastewater generated at its Decatur, Alabama facility by or around the mid-2000s.

99.     Asahi is a subsidiary of AGC, Inc., f/k/a Asahi Glass Co., Ltd., a Japanese company that has manufactured and sold PFAS products since at least the 1970s. Upon information and belief, Asahi has long known that PFAS are persistent, bioaccumulative, and toxic, and that terminal PFAS such as PFOA, and/or their precursors, are present in the products it manufactures and sells.

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

100. Underscoring its position as one of the world's leading PFAS manufacturers, Asahi participated in the TRP during the 2000s, through which it obtained and shared with other PFAS manufacturers information about various aspects of PFOA and telomer PFAS, such as their chemical degradation pathways, the fate and transport of PFAS products from customer facilities to the environment and public water supplies, and human health risks associated with exposure to these chemicals.

101. Arkema is a subsidiary of Arkema S.A., a French company formed in 2004 from a reorganization of Total S.A.'s chemicals business. Arkema S.A. and its predecessors have been manufacturing PFAS since at least the 1950s. Upon information and belief, Arkema has long known that PFAS are persistent, bioaccumulative, and toxic, and that terminal PFAS such as PFOA, and/or their precursors, are present in the products it manufactures and sells.

102. Clariant was formed in 1995 and was previously known as Sandoz Chemical Corporation and as Sodeyco, Inc. Upon information and belief, Clariant has long known that PFAS are persistent, bioaccumulative, and toxic, and that terminal PFAS such as PFOA, and/or their precursors, are present in the products it manufactures and sells.

103. Underscoring its position as one of the world's leading PFAS manufacturers, Clariant participated in the TRP during the 2000s, through which it obtained and shared with other PFAS manufacturers information about various aspects of PFOA and telomer PFAS, such as their chemical degradation pathways, the fate and transport of PFAS products from customer facilities to the environment and public water supplies, and human health risks associated with exposure to these chemicals.

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

104.    Archroma was formed in 2013 through the sale of Clariant's textile, paper, and emulsions business to SK Capital Partners. Archroma inherited Clariant's expertise, resources, and knowledge of PFAS.

105.    Solvay is the successor of Solvay Solexis, Inc. and Ausimont USA, Inc. Upon information and belief, Solvay has long known that PFAS are persistent, bioaccumulative, and toxic, and that terminal PFAS such as PFOA, and/or their precursors, are present in the products it manufactures and sells. At its Gloucester County, New Jersey facility, Solvay's use of PFOA and PFNA in the manufacture of fluoropolymer products has caused severe contamination of drinking water, surface waters, groundwater, and soils in the surrounding vicinity. In 2023, Solvay settled a lawsuit brought by the State of New Jersey arising from this contamination for $393 million.

106.    Safe or safer nonfluorinated alternatives to PFAS-based products exist, as demonstrated by some of Supplier Defendants' own current product offerings. Such nonfluorinated alternatives could have been commercially viable much earlier (and the harm to Plaintiff mitigated) if Supplier Defendants had not chosen to ignore the clear evidence of health and environmental dangers they possessed many years ago.

107.    Despite Supplier Defendants' knowledge that their products contained or degraded to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals; that these PFAS were environmentally persistent, bioaccumulative, dose-additive, and toxic; that conventional wastewater treatment technologies utilized by wastewater treatment facilities could not remove their PFAS from wastewater; and that Discharger Defendants discharged these PFAS to the Great Pee Dee River and its tributaries, damaging and interfering with Plaintiff's property rights and

30

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

public health, Supplier Defendants continued to sell products containing or degrading to these PFAS to Discharger Defendants. Specifically:

(a)   Asahi continued to sell products containing or degrading to these PFAS to Discharger Defendants under brand names including Asahiguard and Surflon;

(b)   Arkema continued to sell products containing or degrading to these PFAS to Discharger Defendants under brand names including Kynar;

(c)   Clariant continued to sell products containing or degrading to these PFAS to Discharger Defendants under brand names including Nuva;

(d)   Archroma continued to sell products containing or degrading to these PFAS to Discharger Defendants under brand names including Nuva and Fluowet;

(e)   Daikin continued to sell products containing or degrading to these PFAS to Discharger Defendants under brand names including Unidyne;

(f)   Old DuPont continued to sell products containing or degrading to these PFAS to Discharger Defendants under brand names including Teflon, Zonyl, and Capstone;

(g)   Chemours continued to sell products containing or degrading to these PFAS to Discharger Defendants under brand names including Capstone;

(h)   Invista continued to sell products containing or degrading to these PFAS to Discharger Defendants under brand names including Stainmaster and Antron;

(i)   Huntsman continued to sell products containing or degrading to these PFAS to Discharger Defendants under brand names including Phobol and Oleophobol; and

(j)   Solvay continued to sell products containing or degrading to these PFAS to Discharger Defendants under brand names including Algoflon and Halar.

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

**IV.     Supplier Defendants Were Directly Involved in Discharger Defendants' PFAS Use and Disposal.**

108.     At all times relevant hereto, Supplier Defendants were directly involved in, and exercised control over, Discharger Defendants' use, handling, application, and disposal of Supplier Defendants' products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals.

109.     Supplier Defendants specified the type and amount of PFAS-containing products to be used or applied, and the manner in which PFAS-containing products were to be used or applied, at Discharger Defendants' facilities upstream from Plaintiff's intake on the Great Pee Dee River.

110.     Supplier Defendants designed and provided equipment for the use of their PFAS-containing products at Discharger Defendants' facilities upstream from Plaintiff's intake on the Great Pee Dee River.

111.     Supplier Defendants jointly conducted research with Discharger Defendants for new PFAS-containing products as well as methods of using or applying these products.

112.     Supplier Defendants monitored the products manufactured by Discharger Defendants for the amount of PFAS-containing products used in the manufacture of Discharger Defendants' products in order to ensure those products met Supplier Defendants' specifications on the amount of PFAS-containing products to be used or applied.

113.     Some Supplier Defendants, including Archroma, Arkema, Invista, and Huntsman, maintained offices and/or laboratories near Discharger Defendants' facilities upstream from Plaintiff's intake on the Great Pee Dee River, and all Supplier Defendants were in constant contact with the Discharger Defendants concerning the use, handling, application, and disposal of their PFAS-containing products.

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

114.     Employees of the Supplier Defendants were routinely present in Discharger Defendants' facilities to provide direction, support, and technical assistance concerning the use, handling, application, and disposal of Supplier Defendants' PFAS-containing products.

115.     Supplier Defendants provided information to the Discharger Defendants concerning the health and environmental impacts of Supplier Defendants' PFAS-containing products, and the Discharger Defendants, at least in part, relied on this information.

116.     Supplier Defendants were familiar with the wastewater disposal practices of the Discharger Defendants' facilities, including that a portion of the Supplier Defendants' PFAS-containing products went into the Discharger Defendants' wastewater streams and that the treatment methods used by the Discharger Defendants' on-site treatment works and receiving WWTPs could not remove Defendants' PFAS from the effluent. Supplier Defendants nevertheless failed to require, instruct, advise, or otherwise direct the Discharger Defendants to dispose of their PFAS-containing wastewater in a manner that would prevent this effluent from entering surface waters and contaminating Plaintiff's property. Supplier Defendants continued to sell their PFAS-containing products to Discharger Defendants they knew or should have known were disposing of the products in an environmentally irresponsible manner.

117.     Supplier Defendants have been aware for many years of the presence of their PFAS chemicals in the Great Pee Dee River upstream of Plaintiff's intake.

## V.     Supplier Defendants Delayed, Suppressed, and Interfered with the Advance of Scientific Understanding and Regulation of Their PFAS Products.

118.     Supplier Defendants actively worked to suppress and delay scientific understanding and government regulation of PFAS by, among other things, suppressing and altering critical internal studies documenting the harms of their PFAS-containing products, distorting public discourse on and downplaying the harmful effects of PFAS, misleading EPA on the safety of their

PFAS-containing products and PFAS more generally, and hiring leaders in the scientific community to exert influence and suppress unwanted information contrary to their position.

119.    Supplier Defendants, by agreement and/or tacit understanding between them, each knowingly pursued a common plan and design and/or acted in concert to market and promote products they knew to be dangerous to the environment and human health. Supplier Defendants engaged in concerted conduct for the purpose of suppressing, concealing, and minimizing information on the risks to human health and the environment posed by PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals, and for the purpose of delaying, obstructing, and interfering with regulators' investigation and regulation of these chemicals.

120.    The delay in PFAS regulation resulted directly from Supplier Defendants' concerted efforts, over decades, to conceal critical studies from the scientific community and simultaneously introduce studies and media downplaying the adverse effects of PFAS.

**VI.    Old DuPont Orchestrated a Multi-Step Corporate Restructuring Designed to Shield Its Valuable Assets from Its PFAS Liabilities.**

121.    By 2013, Old DuPont understood that it faced massive, mounting environmental liabilities arising from its decades-long manufacture, use, marketing, sale, and distribution of PFAS, likely totaling in the billions of dollars.

122.    Beginning in or around 2013, Old DuPont sought to isolate these PFAS-related liabilities from its billions of dollars in valuable assets and to evade responsibility for the environmental harms it caused. This scheme unfolded over several years and involved the creation of multiple new corporate entities.

123.    The first major step in this scheme was the 2015 spinoff of Chemours, a newly formed entity that received Old DuPont's Performance Chemicals business. Along with this

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

transfer, Old DuPont saddled Chemours with a significant portion of Old DuPont's environmental liabilities.

124.    Per the separation agreement between Old DuPont and Chemours, Chemours assumed liabilities related to Old DuPont's manufacture, use, and sale of PFAS and agreed to indemnify Old DuPont against all liabilities associated with the Performance Chemicals business—regardless of when those liabilities arose and against whom those liabilities are asserted or determined.

125.    Internally, Old DuPont knew that Chemours lacked the financial resources to adequately cover the PFAS-related liabilities Old DuPont had transferred to Chemours.

126.    In 2017, Old DuPont completed a merger with The Dow Chemical Company ("Old Dow") to create DowDuPont, Inc. This so-called "merger of equals" was carefully structured to avoid exposing Old Dow's assets to Old DuPont's PFAS liabilities. Rather than a true integration, this transaction served as a temporary restructuring vehicle by which Old DuPont sought to further separate the company's valuable assets from its PFAS liabilities and other environmental obligations.

127.    Following the merger, assets were stripped out of Old DuPont and transferred to DowDuPont, which then mixed and combined the assets of Old DuPont with the assets of Old Dow. DowDuPont then recognized its business into three distinct business segments: Agriculture, Materials Science, and Specialty Products.

128.    This restructuring paved the way for the creation of three independent companies by 2019: (1) Corteva, which holds the Agriculture business and became the parent holding company of Old DuPont; (2) Dow, Inc. ("New Dow"), which holds the Materials Science business and became the parent company of Old Dow; and (3) DuPont de Nemours, Inc. (i.e., New DuPont),

35

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

which was formerly known as DowDuPont and retained the Specialty Products business as well as some non-core business segments and product lines once belonging to Old DuPont.

129.     Pursuant to the separation agreement between Corteva, New Dow, and DowDuPont/New DuPont, Corteva and New DuPont have each assumed responsibility for certain Old DuPont liabilities, including Old DuPont liabilities related to PFAS.

## VII.     Defendants Have Harmed Plaintiff and Plaintiff's Community.

130.     Discharger Defendants have, for decades, discharged PFOA, PFOS, PFHxS, PFNA, PFBS, GenX Chemicals, and their precursors into the Great Pee Dee River and its tributaries, which has caused, and continues to cause, contamination of these waters with PFAS chemicals exceeding EPA's current health advisories, MCLGs, and MCLs. Indeed, absent new treatment technologies, Plaintiff cannot use its properties and exercise its property rights to provide water that is either free of all PFOA and PFOS, or compliant with EPA's MCLs.

131.     Supplier Defendants have supplied products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to Discharger Defendants, while knowing that Discharger Defendants discharge wastewater laden with these PFAS to wastewater treatment facilities that cannot remove them from the wastewater before it is discharged to the Great Pee Dee River or its tributaries upstream of Plaintiff's water intakes.

132.     Defendants' conduct has proximately caused the contamination of the Greet Pee Dee River; and of Plaintiff's land, its SWTP, and its water treatment and distribution systems with PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals—including PFOA and PFOS at concentrations above EPA's MCLGs and MCLs.

133.     Defendants, individually and acting through their employees and agents, and in concert with each other, have knowingly, intentionally, recklessly, and/or negligently engaged in

36

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

acts and omissions that have proximately caused unreasonable interference with Plaintiff's right to use and enjoy its properties and its right to use the waters of Great Pee Dee River, and have caused Plaintiff additional past, present, and future injury to property.

134.     Despite knowing that there is no safe dose for PFOA or PFOS, and that PFHxS, PFNA, PFBS, and GenX Chemicals are hazardous to human health,

(a)     Discharger Defendants, directly or indirectly, discharged industrial wastewater contaminated with these chemicals into the Great Pee Dee River or tributaries thereof, which they knew or should have known contaminated Plaintiff's property; and

(b)     Supplier Defendants continued to supply these chemicals to Discharger Defendants, knowing that they discharged these chemicals into the Great Pee Dee River or tributaries thereof, which Supplier Defendants knew or should have known contaminated Plaintiff's property.

## FIRST CAUSE OF ACTION

### Private Nuisance

135.     Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

136.     Plaintiff is a municipal corporation engaged in constructing, operating, maintaining, improving, and extending a water treatment and distribution system for residents of Florence County. It uses its properties for those purposes, including the withdrawal of raw water from the Great Pee Dee River, the treatment of raw water into potable drinking water, and the distribution of treated potable drinking water to customers in Florence County.

137.     Plaintiff owns riparian land abutting the Great Pee Dee River, and Plaintiff has a riparian property right in the reasonable use of these waters, including for the provision of water to its customers.

37

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

138.    Through the conduct described herein, Defendants created, contributed to, and/or maintained a nuisance; that is, the contamination of the Great Pee Dee River, with PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals, at concentrations exceeding those EPA deems unsafe for consumption.

139.    Due to Defendants' contamination, Plaintiff cannot provide water to its customers without PFAS, or even at PFAS concentrations that comply with EPA's MCLs, absent new water treatment technology.

140.    Defendants' contamination caused, contributed to, and/or maintains a nuisance that substantially and unreasonably interferes with Plaintiff's use and enjoyment of its properties, interferes with Plaintiff's properties and its property rights and riparian rights, damages Plaintiff's properties, and causes Plaintiff additional inconvenience, annoyance, and harm.

141.    Defendants, individually and acting through their employees and agents, and in concert with each other, have knowingly, intentionally, recklessly, and/or negligently engaged in conduct that unreasonably interferes with Plaintiff's property rights.

142.    As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered, now suffers, and will continue to suffer damages related to Defendants' contamination of the Great Pee Dee River and Plaintiff's property, including loss in value, the cost of removing Defendants' PFAS, and other damages to be proved at trial.

143.    In addition to its claims for damages, Plaintiff is entitled to injunctive and/or equitable relief to abate the nuisance created, contributed to, and maintained by Defendants.

144.    The ongoing contamination of the Great Pee Dee River and Plaintiff's properties constitutes a continuing irreparable injury for which there is no adequate remedy at law. Plaintiff requests that this Court issue an order and decree requiring Defendants to fund the measures

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

necessary to prevent these PFAS from continuing to interfere with Plaintiff's use and enjoyment of its land and its use of the Great Pee Dee River to supply potable water to its customers.

145. Defendants' interference with Plaintiff's use of its properties can be abated by funding the evaluation, testing, acquisition, installation, operation, and maintenance of new water treatment technology at Plaintiff's SWTP to remove PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemical contamination.

146. Defendants are jointly and severally liable to Plaintiff for all damages resulting from this nuisance, and the costs of its abatement, in an amount to be determined at trial, as well as punitive damages in an amount to be determined at trial, and costs and attorneys' fees.

## SECOND CAUSE OF ACTION

### Public Nuisance

147. Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

148. Plaintiff is a municipal corporation engaged in constructing, operating, maintaining, improving, and extending a water treatment and distribution system for residents of Florence County. It uses its properties for those purposes, including the withdrawal of raw water from the Great Pee Dee River, the treatment of raw water into potable drinking water, and the distribution of treated potable drinking water to customers in Florence County.

149. Plaintiff's customers use the water Plaintiff provides for many purposes, including drinking, cooking, bathing, cleaning, washing, and watering plants and gardens.

150. Plaintiff's customers, and indeed all residents in Plaintiff's community, have a right to potable water that is reasonably pure and safe for their use—and thus free from contamination by Defendants' PFOA, PFOS, PFNA, PFHxS, PFBS, and GenX Chemicals. Defendants'

39

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

contamination unreasonably interferes with, disrupts, and threatens public health, safety, and order. Indeed, EPA makes clear that there is no safe dose for consuming PFOA and PFOS.

151. Plaintiff has sustained special injuries as a result of Defendants' public nuisance, including but not limited to, the lost use of its properties; the inability to provide potable water to customers without concentrations of PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals deemed unsafe by EPA; expenses associated with the evaluation, testing, acquisition, installation, operation, and maintenance of required treatment technologies to remove unsafe concentrations of these PFAS from water; expenses incurred in discovering and identifying sources of Defendants' contamination; interference with Plaintiff's right to use the Great Pee Dee River; interference with the use of Plaintiff's SWTP and water treatment and distribution systems; and lost revenue.

152. As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered, now suffers, and will continue to suffer special injury and damages related to Defendants' contamination of the Great Pee Dee River and Plaintiff's properties.

153. Defendants, individually and acting through their employees and agents, and in concert with each other, have knowingly, intentionally, recklessly, and/or negligently engaged in conduct that unreasonably interferes with Plaintiff's property rights and endangers the health of Plaintiff's customers, consumers of Plaintiff's drinking water, and Plaintiff's community.

154. As a result of the nuisance caused by Defendants, Plaintiff has suffered, and will continue to suffer, losses resulting from injury to its properties, including loss in value, the cost of removing Defendants' PFAS, and other damages to be proved at trial.

155. In addition to its claims for damages, Plaintiff is entitled to injunctive and/or equitable relief to abate the nuisance created, contributed to, and maintained by Defendants.

40

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

156.    Defendants' ongoing contamination constitutes a continuing threat to public health, safety, and order, and it constitutes irreparable injury for which there is no adequate remedy at law. Plaintiff requests that this Court issue an order and decree requiring Defendants to fund the measures necessary to prevent these PFAS from continuing to threaten public health and safety and ensure that Plaintiff's customers and residents of Plaintiff's community receive water free from PFAS.

157.    Defendants' contamination of potable water with unsafe concentrations of PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals can be abated by requiring Defendants to fund the evaluation, testing, acquisition, installation, operation, and maintenance of new water treatment technology at Plaintiff's SWTP to remove PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemical contamination.

158.    Defendants are jointly and severally liable to Plaintiff for all damages resulting from this nuisance, the costs of abatement in an amount to be determined at trial, as well as punitive damages in an amount to be determined at trial, and costs and attorneys' fees.

## THIRD CAUSE OF ACTION

### Trespass

159.    Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

160.    Plaintiff owns, possesses, and actively exercises its right to use its land, SWTP, and related buildings, improvements, property, and equipment that make up its water treatment and distribution systems.

161.    Discharger Defendants Americhem, Auria, Carvana, Cascades, Celgard, Chem-Tex, Goulston, Marcal, and Thuasne intentionally discharged and continue to discharge PFAS and/or PFAS-containing products to their applicable WWTPs, respectively, notwithstanding that they knew and/or reasonably should have known that:

41

(a)    these WWTPs cannot remove their PFAS and/or PFAS-containing products from wastewater before discharging to surface waters upstream of Plaintiff's water intake on the Great Pee Dee River;

(b)    Plaintiff draws water from the Great Pee Dee River for the provision of safe potable water to its customers;

(c)    water Plaintiff draws from the Great Pee Dee River is contaminated with the PFAS and/or PFAS-containing products the Discharger Defendants discharge to these WWTPs; and, thereby,

(d)    water contaminated with high concentrations of these Defendants' PFAS and/or PFAS-containing products invades Plaintiff's properties.

162.    Discharger Defendants Burlington, Delta Mills, Elevate, JPS, and Mohawk intentionally discharged and continue to discharge PFAS and/or PFAS-containing products to the Great Pee Dee River and/or its tributaries, notwithstanding that these Defendants knew and/or reasonably should have known that:

(a)    the wastewater treatment methods used by these Defendants cannot remove their PFAS and/or PFAS-containing products from wastewater before discharging it to the Great Pee Dee River;

(b)    Plaintiff draws water from the Great Pee Dee River for the provision of safe potable water to its customers;

(c)    water Plaintiff draws from the Great Pee Dee River is contaminated with the PFAS and/or PFAS-containing products the Discharger Defendants discharge to the Great Pee Dee River; and, thereby,

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

(d) water contaminated with high concentrations of Defendants' PFAS and/or PFAS-containing products invades Plaintiff's properties.

163.  Supplier Defendants intentionally supplied and continued to supply PFAS-containing products to Discharger Defendants notwithstanding that Supplier Defendants knew and/or reasonably should have known that:

(a)    Discharger Defendants discharged and continue to discharge, directly or indirectly, Supplier Defendants' PFAS-containing products and/or PFAS to on-site wastewater treatment facilities or publicly owned WWTPs that cannot remove Supplier Defendants' PFAS-containing products and/or PFAS from wastewater before discharge to the Great Pee Dee River;

(b)    Plaintiff draws water from the Great Pee Dee River for the provision of safe potable water to its customers;

(c)    water Plaintiff draws from the Great Pee Dee River is contaminated with Supplier Defendants' PFAS-containing products and/or PFAS that Discharger Defendants directly or indirectly discharged to each river; and, thereby

(d)    water contaminated with high concentrations of Defendants' PFAS and/or PFAS-containing products invades Plaintiff's properties.

164.  Plaintiff has not consented to, and does not consent to, the invasion of its properties by water contaminated with PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals at concentrations exceeding EPA's MCLs and MCLGs and beyond what EPA deems unsafe for consumption.

165. Defendants' invasions of Plaintiff's properties are continuing and ongoing, and each separate invasion of PFAS-contaminated water constitutes a new trespass each time Plaintiff's water pumps are active.

166. Discharger Defendants Americhem, Auria, Carvana, Cascades, Celgard, Chem-Tex, Goulston, Marcal, and Thuasne intend that, while using PFAS in their industrial processes, PFAS-containing wastewater generated by those processes be discharged to their applicable WWTPs, respectively. Discharger Defendants Burlington, Delta Mills, Elevate, JPS, and Mohawk intend and/or intended that, while using PFAS in their industrial processes, PFAS-containing wastewater be discharged to the Great Pee Dee River. Discharger Defendants' conduct is wanton, willful, and in reckless disregard of Plaintiff's property and its property rights and riparian rights.

167. Supplier Defendants intend that Discharger Defendants, while using Supplier Defendants' PFAS-containing products in their industrial processes, dispose of the resulting wastewater contaminated with Supplier Defendants' PFAS-containing products by discharging it, directly or indirectly, to surface waters. Supplier Defendants' conduct is wanton, willful, and in reckless disregard of Plaintiff's property and its property rights and riparian rights.

168. Defendants' conduct is the actual and proximate cause of the invasion of PFAS-contaminated water into Plaintiff's properties, including its land, SWTP, and related buildings, improvements, property, and equipment that make up its water treatment and distribution systems. The damage to Plaintiff's properties is the direct and proximate result of Defendants' intentional conduct.

169. As a direct, proximate, and foreseeable result of Defendants' trespasses, Plaintiff has suffered, now suffers, and will continue to suffer invasion of its property rights and damages,

44

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

including loss in value, the cost of removing Defendants' PFAS, and other damages to be proved at trial.

170.    Defendants' ongoing trespasses can be abated by requiring Defendants to fund the evaluation, testing, acquisition, installation, operation, and maintenance of new water treatment technology at Plaintiff's SWTP to remove PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemical contamination.

### FOURTH CAUSE OF ACTION

### Negligence, Gross Negligence, and/or Recklessness

171.    Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

172.    Discharger Defendants have a duty to use due care in the handling, use, and disposal of products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to avoid causing an unreasonable risk of harm to others, which includes preventing the direct and/or indirect discharge of these PFAS into surface waters upstream of Plaintiff's SWTP, thereby interfering with Plaintiff's property rights and injuring Plaintiff's property.

173.    Discharger Defendants knew or should have known that the PFAS they discharged were environmentally persistent, bioaccumulative, dose-additive, and toxic; that conventional wastewater treatment technologies utilized by themselves or their WWTPs could not remove their PFAS; and that surface waters—including the Great Pee Dee River and its tributaries—were vulnerable to the contamination that has taken and now takes place.

174.    Discharger Defendants nonetheless negligently, recklessly, wantonly, and/or willfully breached their duty in causing products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to escape their premises and contaminate the Great Pee Dee River, thereby interfering with Plaintiff's property rights and injuring Plaintiff's properties.

45

175. Supplier Defendants have a duty to use due care in the manufacturing, formulation, handling, control, disposal, labeling, and creation and dissemination of requirements and instructions for the use and disposal of products containing or that degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to ensure the proper use and disposal of these products and prevent their improper use and disposal.

176. Supplier Defendants had superior knowledge that their PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals contained in or degrading from their products were environmentally persistent, bioaccumulative, dose-additive, and toxic; that conventional wastewater treatment technologies utilized by wastewater treatment facilities could not remove these PFAS; that conventional water treatment technologies utilized by water systems like Plaintiff's could not remove these PFAS; and that surface waters, including the Great Pee Dee River, were vulnerable to the contamination that now takes place.

177. By continually supplying their PFAS-containing products without providing their customers with proper instruction and/or direction on appropriate PFAS disposal measures, or otherwise preventing the discharge of their PFAS to surface waters, Supplier Defendants breached their duty of care and negligently, recklessly, wantonly, and willfully created the risk that their PFAS would contaminate the Great Pee Dee River, thereby interfering with Plaintiff's property rights and injuring Plaintiff's property.

178. Additionally, Defendant Burlington had a duty to use due care in the manufacturing, handling, control, disposal, labeling, and instructing for the use and disposal of biosolid products that contain PFOA, PFOS, PFHxS, PFNA, PFBS, GenX Chemicals, and/or their precursors to ensure the proper use of these products and prevent contamination of surface waters.

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

179.     By continually supplying biosolid products without providing warnings, proper instructions, or direction on the dangers of these PFAS and their properties, or otherwise preventing their contamination of surface waters, Burlington negligently, recklessly, wantonly, and/or willfully created the risk that its PFAS would contaminate the Great Pee Dee River, thereby interfering with Plaintiff's property rights and injuring Plaintiff's property.

180.     Because Burlington created the risk of harm from PFAS-contaminated water, it had a duty to ensure that users of its biosolid products did not allow PFOA, PFOS, PFHxS, PFNA, PFBS, GenX Chemicals, and/or their precursors to escape its users' premises and contaminate the Great Pee Dee River. Burlington also had a duty to warn others, including Plaintiff, of the danger presented by water contaminated with its PFAS.

181.     Burlington negligently, recklessly, wantonly, and willfully breached its duty by failing to prevent the discharge of these PFAS from its biosolid products into the Great Pee Dee River, thereby interfering with Plaintiff's property rights and injuring Plaintiff's property, and by failing to warn Plaintiff of the danger presented by water contaminated by its PFAS.

182.     As a direct, proximate, and foreseeable result of Defendants' conduct, practices, actions, omissions, and inactions, Plaintiff has suffered, and will continue to suffer, losses resulting from injury to its properties, including but not limited to loss in value; the cost of removing Defendants' PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals; the costs of evaluating, testing, acquiring, installing, operating, and maintaining water treatment technologies capable of removing Defendants' PFAS; and other damages to be proved at trial.

183.     Defendants are jointly and severally liable to Plaintiff for all damages resulting from their conduct, practices, actions, omissions, and inactions, in an amount to be determined at

47

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

trial, as well as punitive damages in an amount to be determined at trial, and costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### Strict Products Liability – Ultrahazardous Activity
### (Supplier Defendants)

184. Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

185. PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals are unreasonably dangerous to humans and the environment.

186. Supplier Defendants manufactured, formulated, handled, sold, and/or distributed products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to Discharger Defendants, knowing that these PFAS have been, and are presently, discharged to surface waters, and thereby enter and contaminate the source of water from which Plaintiff draws water and Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system.

187. Rather than require the proper disposal of products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals, Supplier Defendants required or permitted Discharger Defendants to discharge these products, which they knew to be hazardous to surface waters upstream from Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system.

188. Supplier Defendants knew that PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals were environmentally persistent, bioaccumulative, dose-additive, and toxic; and Supplier Defendants knew there was no safe dose of PFOA or PFOS.

189. Supplier Defendants knew or expected that these hazardous PFAS that they were manufacturing, formulating, handling, selling, and/or distributing would reach Plaintiff's SWTP

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

and related buildings, improvements, property, and equipment that make up its water treatment and distribution system while in essentially the same condition as when they left the hands of Supplier Defendants.

190. Supplier Defendants manufactured, formulated, handled, sold, and/or distributed their products that were dangerous and unsafe for the uses and purposes for which they were intended despite knowing the consequences of their use and of exposure to their products.

191. Supplier Defendants or their agents were responsible for the unreasonably dangerous products sold and distributed to Discharger Defendants and received financial benefits from their sale and distribution.

192. As a direct, proximate, and foreseeable result of Supplier Defendants' ultrahazardous activities, their PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals have damaged Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system, and Plaintiff is unable to provide potable water free from contamination with these chemicals at concentrations reasonably safe for consumption.

193. As a direct, proximate, and foreseeable result of Supplier Defendants' ultrahazardous activities, Plaintiff has suffered, and will continue to suffer, losses resulting from injury to its properties, including loss in value; the cost of removing Supplier Defendants' PFAS; the costs of evaluating, testing, acquiring, installing, operating, and maintaining water treatment technologies capable of removing Supplier Defendants' PFAS; and other damages to be proved at trial.

194. Supplier Defendants committed each of the above-described acts and omissions knowingly, willfully, and with oppression, fraud, and/or malice. Their conduct was performed to

49

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

promote sales of their products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in conscious disregard of the probable dangerous consequences of their conduct and the reasonably foreseeable impacts on public health and property.

## SIXTH CAUSE OF ACTION

### Strict Products Liability – Ultrahazardous Activity
### (Burlington)

195. Plaintiff incorporates the allegations of the preceding paragraphs as if fully set forth herein.

196. PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals are unreasonably dangerous to humans and the environment.

197. Burlington manufactured, handled, sold, and distributed biosolid products containing or degrading to these PFAS chemicals to agricultural and/or other users, knowing that these PFAS chemicals have been, and are presently, discharged to surface waters, and thereby enter and contaminate Plaintiff's water source and Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system.

198. Burlington knew that these PFAS chemicals were environmentally persistent, bioaccumulative, toxic, and dose-additive; and Burlington knew that there was no safe dose of PFOA or PFOS.

199. Burlington knew or expected that these hazardous PFAS chemicals that it was manufacturing, handling, selling, and distributing would reach Plaintiff's water source and Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system while in essentially the same condition as when they left Burlington's hands.

50

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

200.    Burlington manufactured, handled, sold, and distributed its biosolid products that were dangerous and unsafe for the uses and purposes for which they were intended, despite knowing the consequences of the use and of, and exposure to, its products.

201.    Burlington and/or its agents were responsible for the unreasonably dangerous products that it sold and distributed, and Burlington and received financial benefits from their sales and distribution.

202.    As a direct and proximate result of Burlington's ultrahazardous activities, its PFOA, PFOS, PFHxS, PFNA, PFBS, GenX Chemicals, and/or their precursors have damaged Plaintiff's water source and Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system, and Plaintiff is unable to provide potable water free from contamination with these chemicals.

203.    As a direct, proximate, and foreseeable result of Burlington's ultrahazardous activities, Plaintiff has suffered, and will continue to suffer, losses resulting from injury to its properties, including loss in value; the cost of removing Burlington's PFAS; the costs of evaluating, testing, acquiring, installing, operating, and maintaining water treatment technologies capable of removing Burlington's PFAS; and other damages to be proved at trial.

204.    Burlington committed each of the above-described acts and omissions knowingly, willfully, and with oppression, fraud, and/or malice. Burlington's conduct was performed to promote sales of their products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in conscious disregard of the probable dangerous consequences of their conduct and the reasonably foreseeable impacts on public health and property.

**SEVENTH CAUSE OF ACTION**

**Strict Products Liability – Design Defect**
**(Supplier Defendants)**

51

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

205. Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

206. PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals are unreasonably dangerous to humans and the environment.

207. Supplier Defendants knew that Discharger Defendants would purchase and use their products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals without inspection for defects.

208. Supplier Defendants' products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals have been, and are presently, discharged to surface waters, and thereby enter and contaminate the source of water from which Plaintiff draws water and Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system.

209. Supplier Defendants' products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals were used in a reasonably foreseeable manner and without substantial change in their condition.

210. Supplier Defendants knew that the use of their products containing or degrading to these PFAS in their intended manner would result in PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals contaminating the source of water from which Plaintiff draws water and Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system.

211. Supplier Defendants' products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals sold and/or distributed to Discharger Defendants were and are defective in design and unreasonably dangerous for their intended use because:

    (a)    PFAS resist environmental degradation;

52

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

(b)      PFAS cause extensive and persistent surface water contamination when used and discharged to surface waters in their foreseeable and intended manner;

(c)      PFAS contamination in drinking water poses significant threats to public health and property; indeed, there is no safe dose of PFOA or PFOS in drinking water;

(d)      Supplier Defendants failed to conduct and/or failed to disclose reasonable, appropriate, and/or adequate scientific studies to evaluate the environmental fate and transport and potential human health effects of PFAS; and

(e)      There are and were safe or safer alternatives to PFAS that Supplier Defendants could have employed in their products.

212.     Supplier Defendants' products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals were and are dangerous to a degree beyond that which was and is contemplated by the ordinary consumer.

213.     The foreseeable risk of harm to public health and property posed by Supplier Defendants' products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals outweighed and outweigh the utility of such products and the cost to Supplier Defendants of reducing or eliminating those risks.

214.     A reasonable product manufacturer would have known of the significant dangers posed by Supplier Defendants' products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals.

215.     As a direct, proximate, and foreseeable result of the use of Supplier Defendants' defective and unsafe products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals, these PFAS have damaged Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system,

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

and Plaintiff is unable to provide potable water free from contamination with these chemicals at concentrations reasonably safe for consumption.

216.    As a direct, proximate, and foreseeable result of the use of Supplier Defendants' defective and unsafe products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals, Plaintiff has suffered, and will continue to suffer, losses resulting from injury to its properties, including loss in value; the cost of removing Supplier Defendants' PFAS; the costs of evaluating, testing, acquiring, installing, operating, and maintaining water treatment technologies capable of removing Supplier Defendants' PFAS; and other damages to be proved at trial.

217.    Supplier Defendants committed each of the above-described acts and omissions knowingly, willfully, and with oppression, fraud, and/or malice. Their conduct was performed to promote sales of their products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in conscious disregard of the probable dangerous consequences of their conduct and the reasonably foreseeable impacts on public health and property.

**EIGHTH CAUSE OF ACTION**

**Strict Products Liability – Design Defect**
**(Burlington)**

218.    Plaintiff incorporates the allegations of the preceding paragraphs as if fully set forth herein.

219.    PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals are unreasonably dangerous to humans and the environment.

220.    Burlington knew that agricultural users would purchase and use its biosolid products containing these PFAS and their precursors without inspection for defects.

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

221.    Burlington's biosolid products containing or degrading to these PFAS chemicals have been, and are presently, discharged to surface waters, and thereby enter and contaminate Plaintiff's water source and Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system.

222.    Burlington's biosolid products containing these PFAS and their precursors were used in a reasonably foreseeable manner and without substantial change in their condition.

223.    Burlington knew that the use of its biosolid products in their intended manner would result in PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals damaging Plaintiff's water source and Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system.

224.    Burlington's biosolid products were and are defective in design and unreasonably dangerous for their intended use because:

(a)    PFAS resist environmental degradation;

(b)    PFAS leach from soil to groundwater, are highly mobile and water soluble, making groundwater and surface water vulnerable to contamination;

(c)    Applying PFAS-contaminated biosolids to soil near surface waters exposes surface waters to PFAS contamination via overland and groundwater flow;

(d)    PFAS contamination in drinking water poses significant threats to public health and property; indeed, there is no safe dose of PFOA or PFOS in drinking water;

(e)    Burlington failed to conduct and/or failed to disclose reasonable, appropriate, and/or adequate scientific studies to evaluate the environmental fate and transport and potential human health effects of PFAS; and

55

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

(f)    There are and were safe or safer feasible alternatives to PFAS-contaminated biosolids that Burlington could have employed in its products.

225.    Burlington's products containing or degrading to these PFAS chemicals were and are dangerous beyond that which was and is contemplated by the ordinary consumer.

226.    The foreseeable risk of harm to public health and property posed by Burlington's products containing these PFAS outweighed and outweigh the utility of such products and the cost to Burlington of reducing or eliminating those risks.

227.    A reasonable product manufacturer knew or should have known of the significant dangers posed by Burlington's products containing PFOA, PFOS, PFHxS, PFNA, PFBS, GenX Chemicals, and/or their precursors.

228.    As a direct and proximate result of the sale and application of Burlington's defective and unsafe biosolid products, these PFAS have contaminated Plaintiff's water source and Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system, and Plaintiff is unable to provide potable water free from Burlington's PFAS.

229.    As a direct, proximate, and foreseeable result of the sale and application of Burlington's defective and unsafe biosolid products, Plaintiff has suffered, and will continue to suffer, losses resulting from injury to its properties, including loss in value; the cost of removing Burlington's PFAS; the costs of evaluating, testing, acquiring, installing, operating, and maintaining water treatment technologies capable of removing Burlington's PFAS; and other damages to be proved at trial.

230.    Burlington committed each of the above-described acts and omissions knowingly, willfully, and with oppression, fraud, and/or malice. Burlington's conduct was performed to

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

promote sales of their products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in conscious disregard of the probable dangerous consequences of their conduct and the reasonably foreseeable impacts on public health and property.

## NINTH CAUSE OF ACTION

### Strict Products Liability – Failure to Warn
### (Supplier Defendants)

231.    Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

232.    Supplier Defendants design, manufacture, formulate, promote, market, and/or distribute products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals.

233.    Supplier Defendants' products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals are used by Discharger Defendants in a reasonably foreseeable manner and without substantial change in the condition of such products, and Supplier Defendants knew that Discharger Defendants purchase and use their products without inspection for defects.

234.    Supplier Defendants knew that the use of their products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals purchased or otherwise acquired from them would result in their products being discharged to surface waters, and thereby enter and contaminate the source of water from which Plaintiff draws water and Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system.

235.    Supplier Defendants knew that their products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals were environmentally persistent and bioaccumulative, that not all of their products are exhausted or adhere in Discharger Defendants'

57

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

applications, that a portion of their products enter wastewater and are thus discharged via Discharger Defendants' sewer pipes, and that wastewater treatment facilities utilize conventional wastewater treatment methods that cannot remove their products from wastewater before it is discharged to surface waters that Plaintiff relies on to supply potable water to the public, making Supplier Defendants' products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals unreasonably dangerous.

236.    Despite the known and/or foreseeable risk of contaminating potable water sources and Plaintiff's properties, Supplier Defendants fail to provide adequate warnings to Discharger Defendants and other users or to take any other precautionary measure to mitigate these hazards.

237.    Supplier Defendants fail to adequately describe such dangers or provide precautionary statements regarding such hazards, and they fail to provide instruction or direction on the proper disposal of products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in the labeling of their products.

238.    As a direct and proximate result of Supplier Defendants' failure to warn of the dangers and hazards posed by discharging their products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals, such PFAS have damaged Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system, and Plaintiff is unable to provide potable water free from contamination with these chemicals.

239.    As a direct, proximate, and foreseeable result of Supplier Defendants' conduct, practices, actions, omissions, and inactions, Plaintiff has suffered, and will continue to suffer, losses resulting from injury to its properties, including loss in value; the cost of removing Supplier Defendants' PFAS; the costs of evaluating, testing, acquiring, installing, operating, and

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

maintaining water treatment technologies capable of removing Supplier Defendants' PFAS; and other damages to be proved at trial.

240. Supplier Defendants committed each of the above-described acts and omissions knowingly, willfully, and with oppression, fraud, and/or malice. Their conduct was performed to promote sales of their products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in conscious disregard of the probable dangerous consequences of their conduct and the reasonably foreseeable impacts on public health and property.

**TENTH CAUSE OF ACTION**

**Strict Products Liability – Failure to Warn**
**(Burlington)**

241. Plaintiff incorporates the allegations of the preceding paragraphs as if fully set forth herein.

242. Burlington manufactured, formulated, promoted, marketed, and/or distributed biosolid products containing PFOA, PFOS, PFHxS, PFNA, PFBS, GenX Chemicals, and/or their precursors.

243. Burlington's biosolid products were used by agricultural users in a reasonably foreseeable manner and without substantial change in the condition of such products, and Burlington knew that agricultural users purchased and used its products without inspection for defects.

244. Burlington knew or should have known that the use of its biosolid products would result in these PFAS being discharged to surface waters, and thereby entering and contaminating Plaintiff's water source and Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system.

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

245. Burlington knew that these PFAS in its biosolid products were environmentally persistent and bioaccumulative, that use of its biosolids would cause PFAS to accumulate in soil and groundwater, and that its PFAS would infiltrate surface waters that Plaintiff relies on to supply potable water to the public—making Burlington's biosolid products unreasonably dangerous.

246. Despite the known and/or foreseeable risk of contaminating potable water sources and Plaintiff's properties, Burlington failed to provide adequate warnings to its customers and other users or to take any other precautionary measures to mitigate those hazards.

247. Burlington failed to adequately describe such dangers or provide precautionary statements regarding such hazards, and it failed to provide instruction or direction on the proper use and disposal of products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in the labeling of such products. As a result of these failures, Burlington's biosolid products were sold and distributed in an unreasonably dangerous and defective condition.

248. As a direct and proximate result of Burlington's failure to warn of the dangers and hazards posed by its biosolid products, PFOA, PFOS, PFHxS, PFNA, PFBS, GenX Chemicals, and their precursors have damaged Plaintiff's water source and Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system, and Plaintiff is unable to provide potable water free from contamination with these chemicals.

249. As a direct, proximate, and foreseeable result of Burlington's conduct, practices, actions, omissions, and inactions, Plaintiff has suffered, and will continue to suffer, losses resulting from injury to its properties, including loss in value; the cost of removing Burlington's PFAS; the costs of evaluating, testing, acquiring, installing, operating, and maintaining water treatment technologies capable of removing Burlington's PFAS; and other damages to be proved at trial.

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

250. Burlington committed each of the above-described acts and omissions knowingly, willfully, and with oppression, fraud, and/or malice. Burlington's conduct was performed to promote sales of their products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in conscious disregard of the probable dangerous consequences of their conduct and the reasonably foreseeable impacts on public health and property.

## ELEVENTH CAUSE OF ACTION

### Breach of Implied Warranties
### (Supplier Defendants)

251. Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

252. Supplier Defendants manufacture, sell, and distribute products to be used in Discharger Defendants' ordinary industrial applications with knowledge of the purposes for which Discharger Defendants use their products.

253. Supplier Defendants' products include those that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals, and Supplier Defendants know or have reason to know that such products are not fit for the known and ordinary uses at Discharger Defendants' facilities.

254. Supplier Defendants know that Discharger Defendants indirectly discharge Supplier Defendants' products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to surface waters, including the Great Pee Dee River.

255. Supplier Defendants know that PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals are environmentally persistent, bioaccumulative, dose-additive, and toxic, and Supplier Defendants know there is no safe dose of PFOA or PFOS.

256. Supplier Defendants have breached applicable implied warranties, and as a result, Plaintiff's water sources and Plaintiff's SWTP and related buildings, improvements, property, and

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

equipment that make up its water treatment and distribution system are contaminated with Defendants' PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals, and Plaintiff is unable to provide potable water free from contamination with these chemicals at concentrations reasonably safe for consumption.

257.   As a direct, proximate, and foreseeable result of Supplier Defendants' breaches of implied warranties, Plaintiff has suffered, and will continue to suffer, losses resulting from injury to its properties, including loss in value; the cost of removing Supplier Defendants' PFAS; the costs of evaluating, testing, acquiring, installing, operating, and maintaining water treatment technologies capable of removing Supplier Defendants' PFAS; and other damages to be proved at trial. Plaintiff is entitled to damages in an amount that will address its damages caused by Supplier Defendants' breaches of implied warranties.

## TWELFTH CAUSE OF ACTION

### Breach of Implied Warranties
### (Burlington)

258.   Plaintiff incorporates the allegations of the preceding paragraphs as if fully set forth herein.

259.   Burlington manufactured, sold, and distributed its biosolid products to be used in ordinary agricultural applications with knowledge of those applications.

260.   Burlington's biosolid products include PFOA, PFOS, PFHxS, PFNA, PFBS, GenX Chemicals, and/or their precursors, and Burlington knew or had reason to know that such biosolids were not fit for the known and ordinary uses on agricultural lands.

261.   Burlington knew that agricultural users of its biosolid products would apply its biosolids to lands nearby or abutting surface waters in the Great Pee Dee River, causing Burlington's PFAS to infiltrate these surface waters.

62

262. Burlington knew that these PFAS chemicals are environmentally persistent, bioaccumulative, toxic, and dose-additive, and Burlington knew that there is no safe dose of PFOA or PFOS.

263. Burlington breached applicable implied warranties, and as a result, caused the contamination of Plaintiff's water source and Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system, and Plaintiff is unable to provide potable water free from Burlington's PFAS.

264. As a direct, proximate, and foreseeable result of Burlington's breach of implied warranties, Plaintiff has suffered, and will continue to suffer, losses resulting from injury to its properties, including loss in value; the cost of removing Burlington's PFAS; the costs of evaluating, testing, acquiring, installing, operating, and maintaining water treatment technologies capable of removing Burlington's PFAS; and other damages to be proved at trial. Plaintiff is entitled to damages in an amount that will address its damages caused by Burlington's breaches of implied warranties.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE,** Plaintiff demands trial by jury, and respectfully requests that the Court grant the following relief where available:

(a) Enter a judgment and decree against all Defendants, jointly and severally, requiring them to abate the nuisance they have caused, created, and maintained;

(b) Enter a judgment and decree against all Defendants, jointly and severally, requiring them to abate their trespasses onto Plaintiff's properties;

(c) Enter a judgment and decree against all Defendants, jointly and severally, requiring them to remove their PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX chemicals from Plaintiff's

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

water system by funding the evaluation, testing, acquisition, installation, operation, and maintenance of treatment technology capable of removing them;

(d)     Enter a judgment against all Defendants, jointly and severally, for past, present, and future compensatory damages in such amounts as the evidence shows Plaintiff to be justly entitled to recover, including interest and reasonable attorneys' fees and litigation expenses, and punitive damages, as applicable, in an amount sufficient to punish and penalize Defendants, and to deter them from repeating their wrongful conduct, and all costs; and

(e)     Award such other relief and further relief as this Court deems just, proper, and equitable.

Respectfully submitted,

*/s/ John B. White. Jr.*
John B. White, Jr. (S.C. Bar No. 5996)
Marghretta H. Shisko (S.C. Bar No. 100106)
Christopher R. Jones (S.C. Bar No. 101265)
Griffin L. Lynch (S.C. Bar No. 72518)
John B. White, Jr., P.A.
291 S. Pine Street
P.O. Box 2465 (29304)
Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

June 13, 2025

ELECTRONICALLY FILED - 2025 Jun 13 4:11 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jun 16 4:45 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | **IN THE COURT OF COMMON PLEAS TWELFTH JUDICIAL CIRCUIT** |
| COUNTY OF FLORENCE | ) | |
| | ) | |
| | ) | |
| CITY OF FLORENCE, SOUTH CAROLINA, | ) | Case No. 2024-CP-21-02844 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT AMERICHEM INC.'S** |
| v. | ) | **ANSWER TO PLAINTIFF'S FIRST** |
| | ) | **AMENDED COMPLAINT** |
| | ) | |
| AGC Chemicals Americas, Inc., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant Americhem, Inc. ("Americhem") answers and responds to Plaintiff's First Amended Complaint (the "Complaint") as follows.

## STATEMENT OF THE CASE

1. Americhem denies the allegations in paragraph 1 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

2. Americhem denies the allegations in paragraph 2 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

3. Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 of the Complaint and therefore denies those allegations.

4. Americhem denies the allegations in paragraph 4 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

ELECTRONICALLY FILED - 2025 Jun 16 4:45 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

5. Americhem denies the allegations in paragraph 5 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

6. Americhem denies the allegations in paragraph 6 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

7. Americhem denies the allegations in paragraph 7 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

## DISCLAIMER

8. Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 of the Complaint and therefore denies those allegations.

9. Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 of the Complaint and therefore denies those allegations.

10. Americhem denies the allegations in paragraph 10 of the Complaint to the extent any are directed towards it.

11. Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of the Complaint and therefore denies those allegations.

## JURISDICTION AND VENUE

12. In response to paragraph 12 of the Complaint, Americhem admits that a South Carolina Court of Common Pleas has jurisdiction over claims arising under the referenced South Carolina laws and denies the remaining allegations.

ELECTRONICALLY FILED - 2025 Jun 16 4:45 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

13.　　Americhem denies the allegations in paragraph 13 of the Complaint to the extent any are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

14.　　Americhem denies the allegations in paragraph 14 of the Complaint to the extent any are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

## PARTIES

### I.　　Plaintiff

15.　　Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of the Complaint and therefore denies those allegations.

16.　　Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 of the Complaint and therefore denies those allegations.

17.　　Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the Complaint and therefore denies those allegations.

### II.　　Defendants

18.　　In response to paragraph 18 of the Complaint, Americhem admits it is a Delaware corporation that operates an industrial facility located at 723 Commerce Drive, Concord, North Caroline 28025 and denies the remaining allegations.

19.　　Americhem denies the allegations in paragraph 19 of the Complaint for lack of knowledge or information sufficient to form a belief about their truth.

20.　　Americhem denies the allegations in paragraph 20 of the Complaint for lack of knowledge or information sufficient to form a belief about their truth.

3

ELECTRONICALLY FILED - 2025 Jun 16 4:45 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

21.     Americhem denies the allegations in paragraph 21 of the Complaint for lack of knowledge or information sufficient to form a belief about their truth.

22.     Americhem denies the allegations in paragraph 22 of the Complaint for lack of knowledge or information sufficient to form a belief about their truth.

23.     Americhem denies the allegations in paragraph 23 of the Complaint for lack of knowledge or information sufficient to form a belief about their truth.

24.     Americhem denies the allegations in paragraph 24 of the Complaint for lack of knowledge or information sufficient to form a belief about their truth.

25.     Americhem denies the allegations in paragraph 25 of the Complaint for lack of knowledge or information sufficient to form a belief about their truth.

26.     Americhem denies the allegations in paragraph 26 of the Complaint for lack of knowledge or information sufficient to form a belief about their truth.

27.     Americhem denies the allegations in paragraph 27 of the Complaint for lack of knowledge or information sufficient to form a belief about their truth.

28.     Americhem denies the allegations in paragraph 28 of the Complaint for lack of knowledge or information sufficient to form a belief about their truth.

29.     Americhem denies the allegations in paragraph 29 of the Complaint for lack of knowledge or information sufficient to form a belief about their truth.

30.     Americhem denies the allegations in paragraph 30 of the Complaint for lack of knowledge or information sufficient to form a belief about their truth.

ELECTRONICALLY FILED - 2025 Jun 16 4:45 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

**FACTUAL ALLEGATIONS**

**I.      Background and Hazards of PFAS**

31.      Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the Complaint and therefore denies those allegations.

32.      Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 of the Complaint and therefore denies those allegations.

33.      Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 of the Complaint and therefore denies those allegations.

34.      Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 of the Complaint and therefore denies those allegations.

35.      Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of the Complaint and therefore denies those allegations.

36.      Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of the Complaint and therefore denies those allegations.

37.      Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 of the Complaint and therefore denies those allegations.

38.      Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 of the Complaint and therefore denies those allegations.

39.      Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 of the Complaint and therefore denies those allegations.

40.      Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 of the Complaint and therefore denies those allegations.

ELECTRONICALLY FILED - 2025 Jun 16 4:45 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

41.    Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 of the Complaint and therefore denies those allegations.

42.    Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 of the Complaint and therefore denies those allegations.

43.    Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 of the Complaint and therefore denies those allegations.

44.    Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 of the Complaint and therefore denies those allegations.

45.    Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 of the Complaint and therefore denies those allegations.

46.    Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 of the Complaint and therefore denies those allegations.

47.    Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 of the Complaint and therefore denies those allegations.

48.    Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 of the Complaint and therefore denies those allegations.

49.    Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49 of the Complaint and therefore denies those allegations.

50.    Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 of the Complaint and therefore denies those allegations.

51.    Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 of the Complaint and therefore denies those allegations.

ELECTRONICALLY FILED - 2025 Jun 16 4:45 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## II.       Contamination of the Great Pee Dee River with PFAS

52.      Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52 of the Complaint and therefore denies those allegations.

53.      Americhem denies the allegations in paragraph 53 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

54.      Americhem denies the allegations in paragraph 54 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

55.      Americhem denies the allegations in paragraph 55 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

56.      Americhem denies the allegations in paragraph 56 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

57.      Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57 of the Complaint and therefore denies those allegations.

58.      Americhem denies the allegations in paragraph 58 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

ELECTRONICALLY FILED - 2025 Jun 16 4:45 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

**III.     Defendants have harmed Plaintiff and Plaintiff's community.**

59.     Americhem denies the allegations in paragraph 59 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

60.     Americhem denies the allegations in paragraph 60 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

61.     Americhem denies the allegations in paragraph 61 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

62.     Americhem denies the allegations in paragraph 62 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

**FIRST CAUSE OF ACTION**

**Private Nuisance**

63.     In response to paragraph 63 of the Complaint, Americhem incorporates paragraphs 1 through 62 of this Answer as if fully rewritten here.

64.     Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64 of the Complaint and therefore denies those allegations.

65.     Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65 of the Complaint and therefore denies those allegations.

ELECTRONICALLY FILED - 2025 Jun 16 4:45 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

66. Americhem denies the allegations in paragraph 66 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

67. Americhem denies the allegations in paragraph 67 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

68. Americhem denies the allegations in paragraph 68 of the Complaint to the extent they are directed towards it. and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

69. Americhem denies the allegations in paragraph 69 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

70. Americhem denies the allegations in paragraph 70 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

71. Americhem denies the allegations in paragraph 71 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

72. Americhem denies the allegations in paragraph 72 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

ELECTRONICALLY FILED - 2025 Jun 16 4:45 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

73.     Americhem denies the allegations in paragraph 73 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

74.     Americhem denies the allegations in paragraph 74 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

## SECOND CAUSE OF ACTION

### Public Nuisance

75.     In response to paragraph 75 of the Complaint, Americhem incorporates paragraphs 1 through 74 of this Answer as if fully rewritten here.

76.     Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76 of the Complaint and therefore denies those allegations.

77.     Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 77 of the Complaint and therefore denies those allegations.

78.     Americhem denies the allegations in paragraph 78 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

79.     Americhem denies the allegations in paragraph 79 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

80.     Americhem denies the allegations in paragraph 80 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

ELECTRONICALLY FILED - 2025 Jun 16 4:45 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

81.     Americhem denies the allegations in paragraph 81 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

82.     Americhem denies the allegations in paragraph 82 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

83.     Americhem denies the allegations in paragraph 83 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

84.     Americhem denies the allegations in paragraph 84 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

85.     Americhem denies the allegations in paragraph 85 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

86.     Americhem denies the allegations in paragraph 86 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

## THIRD CAUSE OF ACTION

### Trespass

87.     In response to paragraph 87 of the Complaint, Americhem incorporates paragraphs 1 through 86 of this Answer as if fully rewritten here.

11

ELECTRONICALLY FILED - 2025 Jun 16 4:45 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

88.     Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88 of the Complaint and therefore denies those allegations.

89.     Americhem denies the allegations in paragraph 89 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

90.     Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90 of the Complaint and therefore denies those allegations.

91.     Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 91 of the Complaint and therefore denies those allegations.

92.     Americhem denies the allegations in paragraph 92 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

93.     Americhem denies the allegations in paragraph 93 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

94.     Americhem denies the allegations in paragraph 94 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

95.     Americhem denies the allegations in paragraph 95 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

ELECTRONICALLY FILED - 2025 Jun 16 4:45 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

96.     Americhem denies the allegations in paragraph 96 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

### FOURTH CAUSE OF ACTION

### Negligence, Gross Negligence, and/or Recklessness

97.     In response to paragraph 97 of the Complaint, Americhem incorporates paragraphs 1 through 96 of this Answer as if fully rewritten here.

98.     Americhem denies the allegations in paragraph 98 of the Complaint to the extent they are directed towards it.

99.     Americhem denies the allegations in paragraph 99 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

100.     Americhem denies the allegations in paragraph 100 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

101.     Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 101 of the Complaint and therefore denies those allegations.

102.     Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 102 of the Complaint and therefore denies those allegations.

103.     Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 103 of the Complaint and therefore denies those allegations.

104.     Americhem lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 104 of the Complaint and therefore denies those allegations.

ELECTRONICALLY FILED - 2025 Jun 16 4:45 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

105. Americhem denies the allegations in paragraph 105 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

106. Americhem denies the allegations in paragraph 106 of the Complaint to the extent they are directed towards it and denies the remaining allegations for lack of knowledge or information sufficient to form a belief about their truth.

## FIFTH CAUSE OF ACTION
### Strict Products Liability – Ultrahazardous Activity
### (Burlington)

107. In response to paragraph 107 of the Complaint, Americhem incorporates paragraphs 1 through 106 of this Answer as if fully rewritten here.

108. The Fifth Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

109. The Fifth Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

110. The Fifth Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

111. The Fifth Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

14

ELECTRONICALLY FILED - 2025 Jun 16 4:45 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

112. The Fifth Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

113. The Fifth Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

114. The Fifth Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

115. The Fifth Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

### SIXTH CAUSE OF ACTION
### Strict Products Liability – Design Defect
### (Burlington)

116. In response to paragraph 116 of the Complaint, Americhem incorporates paragraphs 1 through 115 of this Answer as if fully rewritten here.

117. The Sixth Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

118. The Sixth Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

15

ELECTRONICALLY FILED - 2025 Jun 16 4:45 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

119. The Sixth Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

120. The Sixth Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

121. The Sixth Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

122. The Sixth Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

123. The Sixth Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

124. The Sixth Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

125. The Sixth Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

ELECTRONICALLY FILED - 2025 Jun 16 4:45 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

126.     The Sixth Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

127.     The Sixth Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

## SEVENTH CAUSE OF ACTION
### Strict Products Liability – Failure to Warn
### (Burlington)

128.     In response to paragraph 128 of the Complaint, Americhem incorporates paragraphs 1 through 127 of this Answer as if fully rewritten here.

129.     The Seventh Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

130.     The Seventh Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

131.     The Seventh Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

132.     The Seventh Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

ELECTRONICALLY FILED - 2025 Jun 16 4:45 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

133.    The Seventh Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

134.    The Seventh Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

135.    The Seventh Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

136.    The Seventh Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

## EIGHTH CAUSE OF ACTION
### Breach of Implied Warranties
### (Burlington)

137.    In response to paragraph 137 of the Complaint, Americhem incorporates paragraphs 1 through 136 of this Answer as if fully rewritten here.

138.    The Eighth Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

139.    The Eighth Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

ELECTRONICALLY FILED - 2025 Jun 16 4:45 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

140. The Eighth Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

141. The Eighth Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

142. The Eighth Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

143. The Eighth Cause of Action is not alleged against Americhem; therefore, this paragraph does not require a response. Americhem denies any allegations to the extent they could be construed against Americhem.

In response to the unnumbered paragraph beginning "WHEREFORE," Americhem denies Plaintiff is entitled to any relief from Americhem.

WHEREFORE, Americhem requests that the claims against Americhem be dismissed with prejudice, and costs and fees be taxed against Plaintiff.

Americhem denies any and all material allegations in the Complaint that require a response from Americhem and have not been expressly admitted herein.

## AFFIRMATIVE DEFENSES

Americhem hereby asserts the following defenses:

### FIRST DEFENSE

Americhem denies the material allegations of the Complaint and demands strict proof thereof.

ELECTRONICALLY FILED - 2025 Jun 16 4:45 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Americhem.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation, statutes of repose, rules of repose, res judicata, collateral estoppel, accord and satisfaction, consent, license, permit, acquiescence, release, laches, waiver, unclean hands, and/or estoppel.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Americhem's conduct was in accordance with the applicable standards of care under all laws, regulations, industry practice, and state-of-the-art knowledge, and the activities of Americhem were in accordance with such standards and were reasonable as a matter of law. Americhem at all times acted reasonable, in good faith, and with the skill, prudence, and diligence of others in the industry at the time.

## FIFTH DEFENSE

Americhem asserts that Plaintiff's alleged damages were the result of intervening, superseding, or independent causes.

## SIXTH DEFENSE

Americhem asserts that there is no causal relationship between its alleged actions or conduct and Plaintiff's alleged damages. Plaintiff's damages, if any, were caused solely by the actions, omissions, or conduct of persons and/or entities for whom or which Americhem is not responsible and/or were caused by acts, omissions, conduct, and/or factors beyond the control of Americhem.

20

ELECTRONICALLY FILED - 2025 Jun 16 4:45 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## SEVENTH DEFENSE

Plaintiff's claims are preempted, in whole or in part, by the applicable federal statutes and regulations pursuant to the Supremacy Clause of the United States Constitution.

## EIGHTH DEFENSE

An award of punitive damages in this case would violate the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States as well as provisions of the South Carolina Constitution.

## NINTH DEFENSE

Plaintiff has failed to mitigate its damages.

## TENTH DEFENSE

Plaintiff's recovery, if any, should be barred or reduced by Plaintiff's own culpable conduct, including Plaintiff's own contributory negligence, assumption of the risk, acquiescence, or misuse.

## ELEVENTH DEFENSE

Plaintiff's claims are barred for failure to join indispensable parties and real parties in interest.

## TWELFTH DEFENSE

Americhem denies that its conduct was in any manner negligent, wanton, or reckless.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of comparative fault, and to the extent any other Defendant has settled or may in the future settle with Plaintiff, Americhem asserts its entitlement to an appropriate setoff, credit, or reduction of any judgment against it.

21

ELECTRONICALLY FILED - 2025 Jun 16 4:45 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## FOURTEENTH DEFENSE

Plaintiff's claim for attorneys' fees fails because there is no contractual, statutory, or other basis for an award of attorneys' fees in this lawsuit against Americhem.

## FIFTEENTH DEFENSE

Americhem further did not act in a manner that gives rise to a claim for attorneys' fees or expenses in this lawsuit.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by lack of standing.

## SEVENTEENTH DEFENSE

Plaintiff has suffered no legally compensable present injury.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Public Services Doctrine.

## NINETEENTH DEFENSE

Plaintiff has not suffered a concrete and particularized injury.

## TWENTIETH DEFENSE

Americhem materially complied with all applicable federal, state, and local permitting requirements, regulations, standards, and guidelines.

## TWENTY-FIRST DEFENSE

Any alleged injury or harm was not foreseeable.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred by the Economic Loss Doctrine.

22

ELECTRONICALLY FILED - 2025 Jun 16 4:45 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## TWENTY-THIRD DEFENSE

Americhem did not owe or breach any duty to Plaintiff.

## TWENTY-FOURTH DEFENSE

The proximate cause of any injury to Plaintiff was an event or incident which was not legally foreseeable by Americhem, and therefore Americhem has no legal liability for any of Plaintiff's alleged damages.

## TWENTY-FIFTH DEFENSE

Plaintiff's nuisance claims fail against Americhem because Americhem did not have any control over any of the conduct or cause of harm for which Plaintiff's claims to be a nuisance.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they seek to impose liability based on retroactive application of laws, regulations, standards, or guidelines.

## TWENTY-SEVENTH DEFENSE

Americhem did not have any duty to warn. Any such duty, if it existed, was either not necessary or was satisfied, discharged, or unnecessary due to the knowledge of risk by others, including Plaintiff. The lack of or alleged inadequacy of any warnings were also not a proximate cause of any of Plaintiff's injuries.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because they have come to the alleged nuisance.

## TWENTY-NINTH DEFENSE

Plaintiff's nuisance claims fail against Americhem because Americhem did not create, cause, continue, or maintain the alleged nuisance or otherwise have control over the cause of alleged harm.

## THIRTIETH DEFENSE

Plaintiff's claims are barred because Americhem does not contribute any PFAS to its discharge from its facility.

## THIRTY-FIRST DEFENSE

Americhem hereby adopts and incorporates the affirmative defenses set forth by its co-defendants in this case.

## RIGHT TO ASSERT ADDITIONAL DEFENSES

Americhem reserves the right to assert additional defenses based upon information learned during the course of this litigation and/or through discovery in this action.

Dated: June 16, 2025

*[Signature page to follow.]*

ELECTRONICALLY FILED - 2025 Jun 16 4:45 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jun 16 4:45 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Ruth A. Levy*
Ruth A. Levy (S.C. Bar No. 103371)
1221 Main Street, Suite 1600
Columbia, SC 29205
Telephone: (803) 454-7718
Email: Ruth.Levy@wbd-us.com


**CALFEE, HALTER & GRISWOLD LLP**

CHRISTOPHER M. WARD (Ohio Bar # 0076293)
(*Pro Hac Vice Forthcoming*)
CHRISTOPHER JONES (Ohio Bar # 0046959)
(*Pro Hac Vice Forthcoming*)
1200 Huntington Center, 41 S. High Street
Columbus, Ohio 43215
Tel: 614-621-1500; Fax: 614-621-0010
cjones@calfee.com; cward@calfee.com

RONALD M. McMILLAN (Ohio Bar # 0072437)
(*Pro Hac Vice Forthcoming*)
KELSEY L. BAUGHMAN (Ohio Bar # 0101429)
(*Pro Hac Vice Forthcoming*)
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Tel: 216-622-8200; Fax: 216-241-0816
rmcmillan@calfee.com; kbaughman@calfee.com

*Counsel for Defendant Americhem, Inc.*

25

ELECTRONICALLY FILED - 2025 Jun 17 11:07 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF FLORENCE | IN THE COURT OF COMMON PLEAS<br>TWELFTH JUDICIAL CIRCUIT |

IN RE:
PFAS LITIGATION COORDINATED DOCKET

---

| | |
|---|---|
| City of Florence, South Carolina,<br><br>       *Plaintiff*,<br><br>  v.<br><br>Aladdin Manufacturing Corporation; Americhem, Inc.; Auria Albemarle, LLC; Auria Solutions USA, Inc.; BFI Waste Systems of North America, LLC; Burlington Industries, Inc.; Carvana, LLC; Cascades Holding US, Inc.; Chem-Tex Laboratories, Inc.; Delta Mills, Inc., its predecessors, successors, assigns, and/or responsible parties; Domtar Paper Company, LLC; Elevate Textiles, Inc.; HeiQ Chemtex, Inc.; J.P. Stevens & Company, Inc., its predecessors, successors, assigns, and/or responsible parties; Marcal Cordova LLC; Mohawk Industries, Inc.; and Republic Services, Inc.,<br><br>       *Defendants*. | C.A. No. 2024-CP-21-02844<br><br><br>**NOTICE OF DISMISSAL OF DEFENDANT DOMTAR PAPER COMPANY, LLC** |

Pursuant to Rule 41(a)(1)(A) of the South Carolina Rules of Civil Procedure, Plaintiff, the City of Florence, South Carolina, by and through undersigned counsel, hereby gives notice that it is dismissing Defendant Domtar Paper Company, LLC from this action without prejudice. In support of dismissal, Plaintiff offers the Declaration of Brian Kozlowski, attached hereto as Exhibit A. Each party will bear its own fees and costs.

      Respectfully submitted,

       */s/ John B. White. Jr.*
      John B. White, Jr. (S.C. Bar No. 5996)
      Marghretta H. Shisko (S.C. Bar No. 100106)
      Christopher R. Jones (S.C. Bar No. 101265)
      Griffin L. Lynch (S.C. Bar No. 72518)

John B. White, Jr., P.A.
291 S. Pine Street
P.O. Box 2465 (29304)
Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

Jerome Tapley (*Pro Hac Vice*)
Hirlye R. "Ryan" Lutz, III (*Pro Hac Vice*)
Brett Thompson (*Pro Hac Vice*)
Akira Watson (*Pro Hac Vice*)
Hunter Phares (S.C. Bar No. 107158)
Hamilton Jordan (*Pro Hac Vice*)
Hannah C. Caldwell (*Pro Hac Vice*)
CORY WATSON, P.C.
2131 Magnolia Avenue South
Birmingham, AL 35205
(205) 328-2200
jtapley@corywatson.com
rlutz@corywatson.com
bthompson@corywatson.com
awatson@corywatson.com
hphares@corywatson.com
hjordan@corywatson.com
hcaldwell@corywatson.com

*Attorneys for Plaintiffs*

June 17, 2025

ELECTRONICALLY FILED - 2025 Jun 17 11:07 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

# EXHIBIT A

ELECTRONICALLY FILED - 2025 Jun 17 11:07 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jun 17 11:07 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| CITY OF FLORENCE, SOUTH CAROLINA, <br><br> Plaintiff, <br><br> v. <br><br> ALADDIN MANUFACTURING CORPORATION; AMERICHEM, INC.; AURIA ALBEMARLE, LLC; AURIA SOLUTIONS USA, INC.; BFI WASTE SYSTEMS OF NORTH AMERICA, LLC; BURLINGTON INDUSTRIES, INC.; CARVANA, LLC; CASCADES HOLDING US, INC.; CHEM-TEX LABORATORIES, INC.; DELTA MILLS, INC., its predecessors, successors, assigns, and/or responsible parties; DOMTAR PAPER COMPANY, LLC; ELEVATE TEXTILES, INC.; HEIQ CHEMTEX, INC.; J.P. STEVENS & COMPANY, INC., its predecessors, successors, assigns, and/or responsible parties; MARCAL CORDOVA LLC; MOHAWK INDUSTRIES, INC.; REPUBLIC SERVICES, INC.; and WASTE CONNECTIONS OF NORTH CAROLINA, INC., <br><br> Defendants. | Case No. 2:25-cv-01647 <br><br> JURY TRIAL DEMANDED <br><br> **DECLARATION OF BRIAN KOZLOWSKI** |

Brian Kozlowski hereby declares as follows:

1.      I am over eighteen (18) years of age and competent to provide this declaration.

2.      I am currently employed at Domtar Paper Company, LLC ("Domtar").  I hold the title of Senior Director, Environment & Sustainability in Domtar's Paper and Packaging

Business Unit. I have held various corporate environmental and sustainability roles since I began employment with Domtar in August 2013.

3.    I make this declaration based upon my personal knowledge and interviews with current Domtar employees.

4.    Domtar operates a paper mill located at 585 Willamette Rd., Bennettsville, South Carolina 29512 (the "Marlboro Mill"). Domtar produces copy paper, tablet paper, base stock for thermal paper production, and market pulp at the Marlboro Mill. The manufacture of these products does not involve the use of PFAS[1]-containing chemicals.

5.    Domtar has never used PFAS-containing chemicals in its manufacturing processes at the Marlboro Mill, and its wastewater discharges to the Great Pee Dee River has not included PFAS that originated from any use of PFAS-containing chemicals in its manufacturing processes at the Marlboro Mill.

6.    Based on samples collected in March 2025 from the Marlboro Mill, PFAS constituents are already present in the intake water the Domtar Marlboro Mill withdraws from the Great Pee Dee River for use in its manufacturing processes, and this intake water (influent) has a higher PFAS concentration than water discharged (effluent) to the Great Pee Dee River via treated wastewater from Domtar's Marlboro Mill facility.

7.    Domtar operates a converting center at 300 North Park Dr, Rock Hill, South Carolina 29730. Domtar also operates a converting center at 191 W Main St, Tatum, South Carolina 29594. At both locations, Domtar converts rolls of paper to sheets of paper. Domtar

---

[1] As defined in Plaintiff's Complaint and used herein, "PFAS" means per- and polyfluoroalkyl substances that include one or more of the following: perfluorooctanoic acid ("PFOA"), perfluorooctanesulfonic acid ("PFOS"), perflourononanoic acid ("PFNA"), perfluorobutane sulfonate ("PFBS"); perfluorohexane sulfonate (PFHxS"), and hexafluoropropyulene oxide dimer acid ("HFPO-DA" of "GenX Chemicals").

2

ELECTRONICALLY FILED - 2025 Jun 17 11:07 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

does not use water or discharge wastewater as part of the processes conducted at either of these converting centers.

8.     Domtar operates a fluff pulp production facility at 1375 NC Highway 149 North, Plymouth, North Carolina 27962 (the "Plymouth Manufacturing Facility").  Domtar does not presently use, and has not historically used, PFAS-containing chemicals in its manufacturing processes at the Plymouth Manufacturing Facility.

9.     The Plymouth Manufacturing Facility does not discharge wastewater into any body of water in the Pee Dee River Watershed.[2]

10.     Domtar's headquarters are located at 234 Kingsley Park Dr, Fort Mill, South Carolina 29715. Domtar does not conduct manufacturing operations at that location.

11.     Except as identified above, Domtar does not conduct operations at any locations in North Carolina or South Carolina.

12.     If called as a witness, I am competent to testify to the facts set forth in this Declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of May, 2025.

_____

BRIAN KOZLOWSKI

---

[2] As defined in Plaintiff's Complaint and used herein, the "Pee Dee River Watershed" means the Great Pee Dee River, Lynches River, Lumber River, Little Pee Dee River, Lynches Lake Swamp, Black Creek and Blue Creek.

312281818v1 018242.000105

ELECTRONICALLY FILED - 2025 Jun 17 11:07 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jun 17 1:12 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

STATE OF SOUTH CAROLINA
COUNTY OF FLORENCE

IN THE COURT OF COMMON PLEAS
TWELFTH JUDICIAL CIRCUIT

IN RE:
PFAS LITIGATION COORDINATED DOCKET

_____

City of Florence, South Carolina,

*Plaintiff*,

v.

Aladdin Manufacturing Corporation; Americhem, Inc.; Auria Albemarle, LLC; Auria Solutions USA, Inc.; BFI Waste Systems of North America, LLC; Burlington Industries, Inc.; Carvana, LLC; Cascades Holding US, Inc.; Chem-Tex Laboratories, Inc.; Delta Mills, Inc., its predecessors, successors, assigns, and/or responsible parties; Domtar Paper Company, LLC; Elevate Textiles, Inc.; HeiQ Chemtex, Inc.; J.P. Stevens & Company, Inc., its predecessors, successors, assigns, and/or responsible parties; Marcal Cordova LLC; Mohawk Industries, Inc.; Republic Services, Inc.; Waste Connections, Inc.; and Waste Connections of North Carolina, Inc.,

*Defendants*.

C.A. No. 2024-CP-21-02844

**[PROPOSED] ORDER GRANTING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND**

This matter came before the Court on Plaintiff's Motion for Leave to Amend pursuant to Rule 15(a), SCRCP, which Plaintiff City of Florence, South Carolina ("Plaintiff") filed in this matter on June 13, 2025. Along with filing the Motion for Leave to Amend, Plaintiff filed the proposed Second Amended Summons and Complaint. Having reviewed and considered Plaintiff's Motion and the proposed Second Amended Summons and Complaint, the Court finds that Plaintiff

ELECTRONICALLY FILED - 2025 Jun 17 1:12 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

should be granted leave to amend the summons and complaint in this matter and GRANTS Plaintiff's Motion for Leave to Amend for the following reasons:

Rule 15(a) of the South Carolina Rules of Civil Procedure governs the amendment of pleadings. The Rule permits a party to amend its pleadings more than "30 days after a responsive pleading is served" if the party obtains either written consent from the adverse parties or leave of court, "and leave shall be freely given when justice so requires and does not prejudice any other party." Rule 15(a), SCRCP. "This rule strongly favors amendments and the court is encouraged to freely grant leave to amend." *Parker v. Spartanburg Sanitary Sewer Dist.*, 362 S.C. 276, 286, 607 S.E.2d 711, 717 (Ct. App. 2005). South Carolina's Rule 15(a) "is substantially the same as the Federal Rule, . . . and the Supreme Court of the United States has referred to the Rule's 'freely given' provision as a 'mandate' that 'is to be heeded.'" *Patton v. Miller*, 420 S.C. 471, 490, 804 S.E.2d 252, 262 (2017) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The party opposing a motion for leave to amend has the burden to establish prejudice—i.e., "a lack of notice that the new issue is to be tried and a lack of opportunity to refute it." *Stanley v. Kirkpatrick*, 357 S.C. 169, 175, 592 S.E.2d 296, 2986 (2004); *see also Health Promotion Specialists, LLC v. S.C. Bd. of Dentistry*, 403 S.C. 623, 632, 743 S.E.2d 808, 812 (2013) ("A motion to amend is within the sound discretion of the trial judge and the opposing party has the burden of establishing prejudice.").

Here, Plaintiff filed the summons and complaint on November 20, 2024, and Plaintiff filed an amended summons and complaint on December 12, 2024. However, the case was removed to federal court on March 12, 2025, and it was just recently remanded and reinstated in state court on June 12, 2025. Now that the case has been remanded, Plaintiff seeks leave of this Court to amend the summons and complaint to remove two defendants that Plaintiff dismissed without prejudice while the case was pending in federal court, remove two defendants that Plaintiff has dismissed

2

with prejudice, remove another defendant that Plaintiff will be dismissing without prejudice, add several PFAS manufacturers/suppliers and dischargers as defendants, and update certain factual allegations. Before seeking leave of Court and while the case was pending in federal court, Plaintiff sought the written consent of the previously named defendants to amend. Additionally, after the case was remanded and returned to state court, Plaintiff provided the proposed Second Amended Summons and Complaint, which Plaintiff filed with the Motion for Leave to Amend on June 13, 2025. Plaintiff has not received any objection or opposition to Plaintiff's proposed Second Amended Summons and Complaint in this action from the defendants who have appeared.

Under the circumstances, the Court finds that Plaintiff should be granted leave to amend pursuant to Rule 15(a), SCRCP, and consistent with South Carolina law. The Second Amended Summons and Complaint will not prejudice any party, and no party has expressed opposition to the amendment or demonstrated a valid reason for denying Plaintiff's Motion for Leave to Amend. Therefore, the Court exercises its discretion to expedite its decision on the Motion and decide this matter without a hearing so that Plaintiff may proceed with service of the Second Amended Summons and Complaint without delay. *See* Rule 1, SCRCP.

THEREFORE, IT IS ORDERED that Plaintiff's Motion for Leave to Amend is GRANTED. The Court further ORDERS that: Plaintiff's Second Amended Summons and Complaint, filed June 13, 2025, are the operative pleadings in this matter; Defendants Waste Connections, Inc., Waste Connections of North Carolina, Inc., BFI Waste Systems of North America, LLC, Republic Services, Inc., and Domtar Paper Company, LLC shall be removed from the case caption as named defendants; the new defendants named in the Second Amended Summons and Complaint are added as parties to this action and shall be listed as named defendants in the case caption; Plaintiff may serve the Second Amended Summons and Complaint on the

ELECTRONICALLY FILED - 2025 Jun 17 1:12 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

defendants named therein in accordance with the South Carolina Rules of Civil Procedure; and the previously named defendants shall have 30 days from the date of the entry of this Order to plead or otherwise respond to Plaintiff's Second Amended Summons and Complaint.

*Judge's Signature Page Follows*

ELECTRONICALLY FILED - 2025 Jun 17 1:12 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844



Florence Common Pleas

**Case Caption:**     Florence City Of South Carolina VS   Burlington Industries Inc ,
                        defendant, et al

**Case Number:**     2024CP2102844

**Type:**     Order/Leave to Amend

IT IS SO ORDERED.

S/GRACE GILCHRIST KNIE - 2760

Electronically signed on 2025-06-17 12:21:06     page 5 of 5

ELECTRONICALLY FILED - 2025 Jun 17 1:12 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

**STATE OF SOUTH CAROLINA**
**COUNTY OF FLORENCE**

**IN THE COURT OF COMMON PLEAS**
**TWELFTH JUDICIAL CIRCUIT**

**In Re: PFAS Litigation Coordinated Docket**

_____

| | | |
|---|---|---|
| City of Florence, South Carolina, | ) | Civil Action No.: 2024-CP-21-02844 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AGC Chemicals Americas, Inc.; Aladdin | ) | |
| Manufacturing Corporation; Americhem, Inc.; | ) | |
| Archroma U.S., Inc.; Arkema, Inc.; Auria | ) | |
| Albemarle, LLC; Auria Solutions USA, Inc.; | ) | |
| Burlington Industries, Inc.; Carvana, LLC; | ) | |
| Cascades Holding US, Inc.; Celgard, LLC; | ) | |
| Chem-Tex Laboratories, Inc.: Clariant Corporation; | ) | |
| Corteva, Inc.; Daikin America, Inc.; Delta Mills, | ) | |
| Inc., its predecessors, successors, assigns, and/or | ) | |
| responsible parties; DuPont de Nemours, Inc.; | ) | |
| EIDP, Inc.; Elevate Textiles, Inc.; Goulston | ) | |
| Technologies, Inc.; HeiQ Chemtex, Inc.; | ) | |
| Huntsman International, LLC; INV Performance | ) | |
| Surfaces, LLC; J.P. Stevens & Company, Inc., its | ) | |
| predecessors, successors, assigns, and/or | ) | |
| responsible parties; Marcal Cordova LLC; Mohawk | ) | |
| Industries, Inc.; Solvay Specialty Polymers USA, | ) | |
| LLC; The Chemours Company; and Thuasne, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS MOHAWK INDUSTRIES, INC. AND ALADDIN MANUFACTURING CORPORATION'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Aladdin Manufacturing Corporation ("Aladdin") and Mohawk Industries, Inc. ("Mohawk," and collectively the "Mohawk Defendants"), by and through its undersigned counsel, hereby file this Answer in response to Plaintiff City of Florence's ("Plaintiff") Second Amended Complaint ("Complaint").

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Subject to and without waiving the defenses raised in the Mohawk Defendants' Motion to Dismiss and the below Affirmative and Other Defenses, the Mohawk Defendants respond to the Complaint as follows.

The Complaint contains purported references to several documents, third-party publications, and statements that have often been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents, third-party publications, and statements should be considered, if at all, in context and in unmodified form, and the Mohawk Defendants hereby respectfully refer the Court to the respective documents, third-party publications, and statements for their complete contents.

Except as is expressly admitted, qualified, or explained herein, Mohawk Defendants specifically deny each and every allegation contained in the Complaint, including without limitation any allegations contained in titles, headings, and subparagraphs of the Complaint, and specifically denies any liability to Plaintiff. To the extent that the titles, headings, and subparagraphs of the Complaint are intended to be allegations directed at Mohawk Defendants, they are denied.

Mohawk Defendants specifically deny that it contaminated South Carolina waterways with excessive concentrations of PFAS. Furthermore, Mohawk Defendants do not concede that PFAS was present at facilities owned or operated by Mohawk Defendants, nor do Mohawk Defendants concede that it discharged PFAS into any bodies of water.

Mohawk Defendants do not concede or adopt any suggestion, implication, or assertion concerning any alleged connection, association, or causal relationship between PFAS and purported harm to humans.

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Plaintiff's use of the term "Defendants" is problematic. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to allegations that pertain to other defendants and, therefore, such allegations are denied. The Mohawk Defendants respond to the allegations contained in the individually numbered paragraphs of the Complaint only on behalf of the Mohawk Defendants themselves.

## STATEMENT OF THE CASE

1.     The allegations in Paragraph 1 contain introductory statements to which no response is required. To the extent a response is required, and to the extent the allegations in Paragraph 1 are directed at Mohawk Defendants, Mohawk Defendants deny the allegations.

2.     To the extent the allegations in Paragraph 2 are directed at Mohawk Defendants, Mohawk Defendants deny the allegations.

3.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore deny them.

4.     Upon information and belief, the Mohawk Defendants admit only that Aladdin owned and/or operated industrial manufacturing facilities upstream of Plaintiff's water intakes. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 4, and, therefore, such allegations are denied.

5.     The Mohawk Defendants deny any allegation that the Mohawk Defendants have contaminated surface waters in the Pee Dee River Watershed. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 5, and, therefore, such allegations are denied.

6.     To the extent the allegations in Paragraph 6 are directed at Mohawk Defendants, the Mohawk Defendants deny the allegations. The Mohawk Defendants are without knowledge or

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

information sufficient to form a belief as to the remaining allegations in Paragraph 6 and, therefore, such allegations are denied.

7. The Mohawk Defendants admit that the Complaint purports to seek compensatory, consequential, and punitive damages and equitable and injunctive relief but deny that Plaintiff is entitled to any such relief. The Mohawk Defendants deny the allegations in Paragraph 7 as they relate to Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 7, and, therefore, such allegations are denied.

**<u>RESPONSE TO DISCLAIMER</u>**

8. The allegations in Paragraph 8 contain a disclaimer to which no response is required. To the extent a response is required, the Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore deny them.

9. The allegations in Paragraph 9 contain a legal conclusion and disclaimer to which no response is required. To the extent a response is required, the Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore deny them.

10. The allegations in Paragraph 10 contain a legal conclusion to which no response is required. To the extent a response is required, the Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore deny them.

11. The allegations in Paragraph 11 contain a disclaimer to which no response is required. To the extent a response is required, the Mohawk Defendants lack knowledge or

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore deny them.

## RESPONSE TO JURISDICTION AND VENUE

12.     The allegations in Paragraph 12 contain conclusions of law to which no response is required. To the extent a response is required, the Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore deny them.

13.     The allegations in Paragraph 13 contain conclusions of law to which no response is required. To the extent a response is required, the Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore deny them.

14.     The allegations in Paragraph 14 contain conclusions of law to which no response is required. To the extent a response is required, the Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore deny them.

## RESPONSE TO PARTIES

15.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore deny them.

16.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore deny them.

17.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore deny them.

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

18. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies them.

19. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies them.

20. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies them.

21. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies them.

22. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies them.

23. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore denies them.

24. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore denies them.

25. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies them.

26. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore denies them.

27. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies them.

28. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

29. The Mohawk Defendants admit that they are Delaware corporations authorized to do business in South Carolina and that the Oak River Mill plant, located at 2118 Marlboro Road, Blenheim, South Carolina 29516, operated as a yarn conversion and extrusion facility located on the Great Pee Dee River until its closure in October 2022. The Mohawk Defendants further admit that the Oak River Mill plant is approximately 30 miles upstream from Plaintiff's Water Treatment Plant. The Mohawk Defendants deny the remaining allegations in Paragraph 29.

30. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore denies them.

31. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies them.

32. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies them.

33. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies them.

34. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and therefore denies them.

35. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and therefore denies them.

36. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and therefore denies them.

37. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore denies them.

38.    The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and therefore denies them.

39.    The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and therefore denies them.

40.    The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and therefore denies them.

41.    The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and therefore denies them.

42.    The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and therefore denies them.

## RESPONSE TO FACTUAL ALLEGATIONS

**"Background and Hazard of PFAS"**

43.    The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and therefore deny them.

44.    The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and therefore deny them.

45.    The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and therefore deny them.

46.    The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and therefore deny them.

47.    The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and therefore deny them.

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

48.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and therefore deny them.

49.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and therefore deny them.

50.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and therefore deny them.

51.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and therefore deny them.

52.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and therefore deny them.

53.     The allegations in Paragraph 55 refer to specific publications from the United States Environmental Protection Agency ("EPA"), which speak for themselves. The Mohawk Defendants deny any allegations in Paragraph 53 that are in addition to or inconsistent with the terms of those publications.

54.     The Mohawk Defendants admit that, in 2016, the EPA published a "Lifetime Health Advisories and Health Effects Support Documents for Perfluorooctanoic Acid and Perfluorooctane Sulfonate," which speaks for itself. The Mohawk Defendants deny any allegation inconsistent with the health advisories' terms. The Mohawk Defendants also deny any remaining allegations in Paragraph 54.

55.     The Mohawk Defendants admit that, in 2016, the EPA published a "Drinking Water Health Advisory for Perfluorooctanoic Acid (PFOA)" and a "Drinking Water Health Advisory for Perfluorooctane Sulfonate (PFOS)," which speak for themselves. The Mohawk Defendants deny

any allegation inconsistent with the health advisories' terms. The Mohawk Defendants also deny any remaining allegations in Paragraph 55.

56.    The Mohawk Defendants admit that, in 2022, the EPA published an interim "Drinking Water Health Advisory for Perfluorooctanoic Acid (PFOA)" and an interim "Drinking Water Health Advisory for Perfluorooctane Sulfonate (PFOS)," which speak for themselves. The Mohawk Defendants deny any allegation inconsistent with the health advisories' terms. The Mohawk Defendants also deny any remaining allegations in Paragraph 56.

57.    The Mohawk Defendants admit that, in 2022, the EPA published a "Drinking Water Health Advisories for GenX Chemicals and PFBS" which speak for themselves. The Mohawk Defendants deny any allegation inconsistent with the health advisories' terms. The Mohawk Defendants also deny any remaining allegations in Paragraph 57.

58.    The Mohawk Defendants admit that, in 2023, the EPA proposed a National Primary Drinking Water Regulation for six PFAS, including perfluorooctanoic acid (PFOA), perfluorooctane sulfonic acid (PFOS), perfluorononanoic acid (PFNA), hexafluoropropylene oxide dimer acid (HFPO-DA, commonly known as GenX Chemicals), perfluorohexane sulfonic acid (PFHxS), and perfluorobutane sulfonic acid (PFBS), which speaks for itself. The Mohawk Defendants deny any allegation inconsistent with the proposal's terms. The Mohawk Defendants also deny any remaining allegations in Paragraph 58.

59.    The Mohawk Defendants admit that, in 2023, the EPA proposed a National Primary Drinking Water Regulation for six PFAS, including PFOA, PFOS, PFNA, GenX Chemicals, PFHxS, and PFBS, which speaks for itself. The Mohawk Defendants deny any allegation inconsistent with the proposal's terms. The Mohawk Defendants also deny any remaining allegations in Paragraph 59.

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

60.     The Mohawk Defendants admit that, in 2023, the EPA proposed a National Primary Drinking Water Regulation for six PFAS, including PFOA, PFOS, PFNA, GenX Chemicals, PFHxS, and PFBS, which speaks for itself. The Mohawk Defendants deny any allegation inconsistent with the proposal's terms. The Mohawk Defendants also deny any remaining allegations in Paragraph 60.

61.     The Mohawk Defendants admit that, in 2023, the EPA published a news release titled *EPA Releases Annual Report Showing Steady Progress to Protect Communities from PFAS Pollution*, which speaks for itself. The Mohawk Defendants deny any allegations inconsistent with the news release's terms. The Mohawk Defendants also deny any remaining allegations in Paragraph 61.

62.     The Mohawk Defendants admit that, in 2024, the EPA finalized a National Primary Drinking Water Regulation for six PFAS, including perfluorooctanoic acid (PFOA), perfluorooctane sulfonic acid (PFOS), perfluorononanoic acid (PFNA), hexafluoropropylene oxide dimer acid (HFPO-DA, commonly known as GenX Chemicals), perfluorohexane sulfonic acid (PFHxS), and perfluorobutane sulfonic acid (PFBS), which speaks for itself. The Mohawk Defendants deny any allegation inconsistent with the proposal's terms. The Mohawk Defendants also deny any remaining allegations in Paragraph 62.

63.     The Mohawk Defendants admit that, in 2024, the EPA finalized a National Primary Drinking Water Regulation for six PFAS, including PFOA, PFOS, PFNA, GenX Chemicals, PFHxS, and PFBS, which speaks for itself. The Mohawk Defendants deny any allegation inconsistent with the proposal's terms. The Mohawk Defendants also deny any remaining allegations in Paragraph 63.

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

64. The Mohawk Defendants admit that, in 2024, the EPA finalized a National Primary Drinking Water Regulation for six PFAS, including PFOA, PFOS, PFNA, GenX Chemicals, PFHxS, and PFBS, which speaks for itself. The Mohawk Defendants deny any allegation inconsistent with the proposal's terms. The Mohawk Defendants also deny any remaining allegations in Paragraph 64.

65. The Mohawk Defendants admit that, in 2024, the EPA finalized a National Primary Drinking Water Regulation for six PFAS, including PFOA, PFOS, PFNA, GenX Chemicals, PFHxS, and PFBS, which speaks for itself. The Mohawk Defendants deny any allegation inconsistent with the proposal's terms. The Mohawk Defendants also deny any remaining allegations in Paragraph 65.

66. The Mohawk Defendants admit that, in 2025, the EPA published an article titled *EPA Announces It Will Keep Maximum Contaminant Levels for PFOA, PFOS*, which speaks for itself. The Mohawk Defendants deny any allegation inconsistent with the proposal's terms. The Mohawk Defendants also deny any remaining allegations in Paragraph 66.

67. The Mohawk Defendants admit that, in 2025, the EPA published an article titled *EPA Announces It Will Keep Maximum Contaminant Levels for PFOA, PFOS*, which speaks for itself. The Mohawk Defendants deny any allegation inconsistent with the proposal's terms. The Mohawk Defendants also deny any remaining allegations in Paragraph 67.

**"Contamination of Bull Creek and Intracoastal Waterway with PFAS"**

68. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68, and therefore deny them.

69. Upon information and belief, Mohawk Defendants admit only that Aladdin Manufacturing Corporation operated the Oak River Mill plant 30 miles upstream of Plaintiff's

Water Treatment Facility and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69, and therefore deny them.

70.     The Mohawk Defendants deny the allegations in Paragraph 70 as they relate to the Mohawk Defendants. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70, and therefore deny them.

71.     The Mohawk Defendants admit that Aladdin operated the Oak River Mill plant 30 miles upstream of Plaintiff's Water Treatment Facility. The Mohawk Defendants further admit that the mill's industrial wastewater complied with permits issued by the South Carolina Department of Health. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 71, and therefore deny them.

72.     The Mohawk Defendants are without knowledge or information sufficient form a belief as to the truth of the allegations in Paragraph 72, and therefore deny them.

73.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and therefore deny them.

74.     Paragraph 74 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 74 as they relate to the Mohawk Defendants.

75.     Paragraph 75 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 75 as they relate to the Mohawk Defendants.

76.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76, and therefore deny them.

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

77.     Paragraph 77 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 77 as they relate to the Mohawk Defendants.

**"Supplier Defendants Had Superior Knowledge of PFAS's Hazardous Properties"**

78.     The Mohawk Defendants deny the allegations in Paragraph 78 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient form a belief as to the truth of the remaining allegations in Paragraph 78, and therefore deny them.

79.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79, and therefore deny them.

80.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and therefore deny them.

81.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81, and therefore deny them.

82.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82, and therefore deny them.

83.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83, and therefore deny them.

84.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and therefore deny them.

85.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85, and therefore deny them.

86.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86, and therefore deny them.

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

87.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87, and therefore deny them.

88.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88, and therefore deny them.

89.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89, and therefore deny them.

90.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, and therefore deny them.

91.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91, and therefore deny them.

92.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92, and therefore deny them.

93.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93, and therefore deny them.

94.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94, and therefore deny them.

95.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95, and therefore deny them.

96.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96, and therefore deny them.

97.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97, and therefore deny them.

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

98. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98, and therefore deny them.

99. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99, and therefore deny them.

100. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, and therefore deny them.

101. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101, and therefore deny them.

102. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102, and therefore deny them.

103. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103, and therefore deny them.

104. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104, and therefore deny them.

105. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105, and therefore deny them.

106. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106, and therefore deny them.

107. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107, and therefore deny them.

**"Supplier Defendants Were Directly Involved In Discharger Defendants' PFAS Use and Disposal"**

108. The Mohawk Defendants deny the allegations in Paragraph 108 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

form a belief as to the truth of the remaining allegations in Paragraph 108, and therefore deny them.

109.    The Mohawk Defendants deny the allegations in Paragraph 109 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient form a belief as to the truth of the remaining allegations in Paragraph 109, and therefore deny them.

110.    The Mohawk Defendants deny the allegations in Paragraph 110 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient form a belief as to the truth of the remaining allegations in Paragraph 110, and therefore deny them.

111.    The Mohawk Defendants deny the allegations in Paragraph 111 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient form a belief as to the truth of the remaining allegations in Paragraph 111, and therefore deny them.

112.    The Mohawk Defendants deny the allegations in Paragraph 112 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient form a belief as to the truth of the remaining allegations in Paragraph 112, and therefore deny them.

113.    The Mohawk Defendants deny the allegations in Paragraph 113 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient form a belief as to the truth of the remaining allegations in Paragraph 113, and therefore deny them.

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

114.   The Mohawk Defendants deny the allegations in Paragraph 114 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient form a belief as to the truth of the remaining allegations in Paragraph 114, and therefore deny them.

115.   The Mohawk Defendants deny the allegations in Paragraph 115 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient form a belief as to the truth of the remaining allegations in Paragraph 115, and therefore deny them.

116.   The Mohawk Defendants deny the allegations in Paragraph 116 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient form a belief as to the truth of the remaining allegations in Paragraph 116, and therefore deny them.

117.   The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117, and therefore deny them.

**"Supplier Defendants Delayed, Suppressed, and Interfered with the Advance of Scientific Understanding and Regulation of Their PFAS Products"**

118.   The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118, and therefore denies them.

119.   The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119, and therefore denies them.

120.   The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120, and therefore denies them.

**"Old Dupont Orchestrated a Multi-Step Corporate Restructuring Designed to Shield Its Valuable Assets from Its PFAS Liabilities"**

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

121. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121, and therefore deny them.

122. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122, and therefore deny them.

123. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123, and therefore deny them.

124. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124, and therefore denies them.

125. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125, and therefore denies them.

126. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126, and therefore denies them.

127. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127, and therefore denies them.

128. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128, and therefore denies them.

129. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129, and therefore denies them.

**"Defendants have harmed Plaintiff and Plaintiff's Community"**

130. The Mohawk Defendants deny the allegations in Paragraph 130 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 130, and therefore deny them.

131. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131, and therefore denies them.

132. Paragraph 132 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 132 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 132, and therefore deny them.

133. Paragraph 133 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 133 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 133, and therefore deny them.

134. Paragraph 134 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 134 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 134, and therefore deny them.

## FIRST CAUSE OF ACTION

### Private Nuisance

135. The Mohawk Defendants incorporate by reference their responses to Paragraphs 1 through 135 as if set forth fully herein.

136. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136, and therefore deny them.

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

137. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137, and therefore deny them.

138. Paragraph 138 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 138 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 138, and therefore deny them.

139. To the extent the allegations in Paragraph 139 are directed at Mohawk Defendants, Mohawk Defendants deny the allegations. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 139, and therefore deny them.

140. Paragraph 140 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 140 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 140, and therefore deny them.

141. Paragraph 141 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 141 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 141, and therefore deny them.

142. Paragraph 142 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 142 as

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 142, and therefore deny them.

143.    Paragraph 143 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 143 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 143, and therefore deny them.

144.    Paragraph 144 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 144 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 144, and therefore deny them.

145.    Paragraph 145 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 145 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 145, and therefore deny them.

146.    Paragraph 146 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 146 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 146 and therefore deny them.

## SECOND CAUSE OF ACTION

### Public Nuisance

147. The Mohawk Defendants incorporate by reference their responses to Paragraphs 1 through 147 as if set forth fully herein.

148. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148, and therefore deny them.

149. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149, and therefore deny them.

150. Paragraph 150 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 150 as they relate to the Mohawk Defendants. The remaining allegation in Paragraph 150 refer to specific publications from EPA, which speak for themselves. The Mohawk Defendants deny any allegations in Paragraph 150 that are in addition to or inconsistent with the terms of those publications.

151. Paragraph 151 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 151 as they relate to the Mohawk Defendants. The allegation in Paragraph 151 refer to specific publications from EPA, which speak for themselves. The Mohawk Defendants deny any allegations in Paragraph 156 that are in addition to or inconsistent with the terms of those publications. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 151, and therefore deny them.

152. Paragraph 152 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 152 as

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 152, and therefore deny them.

153.    Paragraph 153 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 153 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 153, and therefore deny them.

154.    Paragraph 154 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 154 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 154, and therefore deny them.

155.    Paragraph 155 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 155 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 155, and therefore deny them.

156.    Paragraph 156 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 156 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 156, and therefore deny them.

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

157.    To the extent the allegations in Paragraph 157 are directed at Mohawk Defendants, Mohawk Defendants deny the allegations. The Mohawk Defendants further deny that they were the source of any alleged contamination referenced in Paragraph 157. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 157, and therefore deny them.

158.    Paragraph 158 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 158 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 158, and therefore deny them.

## THIRD CAUSE OF ACTION

### Trespass

159.    The Mohawk Defendants incorporate by reference their responses to Paragraphs 1 through 159 as if set forth fully herein.

160.    The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160, and therefore deny them.

161.    The allegations in Paragraph 161, including all subparagraphs, are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161, including all subparagraphs, and therefore deny them.

162.    Paragraph 162, including its subparagraphs, states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 168 as they relate to the Mohawk Defendants. The Mohawk Defendants

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 162, and therefore deny them.

163.    Paragraph 163, including its subparagraphs, states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 163 as they relate to the Mohawk Defendants. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 163, and therefore deny them.

164.    The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164, including all subparagraphs, and therefore deny them.

165.    Paragraph 165 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 165 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 165, and therefore deny them.

166.    Paragraph 166 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 166 as they relate to the Mohawk Defendants. To the extent the allegations in Paragraph 166 are directed at other defendants, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166, and therefore deny them.

167.    Paragraph 167 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 167 as they relate to the Mohawk Defendants. To the extent the allegations in Paragraph 167 are directed

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

at other defendants, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167, and therefore deny them.

168.    Paragraph 168 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 168 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 168, and therefore deny them.

169.    Paragraph 169 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 169 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 169, and therefore deny them.

170.    Paragraph 170 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 170 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 170, and therefore deny them.

<u>**FOURTH CAUSE OF ACTION**</u>

**Negligence, Gross Negligence, and/or Recklessness**

171.    The Mohawk Defendants incorporate by reference their responses to Paragraphs 1 through 171 as if set forth fully herein.

172.    Paragraph 172 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 172 as

they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 172, and therefore deny them.

173. Paragraph 173 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 173 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 173, and therefore deny them.

174. Paragraph 174 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 174 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 174, and therefore deny them.

175. The allegations in Paragraph 175 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175, and therefore deny them.

176. The allegations in Paragraph 176 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176, and therefore deny them.

177. The allegations in Paragraph 177 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177, and therefore deny them.

178.     The allegations in Paragraph 178 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178, and therefore deny them.

179.     The allegations in Paragraph 179 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179, and therefore deny them.

180.     The allegations in Paragraph 180 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180, and therefore deny them.

181.     The allegations in Paragraph 181 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181, and therefore deny them.

182.     Paragraph 182 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 182 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 182, and therefore deny them.

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

183. Paragraph 183 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 183 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 183, and therefore deny them.

## FIFTH CAUSE OF ACTION

### Strict Products Liability – Ultrahazardous Activity
### (Supplier Defendants)

184. The Mohawk Defendants incorporate by reference their responses to Paragraphs 1 through 184 as if set forth fully herein.

185. The allegations in Paragraph 185 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185, and therefore deny them.

186. The allegations in Paragraph 186 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186, and therefore deny them.

187. The allegations in Paragraph 187 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187, and therefore deny them.

188. The allegations in Paragraph 188 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188, and therefore deny them.

189.   The allegations in Paragraph 189 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189, and therefore deny them.

190.   The allegations in Paragraph 190 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190, and therefore deny them.

191.   The allegations in Paragraph 191 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191, and therefore deny them.

192.   The allegations in Paragraph 192 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192, and therefore deny them.

193.   The allegations in Paragraph 193 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193, and therefore deny them.

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

194. The allegations in Paragraph 194 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194, and therefore deny them.

## SIXTH CAUSE OF ACTION

### Strict Products Liability – Ultrahazardous Activity
### (Burlington)

195. The Mohawk Defendants incorporate by reference their responses to Paragraphs 1 through 195 as if set forth fully herein.

196. The allegations in Paragraph 196 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196, and therefore deny them.

197. The allegations in Paragraph 197 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197, and therefore deny them.

198. The allegations in Paragraph 198 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198, and therefore deny them.

199. The allegations in Paragraph 199 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199, and therefore deny them.

200.    The allegations in Paragraph 200 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200, and therefore deny them.

201.    The allegations in Paragraph 201 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201, and therefore deny them.

202.    The allegations in Paragraph 202 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202, and therefore deny them.

203.    The allegations in Paragraph 203 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203, and therefore deny them.

204.    The allegations in Paragraph 204 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210, and therefore deny them.

## SEVENTH CAUSE OF ACTION

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

**Strict Products Liability – Design Defect**
**(Supplier Defendants)**

205. The Mohawk Defendants incorporate by reference their responses to Paragraphs 1 through 205 as if set forth fully herein.

206. The allegations in Paragraph 206 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206, and therefore deny them.

207. The allegations in Paragraph 207 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207, and therefore deny them.

208. The allegations in Paragraph 208 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208, and therefore deny them.

209. The allegations in Paragraph 209 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209, and therefore deny them.

210. The allegations in Paragraph 210 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210, and therefore deny them.

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

211.    The allegations in Paragraph 211, including all subparagraphs, are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211, including all subparagraphs, and therefore deny them.

212.    The allegations in Paragraph 212 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212, and therefore deny them.

213.    The allegations in Paragraph 213 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213, and therefore deny them.

214.    The allegations in Paragraph 214 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214, and therefore deny them.

215.    The allegations in Paragraph 215 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215, and therefore deny them.

216.    The allegations in Paragraph 216 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216, and therefore deny them.

217.   The allegations in Paragraph 217 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217, and therefore deny them.

## EIGHTH CAUSE OF ACTION

### Strict Products Liability – Design Defect
### (Burlington)

218.   The Mohawk Defendants incorporate by reference their responses to Paragraphs 1 through 218 as if set forth fully herein.

219.   The allegations in Paragraph 219 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 219, and therefore deny them.

220.   The allegations in Paragraph 220 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220, and therefore deny them.

221.   The allegations in Paragraph 221 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221, and therefore deny them.

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

222.    The allegations in Paragraph 222 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 222, and therefore deny them.

223.    The allegations in Paragraph 223 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223, and therefore deny them.

224.    The allegations in Paragraph 224, including all subparagraphs, are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224, including all subparagraphs, and therefore deny them.

225.    The allegations in Paragraph 225 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 225, and therefore deny them.

226.    The allegations in Paragraph 226 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226, and therefore deny them.

227.    The allegations in Paragraph 227 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227, and therefore deny them.

228.    The allegations in Paragraph 228 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 228, and therefore deny them.

229.    The allegations in Paragraph 229 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 229, and therefore deny them.

230.    The allegations in Paragraph 230 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230, and therefore deny them.

## NINTH CAUSE OF ACTION

### Strict Products Liability – Failure to Warn
### (Supplier Defendants)

231.    The Mohawk Defendants incorporate by reference their responses to Paragraphs 1 through 231 as if set forth fully herein.

232.    The allegations in Paragraph 232 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232, and therefore deny them.

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

233.    The allegations in Paragraph 233 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233, and therefore deny them.

234.    The allegations in Paragraph 234 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234, and therefore deny them.

235.    The allegations in Paragraph 235 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235, and therefore deny them.

236.    The allegations in Paragraph 236 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 236, and therefore deny them.

237.    The allegations in Paragraph 237 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237, and therefore deny them.

238.    The allegations in Paragraph 238 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 238, and therefore deny them.

239.    The allegations in Paragraph 239 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239, and therefore deny them.

240.    The allegations in Paragraph 240 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240, and therefore deny them.

## TENTH CAUSE OF ACTION

### Strict Products Liability – Failure to Warn
### (Burlington)

241.    The Mohawk Defendants incorporate by reference their responses to Paragraphs 1 through 241 as if set forth fully herein.

242.    The allegations in Paragraph 242 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242, and therefore deny them.

243.    The allegations in Paragraph 243 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243, and therefore deny them.

244.     The allegations in Paragraph 244 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244, and therefore deny them.

245.     The allegations in Paragraph 245 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 245, and therefore deny them.

246.     The allegations in Paragraph 246 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246, and therefore deny them.

247.     The allegations in Paragraph 247 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 247, and therefore deny them.

248.     The allegations in Paragraph 248 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248, and therefore deny them.

249.     The allegations in Paragraph 249 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 249, and therefore deny them.

250.    The allegations in Paragraph 250 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 250, and therefore deny them.

## ELEVENTH CAUSE OF ACTION

### Breach of Implied Warranties
### (Supplier Defendants)

251.    The Mohawk Defendants incorporate by reference their responses to Paragraphs 1 through 251 as if set forth fully herein.

252.    The allegations in Paragraph 252 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 258, and therefore deny them.

253.    The allegations in Paragraph 253 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 253, and therefore deny them.

254.    The allegations in Paragraph 254 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 254, and therefore deny them.

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

255. The allegations in Paragraph 255 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 255, and therefore deny them.

256. The allegations in Paragraph 256 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 256, and therefore deny them.

257. The allegations in Paragraph 257 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 257, and therefore deny them.

### <u>TWELFTH CAUSE OF ACTION</u>

**Breach of Implied Warranties**
**(Burlington)**

258. The Mohawk Defendants incorporate by reference their responses to Paragraphs 1 through 258 as if set forth fully herein.

259. The allegations in Paragraph 259 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 259, and therefore deny them.

260. The allegations in Paragraph 260 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants

are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 260, and therefore deny them.

261.    The allegations in Paragraph 261 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261, and therefore deny them.

262.    The allegations in Paragraph 262 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 262, and therefore deny them.

263.     The allegations in Paragraph 263 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 263, and therefore deny them.

264.    The allegations in Paragraph 264 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 264, and therefore deny them.

<u>**RESPONSE TO PRAYER FOR RELIEF**</u>

Responding to the WHEREFORE Paragraph that follows Paragraph 264 of Plaintiff's Complaint, the Mohawk Defendants deny any and all liability and further denies that Plaintiff is entitled to any of the relief sought in this Paragraph, including subparagraphs (a) through (e).

<u>**AFFIRMATIVE AND OTHER DEFENSES**</u>

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Without assuming the burden of proof where it otherwise rests with Plaintiff, the Mohawk Defendants assert the following defenses.

### FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim for relief and should be dismissed in its entirety pursuant to SCRCP 12(b)(6) and 12(c).

### SECOND DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations and/or repose.

### THIRD DEFENSE

Plaintiff's Complaint, and each cause of action or count alleged therein, fails to join necessary parties.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### FIFTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, because Plaintiff is not the real party in interest.

### SIXTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has failed to exhaust administrative remedies.

### SEVENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrine of estoppel and/or waiver.

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

**EIGHTH DEFENSE**

Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**NINTH DEFENSE**

Plaintiff's claims may be barred, in whole or in part, by the doctrine of election of remedies.

**TENTH DEFENSE**

Pursuant to the South Carolina Contribution Among Tortfeasors Act, S.C. Code Ann. § 15-38-10, *et seq.*, any damages recoverable from the Mohawk Defendants should be limited to the percentage of the relative degree of fault of the Mohawk Defendants as compared with other parties to this action, if any, as well as other persons or entities not presently before this Court.

**ELEVENTH DEFENSE**

Any alleged injuries and/or damages sustained by Plaintiff may have been caused or contributed to by the negligence, omissions or actual conduct of Plaintiff and/or other persons, firms, corporations, or entities over whom the Mohawk Defendants had no control or right of control and for whom the Mohawk Defendants are not responsible.

**TWELFTH DEFENSE**

Any alleged injuries and/or damages sustained by Plaintiff may be barred, in whole or in part, by the doctrines of intervening cause and/or superseding cause.

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because none of the alleged acts or omissions of Defendants proximately caused the purported injuries and damages allegedly sustained by Plaintiffs.

**FOURTEENTH DEFENSE**

Plaintiffs' claim for alleged injuries and damages are barred, in whole or in part, because the claims are speculative and conjectural.

**FIFTEENTH DEFENSE**

Plaintiffs' claims are or may be barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

**SIXTEENTH DEFENSE**

Plaintiffs' claims are or may be barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by Defendants that are the subject of Plaintiffs' claims. Defendants are not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims are barred to the extent the "permit shield" doctrine and "federally permitted release" defense applies because any leachate was discharged pursuant to lawful permits.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of primary jurisdiction.

**NINETEENTH DEFENSE**

Plaintiff's claims may be barred, in whole or in part, under the doctrines of contributory negligence and/or comparative fault, and/or other applicable common law or statutory doctrines.

**TWENTIETH DEFENSE**

Plaintiff's claims may be barred, in whole or in part, because the Mohawk Defendants' actions were in conformity with (i) any federal, state or other regulations, standards, guidelines,

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; and (iii) generally recognized and prevailing industry standards; and (iv) state of the art in existence at the time the design was prepared and the products were manufactured, handled, sold, distributed, and/or used.

## TWENTY-FIRST DEFENSE

Any product manufactured, handled, designed, sold, distributed, or used by the Mohawk Defendants and alleged to have caused harm to Plaintiff was, at the time, safer than any reasonable or feasible alternative designs, and any alternative designs would have been less safe, more likely to have caused injury or otherwise not feasible for their intended use.

## TWENTY-SECOND DEFENSE

Plaintiff's claims may be barred, in whole or in part, because federal, state, and/or local authorities, departments and/or agencies authorized, ratified, or were aware of and acquiesced to actions taken by the Mohawk Defendants that are the subject of Plaintiff's claims. The Mohawk Defendants are not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority, department or agency.

## TWENTY-THIRD DEFENSE

Plaintiff's claims may be barred, in whole or in part, under the doctrine of Federal Preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issues by Congress, federal agencies, or the executive branch.

## TWENTY-FOURTH DEFENSE

The Mohawk Defendants assert its rights to allocation, setoff or apportionment of fault pursuant to applicable law, as well as its rights to a proportionate reduction of any damages found against the Mohawk Defendants based on the negligence, omissions or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiff.

## TWENTY-FIFTH DEFENSE

An award of judgment rendered in favor of Plaintiff must be reduced by the amount of compensation Plaintiff received, or is entitled to receive, from any source as a result of Plaintiff's alleged injuries.

## TWENTY-SIXTH DEFENSE

Plaintiff may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on Plaintiff's part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiff's failure to mitigate damages, if any.

## TWENTY-SEVENTH DEFENSE

The Mohawk Defendants and its agents and/or employees acted with due care and otherwise conducted themselves at all relevant times as reasonable people and/or entities under the circumstances.

## TWENTY-EIGHTH DEFENSE

The Mohawk Defendants have satisfied, fulfilled and performed each and every obligation and duty imposed by law, if any, to the full extent of its responsibility.

## TWENTY-NINTH DEFENSE

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Any alleged injury, damage or loss sustained by Plaintiff in connection with the subject matter of this action was not reasonably foreseeable to the Mohawk Defendants.

## THIRTIETH DEFENSE

Plaintiff's claims fail as a matter of substantive law and violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution and the South Carolina Constitution to the extent that by relying on market share or other aggregate proof of causation or liability, Plaintiff seeks to deprive the Mohawk Defendants of procedural and substantive safeguards including, but not limited to, statutory and common law defenses to liability and causation generally.

## THIRTY-FIRST DEFENSE

Plaintiff's claims may be barred for lack of proximate causation between any alleged act, omission, or product of the Mohawk Defendants and the claims, damages, and harm alleged in Plaintiff's Complaint.

## THIRTY-SECOND DEFENSE

Plaintiff's claims against the Mohawk Defendants are barred by the economic loss rule.

## THIRTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff cannot prove that its alleged injuries were caused by exposure to PFAS allegedly contained in any product(s) manufactured, handled, distributed, used, or sold by the Mohawk Defendants.

## THIRTY-FOURTH DEFENSE

The Mohawk Defendants affirmatively assert as a defense, credit, or set-off against the damages claimed by Plaintiff, any payment, voluntary payment, or settlement (and any monies

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

paid pursuant thereto) between Plaintiff and any other person or entity. The Mohawk Defendants also assert the affirmative defenses of satisfaction, payment, and release.

## THIRTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot establish that Plaintiff was exposed to a sufficient concentration or amount of PFAS, and/or for a sufficient duration, that has been reliably established, through scientific means, to be capable of causing Plaintiff's alleged injuries.

## THIRTY-SIXTH DEFENSE

To the extent that Plaintiffs have split their claims, Plaintiffs' claims are barred in whole, or in part, by the doctrine prohibiting claim splitting.

## THIRTY-SEVENTH DEFENSE

Plaintiff's purported exposure to products manufactured, handled, distributed, used or sold by the Mohawk Defendants, if any, was too removed, indefinite, de minimis and insufficient to establish a reasonable degree of probability that any such product caused any alleged injury, damage or loss to Plaintiff.

## THIRTY-EIGHTH DEFENSE

The Mohawk Defendants cannot be held jointly and severally liable for the acts or omissions of third parties or other parties because their acts or omissions were separate and distinct and the alleged harm is divisible from and greater than any harm allegedly caused by acts, omissions, or products of the Mohawk Defendants.

## THIRTY-NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks to retroactively impose liability for conduct that was not actionable at the time it occurred, and the

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Mohawk Defendants may not be held liable under retroactive theories not requiring proof or fault or causation.

## FORTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because The Mohawk Defendants neither knew, nor should have known, that any of the chemicals or substances to which Plaintiff was allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm by virtue of the prevailing state of medical, scientific, technical, and/or industrial knowledge available to the Mohawk Defendants at all times relevant to the claims or causes of action asserted by Plaintiff.

## FORTY-FIRST DEFENSE

Plaintiffs' trespass claims are barred because PFAS molecules constitute "tangible" matter that will not support a trespass claim. *Babb v. Lee Cnty. Landfill SC, LLC*, 405 S.C. 129, 747 S.E.2d 468 480 (2013).

## FORTY-SECOND DEFENSE

The Mohawk Defendants is entitled to all procedural, substantive, and other protections, caps, and limitations provided by applicable state statutes and other state laws regarding Plaintiff's claims for compensatory and punitive damages. The Mohawk Defendants specifically pleads the application of S.C. Code Ann. § 15-32-530 to this action.

## FORTY-THIRD DEFENSE

The Complaint fails to state a claim upon which punitive damages may be awarded. Nor did the Mohawk Defendants engage in any conduct that would permit an award of punitive damages. And, any award of punitive damages would violate the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution, the excessive fines clause

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

of the Eighth Amendment to the United States Constitution, and various articles and sections of the South Carolina Constitution.

### FORTY-FOURTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the political question and separation of powers doctrines because their claims implicate issues of statewide importance that are reserved for state regulation.

### FORTY-FIFTH DEFENSE

Plaintiff's claims against the Mohawk Defendants may not arise out of the same transactions or occurrences as their claims against other defendants, as required for proper joinder of parties.

### FORTY-SIXTH DEFENSE

To the extent Plaintiff seeks equitable relief, Plaintiff is not entitled to equitable relief because Plaintiff has an adequate remedy at law, if Plaintiff is entitled to any remedy, and the alleged harm is not irreparable.

### FORTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the free public services doctrine and by the municipal cost recovery doctrine.

### FORTY-EIGHTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff's alleged damages are speculative, uncertain, and hypothetical.

### FORTY-NINTH DEFENSE

Plaintiff's damages, if any, may have been the direct and proximate result of facts and circumstances over which the Mohawk Defendants exercises no control.

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

**FIFTIETH DEFENSE**

Plaintiff's nuisance claims are barred, in whole or in part, because they lack the legal authority or standing to bring a nuisance claim under South Carolina law.

**FIFTY-FIRST DEFENSE**

Plaintiff's private nuisance claim is barred, in whole or in part, because the Mohawk Defendants did not unreasonably interfere with Plaintiff's ownership or possession of land.

**FIFTY-SECOND DEFENSE**

Plaintiff's nuisance claims against the Mohawk Defendants are barred by the doctrine of "coming to the nuisance," the prior nuisance doctrine, and/or the doctrine of consent.

**FIFTY-THIRD DEFENSE**

Plaintiff's public nuisance claim fails because Plaintiff is not a private person bringing an action for damages to real or personal property.

**FIFTY-FOURTH DEFENSE**

Plaintiff's public nuisance claim fails because Plaintiff fails to allege facts showing that the Mohawk Defendants controlled the instrumentality of the alleged nuisance.

**FIFTY-FIFTH DEFENSE**

Plaintiff's public nuisance claim fails because Plaintiff failed to plead that it suffered a particular damage beyond that which the public has experienced.

**FIFTY-SIXTH DEFENSE**

Plaintiff's trespass claim fails because the Mohawk Defendants did not interfere with Plaintiff's right to the exclusive, peaceable possession of its property.

**FIFTY-SEVENTH DEFENSE**

Plaintiff's tort-based claims fail because the Mohawk Defendants do not owe Plaintiff a duty under governing law.

**FIFTY-EIGHTH DEFENSE**

Plaintiff's tort-based claims fail because The Mohawk Defendants did not breach any duty allegedly owed to Plaintiff.

**FIFTY-NINTH DEFENSE**

Plaintiffs' claims are or may be barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

**SIXTIETH DEFENSE**

Plaintiff's claims may be barred, in whole or in part, because the Mohawk Defendants complied at all relevant times with all applicable laws, including all legal and regulatory duties.

**SIXTY-FIRST DEFENSE**

Plaintiff's claims may be barred, reduced, or limited pursuant to the applicable South Carolina statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

**SIXTY-SECOND DEFENSE**

Plaintiffs' claims against Defendants under the South Carolina Unfair Trade Practices Act are barred in whole or in part to the extent that the Act: (i) does not allow for recovery by any party who is not considered a "person" under S.C. Code Ann § 39-5-10(a) and (ii) does not govern conduct that did not occur in "trade and commerce." S.C. Code Ann. § 39-5-20(a).

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

### SIXTY-THIRD DEFENSE

To the extent Plaintiff seeks recovery of attorneys' fees and costs, Plaintiff is not entitled to any attorneys' fees or costs associated with this action because no statute or contract exists that would give Plaintiff the right to recover such fees or costs.

### SIXTY-FOURTH DEFENSE

The Mohawk Defendants adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

### <u>RESERVATION OF RIGHTS</u>

The Mohawk Defendants hereby reserve the right to amend this Answer, raise additional defenses as may be discovered during the course of this litigation and its continuing factual investigations, add cross-claims, or assert third-party claims pursuant to the provisions of the South Carolina Rules of Civil Procedure, the substantive law of South Carolina, and the inherent authority of this Court to manage the procedural aspects of this litigation. Any allegation not expressly admitted in this Answer is denied.

WHEREFORE, having fully answered Plaintiff's Complaint, The Mohawk Defendants deny that Plaintiff is entitled to any of the relief requested in the Complaint, and respectfully prays for the dismissal of Plaintiff's Complaint with prejudice and for such other and further relief as this Court may deem just and proper.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/ MERRITT G. ABNEY
     Merritt G. Abney
     SC Bar No. 71893
     E-Mail: merritt.abney@nelsonmullins.com
     Sarah Specter Powell

SC Bar No. 104261
E-Mail: sarah.powell@nelsonmullins.com
151 Meeting Street / Sixth Floor
Post Office Box 1806 (29402-1806)
Charleston, SC  29401-2239
(843) 853-5200

Wesley T. Moran
South Carolina Bar No. 102787
E-Mail: wes.moran@nelsonmullins.com
3751 Robert M. Grissom Parkway / Suite 300
Post Office Box 3939 (29578-3939)
Myrtle Beach, SC 29577-6412
(843) 448-3500

*Attorneys for Defendants Aladdin Manufacturing Corporation and Mohawk Industries, Inc.*

Charleston, South Carolina

July 10, 2025

ELECTRONICALLY FILED - 2025 Jul 10 10:08 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

STATE OF SOUTH CAROLINA
COUNTY OF FLORENCE

IN RE:
PFAS LITIGATION COORDINATED DOCKET

IN THE COURT OF COMMON PLEAS
TWELVTH JUDICIAL CIRCUIT

City of Florence, South Carolina,

*Plaintiff,*

v.

AGC Chemicals Americas, Inc.et al.,

*Defendants.*

C.A. No. 2024-CP-21-02844

DEFENDANT CARVANA LLC'S
ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT

Defendant Carvana, LLC (hereinafter referred to as "Carvana" or "Defendant"), by and through undersigned counsel, hereby files this Answer in response to Plaintiff City of Florence's ("Plaintiff") Second Amended Complaint ("Complaint") any and all Cross-Claims asserted previously or in the future by any Co-Defendants or Third-Party Defendants, whether having appeared in the case at this time or not, and denies all allegations not hereinafter specifically admitted and, as to the correspondingly numbered paragraphs of the Complaint, states as follows:

**STATEMENT OF THE CASE[1]**

1.      Carvana denies the allegations contained in Paragraph 1.

2.      Carvana denies the allegations contained in Paragraph 2.

---

[1] The headings and subheadings set forth in Plaintiff's Complaint are used herein for reference only, but such references do not constitute admissions by Carvana of any statements or assertions set forth therein. To the extent necessary, Carvana denies all allegations set forth in any heading or subheading in the Complaint.

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

3.    Carvana is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 3. To the extent a response is required, these allegations are denied.

4.    Carvana denies the allegations contained in Paragraph 4.

5.    Carvana denies the allegations contained in Paragraph 5.

6.    Carvana denies the allegations contained in Paragraph 6.

7.    Carvana denies the allegations contained in Paragraph 7.

## DISCLAIMER

8.    The allegations contained in Paragraphs 8, 9, 10, and 11 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

## JURISDICTION AND VENUE

9.    The allegations contained in Paragraphs 12, 13, and 14 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied

## PARTIES

### I.    Plaintiff

10.    Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 15, 16, and 17. To the extent a response is required, these allegations are denied.

### II.    Discharger Defendants

11.    Paragraphs 18 through 20 do not appear to relate to Carvana and therefore no response is required. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana denies the allegations contained in these paragraphs.

12.    Carvana denies the allegations contained in Paragraph 21.

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

13.     Paragraphs 22 through 30 do not appear to relate to Carvana and therefore no response is required. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana denies the allegations contained in these paragraphs.

### III.     Supplier Defendants

14.     Paragraphs 31 through 42 do not appear to relate to Carvana and therefore no response is required. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana denies the allegations contained in these paragraphs.

### FACTUAL ALLEGATIONS

### I.     Background and Hazards of PFAS

15.     Carvana is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 43. To the extent a response is required, these allegations are denied.

16.     Carvana is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 44. To the extent a response is required, these allegations are denied.

17.     Carvana is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 45. To the extent a response is required, these allegations are denied.

18.     Carvana is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 46. To the extent a response is required, these allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

19.     Carvana is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 47. To the extent a response is required, these allegations are denied.

20.     Carvana is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 48. To the extent a response is required, these allegations are denied.

21.     Carvana is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 49. To the extent a response is required, these allegations are denied.

22.     Carvana is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 50. To the extent a response is required, these allegations are denied.

23.     Carvana is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 51. To the extent a response is required, these allegations are denied.

24.     Carvana is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 52. To the extent a response is required, these allegations are denied.

25.     Carvana is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 53. To the extent a response is required, these allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

26. Carvana is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 54. To the extent a response is required, these allegations are denied.

27. Carvana is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 55. To the extent a response is required, these allegations are denied.

28. Carvana is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 56. To the extent a response is required, these allegations are denied.

29. Carvana is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 57. To the extent a response is required, these allegations are denied.

30. Carvana is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 58. To the extent a response is required, these allegations are denied.

31. Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 59. To the extent a response is required, these allegations are denied.

32. Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 60. To the extent a response is required, these allegations are denied.

33.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 61. To the extent a response is required, these allegations are denied.

34.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 62. To the extent a response is required, these allegations are denied.

35.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 63. To the extent a response is required, these allegations are denied.

36.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 64. To the extent a response is required, these allegations are denied.

37.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 65. To the extent a response is required, these allegations are denied.

38.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 66. To the extent a response is required, these allegations are denied.

39.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 67. To the extent a response is required, these allegations are denied.

II.     **Contamination of Great Pee Dee River with PFAS**

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

40.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 68. To the extent a response is required, these allegations are denied.

41.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 69. To the extent a response is required, these allegations are denied.

42.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 70. To the extent a response is required, these allegations are denied.

43.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 71. To the extent a response is required, these allegations are denied.

44.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 72. To the extent a response is required, these allegations are denied.

45.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 73. To the extent a response is required, these allegations are denied.

46.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 74. To the extent a response is required, these allegations are denied.

47. Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 75. To the extent a response is required, these allegations are denied.

48. Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 76. To the extent a response is required, these allegations are denied.

49. Carvana denies allegations contained in Paragraphs 77.

**III.    Supplier Defendants Had Superior Knowledge of PFAS's Hazardous Properties.**

50. Carvana denies the allegations contained in Paragraphs 78.

51. Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 79. To the extent a response is required, these allegations are denied.

52. Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 80. To the extent a response is required, these allegations are denied.

53. Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 81. To the extent a response is required, these allegations are denied.

54. Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 82. To the extent a response is required, these allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

55. Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 83. To the extent a response is required, these allegations are denied.

56. Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 84. To the extent a response is required, these allegations are denied.

57. Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 85. To the extent a response is required, these allegations are denied.

58. Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 86. To the extent a response is required, these allegations are denied.

59. Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 87. To the extent a response is required, these allegations are denied.

60. Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 89. To the extent a response is required, these allegations are denied.

61. Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 90. To the extent a response is required, these allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

62.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 91. To the extent a response is required, these allegations are denied.

63.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 92. To the extent a response is required, these allegations are denied.

64.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 93. To the extent a response is required, these allegations are denied.

65.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 94. To the extent a response is required, these allegations are denied.

66.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 95. To the extent a response is required, these allegations are denied.

67.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 96. To the extent a response is required, these allegations are denied.

68.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 97. To the extent a response is required, these allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

69.    Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 98. To the extent a response is required, these allegations are denied.

70.    Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 99. To the extent a response is required, these allegations are denied.

71.    Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 100. To the extent a response is required, these allegations are denied.

72.    Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 101. To the extent a response is required, these allegations are denied.

73.    Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 102. To the extent a response is required, these allegations are denied.

74.    Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 103. To the extent a response is required, these allegations are denied.

75.    Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 104. To the extent a response is required, these allegations are denied.

76.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 105. To the extent a response is required, these allegations are denied.

77.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 106. To the extent a response is required, these allegations are denied.

78.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 107, including subparts (a) through (i). To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana denies the allegations contained in these paragraphs.

## IV.     Supplier Defendants Were Directly Involved in Discharger Defendant's PFAS Use and Disposal.

79.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 108. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana denies the allegations contained in these paragraphs.

80.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 109. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana denies the allegations contained in these paragraphs.

81.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 110. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana denies the allegations contained in these paragraphs.

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

82.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 111. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana denies the allegations contained in these paragraphs.

83.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 112. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana denies the allegations contained in these paragraphs.

84.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 113. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana denies the allegations contained in these paragraphs.

85.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 114. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana denies the allegations contained in these paragraphs.

86.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 115. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana denies the allegations contained in these paragraphs.

87.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 116. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana denies the allegations contained in these

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

paragraphs.

88.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 117. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana denies the allegations contained in these paragraphs.

## V.     Supplier Defendants Delayed, Suppressed, and Interfered with the Advance of Scientific Understanding and Regulation of Their PFAS Products.

89.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 118. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana denies the allegations contained in these paragraphs.

90.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 119. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana denies the allegations contained in these paragraphs.

91.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 120. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana denies the allegations contained in these paragraphs.

## VI.     Old DuPont Orchestrated a Multi-Step Corporate Restructuring Designed to Shield Its Valuable Assets from its PFAS Liabilities.

92.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 121. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana denies the allegations contained in these

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

paragraphs.

93.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 122. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana denies the allegations contained in these paragraphs.

94.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 123. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana denies the allegations contained in these paragraphs.

95.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 124. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana denies the allegations contained in these paragraphs.

96.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 125. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana denies the allegations contained in these paragraphs.

97.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 126. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana denies the allegations contained in these paragraphs.

98.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 127. To the extent that the allegations in these

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

paragraphs attempt to assert liability on Carvana, Carvana denies the allegations contained in these paragraphs.

99.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 128. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana denies the allegations contained in these paragraphs.

100.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 129. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana denies the allegations contained in these paragraphs.

**VII.    Defendants Have Harmed Plaintiff and Plaintiff's Community.**

101.     Carvana denies the allegations contained in Paragraph 130 of the Complaint.

102.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 131. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana denies the allegations contained in these paragraphs.

103.     Carvana denies the allegations contained in Paragraph 132 of the Complaint.

104.     Carvana denies the allegations contained in Paragraph 133 of the Complaint.

105.     Carvana denies the allegations contained in Paragraph 134, including subparts (a) through (b) of the Complaint.

<u>**FIRST CAUSE OF ACTION**</u>
**Private Nuisance**

106.     Responding to Paragraph 135 of the Complaint, Carvana incorporates by reference all prior responses set forth in Paragraphs 1-96 above, as if they are fully set forth herein.

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

107.    Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 136 of the Complaint. To the extent a response is required, Carvana denies these allegations.

108.    Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 137 of the Complaint. To the extent a response is required, Carvana denies these allegations.

109.    Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 138 of the Complaint. To the extent a response is required, Carvana denies these allegations.

110.    Carvana denies the allegations contained in Paragraph 139.

111.    Carvana denies the allegations contained in Paragraph 140.

112.    Carvana denies the allegations contained in Paragraph 141.

113.    Carvana denies the allegations contained in Paragraph 142.

114.    Carvana denies the allegations contained in Paragraph 143.

115.    Carvana denies the allegations contained in Paragraph 144.

116.    Carvana denies the allegations contained in Paragraph 145.

117.    Carvana denies the allegations contained in Paragraph 146.

## SECOND CAUSE OF ACTION
### Public Nuisance

118.    Responding to Paragraph 147 of the Complaint, Carvana incorporates by reference all prior responses set forth in Paragraphs 1-107 above, as if they are fully set forth herein.

119.    Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 148 of the Complaint. To the extent a response is required, Carvana denies these allegations.

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

120.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 149 of the Complaint. To the extent a response is required, Carvana denies these allegations.

121.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 150 of the Complaint. To the extent a response is required, Carvana denies these allegations.

122.     Carvana denies the allegations contained in Paragraph 151.

123.     Carvana denies the allegations contained in Paragraph 152.

124.     Carvana denies the allegations contained in Paragraph 153.

125.     Carvana denies the allegations contained in Paragraph 154.

126.     Carvana denies the allegations contained in Paragraph 155.

127.     Carvana denies the allegations contained in Paragraph 156.

128.     Carvana denies the allegations contained in Paragraph 157.

129.     Carvana denies the allegations contained in Paragraph 158.

## THID CAUSE OF ACTION
### Trespass

130.     Responding to Paragraph 159 of the Complaint, Carvana incorporates by reference all prior responses set forth in Paragraphs 1-119 above, as if they are fully set forth herein.

131.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 160 of the Complaint. To the extent a response is required, Carvana denies these allegations.

132.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 161, including subparts (a) through (d) of the Complaint. To the extent a response is required, Carvana denies these allegations.

133.    Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 162, including subparts (a) through (d) of the Complaint. To the extent a response is required, Carvana denies these allegations.

134.    Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 163, including subparts (a) through (d) of the Complaint. To the extent a response is required, Carvana denies these allegations.

135.    Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 164 of the Complaint. To the extent a response is required, Carvana denies these allegations.

136.    Carvana denies the allegations contained in Paragraph 165.

137.    Carvana denies the allegations contained in Paragraph 166.

138.    Carvana denies the allegations contained in Paragraph 167.

139.    Carvana denies the allegations contained in Paragraph 168.

140.    Carvana denies the allegations contained in Paragraph 169.

141.    Carvana denies the allegations contained in Paragraph 170.

### FOURTH CAUSE OF ACTION
**Negligence, Gross Negligence, and/or Recklessness**

142.    Responding to Paragraph 171 of the Complaint, Carvana incorporates by reference all prior responses set forth in Paragraphs 1-131 above, as if they are fully set forth herein.

143.    Carvana denies the allegations contained in Paragraph 172.

144.    Carvana denies the allegations contained in Paragraph 173.

145.    Carvana denies the allegations contained in Paragraph 174.

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

146.    Paragraphs 175 through 181 do not appear to relate to Carvana and therefore no response is required. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana denies the allegations contained in these paragraphs.

147.    Carvana denies the allegations contained in Paragraph 182.

148.    Carvana denies the allegations contained in Paragraph 183.

**FIFTH CAUSE OF ACTION**
**Strict Liability – Ultrahazardous Activity**
**(Supplier Defendants)**

149.    Responding to Paragraph 184 of the Complaint, Carvana incorporates by reference all prior responses set forth in Paragraphs 1-138 above, as if they are fully set forth herein.

150.    Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 185 of the Complaint. To the extent a response is required, Carvana denies these allegations.

151.    Paragraphs 186 through 194 do not appear to relate to Carvana and therefore no response is required. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana lacks sufficient knowledge and/or information to form a belief as to the truth of these allegations and therefore denies the allegations contained in these paragraphs.

**SIXTH CAUSE OF ACTION**
**Strict Liability – Ultrahazardous Activity**
**(Burlington)**

152.    Responding to Paragraph 195 of the Complaint, Carvana incorporates by reference all prior responses set forth in Paragraphs 1-149 above, as if they are fully set forth herein.

153.    Paragraphs 196 through 204 do not appear to relate to Carvana and therefore no response is required. To the extent that the allegations in these paragraphs attempt to assert

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

liability on Carvana, Carvana lacks sufficient knowledge and/or information to form a belief as to the truth of these allegations and therefore denies the allegations contained in these paragraphs.

## SEVENTH CAUSE OF ACTION
### Strict Product Liability – Design Defect
### (Supplier Defendants)

154.     Responding to Paragraph 205 of the Complaint, Carvana incorporates by reference all prior responses set forth in Paragraphs 1-151 above, as if they are fully set forth herein.

155.     Carvana is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 206 of the Complaint. To the extent a response is required, Carvana denies these allegations.

156.     Paragraphs 207 through 217, including all subparts, do not appear to relate to Carvana and therefore no response is required. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana lacks sufficient knowledge and/or information to form a belief as to the truth of these allegations and therefore denies the allegations contained in these paragraphs.

## EIGTH CAUSE OF ACTION
### Strict Product Liability – Design Defect
### (Burlington)

157.     Responding to Paragraph 218 of the Complaint, Carvana incorporates by reference all prior responses set forth in Paragraphs 1-154 above, as if they are fully set forth herein.

158.     Paragraphs 219 through 230 do not appear to relate to Carvana and therefore no response is required. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana denies the allegations contained in these paragraphs.

## NINTH CAUSE OF ACTION
### Strict Products Liability – Failure to Warn

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

**(Supplier Defendants)**

159.    Responding to Paragraph 231 of the Complaint, Carvana incorporates by reference all prior responses set forth in Paragraphs 1-156 above, as if they are fully set forth herein.

160.    Paragraphs 232 through 240 do not appear to relate to Carvana and therefore no response is required. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana lacks sufficient knowledge and/or information to form a belief as to the truth of these allegations and therefore denies the allegations contained in these paragraphs.

**TENTH CAUSE OF ACTION**
**Strict Products Liability – Failure to Warn**
**(Burlington)**

161.    Responding to Paragraph 241 of the Complaint, Carvana incorporates by reference all prior responses set forth in Paragraphs 1-158 above, as if they are fully set forth herein.

162.    Paragraphs 242 through 250 do not appear to relate to Carvana and therefore no response is required. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana denies the allegations contained in these paragraphs.

**ELEVENTH CAUSE OF ACTION**
**Breach of Implied Warranties**
**(Supplier Defendants)**

163.    Responding to Paragraph 251 of the Complaint, Carvana incorporates by reference all prior responses set forth in Paragraphs 1-160 above, as if they are fully set forth herein.

164.    Paragraphs 252 through 257 do not appear to relate to Carvana and therefore no response is required. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana lacks sufficient knowledge and/or information to form a belief as

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

to the truth of these allegations and therefore denies the allegations contained in these paragraphs.

## TWELVTH CAUSE OF ACTION
**Breach of Implied Warranties**
**(Burlington)**

165. Responding to Paragraph 258 of the Complaint, Carvana incorporates by reference all prior responses set forth in Paragraphs 1- above, as if they are fully set forth herein.

166. Paragraphs 259 through 264 do not appear to relate to Carvana and therefore no response is required. To the extent that the allegations in these paragraphs attempt to assert liability on Carvana, Carvana lacks sufficient knowledge and/or information to form a belief as to the truth of these allegations and therefore denies the allegations contained in these paragraphs.

## PRAYER FOR RELIEF

Carvana denies the allegations and requests for relief contained in the unnumbered paragraph beginning with WHEREFORE on page 63 of the Complaint, including all subparts (4 through e), and demands strict proof thereof.  Carvana denies any liability whatsoever to Plaintiffs in this matter.

## AFFIRMATIVE DEFENSES

1. By asserting the statements and defenses below, Defendant is not implying, alleging, contending, or admitting that it has the burden of proof with respect to any of those statements or defenses. Defendant asserts as follows:

2. **PERSONAL JURISDICTION** - Plaintiffs' claims against Defendant are barred because this Court lacks personal jurisdiction over Defendant.

3. **IMPROPER VENUE** - Venue may be improper in this action. Defendant reserves

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

its rights to move for dismissal and/or transfer of the action based on improper and/or inconvenient venue and/or forum *non convenience* and further reserves its rights to seek application of the law of the appropriate venue on all issues, including but not limited to statute of limitations, statute of repose, and punitive damages.

4.    **LACK OF STANDING** - Plaintiffs do not have standing to bring this action pursuant to Section 15-5-150 S.C. Code Ann., also referred to as South Carolina's Door Closing Statute. Further, to the extent the Plaintiffs lack capacity to bring this action, the Complaint should be dismissed.

5.    **SUBJECT MATTER JURISDICTION** - Plaintiffs' claims are barred to the extent this Court lacks subject matter jurisdiction over this action.

6.    **FAILURE TO STATE A CLAIM -** The Complaint fails to state fails to state facts sufficient to constitute a cause of action against this Defendant; therefore, Plaintiffs' action against this Defendant should be dismissed pursuant to Rule 12(b)(6).

7.    **RULE 9(b) -** Plaintiffs' claims based on fraud and misrepresentation, or any forms of same, fail to set forth allegations against Defendant with specific particularity as required and, therefore, are barred.

8.    **STATUTE OF LIMITATIONS -** The Complaint, in whole or in part, is barred by the applicable statute of limitations and/or repose.

9.    **UNCLEAN HANDS** - The Complaint is barred by laches, waiver, unclean hands, and/or ratification. Further, Plaintiffs have failed to provide Defendant with timely notice of their claims and alleged injuries and damages, resulting in Defendant being substantially prejudiced in it ability to defend itself in this action, for which Plaintiffs' claims are barred.

10.    **RETROACTIVE LIABILITY** - Plaintiffs' claims are barred, in whole or in part, to

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

the extent Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

11. **CONFLICTS OF LAW** - Defendant hereby notifies the Court and all parties that, upon discovery and investigation of Plaintiffs' claims, the law of another state may be applicable under the governing conflicts of law.

12. **CONTRIBUTORY/COMPARATIVE NEGLIGENCE -** Plaintiffs' claims are barred, in whole or in part, by the contributory or comparative negligence of Plaintiff(s); in the alternative, any award to Plaintiffs should be reduced by the percentage of comparative negligence of Plaintiff(s).

13. **DOCTRINE OF MISUSE** - Plaintiffs' claims are barred, in whole or in part, by the doctrines of misuse and/or assumption of the risk and/or misuse.

14. **NO MANUFACURING** - Defendant specifically denies that it designed, manufactured, fabricated, or assembled any PFAS-containing material or product(s) alleged to be at issue in this case that caused or contributed to Plaintiff's alleged disease.

15. **DE MINIMIS EXPOSURE** - To the extent Plaintiff was exposed to any PFAS through any act or omission of Defendant or from or by any product allegedly manufactured, distributed, supplied, or sold by Defendant, which is denied, it was de minimis or of such insufficient quantities, at such infrequent intervals, for such short periods of time, or under such conditions, as to amount to no proximate or contributing cause of Plaintiff's alleged injury.

16. **ACTS OF ANOTHER** - If Plaintiffs suffered damages as alleged in the Complaint, which damages this Defendant specifically denies, such claimed damages did not result, directly or indirectly, from any act or omission of this Defendant, but such damages, if any, resulted from the acts or omissions of persons other than this Defendant, for which acts or omissions this Defendant is

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

in no way liable, and Plaintiffs, therefore, are not entitled to recover from this Defendant.

17. **SUPERSEDING/INTERVENING CAUSE -** Plaintiffs' claims are barred, in whole or in part, to the extent the alleged injuries and damages were caused by superseding or intervening causes or the conduct of third parties over whom or over which Defendant had no control or authority, or to the extent they were caused by Plaintiffs (or either of them) or any other party or parties in this action. Further, none of the alleged injuries or damages were the proximate result of any negligence/wantonness or other alleged wrongful conduct on the part of Defendant, which alleged negligence/wantonness or other alleged wrongful conduct is denied by Defendant.

18. **MODIFICATION/ALTERATION** - To the extent that any of the products allegedly used by Plaintiff or to which Plaintiff was allegedly exposed are found to be attributable to Defendant, which Defendant denies, and such products were modified, altered, or in any way varied from when they are alleged to have left Defendant's hands, Plaintiffs' claims against Defendant are barred.

19. **STATE OF THE ART -** To the extent it may be found that Defendant manufactured, supplied, distributed, or sold any products alleged to be at issue in this action, which is denied, those products, when manufactured and distributed, conformed to the state of the art and were in conformity with the prevailing industry standards at the time, and the then-current medical, scientific, and industrial knowledge, art, and practice was such that Defendant did not know and could not know that any of those products about which Plaintiffs complain presented a foreseeable risk of harm to Plaintiff in the normal and expected use of those products during the relevant time period.

20. **BENEFICIAL PRODUCT** - If the trier of fact determines that a risk of damages or harm is inherent in any product for which Defendant is found to be liable, which is denied, any risks or danger created by the alleged risk (which is denied) is outweighed by the benefits of the product(s).

21. **RES JUDICATA** - Plaintiffs' claims are barred, in whole or in part, by the doctrine(s)

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

of collateral estoppel, *res judicata*, release, discharge, and/or accord and satisfaction.

22.     **IMPROPER PARTY** - Defendant is not the proper party and/or the real party in interest in connection with the claims asserted by Plaintiffs.

23.     **IMPROPER JOINDER -** There is a lack of joinder of one or more parties who should or must be joined and, without the joinder of these proper parties, complete relief cannot be accorded among those already attempted to be made parties to this civil action. Further, there is a misjoinder of parties. Therefore, Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to join one or more necessary and indispensable parties.

24.     **REGULATORY COMPLIANCE -** If Plaintiff was exposed to any products found to be associated with this Defendant, which is denied, said products at the time they were manufactured were in conformity with all applicable federal and state regulations, standards, specifications, and laws; therefore, Plaintiffs' claims against this Defendant are barred.

25.     **KNOWLEDGE OF RISK** - This Defendant asserts that the state of medical and scientific knowledge and all materials relating thereto at all times material herein were such that this Defendant would not have known, nor could have reasonably known, that products of the type it is alleged to have manufactured, supplied, distributed, or sold—which is denied—presented any risk of harm, which risk of harm is denied, to the Plaintiff if properly used.

26.     **LACK OF BREACH** - Plaintiffs' claims are barred, in whole or in part, because Defendant did not breach any duty owed to Plaintiffs or either of them.

27.     **UNIFORM COMMERCIAL CODE -** Defendant denies that there existed any warranties, express or implied, between it and Plaintiff. Even if such warranties existed, which is denied, Plaintiff's claims for breach of warranty are barred by Plaintiff's failure to comply with the notice provisions required by South Carolina law and Article 2 of the Uniform Commercial Code,

because there is no privity of contract between Plaintiff(s) and Defendant, and because Defendant effectively disclaimed any warranties.

28.    **STRICT LIABILITY -** Defendant cannot be liable to Plaintiff under the doctrine of strict liability to the extent Plaintiff was not exposed to or injured by a product sold as new property after the effective date of the statute.

29.    **PRE-EXISTING -** Plaintiffs' claims are barred, in whole or in part, to the extent the alleged injuries and damages are the sole, direct, and proximate result of pre-existing conditions or idiosyncratic reactions of Plaintiff, for which Defendant is not liable.

30.    **CONCERT OF ACTION -** There has been no concert of action between Defendant and any of the other named Defendants. The Defendants are not joint tortfeasors and, therefore, Defendant may not be held jointly and severally liable with the other named Defendants.

31.    **FAILURE TO MITIGATE -** Plaintiffs' alleged injuries and damages, if proven, are barred, in whole or in part, to the extent Plaintiff(s) failed to use reasonable diligence to mitigate them.

32.    **DEGREEES OF FAULT -** If the factfinder determines that Plaintiffs are entitled to recover damages, the amount of damages must be apportioned according to the respective degrees of fault and legal responsibility of all parties and non-parties in this action according to proof presented at trial. Further, Defendant requests a judgment and declaration of indemnification and contribution against all other parties or persons in accordance with the apportionment of fault between the parties and non-parties.

33.    **JUDGEMENT REDUCTION -** In the event Plaintiffs recover a verdict or judgment against Defendant, said verdict or judgment must be reduced by those amounts that have been, or will, with reasonable certainty, replace or indemnify Plaintiffs, in whole or in part, for any past or future claimed economic source such as insurance, social security, workers' compensation, or

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

employee benefits programs.

34.     **ATTORNEY'S FEES -** Any request by Plaintiffs for legal fees and/or expenses is barred, in whole or in part, to the extent not expressly authorized by the law of South Carolina or other applicable law.

35.     **SPECULATIVE DAMAGES -** Plaintiffs' claims are barred, in whole or in part, to the extent the damages sought have not accrued and are contingent or are merely speculative and/or uncertain.

36.     **INSUFFICIENT FACTS -** Plaintiffs' Complaint fails to state facts sufficient to warrant an award of punitive damages.

37.     **ACCORD & SATISFACTION -** To the extent that Plaintiffs have, or either of them has, has received payment from any alleged joint tortfeasor in full satisfaction of any of the alleged injuries and/or claims against this Defendant and/or other alleged joint tortfeasors, Plaintiffs' Complaint in each and every count and cause of action alleged therein is barred by the defenses of payment and accord and satisfaction.

38.     **SET-OFF -** If the Plaintiffs have, or either of them has, settled or should hereafter settle with any party or non-party with respect to any of the allegations in the Complaint or for any of the injuries or damages alleged in this action, Ascend is entitled to a credit, reduction, or set-off in the amount of said settlement(s).

39.     **STANDARDS OF LIMITATIONS -** To the extent Plaintiffs' Complaint asserts a demand for punitive damages, this Defendant specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards that arose in the decisions of *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001); and *State Farm Mutual*

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

*Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

40.     **PUNITITVE DAMAGES -** To the extent Plaintiffs' Complaint seeks punitive damages, this Defendant affirmatively pleads the following in regard to punitive damages:

(a) An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the South Carolina Constitution;

(b) An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the South Carolina Constitution;

(c) The criteria used for determining whether and in what amount punitive damages may be awarded are impermissible, vague, imprecise, and inconsistent and, therefore, violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the South Carolina Constitution;

(d) An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the United States Constitution and the corresponding provisions of the South Carolina Constitution; and

(e) Plaintiffs' claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

41.     **LOSS OF CONSORTIUM** - This Defendant would show that the spouse's claim for alleged loss of consortium is an improperly joined cause of action and this cause of action and/or the

Complaint should be dismissed.

42.     **BIFURACATION** - Pursuant to S.C. Code Ann. § 15-32-520, Defendant hereby requests trial bifurcation on the issues of actual damages and punitive damages. To the extent the Court submits the question of punitive damages to the jury, the award of punitive damages, if any, is subject to the caps and limitations set forth in S.C. Code Ann. § 15-32-530, and Defendant pleads and incorporates all defenses, limitations on damages, and other privileges contained in S.C. Code Ann. §§ 15-32-520 and 15-32-530 as if fully stated herein verbatim.

43.     **BANKRUPT DEFENDANTS** - Some or all of Plaintiffs' claims or causes of action may not be maintained to the extent that discharge in bankruptcy requires Carvana to defend this action without joining indispensable parties who have declared bankruptcy as co-defendants and prevents the triers of fact from being able to hear and judge all relevant evidence. Carvana further reserves the right to seek contribution and/or indemnity from those parties not joined in this action as a result of bankruptcy.

44.     **POST SALE DUTY** - This Defendant denies that it has any post-sale duty to warn and asserts that South Carolina has affirmatively established that it does not recognize a post-sale duty to warn.

45.     **SECTION 15-73-10 et seq.** - The alleged injuries and damages to Plaintiffs are barred by Section 15-73-10 et seq. of the South Carolina Code of Laws; therefore, Plaintiffs are prohibited by law from asserting or recovering under a cause of action based on strict liability for actual or punitive damages.

46.     **OTHER AFFIRMATIVE DEFENSES** - This Defendant adopts and incorporates by reference herein, as if fully set forth, all defenses, both affirmative and otherwise, raised, pleaded, or asserted by other Defendants but only to the extent applicable to Defendant sued by Plaintiffs as a

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

premises defendant and only to the extent not inconsistent with the other responses and affirmative defenses asserted herein by this Defendant.

47.    **RESERVATION OF RIGHTS** - Defendant's first notice of the claims set forth in Plaintiffs' Complaint against it was service of said Complaint upon it, and accordingly, Defendant reserves the right to amend its Answer, if same becomes appropriate, after full investigation and discovery. Defendant further gives notice herein that it will rely on all defenses lawfully available to it at the time of trial and intends to rely upon any other defenses that may become available to apparent during the discovery proceedings in this action, and hereby reserves its right to supplement or amend its standard set of affirmative defenses and to assert any such defenses, and/or supplement, alter, or change the affirmative defenses asserted herein upon ascertaining additional or different facts during and upon completion of discovery and investigation.

Respectfully submitted,

/s/ Joshua M.W. Salley
Joshua M. W. Salley, Esq.
Maron Marvel Bradley Anderson & Tardy LLC
259 Seven Farms Drive Suite 300
Charleston, SC 29402
Jsalley@maronmarvel.com

Audrey O. Anyaele (Pro hac vice forthcoming)
Maron Marvel Bradley Anderson & Tardy LLC
3 Second Street, Suite 202
Jersey City NJ 07311
AAnyaele@maronmarvel.com

Robert Petti (Pro hac vice forthcoming)
Maron Marvel Bradley Anderson & Tardy LLC
191 North Wacker Drive, Suite 2950
Chicago IL 60606
RPetti@maronmarvel.com

July 14,2025
Charleston, SC

ELECTRONICALLY FILED - 2025 Jul 14 4:56 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| IN RE: PFAS LITIGATION COORDINATION DOCKET | ) | TWELFTH JUDICIAL CIRCUIT |
| | ) | |
| COUNTY OF FLORENCE | ) | C.A. No. 2024-CP-21-02844 |
| | ) | |
| City of Florence, South Carolina, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Defendants HeiQ Chemtex, Inc. and Chem-Tex Laboratories, Inc.'s Answer to Plaintiff's Second Amended Complaint** |
| | ) | |
| AGC Chemicals Americas, Inc.; Aladdin Manufacturing Corporation; Americhem, Inc.; Archroma U.S., Inc.; Arkema, Inc.; Auria Albemarle, LLC; Auria Solutions USA, Inc.; Burlington Industries, Inc.; Carvana, LLC; Cascades Holding US, Inc.; Celgard, LLC; Chem-Tex Laboratories, Inc.; Clariant Corporation; Corteva, Inc.; Daikin America, Inc; Delta Mills, Inc., its predecessors, successors, assigns, and/or responsible parties; DuPont de Nemours, Inc.; EIDP, Inc.; Elevate Textiles, Inc.; Goulston Technologies, Inc.; HeiQ Chemtex, Inc.; Huntsman International, LLC; INV Performance Surfaces, LLC; J.P. Stevens & Company, Inc., its predecessors, successors, assigns, and/or responsible parties; Marcal Cordova LLC; Mohawk Industries, Inc.; Solvay Specialty Polymers USA, LLC; The Chemours Company; and Thuasne, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Defendants HeiQ Chemtex, Inc. and Chem-Tex Laboratories, Inc.[1] (collectively, referred to herein as "Chemtex" or "Defendant") hereby submits their Answer to Plaintiff's Second Amended Complaint ("Complaint").

---

[1] In 2017, Defendant HeiQ Chemtex, Inc. entered into an agreement with Defendant Chem-Tex Laboratories, Inc. to purchase all manufacturing assets from Defendant Chem-Tex Laboratories

1

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## GENERAL DENIAL

Chemtex expressly denies each and every allegation in the Complaint, except those specifically admitted herein.

## FOR A FIRST DEFENSE

### Statement of the Case[2]

1.      Responding to Paragraph 1 of the Complaint, Chemtex denies all allegations set forth in that paragraph that relate to Chemtex or purport to allege liability against Chemtex.  As to the remaining allegations set forth in Paragraph 1 of the Complaint with regards to the nature of the action brought by Plaintiff, Chemtex craves references to the allegations set forth in the Complaint and denies any allegations inconsistent therewith.

2.      Responding to Paragraph 2 of the Complaint as it relates to Chemtex, Chemtex at this time is without knowledge or information sufficient to form a belief as to the truth of the allegations related to whether Chemtex has discharged products in the past that contained or degraded to the substances identified by Plaintiff as PFAS, and therefore denies same.  With regards to the allegation that Chemtex continues to discharge products that contain or degrade to the substances identified by Plaintiff as PFAS, Chemtex denies those allegations.  As to the remaining allegations set forth in Paragraph 2 of the Complaint which are addressed to other Defendants, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

---

Inc.  Following the sale, Defendant Chem-Tex Laboratories, Inc. maintained ownership of the real property where HeiQ Chemtex, Inc.'s industrial facility operates in Cabarrus County, North Carolina.  This Answer represents the joint response of HeiQ Chemtex, Inc. and its predecessor, Defendant Chem-Tex Laboratories Inc.

[2] The headers used in this Answer are for ease of reference and correspond to the headers set forth in Plaintiff's Second Amended Complaint.  They do not constitute an admission by Chemtex as to the validity of Plaintiff's causes of action.

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

3.     Upon information and belief, Chemtex admits the allegations set forth in Paragraph 3 of the Complaint.

4.     Responding to Paragraph 4 of the Complaint as it relates to Chemtex, Plaintiff's use of the phrase "use products" and term "industrial processes" are not defined and susceptible of multiple interpretations; therefore, at this present time, and without a definition for the phrase "use products" and term "industrial processes," Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and denies same. Further responding to Paragraph 4 of the Complaint, Chemtex specifically denies that its facility in North Carolina discharged wastewater directly to surface waters. As to the remaining allegations set forth in Paragraph 4 of the Complaint which are addressed to other Defendants, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

5.     Chemtex denies the allegations and legal conclusions set forth in Paragraph 5 of the Complaint.

6.     Chemtex denies the allegations and legal conclusions set forth in Paragraph 6 of the Complaint.

7.     Chemtex denies the allegations and legal conclusions set forth in Paragraph 7 of the Complaint and denies Plaintiff is entitled to the relief sought therein.

### Disclaimer

8.     Responding to Paragraph 8 of the Complaint, Chemtex craves reference to the allegations set forth in the Complaint and denies any allegations inconsistent therewith.

9.     Responding to Paragraph 9 of the Complaint, Chemtex craves reference to the allegations set forth in the Complaint and denies any allegations inconsistent therewith.

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

10.     Responding to Paragraph 10 of the Complaint, Chemtex craves reference to the allegations set forth in the Complaint and denies any allegations inconsistent therewith.

11.     Responding to Paragraph 11 of the Complaint, Chemtex craves reference to the allegations set forth in the Complaint and denies any allegations inconsistent therewith.

**Jurisdiction and Venue**

12.     Paragraph 12 of the Complaint purports to state legal conclusions to which no response is required.  However, to the extent a response is required, Chemtex does not contest the Court's subject matter jurisdiction over this action.

13.     Paragraph 13 of the Complaint purports to state legal conclusions to which no response is required.  To the extent a response is required, Chemtex denies that this Court has personal jurisdiction over Chemtex.

14.     Paragraph 14 of the Complaint purports to state legal conclusions to which no response is required.  However, to the extent a response is required, Chemtex does not contest venue in Florence County.

**Parties**

15.     Upon information and belief, Chemtex admits the allegations set forth in Paragraph 15 of the Complaint.

16.     Upon information and belief, Chemtex admits the allegations set forth in Paragraph 16 of the Complaint.

17.     Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint, and therefore denies same.

18.     Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint, and therefore denies same.

4

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

19.    Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint, and therefore denies same.

20.    Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint, and therefore denies same.

21.    Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint, and therefore denies same.

22.    Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint, and therefore denies same.

23.    Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint, and therefore denies same.

24.    Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint, and therefore denies same.

25. Responding to Paragraph 25 of the Complaint, Chemtex admits that HeiQ Chemtex Inc. is a North Carolina corporation founded in 2017 that operates a chemical manufacturing company, following the purchase of certain assets from Defendant Chem-Tex Laboratories, Inc. Chemtex further admits that presently Chem-Tex Laboratories Inc. is a real estate holding company that owns an industrial facility at 2725 Armentrout Drive, North Carolina 28025. Chemtex denies any allegations or inferences set forth in Paragraph 25 of the Complaint inconsistent with these limited admissions. Further responding to Paragraph 25 of the Complaint, upon information and belief, Chemtex denies that it uses products that contained or degrade to substances identified by Plaintiff as PFAS in its processes and denies that such products are present in its wastewater discharge.  With respect to the allegations set forth in Paragraph 25 of the Complaint related to the capabilities of the Rocky River Regional WWTP to remove PFAS,

5

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Chemtex is without knowledge or information sufficient to form a belief as to the truth of those allegations and denies same.

25.    Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint, and therefore denies same.

26.    Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint, and therefore denies same.

27.    Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint, and therefore denies same.

28.    Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint, and therefore denies same.

29.    Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint, and therefore denies same.

30.    Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint, and therefore denies same.

31.    Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint, and therefore denies same.

32.    Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint, and therefore denies same.

33.    Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint, and therefore denies same.

34.    Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint, and therefore denies same.

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

35.     Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint, and therefore denies same.

36.     Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint, and therefore denies same.

37.     Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint, and therefore denies same.

38.     Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint, and therefore denies same.

39.     Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint, and therefore denies same.

40.     Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint, and therefore denies same.

41.     Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint, and therefore denies same.

### Factual Allegations

42.     Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint, and therefore denies same.

43.     Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint, and therefore denies same.

44.     Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint, and therefore denies same.

45.     Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Complaint, and therefore denies same.

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

46.     Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Complaint, and therefore denies same.

47.     Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint, and therefore denies same.

48.     Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Complaint, and therefore denies same.

49.     Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Complaint, and therefore denies same.

50.     Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Complaint, and therefore denies same.

51.     Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Complaint, and therefore denies same.

52.     Responding to Paragraph 53 of the Complaint, Chemtex craves reference to the EPA provisional drinking water health advisories referenced therein and denies any allegations inconsistent therewith.

53.     Responding to Paragraph 54 of the Complaint, Chemtex craves reference to the EPA health advisories referenced therein and denies any allegations inconsistent therewith.

54.     Responding to Paragraph 55 of the Complaint, Chemtex craves reference to the EPA health advisories referenced therein and denies any allegations inconsistent therewith.

55.     Responding to Paragraph 56 of the Complaint, Chemtex craves reference to the EPA health advisories referenced therein and denies any allegations inconsistent therewith.

56.     Responding to Paragraph 57 of the Complaint, Chemtex craves reference to the EPA health advisories referenced therein and denies any allegations inconsistent therewith.

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

57.     Responding to Paragraph 58 of the Complaint, Chemtex craves reference to the EPA proposed MCLs and MCLGs referenced therein and denies any allegations inconsistent therewith.

58.     Responding to Paragraph 59 of the Complaint, Chemtex craves reference to the EPA proposed MCLs and MCLGs referenced therein and denies any allegations inconsistent therewith.

59.     Responding to Paragraph 60 of the Complaint, Chemtex craves reference to the EPA proposed MCLs and MCLGs referenced therein and denies any allegations inconsistent therewith.

60.     Responding to Paragraph 61 of the Complaint, Chemtex craves reference to the EPA news release referenced therein and denies any allegations inconsistent therewith.

61.     Responding to Paragraph 62 of the Complaint, Chemtex craves reference to the EPA regulation referenced therein and denies any allegations inconsistent therewith.

62.     Responding to Paragraph 63 of the Complaint, Chemtex craves reference to the EPA regulation referenced therein and denies any allegations inconsistent therewith.

63.     Responding to Paragraph 64 of the Complaint, Chemtex craves reference to the EPA regulation referenced therein and denies any allegations inconsistent therewith.

64.     Responding to Paragraph 65 of the Complaint, Chemtex craves reference to the EPA regulation referenced therein and denies any allegations inconsistent therewith.

65.     Responding to Paragraph 66 of the Complaint, Chemtex craves reference to the EPA  announcements and statements referenced therein and denies any allegations inconsistent therewith.

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

66.     Responding to Paragraph 67 of the Complaint, Chemtex craves reference to the EPA  announcements and statements referenced therein and denies any allegations inconsistent therewith.

67.     Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of the Complaint, and therefore denies same.

68.     Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69 of the Complaint, and therefore denies same.

69.     Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 70 of the Complaint, and therefore denies same.

70.     Responding to Paragraph 71 of the Complaint, Chemtex admits that Defendant Chem-Tex Laboratories, Inc. owns an industrial facility located in Cabarrus County, North Carolina.  Further responding to Paragraph 71 of the Complaint, Chemtex admits that Defendant HeiQ Chemtex, Inc. operates an industrial facility in Cabarrus County, North Carolina and it discharges its industrial wastewater to the Rocky River Regional WWTP.  Chemtex denies any allegations in Paragraph 71 of the Complaint inconsistent with these limited admissions.  Further responding to Paragraph 71 of the Complaint, upon information and belief, Chemtex denies that it uses products that contain or degrade to substances identified by Plaintiff as PFAS in its processes and that such products are present in its wastewater discharge. As to the remaining allegations set forth in Paragraph 71 of the Complaint which are addressed to other Defendants, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

71.     Chemtex denies the allegations set forth in Paragraph 72 of the Complaint.

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

72. Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the Complaint, and therefore denies same.

73. Chemtex denies the allegations set forth in Paragraph 74 of the Complaint.

74. Chemtex denies the allegations set forth in Paragraph 75 of the Complaint.

75. Responding to Paragraph 76 of the Complaint with respect to the capabilities of Plaintiff's SWTPs, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same. As to the remaining allegations set forth in Paragraph 76 of the Complaint related to the allegation that Plaintiff's SWTPs require new water treatment technologies as a remedy in this lawsuit, Chemtex expressly denies same and demands strict proof thereof.

76. Chemtex denies the allegations and legal conclusions set forth in Paragraph 77 of the Complaint.

77. The allegations set forth in Paragraph 78 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required. To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

78. The allegations set forth in Paragraph 79 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required. To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

79. The allegations set forth in Paragraph 80 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required. To the extent a response

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

80.     The allegations set forth in Paragraph 81 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

81.     The allegations set forth in Paragraph 82 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

82.     The allegations set forth in Paragraph 83 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

83.     The allegations set forth in Paragraph 84 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

84.     The allegations set forth in Paragraph 85 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

85.    The allegations set forth in Paragraph 86 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

86.    The allegations set forth in Paragraph 87 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

87.    The allegations set forth in Paragraph 88 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

88.    The allegations set forth in Paragraph 89 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

89.    The allegations set forth in Paragraph 90 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

90.    The allegations set forth in Paragraph 91 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

91.     The allegations set forth in Paragraph 92 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

92.     The allegations set forth in Paragraph 93 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

93.     The allegations set forth in Paragraph 94 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

94.     The allegations set forth in Paragraph 95 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

95.     The allegations set forth in Paragraph 96 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

96.     The allegations set forth in Paragraph 97 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

97.     The allegations set forth in Paragraph 98 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

98.     The allegations set forth in Paragraph 99 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

99.     The allegations set forth in Paragraph 100 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

100.     The allegations set forth in Paragraph 101 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

101.     The allegations set forth in Paragraph 102 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

102.    The allegations set forth in Paragraph 103 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

103.    The allegations set forth in Paragraph 104 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

104.    The allegations set forth in Paragraph 105 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

105.    The allegations set forth in Paragraph 106 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

106.    The allegations set forth in Paragraph 107 of the Complaint (and subparts (a) – (j)) are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

107.    Chemtex denies the allegations set forth in Paragraph 108 of the Complaint.

16

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

108.    Chemtex denies the allegations set forth in Paragraph 109 of the Complaint.

109.    Chemtex denies the allegations set forth in Paragraph 110 of the Complaint.

110.    Chemtex denies the allegations set forth in Paragraph 111 of the Complaint.

111.    Chemtex denies the allegations set forth in Paragraph 112 of the Complaint.

112.    Chemtex denies the allegations set forth in Paragraph 113 of the Complaint

113.    Chemtex denies the allegations set forth in Paragraph 114 of the Complaint.

114.    Chemtex denies the allegations set forth in Paragraph 115 of the Complaint.

115.    The allegations set forth in Paragraph 116 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

116.    The allegations set forth in Paragraph 117 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

117.    The allegations set forth in Paragraph 118 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

118.    The allegations set forth in Paragraph 119 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

119.    The allegations set forth in Paragraph 120 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

120.    The allegations set forth in Paragraph 121 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

121.    The allegations set forth in Paragraph 122 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

122.    The allegations set forth in Paragraph 123 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

123.    The allegations set forth in Paragraph 124 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

124.    The allegations set forth in Paragraph 125 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

125.     The allegations set forth in Paragraph 126 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

126.     The allegations set forth in Paragraph 127 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

127.     The allegations set forth in Paragraph 128 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

128.     The allegations set forth in Paragraph 129 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

129.     Chemtex denies the allegations and legal conclusions set forth in Paragraph 130 of the Complaint.

130.     Chemtex denies the allegations and legal conclusions set forth in Paragraph 131 of the Complaint.

131.    Chemtex denies the allegations and legal conclusions set forth in Paragraph 132 of the Complaint.

132.    Chemtex denies the allegations and legal conclusions set forth in Paragraph 133 of the Complaint.

133.    Chemtex denies the allegations and legal conclusions set forth in Paragraph 134 of the Complaint, including subparts (a) and (b).

**Plaintiff's First Cause of Action**
**Private Nuisance**

134.    Chemtex incorporates all prior responses to the Complaint by reference as if fully set forth herein.

135.    Upon information and belief, Chemtex admits the allegations set forth in Paragraph 136 of the Complaint.

136.    Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 137 of the Complaint, and therefore denies same.

137.    Chemtex denies the allegations and legal conclusions set forth in Paragraph 138 of the Complaint.

138.    Chemtex denies the allegations set forth in Paragraph 139 of the Complaint.

139.    Chemtex denies the allegations and legal conclusions set forth in Paragraph 140 of the Complaint.

140.    Chemtex denies the allegations and legal conclusions set forth in Paragraph 141 of the Complaint.

141.    Chemtex denies the allegations and legal conclusions set forth in Paragraph 142 of the Complaint.

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

142.    Chemtex denies the allegations and legal conclusions set forth in Paragraph 143 of the Complaint and denies Plaintiff is entitled to injunctive relief as set forth therein.

143.    Chemtex denies the allegations and legal conclusions set forth in Paragraph 144 of the Complaint and denies Plaintiff is entitled to injunctive relief as set forth therein.

144.    Chemtex denies the allegations set forth in Paragraph 145 of the Complaint.

145.    Chemtex denies the allegations and legal conclusions set forth in Paragraph 146 of the Complaint and denies Plaintiff is entitled to the relief sought therein.

**Plaintiff's Second Cause of Action**
**Public Nuisance**

146.    Chemtex incorporates all prior responses to the Complaint by reference as if fully set forth herein.

147.    Upon information and belief, Chemtex admits the allegations set forth in Paragraph 148 of the Complaint.

148.    Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 149 of the Complaint, and therefore denies same.

149.    Responding to Paragraph 150 of the Complaint, Chemtex does not disagree that Plaintiff's customers have an expectation to potable water that is reasonably pure and safe for their use; however, Chemtex denies the remaining allegations and legal conclusions set forth in Paragraph 150 of the Complaint.

150.    Chemtex denies the allegations and legal conclusions set forth in Paragraph 151 of the Complaint.

151.    Chemtex denies the allegations and legal conclusions set forth in Paragraph 152 of the Complaint.

152.    Chemtex denies the allegations and legal conclusions set forth in Paragraph 153 of the Complaint.

153.    Chemtex denies the allegations and legal conclusions set forth in Paragraph 154 of the Complaint.

154.    Chemtex denies the allegations and legal conclusions set forth in Paragraph 155 of the Complaint and denies Plaintiff is entitled to injunctive relief as set forth therein.

155.    Chemtex denies the allegations and legal conclusions set forth in Paragraph 156 of the Complaint.

156.    Chemtex denies the allegations set forth in Paragraph 157 of the Complaint.

157.    Chemtex denies the allegations and legal conclusions set forth in Paragraph 158 of the Complaint and denies Plaintiff is entitled to the relief sought therein.

## Plaintiff's Third Cause of Action
### Trespass

158.    Chemtex incorporates all prior responses to the Complaint by reference as if fully set forth herein.

159.    Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth in Paragraph 160 of the Complaint, and therefore denies same.

160.    Chemtex denies the allegations set forth in Paragraph 161 of the Complaint, including subparts (a)–(d).

161.    The allegations in Paragraph 162 of the Complaint, including subparts (a)–(d), are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex  is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

22

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

162.   The allegations in Paragraph 163 of the Complaint, including subparts (a)–(d), are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex  is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

163.   Chemtex denies the allegations and legal conclusions set forth in Paragraph 164 of the Complaint.

164.   Chemtex denies the allegations and legal conclusions set forth in Paragraph 165 of the Complaint.

165.   Chemtex denies the allegations and legal conclusions set forth in Paragraph 166 of the Complaint.

166.   The allegations set forth in Paragraph 167 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

167.   Chemtex denies the allegations and legal conclusions set forth in Paragraph 168 of the Complaint.

168.   Chemtex denies the allegations and legal conclusions set forth in Paragraph 169 of the Complaint.

169.   Chemtex denies the allegations and legal conclusions set forth in Paragraph 170 of the Complaint and denies Plaintiff is entitled to the relief sought therein.

**Plaintiff's Fourth Cause of Action**
**Negligence, Gross Negligence, and/or Recklessness**

170.   Chemtex incorporates all prior responses to the Complaint by reference as if fully set forth herein.

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

171.    Chemtex denies the allegations and legal conclusions set forth in Paragraph 172 of the Complaint.

172.    Chemtex denies the allegations and legal conclusion set forth in Paragraph 173 of the Complaint.

173.    Chemtex denies the allegations and legal conclusions set forth in Paragraph 174 of the Complaint.

174.    The allegations in Paragraph 175 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex  is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

175.    The allegations in Paragraph 176 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex  is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

176.    The allegations in Paragraph 177 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex  is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

177.    The allegations set forth in Paragraph 178 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

178.    The allegations set forth in Paragraph 179 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

179.    The allegations set forth in Paragraph 180 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

180.    The allegations set forth in Paragraph 181 of the Complaint are directed at Defendants other than Chemtex, and therefore no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

181.    Chemtex denies the allegations and legal conclusions set forth in Paragraph 182 of the Complaint.

182.    Chemtex denies the allegations and legal conclusions set forth in Paragraph 183 of the Complaint and denies Plaintiff is entitled to the relief sought therein.

**Plaintiff's Fifth Cause of Action**
**Strict Products Liability – Ultrahazardous Activity**
**(Supplier Defendants)**

183.    Chemtex incorporates all prior responses to the Complaint by reference as if fully set forth herein.

184.    The allegations in Paragraph 185 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required,

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

185. The allegations in Paragraph 186 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required. To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

186. The allegations in Paragraph 187 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required. To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

187. The allegations in Paragraph 188 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required. To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

188. The allegations in Paragraph 189 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required. To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

189. The allegations in Paragraph 190 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required. To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

190.     The allegations in Paragraph 191 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

191.     The allegations in Paragraph 192 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

192.     The allegations in Paragraph 193 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

193.     The allegations in Paragraph 194 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

**Plaintiff's Sixth Cause of Action**
**Strict Products Liability – Ultrahazardous Activity**
**(Burlington)**

194.     Chemtex incorporates all prior responses to the Complaint by reference as if fully set forth herein.

195.     The allegations in Paragraph 196 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required,

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

196.    The allegations in Paragraph 197 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

197.    The allegations in Paragraph 198 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

198.    The allegations in Paragraph 199 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

199.    The allegations in Paragraph 200 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

200.    The allegations in Paragraph 201 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

201.     The allegations in Paragraph 202 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

202.     The allegations in Paragraph 203 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

203.     The allegations in Paragraph 204 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

**Plaintiff's Seventh Cause of Action**
**Strict Products Liability – Design Defect**
**(Supplier Defendants)**

204.     Chemtex incorporates all prior responses to the Complaint by reference as if fully set forth herein.

205.     The allegations in Paragraph 206 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

206.     The allegations in Paragraph 207 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

29

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

207. The allegations in Paragraph 208 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required. To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

208. The allegations in Paragraph 209 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required. To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

209. The allegations in Paragraph 210 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required. To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

210. The allegations in Paragraph 211 of the Complaint, including subparts (a)–(e), are directed at Defendants other than Chemtex and, therefore, no response is required. To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

211. The allegations in Paragraph 212 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required. To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

212. The allegations in Paragraph 213 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required. To the extent a response is required,

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

213.    The allegations in Paragraph 214 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

214.    The allegations in Paragraph 215 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

215.    The allegations in Paragraph 216 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

216.    The allegations in Paragraph 217 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

**Plaintiff's Eighth Cause of Action**
**Strict Products Liability – Design Defect**
**(Burlington)**

217.    Chemtex incorporates all prior responses to the Complaint by reference as if fully set forth herein.

218.    The allegations in Paragraph 219 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

219.    The allegations in Paragraph 220 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

220.    The allegations in Paragraph 221 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

221.    The allegations in Paragraph 222 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

222.    The allegations in Paragraph 223 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

223.    The allegations in Paragraph 224 of the Complaint, including subparts (a)–(f), are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

224. The allegations in Paragraph 225 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required. To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

225. The allegations in Paragraph 226 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required. To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

226. The allegations in Paragraph 227 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required. To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

227. The allegations in Paragraph 228 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required. To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

228. The allegations in Paragraph 229 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required. To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

229.    The allegations in Paragraph 230 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

### Plaintiff's Ninth Cause of Action
### Strict Products Liability – Failure to Warn
### (Supplier Defendants)

230.    Chemtex incorporates all prior responses to the Complaint by reference as if fully set forth herein.

231.    The allegations in Paragraph 232 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

232.    The allegations in Paragraph 233 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

233.    The allegations in Paragraph 234 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

234.    The allegations in Paragraph 235 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required,

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

235.    The allegations in Paragraph 236 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same

236.    The allegations in Paragraph 237 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

237.    The allegations in Paragraph 238 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

238.    The allegations in Paragraph 239 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

239.    The allegations in Paragraph 240 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex  is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

**Plaintiff's Tenth Cause of Action**
**Strict Products Liability – Failure to Warn**
**(Burlington)**

240.    Chemtex incorporates all prior responses to the Complaint by reference as if fully set forth herein.

241.    The allegations in Paragraph 242 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same. Chemtex incorporates all prior responses to the Complaint by reference as if fully set forth herein.

242.    The allegations in Paragraph 243 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

243.    The allegations in Paragraph 244 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

244.    The allegations in Paragraph 245 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

245.    The allegations in Paragraph 246 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required,

Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

246.    The allegations in Paragraph 247 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same. Chemtex incorporates all prior responses to the Complaint by reference as if fully set forth herein.

247.    The allegations in Paragraph 248 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same. Chemtex incorporates all prior responses to the Complaint by reference as if fully set forth herein.

248.    The allegations in Paragraph 249 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same. Chemtex incorporates all prior responses to the Complaint by reference as if fully set forth herein.

249.    The allegations in Paragraph 250 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same. Chemtex incorporates all prior responses to the Complaint by reference as if fully set forth herein.

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

37

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

**Plaintiff's Eleventh Cause of Action**
**Breach of Implied Warranties**
**(Supplier Defendants)**

250.    Chemtex incorporates all prior responses to the Complaint by reference as if fully set forth herein.

251.    The allegations in Paragraph 252 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same. Chemtex incorporates all prior responses to the Complaint by reference as if fully set forth herein.

252.    The allegations in Paragraph 253 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same. Chemtex incorporates all prior responses to the Complaint by reference as if fully set forth herein.

253.    The allegations in Paragraph 254 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same. Chemtex incorporates all prior responses to the Complaint by reference as if fully set forth herein.

254.    The allegations in Paragraph 255 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

allegations and legal conclusions set forth therein, and therefore denies same. Chemtex incorporates all prior responses to the Complaint by reference as if fully set forth herein.

255.    The allegations in Paragraph 256 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same. Chemtex incorporates all prior responses to the Complaint by reference as if fully set forth herein.

256.    The allegations in Paragraph 257 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same. Chemtex incorporates all prior responses to the Complaint by reference as if fully set forth herein.

**Plaintiff's Twelfth Cause of Action**
**Breach of Implied Warranties**
**(Burlington)**

257.    Chemtex incorporates all prior responses to the Complaint by reference as if fully set forth herein.

258.    The allegations in Paragraph 259 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same. Chemtex incorporates all prior responses to the Complaint by reference as if fully set forth herein.

259.    The allegations in Paragraph 260 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required,

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same. Chemtex incorporates all prior responses to the Complaint by reference as if fully set forth herein.

260.    The allegations in Paragraph 261 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same. Chemtex incorporates all prior responses to the Complaint by reference as if fully set forth herein.

261.    The allegations in Paragraph 262 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same. Chemtex incorporates all prior responses to the Complaint by reference as if fully set forth herein.

262.    The allegations in Paragraph 263 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same. Chemtex incorporates all prior responses to the Complaint by reference as if fully set forth herein.

263.    The allegations in Paragraph 264 of the Complaint are directed at Defendants other than Chemtex and, therefore, no response is required.  To the extent a response is required, Chemtex is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same. Chemtex incorporates all prior responses to the Complaint by reference as if fully set forth herein.

40

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

**Plaintiff's Prayer for Relief**

264.     Responding to the unnumbered paragraph beginning with WHEREFORE, Chemtex denies Plaintiff is entitled to the relief sought therein, including subparts (a)–(e).

**AFFIRMATIVE DEFENSES**

Chemtex asserts the following affirmative defenses in response to the allegations in Plaintiff's Complaint filed or consolidated in the above-captioned actions as follows:

1.     Defendant's actions have at all times been pursuant to express permits and directives of various state and federal regulatory agencies with which Defendant has at all relevant times and parameters been fully compliant.  Accordingly, Defendant pleads license as an affirmative defense to Plaintiff's claims.

2.     Plaintiff has failed to state facts sufficient to constitute a cause of action and the Complaint should be dismissed pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

3.     Plaintiff's claims should be dismissed, pursuant to Rule 12(b)(2) of the South Carolina Rules of Civil Procedure, because the Court lacks personal jurisdiction over the Defendant.

4.     Plaintiff's claims are not ripe for adjudication and should be dismissed for presenting a contingent, hypothetical, or abstract dispute.  Plaintiff alleges that they will be required to incur costs at some future date when the State or United States Environmental Protection Agency will require them to upgrade their systems to treat PFAS.  Until these costs are incurred, Plaintiff cannot recover.

5.     Further, Plaintiff's claims are premature to the extent that neither the State nor the United States Environmental Protection Agency have set final water quality standards, maximum

41

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

contaminant levels, acceptable soil cleanup levels, or other regulatory standards that are necessary to evaluate whether natural resources have been injured.

6.    Plaintiff also lacks standing to assert, in whole or in part, under the United States Constitution, the Constitution of South Carolina, state and federal statutes, and common law to bring the claims set forth in the Complaint.

7.    Plaintiff also lacks standing to bring the claims set forth in the Complaint under both the public trust doctrine and *parens patriae* doctrine, because the property claimed to be affected is not held in the public trust and/or is not subject to the *parens patriae* doctrine.

8.    Additionally, Plaintiff lacks standing to bring the claims set forth in the Complaint under both the public trust doctrine and *parens patriae* doctrine, because it does not have exclusive jurisdiction over the resources at issue, or only have partial jurisdiction over such resources and have failed to join other necessary trustees in this action.

9.    Plaintiff lacks standing to bring an action for trespass because Plaintiff has no ownership over and is not entitled to exclusive possession of various property and water bodies referenced in the Complaint, and because Plaintiff cannot establish unreasonable or substantial damage to the resource.

10.   Plaintiff has not demonstrated or pled a legally cognizable injury in the Complaint that is capable of redress.

11.   Plaintiff's claims for alleged injuries and damages are barred, in whole or in part, because the claims for damages are speculative and conjectural.

12.   Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations or repose.

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

13.     Plaintiff has failed to name all necessary and indispensable parties in its action.

14.     Plaintiff's claims are barred, in whole or in part, because Defendant does not owe a legal duty to Plaintiff or, if it owed such a duty, did not breach and/or fully discharged that duty.

15.     Plaintiff's claims are barred, in whole or in part, because, at all relevant times, Defendant exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

16.     Plaintiff's claims are barred, in whole or in part, because none of the alleged acts or omissions of Defendant proximately caused the purported injuries and damages allegedly sustained by Plaintiff.

17.     Upon information and belief, Plaintiff's injuries, damages, or losses, if any, were directly and proximately caused by the intervening acts, superseding acts, and conduct of others, including Plaintiff, over which Defendant had no control, thereby precluding any recovery against Defendant.

18.     Even assuming Defendant was negligent, careless, or reckless in any respect, and that any such conduct on its part operated as a proximate cause of Plaintiff's injuries or damages, all of which are expressly denied, Plaintiff's comparative negligence, carelessness, or recklessness contributed to the cause of Plaintiff's alleged damages.  For that reason, Defendant is not liable to Plaintiff in any sum whatsoever, and/or to the extent that a jury finds Plaintiff at fault for less than fifty percent (50%), Plaintiff's recovery should be reduced by that percentage amount.

19.     Plaintiff's claim for punitive damages is violative of both the United States Constitution and the South Carolina Constitution, and Defendant pleads that sections 15-32-530 *et seq.*, of the South Carolina Code provide a cap to punitive damages potentially available in this matter.

20. Plaintiff also fails to state any basis upon which punitive damages are recoverable against Defendant and, accordingly, Plaintiff's prayer for such damages should be dismissed and/or stricken from the claims pursuant to Rule 12(b)(6) and/or 12(f) of the Federal Rules of Civil Procedure.

21. Pursuant to S.C. Code Ann. § 15-32-520, any proceeding to determine punitive damages should be bifurcated from any trial to determine liability and compensatory damages.

22. Any damages suffered by Plaintiff, which such damages are expressly denied, are the direct and proximate result of Plaintiff's conduct, and its recovery should be barred or, alternatively, reduced in proportion to the same degree as to Plaintiff's comparative fault.

23. Plaintiff has failed to mitigate its damages as required by law and such failure bars Plaintiff's recovery, in whole or in part, against Defendant.

24. Defendant is entitled to a set-off and/or credit of any monies or proceeds received by or on behalf of Plaintiff as a result of the claims alleged in the Complaint, regardless of the source of such monies, prior to any dismissal of or judgment in this matter.

25. Plaintiff's claims are barred, in whole or in part, because Defendant did not own, operate, or otherwise control the facilities described in the Complaints at the time that PFAS is alleged to have migrated out of those facilities.

26. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff cannot establish its alleged injuries were caused by exposure to PFAS from any conduct attributable to Defendant.

27. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot establish that PFAS has been reliably established through scientific means, to be capable of causing Plaintiff's alleged injuries.

44

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

28. Plaintiff's claims are also barred, in whole or in part, to the extent that Plaintiff cannot establish that its residents and/or customers were exposed to sufficient concentrations or amount of PFAS, and/or for sufficient duration, which has been reliably established, through scientific means, to be capable of causing alleged injuries.

29. Any damages Plaintiff may have suffered (which are expressly denied) were not reasonably foreseeable by Defendant at the time of the conduct alleged.

30. Plaintiff's claims against Defendant are barred by the doctrines of unjust enrichment in that Plaintiff seeks to recover costs or damages for construction, operation, and maintenance of public water supply systems after Plaintiff sought and obtained a permit to secure, treat, and distribute public water supplies and for which it received funding from its residents and/or customers, State, Local, and Federal sources, including but not limited to funding to specifically address unexpected contamination in water supplies under the Emergency Response Plans of the Safe Drinking Water Act, 42 U.S.C. §§ 300f to 300j.

31. Plaintiff's claims are preempted or otherwise precluded by State and Federal law to the extent Plaintiff seeks recovery of costs or damages for contamination of water supplies, the enforcement of which is vested exclusively in State and Federal agencies pursuant to State and Federal statutes, including but not limited to the Safe Drinking Water Act, 42 U.S.C. §§ 300f to 300j, the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, and the South Carolina Hazardous Waste Management Act, S.C. Code Ann. § 44-56-10 *et seq*.

32. Plaintiff's claims are barred, in whole or in part, because Defendant neither knew, nor should have known, that any of the substances to which Plaintiff or Plaintiff's property was allegedly exposed were hazardous or constituted a reasonably foreseeable risk of physical harm

by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to Defendant at all times relevant to the claims or causes of action asserted by Plaintiff.

33.    Further, Plaintiff's claims are barred, in whole or in part, because the alleged acts or omissions by Defendant, throughout the relevant and material time period, conformed to the then-existing custom and practice, and Defendant exercised due care and acted in accordance with and/or complied with available technological, medical, scientific, and industrial "state-of-the-art" practice, and/or applicable laws, regulations, standards, and orders.

34.    Plaintiff's claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

35.    Some or all of Plaintiff's claims are not amenable to judicial resolution because of the primary jurisdiction doctrine. *Texas v. Pacific Railway Co. v. Abilene Cotton Oil Co.*, 204 U.S. 426 (1907).

36.    The relief sought is, in whole or in part, within the particular expertise of and is being addressed by federal and state governments, and their relevant agencies, and thus the Court should decline to exercise jurisdiction over these matters pursuant to the doctrine of primary jurisdiction, abstention, and or the doctrine of separation of powers.

37.    The claims and/or damages alleged in the Complaints are barred, in whole or in part, under the doctrine of open and obvious conditions.

38.    The claims and/or damages alleged in the Complaints are barred, in whole or in part, under the doctrine of voluntary exposure.

39.    The claims and/or damages alleged in the Complaints are barred, in whole or in part, under the doctrine of coming to the nuisance.

46

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

40.     The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of primary implied assumption of risk.

41.     Plaintiff's claims are barred, in whole or in part, by the doctrine of election of remedies.

42.     Plaintiff's claims are or may be barred, in whole or in part, because of consent, public necessity, private necessity and/or privilege.

43.     Defendant is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency, including without limitation, acts or omissions made in accordance with applicable statutes, regulations, permits, and industry standards.

44.     Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, res judicata, estoppel, ratification, and unclean hands.

45.     Plaintiff's Complaint is also barred, in whole or in part, by the doctrines of acquiescence, consent, justification, accord and satisfaction, ratification, settlement, or release.

46.     Plaintiff's claims are preempted or barred by the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq.* and the South Carolina Hazardous Waste Management Action, S.C. Code Ann. §§ 44-56-10 *et seq.* to the extent such claims include, encompass or relate to environmental conditions or natural resource damages or losses at any past, present or future facilities, sites, properties, locations or other areas listed on the United States Environmental Protection Agency's National Priority List (Superfund sites), or from which discharges or releases of materials have otherwise come to be located emanating from such facilities, sites, properties, locations or areas.

47.     Plaintiff's claims are barred because they failed to exhaust administrative remedies.

47

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

48.     Plaintiff is not entitled to recover from Defendant more than Defendant's fair, equitable, and proportionate share, if any, of the costs and damages sought by Plaintiff or to otherwise recover from Defendant more than the amount of such relief, if any, for which Defendant is liable.

49.     Plaintiff's claims are barred, in whole or in part, to the extent they seek to impose retroactive liability.  Defendant may not be held liable under retroactive theories not requiring proof of fault or causation.

50.     All claims for injunctive relief in Plaintiff's Complaint is barred because Plaintiff has adequate remedies at law, to the extent its claims are provable.

51.     Plaintiff's claims are barred to the extent that they seek to recover costs, damages, and expenses including, but not limited to, response, assessment, remediation cleanup and/or removal costs that Plaintiff incurred improperly, or that are not related to natural resource restoration or replacement damages.

52.     The damages sought by Plaintiff, if awarded, should be reduced by any amounts they recover from any other sources and Plaintiff is barred from any form of double recovery regardless of the nature or source of such recovery.

53.     Plaintiff's claims are barred, in whole or in part, because Defendant did not know or have reason to know that its wastewater discharge, alone or in conjunction with a discharge or discharges from other sources, would cause pass through or interference, as contemplated by 40 C.F.R. § 403.5(a)(2).

54.     Plaintiff's claims are barred, in whole or in part, by the municipal cost recovery rule. *See United States v. Standard Oil of California*, 332 U.S. 301 (1947).

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

55.     Plaintiff's claims are barred because Defendant's conduct was not a substantial factor in causing the injures alleged.

56.     Plaintiff's claims are barred by the economic loss rule. *Sapp v. Ford Motor Company*, 386 S.C. 143, 687 S.E.2d 47 (2009).

57.     Plaintiff's recovery for any alleged trespass or nuisance, which is expressly denied, is limited to the lost rental value of Plaintiff's real property interest.

58.     Without admitting liability, Defendant alleges that if it is found to have been engaged in any of the activities alleged in the Complaint, such activities were too removed, indefinite, *de minimus* and insufficient to establish a reasonable degree of probability that any such activity caused any alleged injury, damage or loss to Plaintiff.

59.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff cannot establish that its alleged injuries were caused by exposure to PFAS from any product(s) attributable to Defendant.

60.     Defendant asserts and incorporates herein any affirmative defenses asserted or otherwise raised by other defendants in this action to Plaintiff's Complaint.

61.     Defendant has not completed its investigation of Plaintiff's allegations. Defendant intends to act as best it can to inform itself of the pertinent facts and circumstances surrounding the allegations contained in Plaintiff's Complaint. Thus, Defendant hereby gives notice of its intent to assert any further affirmative defenses that they may learn to be supported by facts and law, including but not limited to, that this action is barred in whole or in any part by any applicable statute, contract, release, covenant, or by the doctrine of laches. Defendant reserves the right to amend this Answer to assert any such additional defenses.

**WHEREFORE**, having fully answered the Amended Complaint, Chemtex prays that the Complaint be dismissed with prejudice, that Chemtex be awarded its attorneys' fees and costs associated with defending this action, and for such other and further relief as the Court may deem just and proper.

**WILLIAMS MULLEN**

By: s/John G. Tamasitis
Richard H. Willis (SC Bar No. 6159)
John G. Tamasitis (SC Bar No. 101875)
1230 Main Street, Suite 330
Columbia, SC 29201
Tel. 803.567.4615
Fax: 803.567.4601
rwillis@williamsmullen.com
jtamasitis@williamsmullen.com

*Counsel for Defendants Heiq Chemtex, Inc.
and Defendant Chem-Tex Laboratories, Inc.*

July 16, 2025
Columbia, South Carolina

ELECTRONICALLY FILED - 2025 Jul 16 3:40 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

STATE OF SOUTH CAROLINA

COUNTY OF FLORENCE

IN RE:
PFAS LITIGATION COORDINATED
DOCKET

_____

City of Florence, South Carolina,

     Plaintiff,

v.

AGC Chemicals Americas, Inc.; Aladdin
Manufacturing Corporation; Americhem, Inc.;
Archroma U.S., Inc; Arkema, Inc.; Auria
Albemarle, LLC; Auria Solutions USA, Inc.;
Burlington Industries, Inc.; Carvana, LLC;
Cascades Holding US, Inc.; Celgard, LLC;
Chem-Tex Laboratories, Inc.; Clariant
Corporation; Corteva, Inc.; Daikin America,
Inc.; Delta Mills, Inc., its predecessors,
successors, assigns, and/or responsible parties;
DuPont de Nemours, Inc.; EIDP, Inc.; Elevate
Textiles, Inc.; Goulston Technologies, Inc.;
HeiQ Chemtex, Inc.; Huntsman International,
LLC; INV Performance Surfaces, LLC; J.P.
Stevens & Company, Inc., its predecessors,
successors, assigns, and/or responsible parties;
Marcal Cordova LLC; Mohawk Industries, Inc.;
Solvay Specialty Polymers USA, LLC; The
Chemours Company; and Thuasne, LLC,

     Defendants.

IN THE COURT OF COMMON PLEAS
TWELFTH JUDICIAL CIRCUIT

Case No. 2024-CP-21-02844

**ANSWER TO SECOND AMENDED
COMPLAINT BY DEFENDANTS
AURIA ALBEMARLE, LLC AND
AURIA SOLUTIONS USA, INC.**

Defendants Auria Albemarle, LLC ("Auria Albemarle") and Auria Solutions USA, Inc.

("Auria Solutions USA") (collectively, "Auria"), by and through their undersigned counsel,

hereby file this Answer in response to Plaintiff City of Florence, South Carolina's ("Plaintiff")

Second Amended Complaint ("Complaint").

1

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

**PRELIMINARY STATEMENT**

Auria incorporates the following matters into the responses to each paragraph of the Complaint.

A. The Complaint contains purported references to several documents, third-party publications, and statements that have often been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents, third-party publications, and statements should be considered, if at all, in context and in unmodified form, and Auria hereby respectfully refers the Court to the respective documents, third-party publications, and statements for their complete contents.

B. Except as is expressly admitted, qualified, or explained herein, Auria specifically denies each and every allegation contained in the Complaint, including without limitation any allegations contained in titles, headings, and subparagraphs of the Complaint, and specifically denies any liability to Plaintiff. To the extent that the titles, headings, and subparagraphs of the Complaint are intended to be allegations directed at Auria, they are denied.

C. Auria specifically denies that it contaminated South Carolina waterways with excessive concentrations of PFAS.[1] Furthermore, Auria does not concede that PFAS was present at facilities owned or operated by Auria, nor does Auria concede that it discharged PFAS into any bodies of water.

D. Auria does not concede or adopt any suggestion, implication, or assertion concerning any alleged connection, association, or causal relationship between PFAS and

---

[1] "PFAS" as used herein is a collective reference to the substances at issue in Plaintiff's Complaint: per- and polyfluoroalkyl substances (PFAS); perfluorooctanoic acid (PFOA); perfluorooctanesulfonic acid (PFOS); perfluorononanoic acid (PFNA); perfluorobutane sulfonate (PFBS); perfluorohexane sulfonate (PFHxS); and hexafluoropropylene oxide dimer acid (HFPO-DA or GenX Chemicals).

2

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

purported harm to humans.

## RESPONSE TO STATEMENT OF THE CASE

1. The allegations in Paragraph 1 contain introductory statements to which no response is required. To the extent a response is required, and to the extent the allegations in Paragraph 1 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

2. To the extent the allegations in Paragraph 2 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

3. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies them.

4. Auria admits only that Auria Albemarle operates an industrial manufacturing facility in Albemarle, North Carolina. Further responding, Auria Solutions USA is a separate and distinct entity that neither owns nor operates this industrial facility. To the extent the remaining allegations in Paragraph 4 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

5. To the extent the allegations in Paragraph 5 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

3

6.　　　To the extent the allegations in Paragraph 6 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

7.　　　To the extent the allegations in Paragraph 7 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## <u>RESPONSE TO DISCLAIMER</u>

8.　　　The allegations in Paragraph 8 contain a disclaimer to which no response is required. To the extent a response is required, Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies them.

9.　　　The allegations in Paragraph 9 contain a disclaimer to which no response is required. To the extent a response is required, Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies them.

10.　　　The allegations in Paragraph 10 contain a disclaimer to which no response is required. To the extent a response is required, Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies them.

11.　　　The allegations in Paragraph 11 contain a disclaimer to which no response is required. To the extent a response is required, Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## RESPONSE TO JURISDICTION AND VENUE

12.    The allegations in Paragraph 12 contain conclusions of law to which no response is required.  To the extent a response is required, Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies them.

13.    The allegations in Paragraph 13 contain conclusions of law to which no response is required.  To the extent a response is required, Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies them.

14.    The allegations in Paragraph 14 contain conclusions of law to which no response is required.  To the extent a response is required, Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies them.

## RESPONSE TO PARTIES

15.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies them.

16.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies them.

17.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies them.

18.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies them.

19.    Auria admits only that Auria Albemarle is a Delaware limited liability company, that Auria Solutions USA is a Delaware corporation, and that Auria Albemarle operates an industrial facility located at 313 Bethany Road, Albemarle, North Carolina 28001. Further

responding, Auria Solutions USA is a separate and distinct entity that neither owns nor operates this industrial facility.  Auria denies the remaining allegations in Paragraph 19.

20.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies them.

21.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies them.

22.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies them.

23.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore denies them.

24.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore denies them.

25.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies them.

26.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore denies them.

27.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies them.

28.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore denies them.

29.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

30.     Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore denies them.

31.     Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies them.

32.     Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies them.

33.     Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies them.

34.     Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and therefore denies them.

35.     Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and therefore denies them.

36.     Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and therefore denies them.

37.     Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore denies them.

38.     Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and therefore denies them.

39.     Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and therefore denies them.

40.     Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

41.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and therefore denies them.

42.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and therefore denies them.

## RESPONSE TO FACTUAL ALLEGATIONS

43.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and therefore denies them.

44.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and therefore denies them.

45.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and therefore denies them.

46.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and therefore denies them.

47.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and therefore denies them.

48.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and therefore denies them.

49.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and therefore denies them.

50.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and therefore denies them.

51.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

52. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and therefore denies them.

53. The allegations in Paragraph 53 refer to specific publications from the United States Environmental Protection Agency ("EPA"), to which Auria specifically craves reference and denies any allegations in Paragraph 53 that are in addition to or inconsistent with the terms of those publications.

54. The allegations in Paragraph 54 refer to specific publications from the EPA, to which Auria specifically craves reference and denies any allegations in Paragraph 54 that are in addition to or inconsistent with the terms of those publications.

55. The allegations in Paragraph 55 refer to specific publications from the EPA, to which Auria specifically craves reference and denies any allegations in Paragraph 55 that are in addition to or inconsistent with the terms of those publications.

56. The allegations in Paragraph 56 refer to specific publications from the EPA, to which Auria specifically craves reference and denies any allegations in Paragraph 56 that are in addition to or inconsistent with the terms of those publications.

57. The allegations in Paragraph 57 refer to specific publications from the EPA, to which Auria specifically craves reference and denies any allegations in Paragraph 57 that are in addition to or inconsistent with the terms of those publications.

58. The allegations in Paragraph 58 refer to specific publications from the EPA, to which Auria specifically craves reference and denies any allegations in Paragraph 58 that are in addition to or inconsistent with the terms of those publications.

59.     The allegations in Paragraph 59 refer to specific publications from the EPA, to which Auria specifically craves reference and denies any allegations in Paragraph 59 that are in addition to or inconsistent with the terms of those publications.

60.     The allegations in Paragraph 60 refer to specific publications from the EPA, to which Auria specifically craves reference and denies any allegations in Paragraph 60 that are in addition to or inconsistent with the terms of those publications.

61.     The allegations in Paragraph 61 refer to specific publications from the EPA, to which Auria specifically craves reference and denies any allegations in Paragraph 61 that are in addition to or inconsistent with the terms of those publications.

62.     The allegations in Paragraph 62 refer to specific publications from the EPA, to which Auria specifically craves reference and denies any allegations in Paragraph 62 that are in addition to or inconsistent with the terms of those publications.

63.     The allegations in Paragraph 63 refer to specific publications from the EPA, to which Auria specifically craves reference and denies any allegations in Paragraph 63 that are in addition to or inconsistent with the terms of those publications.

64.     The allegations in Paragraph 64 refer to specific publications from the EPA, to which Auria specifically craves reference and denies any allegations in Paragraph 64 that are in addition to or inconsistent with the terms of those publications.

65.     The allegations in Paragraph 65 refer to specific publications from the EPA, to which Auria specifically craves reference and denies any allegations in Paragraph 65 that are in addition to or inconsistent with the terms of those publications.

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

66. The allegations in Paragraph 66 refer to specific publications from the EPA, to which Auria specifically craves reference and denies any allegations in Paragraph 66 that are in addition to or inconsistent with the terms of those publications.

67. The allegations in Paragraph 67 refer to specific publications from the EPA, to which Auria specifically craves reference and denies any allegations in Paragraph 67 that are in addition to or inconsistent with the terms of those publications.

68. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, and therefore denies them.

69. To the extent the allegations in Paragraph 69 are directed at Auria, upon information and belief, Auria admits only that Auria Albemarle operates an industrial facility in Albemarle, North Carolina, and denies any remaining allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

70. Auria denies that it was the source of any alleged contamination referenced in Paragraph 70. Auria lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70, and therefore denies them.

71. To the extent the allegations in Paragraph 71 are directed at Auria, upon information and belief, Auria admits only that Auria Albemarle operates a manufacturing plant and industrial facility in Albemarle, North Carolina, and denies any remaining allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

72.     To the extent the allegations in Paragraph 72 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

73.     Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and therefore denies them.

74.     To the extent the allegations in Paragraph 74 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

75.     To the extent the allegations in Paragraph 75 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

76.     Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76, and therefore denies them.

77.     To the extent the allegations in Paragraph 77 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

78.     To the extent the allegations in Paragraph 78 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants,

Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

79.     Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79, and therefore denies them.

80.     Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and therefore denies them.

81.     Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81, and therefore denies them.

82.     Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82, and therefore denies them.

83.     Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83, and therefore denies them.

84.     Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and therefore denies them.

85.     The allegations in Paragraph 85 refer to specific publications from Old DuPont and the EPA, to which Auria specifically craves reference and denies any allegations in Paragraph 85 that are in addition to or inconsistent with the terms of those publications.  Auria lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 85, and therefore denies them.

86.     Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86, and therefore denies them.

87.     The allegations in Paragraph 87 refer to specific publications from 3M, to which Auria specifically craves reference and denies any allegations in Paragraph 87 that are in addition

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

to or inconsistent with the terms of those publications. Auria lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 87, and therefore denies them.

88. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88, and therefore denies them.

89. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89, and therefore denies them.

90. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, and therefore denies them.

91. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91, and therefore denies them.

92. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92, and therefore denies them.

93. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93, and therefore denies them.

94. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94, and therefore denies them.

95. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95, and therefore denies them.

96. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96, and therefore denies them.

97. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

98. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98, and therefore denies them.

99. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99, and therefore denies them.

100. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, and therefore denies them.

101. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101, and therefore denies them.

102. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102, and therefore denies them.

103. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103, and therefore denies them.

104. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104, and therefore denies them.

105. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105, and therefore denies them.

106. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106, and therefore denies them.

107. To the extent the allegations in Paragraph 107, including all subparagraphs, are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph, including all subparagraphs, are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

15

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

108.     To the extent the allegations in Paragraph 108 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

109.     To the extent the allegations in Paragraph 109 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

110.     To the extent the allegations in Paragraph 110 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

111.     To the extent the allegations in Paragraph 111 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

112.     To the extent the allegations in Paragraph 112 directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

113.     To the extent the allegations in Paragraph 113 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants,

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

114. To the extent the allegations in Paragraph 114 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

115. To the extent the allegations in Paragraph 115 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

116. To the extent the allegations in Paragraph 116 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

117. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117, and therefore denies them.

118. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118, and therefore denies them.

119. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119, and therefore denies them.

120. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

121.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121, and therefore denies them.

122.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122, and therefore denies them.

123.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123, and therefore denies them.

124.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124, and therefore denies them.

125.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125, and therefore denies them.

126.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126, and therefore denies them.

127.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127, and therefore denies them.

128.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128, and therefore denies them.

129.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129, and therefore denies them.

130.    To the extent the allegations in Paragraph 130 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

131. To the extent the allegations in Paragraph 131 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

132. To the extent the allegations in Paragraph 132 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

133. To the extent the allegations in Paragraph 133 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

134. To the extent the allegations in Paragraph 134, including all subparagraphs, are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph, including all subparagraphs, are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

<u>**RESPONSE TO FIRST CAUSE OF ACTION**</u>
**Private Nuisance**

135. Auria repeats and reasserts its answers and denials to Paragraphs 1 through 134 as if fully set forth herein.

136. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135, and therefore denies them.

137. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

138.    To the extent the allegations in Paragraph 138 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

139.    To the extent the allegations in Paragraph 139 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

140.    To the extent the allegations in Paragraph 140 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

141.    To the extent the allegations in Paragraph 141 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

142.    To the extent the allegations in Paragraph 142 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

143.    To the extent the allegations in Paragraph 143 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants,

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

144. To the extent the allegations in Paragraph 144 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

145. To the extent the allegations in Paragraph 145 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

146. To the extent the allegations in Paragraph 146 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## <u>RESPONSE TO SECOND CAUSE OF ACTION</u>
### Public Nuisance

147. Auria repeats and reasserts its answers and denials to Paragraphs 1 through 146 as if fully set forth herein.

148. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148, and therefore denies them.

149. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149, and therefore denies them.

150. To the extent the allegations in Paragraph 150 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants,

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

151.    To the extent the allegations in Paragraph 151 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

152.    To the extent the allegations in Paragraph 152 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

153.    To the extent the allegations in Paragraph 153 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

154.    To the extent the allegations in Paragraph 154 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

155.    To the extent the allegations in Paragraph 155 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

156.    To the extent the allegations in Paragraph 156 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

157.    To the extent the allegations in Paragraph 157 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

158.    To the extent the allegations in Paragraph 158 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

<u>**RESPONSE TO THIRD CAUSE OF ACTION**</u>
**Trespass**

159.    Auria repeats and reasserts its answers and denials to Paragraphs 1 through 158 as if fully set forth herein.

160.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160, and therefore denies them.

161.    To the extent the allegations in Paragraph 161, including all subparagraphs, are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph, including all subparagraphs, are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

162.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162, including all subparagraphs, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

163.    To the extent the allegations in Paragraph 163, including all subparagraphs, are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph, including all subparagraphs, are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

164.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164, including all subparagraphs, and therefore denies them.

165.    To the extent the allegations in Paragraph 165 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

166.    To the extent the allegations in Paragraph 166 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

167.    To the extent the allegations in Paragraph 167 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

168.    To the extent the allegations in Paragraph 168 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

169.    To the extent the allegations in Paragraph 169 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

170.    To the extent the allegations in Paragraph 170 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## RESPONSE TO FOURTH CAUSE OF ACTION
### Negligence, Gross Negligence, and/or Recklessness

171.    Auria repeats and reasserts its answers and denials to Paragraphs 1 through 170 as if fully set forth herein.

172.    The allegations in Paragraph 172 contain conclusions of law to which no response is required.  To the extent a response is required, and to the extent the allegations in Paragraph 172 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

173.    To the extent the allegations in Paragraph 173 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

174.    To the extent the allegations in Paragraph 174 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants,

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

175.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175, and therefore denies them.

176.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176, and therefore denies them.

177.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177, and therefore denies them.

178.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178, and therefore denies them.

179.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179, and therefore denies them.

180.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180, and therefore denies them.

181.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181, and therefore denies them.

182.    To the extent the allegations in Paragraph 182 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

183.    To the extent the allegations in Paragraph 183 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants,

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

### RESPONSE TO FIFTH CAUSE OF ACTION
**Strict Products Liability – Ultrahazardous Activity**
**(Supplier Defendants)**

184.    Auria repeats and reasserts its answers and denials to Paragraphs 1 through 183 as if fully set forth herein.

185.    Auria denies the allegations in Paragraph 185.

186.    To the extent the allegations in Paragraph 186 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

187.    To the extent the allegations in Paragraph 187 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

188.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188, and therefore denies them.

189.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189, and therefore denies them.

190.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190, and therefore denies them.

191.    To the extent the allegations in Paragraph 191 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants,

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

192.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192, and therefore denies them.

193.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193, and therefore denies them.

194.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194, and therefore denies them.

**RESPONSE TO SIXTH CAUSE OF ACTION**
**Strict Products Liability – Ultrahazardous Activity**
**(Burlington)**

195.    Auria repeats and reasserts its answers and denials to Paragraphs 1 through 194 as if fully set forth herein.

196.    Auria denies the allegations in Paragraph 196.

197.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197, and therefore denies them.

198.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198, and therefore denies them.

199.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199, and therefore denies them.

200.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200, and therefore denies them.

201.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

202.     Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202, and therefore denies them.

203.     Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203, and therefore denies them.

204.     Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204, and therefore denies them.

### RESPONSE TO SEVENTH CAUSE OF ACTION
### Strict Products Liability – Design Defect
### (Supplier Defendants)

205.     Auria repeats and reasserts its answers and denials to Paragraphs 1 through 204 as if fully set forth herein.

206.     Auria denies the allegations in Paragraph 206.

207.     To the extent the allegations in Paragraph 207 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

208.     Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208, and therefore denies them.

209.     Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209, and therefore denies them.

210.     Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210, and therefore denies them.

211.      To the extent the allegations in Paragraph 211, including all subparagraphs, are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph,

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

including all subparagraphs, are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

212. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212, and therefore denies them.

213. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213, and therefore denies them.

214. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214, and therefore denies them.

215. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215, and therefore denies them.

216. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216, and therefore denies them.

217. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217, and therefore denies them.

**RESPONSE TO EIGHTH CAUSE OF ACTION**
**Strict Products Liability – Design Defect**
**(Burlington)**

218. Auria repeats and reasserts its answers and denials to Paragraphs 1 through 217 as if fully set forth herein.

219. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 219, and therefore denies them.

220. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

221. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221, and therefore denies them.

222. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 222, and therefore denies them.

223. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223, and therefore denies them.

224. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224, including all subparagraphs, and therefore denies them.

225. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 225, and therefore denies them.

226. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226, and therefore denies them.

227. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227, and therefore denies them.

228. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 228, and therefore denies them.

229. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 229, and therefore denies them.

230. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## RESPONSE TO NINTH CAUSE OF ACTION
### Strict Products Liability – Failure to Warn
### (Supplier Defendants)

231.    Auria repeats and reasserts its answers and denials to Paragraphs 1 through 230 as if fully set forth herein.

232.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232, and therefore denies them.

233.    To the extent the allegations in Paragraph 233 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

234.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234, and therefore denies them.

235.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235, and therefore denies them.

236.    To the extent the allegations in Paragraph 236 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

237.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237, and therefore denies them.

238.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 238, and therefore denies them.

32

239.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239, and therefore denies them.

240.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240, and therefore denies them.

## RESPONSE TO TENTH CAUSE OF ACTION
### Strict Products Liability – Failure to Warn
### (Burlington)

241.    Auria repeats and reasserts its answers and denials to Paragraphs 1 through 240 as if fully set forth herein.

242.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242, and therefore denies them.

243.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243, and therefore denies them.

244.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244, and therefore denies them.

245.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 245, and therefore denies them.

246.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246, and therefore denies them.

247.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 247, and therefore denies them.

248.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

249.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 249, and therefore denies them.

250.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 250, and therefore denies them.

## RESPONSE TO ELEVENTH CAUSE OF ACTION
### Breach of Implied Warranties
### (Supplier Defendants)

251.    Auria repeats and reasserts its answers and denials to Paragraphs 1 through 250 as if fully set forth herein.

252.    To the extent the allegations in Paragraph 252 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

253.    To the extent the allegations in Paragraph 253 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

254.    To the extent the allegations in Paragraph 254 are directed at Auria, Auria denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Auria lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

255.    Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 255, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

34

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

256. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 256, and therefore denies them.

257. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 257, and therefore denies them.

## RESPONSE TO TWELFTH CAUSE OF ACTION
### Breach of Implied Warranties
### (Burlington)

258. Auria repeats and reasserts its answers and denials to Paragraphs 1 through 257 as if fully set forth herein.

259. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 259, and therefore denies them.

260. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 260, and therefore denies them.

261. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261, and therefore denies them.

262. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 262, and therefore denies them.

263. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 263, and therefore denies them.

264. Auria lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 264, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## RESPONSE TO PRAYER FOR RELIEF

Responding to the WHEREFORE Paragraph that follows Paragraph 264 of Plaintiff's Complaint, Auria denies any and all liability and further denies that Plaintiff is entitled to any of the relief sought in this Paragraph, including subparagraphs (a) through (e).

## AFFIRMATIVE AND OTHER DEFENSES

Auria asserts the following defenses to the Complaint.  By providing notice of these defenses, Auria does not admit or acknowledge that it bears the burden of proof or burden of persuasion with respect to any such defense.  Auria reserves its rights to: (1) alter or amend this list; (2) assert additional defenses or withdraw any of these defenses as may be appropriate following fact or expert discovery; and (3) rely on any other applicable defenses set forth in any Answer or notices of defenses provided by any other defendant in this action.  Independent of these defenses, Auria further demands that Plaintiff satisfy its burden to provide sufficient evidence under the applicable burden of proof for each and every element of each of its claims for which it seeks relief.

## FIRST DEFENSE

1.      The Complaint, and each cause of action or count alleged therein, fails to state a claim, in whole or in part, upon which relief may be granted under the governing substantive and procedural law.

## SECOND DEFENSE

2.      Plaintiff's claims fail as to Auria Solutions USA because Auria Solutions USA neither owns nor operates any industrial facility at issue in Plaintiff's Complaint.

36

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## THIRD DEFENSE

3.      Plaintiff's Complaint fails, in whole or in part, to state a claim for relief and should be dismissed in its entirety pursuant to Rules 12(b)(6) and 12(c) of the South Carolina Rules of Civil Procedure ("SCRCP"), or other applicable law.

## FOURTH DEFENSE

4.      Plaintiff's Complaint fails, in whole or in part, to join indispensable parties and should be dismissed pursuant to Rules 12(b)(7) and 19(a), SCRCP, or other applicable law.

## FIFTH DEFENSE

5.      Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations and/or repose.

## SIXTH DEFENSE

6.      Plaintiff's claims are barred, in whole or in part, because they are not ripe for adjudication.

## SEVENTH DEFENSE

7.      Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert them.

## EIGHTH DEFENSE

8.      Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## NINTH DEFENSE

9.      Plaintiff's claims are barred, in whole or in part, because Plaintiff is not the real party in interest or lacks capacity to bring its claims, including claims indirectly maintained on behalf of its' citizens and/or customers and claims brought as *parens patriae*.

37

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

**TENTH DEFENSE**

10.    Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has failed to exhaust administrative remedies.

**ELEVENTH DEFENSE**

11.    Plaintiff's claims may be barred, in whole or in part, by the doctrine of estoppel and/or waiver.

**TWELFTH DEFENSE**

12.    Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**THIRTEENTH DEFENSE**

13.    Plaintiff's claims may be barred, in whole or in part, by the doctrine of election of remedies.

**FOURTEENTH DEFENSE**

14.    Pursuant to the South Carolina Contribution Among Tortfeasors Act, S.C. Code Ann. § 15-38-10, *et seq.*, any damages recoverable from Auria should be limited to the percentage of the relative degree of fault of Auria as compared with other parties to this action, if any, as well as other persons or entities not presently before this Court.

**FIFTEENTH DEFENSE**

15.    Any alleged injuries and/or damages sustained by Plaintiff may have been caused or contributed to by the negligence, omissions or actual conduct of Plaintiff and/or other persons, firms, corporations, or entities over whom Auria had no control or right of control and for whom Auria is not responsible.

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

**SIXTEENTH DEFENSE**

16.    Any alleged injuries and/or damages sustained by Plaintiff may be barred, in whole or in part, by the doctrines of intervening cause and/or superseding cause.

**SEVENTEENTH DEFENSE**

17.    Plaintiff's claims may be barred, in whole or in part, under the doctrines of contributory negligence and/or comparative fault, and/or other applicable common law or statutory doctrines.

**EIGHTEENTH DEFENSE**

18.    Plaintiff's claims may be barred, in whole or in part, because Auria's products were in conformity with (i) any federal, state or other regulations, standards, guidelines, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; and (iii) generally recognized and prevailing industry standards; and (iv) state of the art in existence at the time the design was prepared and the products were manufactured, handled, sold, distributed, and/or used.

**NINETEENTH DEFENSE**

19.    Any product manufactured, handled, designed, sold, distributed, or used by Auria and alleged to have caused harm to Plaintiff was, at the time, safer than any reasonable or feasible alternative designs, and any alternative designs would have been less safe, more likely to have caused injury or otherwise not feasible for their intended use.

**TWENTIETH DEFENSE**

20.    Plaintiff's claims may be barred, in whole or in part, because federal, state, and/or local authorities, departments and/or agencies authorized, ratified, or were aware of and acquiesced to actions taken by Auria that are the subject of Plaintiff's claims. Auria is not

39

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority, department or agency.

## TWENTY-FIRST DEFENSE

21.    Plaintiff's claims may be barred, in whole or in part, under the doctrine of Federal Preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issues by Congress, federal agencies, or the executive branch.

## TWENTY-SECOND DEFENSE

22.    Auria asserts its rights to allocation, setoff or apportionment of fault pursuant to applicable law, as well as its rights to a proportionate reduction of any damages found against Auria based on the negligence, omissions or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiff.

## TWENTY-THIRD DEFENSE

23.    An award of judgment rendered in favor of Plaintiff must be reduced by the amount of compensation Plaintiff received, or is entitled to receive, from any source as a result of Plaintiff's alleged injuries.

## TWENTY-FOURTH DEFENSE

24.    Plaintiff may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on Plaintiff's part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiff's failure to mitigate damages, if any.

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## TWENTY-FIFTH DEFENSE

25.     Auria and its agents and/or employees acted with due care and otherwise conducted themselves at all relevant times as reasonable people and/or entities under the circumstances.

## TWENTY-SIXTH DEFENSE

26.     Auria has satisfied, fulfilled and performed each and every obligation and duty imposed by law, if any, to the full extent of its responsibility.

## TWENTY-SEVENTH DEFENSE

27.     Any alleged injury, damage or loss sustained by Plaintiff in connection with the subject matter of this action was not reasonably foreseeable to Auria.

## TWENTY-EIGHTH DEFENSE

28.     Plaintiff's claims fail as a matter of substantive law and violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution and the South Carolina Constitution to the extent that by relying on market share or other aggregate proof of causation or liability, Plaintiff seeks to deprive Auria of procedural and substantive safeguards including, but not limited to, statutory and common law defenses to liability and causation generally.

## TWENTY-NINTH DEFENSE

29.     Plaintiff's claims may be barred for lack of proximate causation between any alleged act, omission, or product of Auria and the claims, damages, and harm alleged in Plaintiff's Complaint.

41

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## THIRTIETH DEFENSE

30.     Plaintiff's claims are barred, in whole or in part, because Plaintiff fails to identify any specific product of Auria which was allegedly manufactured, handled, sold, distributed, or used and caused the alleged injury.

## THIRTY-FIRST DEFENSE

31.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff cannot prove that its alleged injuries were caused by exposure to PFAS allegedly contained in any product(s) manufactured, handled, distributed, used, or sold by Auria.

## THIRTY-SECOND DEFENSE

32.     Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot prove that PFAS has been reliably established, through scientific means, to be capable of causing Plaintiff's alleged injuries.

## THIRTY-THIRD DEFENSE

33.     Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot establish that Plaintiff was exposed to a sufficient concentration or amount of PFAS, and/or for a sufficient duration, that has been reliably established, through scientific means, to be capable of causing Plaintiff's alleged injuries.

## THIRTY-FOURTH DEFENSE

34.     Plaintiff's purported exposure to products manufactured, handled, distributed, used or sold by Auria, if any, was too removed, indefinite, *de minimis* and insufficient to establish a reasonable degree of probability that any such product caused any alleged injury, damage or loss to Plaintiff.

42

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## THIRTY-FIFTH DEFENSE

35.     Auria cannot be held jointly and severally liable for the acts or omissions of third parties or other parties because their acts or omissions were separate and distinct and the alleged harm is divisible from and greater than any harm allegedly caused by acts, omissions, or products of Auria.

## THIRTY-SIXTH DEFENSE

36.     Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks to retroactively impose liability for conduct that was not actionable at the time it occurred, and Auria may not be held liable under retroactive theories not requiring proof or fault or causation.

## THIRTY-SEVENTH DEFENSE

37.     Plaintiff's claims are barred, in whole or in part, because Auria neither knew, nor should have known, that any of the chemicals or substances to which Plaintiff was allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm by virtue of the prevailing state of medical, scientific, technical, and/or industrial knowledge available to Auria at all times relevant to the claims or causes of action asserted by Plaintiff.

## THIRTY-EIGHTH DEFENSE

38.     Auria is entitled to all procedural, substantive, and other protections, caps, and limitations provided by applicable state statutes and other state laws regarding Plaintiff's claims for compensatory and punitive damages.

## THIRTY-NINTH DEFENSE

39.     Auria specifically pleads the application of S.C. Code Ann. § 15-32-530 to this action.

43

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## FORTIETH DEFENSE

40.     The Complaint fails to state a claim upon which punitive damages may be awarded. Nor did Auria engage in any conduct that would permit an award of punitive damages. And, any award of punitive damages would violate the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution, the excessive fines clause of the Eighth Amendment to the United States Constitution, and various articles and sections of the South Carolina Constitution.

## FORTY-FIRST DEFENSE

41.     Plaintiff's claims may be barred, in whole or in part, by the political question and separation of powers doctrines because their claims implicate issues of statewide importance that are reserved for state regulation.

## FORTY-SECOND DEFENSE

42.     Plaintiff's claims against Auria may not arise out of the same transactions or occurrences as their claims against other defendants, as required for proper joinder of parties.

## FORTY-THIRD DEFENSE

43.     Plaintiff's claims may be barred, in whole or in part, by the Due Process or Ex Post Facto clauses of the Constitution of the United States or the Constitution of the State of South Carolina.

## FORTY-FOURTH DEFENSE

44.     To the extent Plaintiff seeks equitable relief, Plaintiff is not entitled to equitable relief because Plaintiff has an adequate remedy at law and the alleged harm is not irreparable.

44

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## FORTY-FIFTH DEFENSE

45.    Plaintiff's claims are barred, in whole or in part, by the free public services doctrine and by the municipal cost recovery doctrine.

## FORTY-SIXTH DEFENSE

46.    Plaintiff's claims are barred to the extent that Plaintiff's alleged damages are speculative, uncertain, and hypothetical.

## FORTY-SEVENTH DEFENSE

47.    Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any damages.

## FORTY-EIGHTH DEFENSE

48.    Plaintiff's damages, if any, may have been the direct and proximate result of facts and circumstances over which Auria exercises no control.

## FORTY-NINTH DEFENSE

49.    Plaintiff's nuisance claims are barred, in whole or in part, because they lack the legal authority or standing to bring a nuisance claim under applicable law.

## FIFTIETH DEFENSE

50.    Plaintiff's nuisance claims are barred, in whole or in part, because Auria did not create, cause, continue, or maintain the alleged nuisance or otherwise have control over the cause of the alleged harm.

## FIFTY-FIRST DEFENSE

51.    Plaintiff's private nuisance claim is barred, in whole or in part, because Auria did not unreasonably interfere with Plaintiff's ownership or possession of land.

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## FIFTY-SECOND DEFENSE

52.     Plaintiff's nuisance claim is barred, in whole or in part, because the alleged contamination of a public body of water was not so intermittent or periodical as described to be considered continuing.

## FIFTY-THIRD DEFENSE

53.     Plaintiff's nuisance claim is barred, in whole or in part, under the doctrine of coming to the nuisance.

## FIFTY-FOURTH DEFENSE

54.     Plaintiff's public nuisance claim is barred, in whole or in part, because no action of Auria involved the interference with real or personal property, the alleged public nuisance would have impermissible extraterritorial reach, and the alleged conduct of Auria is too remote from the alleged injury as a matter of law and due process.

## FIFTY-FIFTH DEFENSE

55.     Plaintiff's public nuisance claim fails because Plaintiff is not a private person bringing an action for damages to real or personal property.

## FIFTY-SIXTH DEFENSE

56.     Plaintiff's public nuisance claim fails because Plaintiff fails to allege facts showing that Auria controlled the instrumentality of the alleged nuisance.

## FIFTY-SEVENTH DEFENSE

57.     Plaintiff's public nuisance claim fails because Plaintiff failed to plead that it suffered a particular damage beyond that which the public has experienced.

46

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## FIFTH-EIGHTH DEFENSE

58.    Plaintiff's trespass claim fails because Auria did not interfere with Plaintiff's right to the exclusive, peaceable possession of its property.

## FIFTY-NINTH DEFENSE

59.    Plaintiff's trespass claim fails because Plaintiff does not have an exclusive right to the water at issue.

## SIXTIETH DEFENSE

60.    Plaintiff's trespass claim fails because there was no intentional, unauthorized entry onto Plaintiff's property.

## SIXTY-FIRST DEFENSE

61.    Plaintiff's trespass claim fails because PFAS are not tangible substances.

## SIXTY-SECOND DEFENSE

62.    Plaintiff's tort-based claims fail because Auria does not owe Plaintiff a duty under governing law.

## SIXTY-THIRD DEFENSE

63.    Plaintiff's tort-based claims fail because Auria did not breach any duty allegedly owed to Plaintiff.

## SIXTY-FOURTH DEFENSE

64.    Plaintiff has alleged an injury that, as a matter of law, does not support a recovery in tort.

## SIXTY-FIFTH DEFENSE

65.    Plaintiff cannot obtain relief on its claims based on actions undertaken by Auria of which Auria provided adequate notice or warnings.

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## SIXTY-SIXTH DEFENSE

66.    Plaintiff's claims may be barred, in whole or in part, because Auria complied at all relevant times with all applicable laws, including all legal and regulatory duties.

## SIXTY-SEVENTH DEFENSE

67.    To the extent Plaintiff seeks recovery of attorneys' fees and costs, Plaintiff is not entitled to any attorneys' fees or costs associated with this action because no statute or contract exists that would give Plaintiff the right to recover such fees or costs, and because Auria did not act in a manner that gives rise to such a claim in this lawsuit.

## SIXTY-EIGHTH DEFENSE

68.    Plaintiff's claims may be barred, in whole or in part, by the doctrine of spoliation of evidence and Auria reserves the right to raise the spoliation doctrine as a defense to Plaintiff's claims if some or all of the evidence has not been properly preserved.

## SIXTY-NINTH DEFENSE

69.    Plaintiff's claims may be barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of the risk, open and obvious conditions, and/or failure to heed any applicable warnings.

## SEVENTIETH DEFENSE

70.    Plaintiff's claims should be dismissed or stayed, in whole or in part, based on the primary jurisdiction doctrine.  The relief sought is, in whole or in part, within the particular expertise of and is being addressed by federal and state governments and their relevant agencies, and thus, the Court should decline to exercise jurisdiction over these matters.

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## SEVENTY-FIRST DEFENSE

71.     Plaintiff's alleged claims are preempted or barred by the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq.* and the South Carolina Hazardous Waste Management Action, S.C. Code Ann. 44-56-10 *et seq.* to the extent such claims include, encompass or relate to environmental conditions or natural resource damages or losses at any past, present or future facilities, sites, properties, locations or other areas listed on EPA's National Priority List (Superfund sites), or from which discharges or releases of materials have otherwise come to be located emanating from such facilities, sites, properties, locations or areas.

## SEVENTY-SECOND DEFENSE

72.     Plaintiff's claims are premature to the extent that neither the State nor the United States Environmental Protection Agency have set final water quality standards, minimum contaminant levels, acceptable soil cleanup levels, or other regulatory standards that are necessary to evaluate whether Plaintiff has suffered an injury.

## SEVENTY-THIRD DEFENSE

73.     Plaintiff's claims are barred, in whole or in part, under the bulk suppliers, component part supplier, sophisticated-purchasers, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

## SEVENTY-FOURTH DEFENSE

74.     Plaintiff's Complaint should be dismissed because Auria did not design, market, sell, advertise, or distribute PFAS, and is not the successor to any corporation that may have designed, marketed, sold, advertised or distributed any PFAS.

49

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## SEVENTY-FIFTH DEFENSE

75.     Plaintiff's claims are barred, in whole or in part, because Auria did not contribute any PFAS to any alleged discharge from its facility.

## SEVENTY-SIXTH DEFENSE

76.     Plaintiff's claims are or may be barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

## SEVENTY-SEVENTH DEFENSE

77.     Plaintiff's claims are barred to the extent the "permit shield" doctrine and "federally permitted release" defense applies because any leachate was discharged pursuant to lawful permits.

## SEVENTY-EIGHTH DEFENSE

78.     Plaintiff's damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Auria, and in the event that Auria is found to be liable to Plaintiff, Auria will be entitled to indemnification, contribution, and/or apportionment.

## SEVENTY-NINTH DEFENSE

79.     Plaintiff's claims against Auria are barred or limited by the economic loss rule.

## EIGHTIETH DEFENSE

80.     To the extent Plaintiff has split their claims, Plaintiff's claims are barred in whole, or in part, by the doctrine prohibiting claim splitting.

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## EIGHTY-FIRST DEFENSE

81.     Plaintiff's claims are barred, in whole or in part, for failing to link any of their alleged exposure or alleged injuries to any of Auria's alleged discharges.

## EIGHTY-SECOND DEFENSE

82.     Plaintiff's claims are barred by the doctrine of unjust enrichment in that Plaintiff seeks to recover costs or damages for construction, operation, and maintenance of public water supply systems after Plaintiff sought and obtained a permit to secure, treat, and distribute public water supplies and for which it received funding from its residents and/or customers, State, Local, and Federal sources, including but not limited to funding to specifically address unexpected contamination in water supplies under the Emergency Response Plans of the Safe Drinking Water Act, 42 U.S.C. §§ 300f to 300j.

## EIGHTY-THIRD DEFENSE

83.     Plaintiff's claims are barred, in whole or in part, because Auria did not know or have reason to know that its alleged wastewater discharge, alone or in conjunction with a discharge or discharges from other sources, would cause pass through or interference, as contemplated by 40 C.F.R. § 403.5(a)(2).

## EIGHTY-FOURTH DEFENSE

84.     Plaintiff is not entitled to injunctive, declaratory, or any other form of equitable relief because it has a plain, common, adequate remedy at law.

## EIGHTY-FIFTH DEFENSE

85.     Auria adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

51

## RESERVATION OF RIGHTS

Auria hereby reserves the right to amend this Answer, raise additional defenses as may be discovered during the course of this litigation and its continuing factual investigations, add cross-claims, or assert third-party claims pursuant to the provisions of the South Carolina Rules of Civil Procedure, the substantive law of South Carolina, and the inherent authority of this Court to manage the procedural aspects of this litigation.

WHEREFORE, having fully answered Plaintiff's Complaint, Auria denies that Plaintiff is entitled to any of the relief requested in the Complaint, and respectfully prays for the dismissal of Plaintiff's Complaint with prejudice and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

s/ Konstantine P. Diamaduros
Rivers S. Stilwell (Fed. ID No. 2108)
Konstantine P. Diamaduros (Fed. ID No. 12368)
Connor B. Bauknight (Fed. ID No. 13506)
MAYNARD NEXSEN PC
104 South Main Street, Suite 900 (29601)
Post Office Drawer 10648
Greenville, SC 29603-0648
Telephone: 864.370.2211
Facsimile: 864.282.1177
RStilwell@maynardnexsen.com
KDiamaduros@maynardnexsen.com
CBauknight@maynardnexsen.com

*Attorneys for Defendants Auria Albemarle, LLC and Auria Solutions USA, Inc.*

July 17, 2025
Greenville, South Carolina

ELECTRONICALLY FILED - 2025 Jul 17 11:47 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF FLORENCE<br><br>IN RE:<br>PFAS LITIGATION COORDINATED DOCKET<br><br>―――――――――――――――――――<br><br>City of Florence, South Carolina,<br><br>       Plaintiff,<br><br>v.<br><br>AGC Chemicals Americas, Inc.; Aladdin Manufacturing Corporation; Americhem, Inc.; Archroma U.S., Inc; Arkema, Inc.; Auria Albemarle, LLC; Auria Solutions USA, Inc.; Burlington Industries, Inc.; Carvana, LLC; Cascades Holding US, Inc.; Celgard, LLC; Chem-Tex Laboratories, Inc.; Clariant Corporation; Corteva, Inc.; Daikin America, Inc.; Delta Mills, Inc., its predecessors, successors, assigns, and/or responsible parties; DuPont de Nemours, Inc.; EIDP, Inc.; Elevate Textiles, Inc.; Goulston Technologies, Inc.; HeiQ Chemtex, Inc.; Huntsman International, LLC; INV Performance Surfaces, LLC; J.P. Stevens & Company, Inc., its predecessors, successors, assigns, and/or responsible parties; Marcal Cordova LLC; Mohawk Industries, Inc.; Solvay Specialty Polymers USA, LLC; The Chemours Company; and Thuasne, LLC,<br><br>       Defendants. | IN THE COURT OF COMMON PLEAS<br>TWELFTH JUDICIAL CIRCUIT<br><br><br>Case No. 2024-CP-21-02844<br><br><br><br>**DEFENDANT BURLINGTON INDUSTRIES, INC.'S ANSWER TO SECOND AMENDED COMPLAINT** |

Defendant Burlington Industries, Inc. ("Burlington"), by and through its undersigned counsel, hereby files this Answer in response to Plaintiff City of Florence, South Carolina's ("Plaintiff") Second Amended Complaint ("Complaint").

1

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

**PRELIMINARY STATEMENT**

Burlington incorporates the following matters into the responses to each paragraph of the Complaint.

A.     Burlington was a Delaware corporation authorized to do business in South Carolina until its dissolution in 2004.  Burlington has been in receivership since May 13, 2022, which is when the South Carolina Circuit Court appointed Peter McCoy, Jr. as the receiver for Burlington ("Receiver").  All responses and defenses contained in this Answer are made on behalf of Burlington's Receiver and should not be construed as a response on behalf of any other Burlington or Burlington-related entity.

B.     An investigation on behalf of the Receiver into the facts and circumstances related to this matter is ongoing.  This investigation is not complete and, therefore, the following responses and defenses should not be construed as factual representations of the Receiver.  Rather, they are based upon, and therefore necessarily limited by, the facts and information presently available to the Receiver.  Burlington reserves the right to seek to amend and/or supplement its Answer as may be appropriate or necessary in accordance with the South Carolina Rules of Civil Procedure.

C.     Burlington submits this Answer only on behalf of itself in receivership.  Where allegations are made against "Defendants" as a group, however described, Burlington's responses only apply to itself in receivership.

D.     The Complaint contains purported references to several documents, third-party publications, and statements that have often been excerpted, paraphrased, characterized, and otherwise taken out of context.  These documents, third-party publications, and statements should be considered, if at all, in context and in unmodified form, and Burlington hereby respectfully

2

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

refs the Court to the respective documents, third-party publications, and statements for their complete contents.

E.      Except as is expressly admitted, qualified, or explained herein, Burlington specifically denies each and every allegation contained in the Complaint, including without limitation any allegations contained in titles, headings, and subparagraphs of the Complaint, and specifically denies any liability to Plaintiff.  To the extent that the titles, headings, and subparagraphs of the Complaint are intended to be allegations directed at Burlington, they are denied.

F.      Burlington specifically denies that it contaminated South Carolina waterways with excessive concentrations of PFAS.[1]  Furthermore, Burlington does not concede that PFAS was present at facilities owned or operated by Burlington, nor does Burlington concede that it discharged PFAS into any bodies of water.

G.      Burlington does not concede or adopt any suggestion, implication, or assertion concerning any alleged connection, association, or causal relationship between PFAS and purported harm to humans.

<b><u>RESPONSE TO STATEMENT OF THE CASE</u></b>

1.      The allegations in Paragraph 1 contain introductory statements to which no response is required.  To the extent a response is required, and to the extent the allegations in Paragraph 1 are directed at Burlington, Burlington denies the allegations.  To the extent the

---

[1] "PFAS" as used herein is a collective reference to the substances at issue in Plaintiff's Complaint: per- and polyfluoroalkyl substances (PFAS); perfluorooctanoic acid (PFOA); perfluorooctanesulfonic acid (PFOS); perfluorononanoic acid (PFNA); perfluorobutane sulfonate (PFBS); perfluorohexane sulfonate (PFHxS); and hexafluoropropylene oxide dimer acid (HFPO-DA or GenX Chemicals).

3

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

2.       To the extent the allegations in Paragraph 2 are directed at Burlington, Burlington denies the allegations.  To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

3.       Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies them.

4.       Upon information and belief, Burlington admits only that it owned and/or operated industrial manufacturing facilities upstream of Plaintiff's water intakes.  To the extent the remaining allegations in Paragraph 4 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

5.       To the extent the allegations in Paragraph 5 are directed at Burlington, Burlington denies the allegations.  To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

6.       To the extent the allegations in Paragraph 6 are directed at Burlington, Burlington denies the allegations.  To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

4

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

7.      To the extent the allegations in Paragraph 7 are directed at Burlington, Burlington denies the allegations.  To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

### RESPONSE TO DISCLAIMER

8.      The allegations in Paragraph 8 contain a disclaimer to which no response is required.  To the extent a response is required, Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies them.

9.      The allegations in Paragraph 9 contain a disclaimer to which no response is required.  To the extent a response is required, Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies them.

10.      The allegations in Paragraph 10 contain a disclaimer to which no response is required.  To the extent a response is required, Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies them.

11.      The allegations in Paragraph 11 contain a disclaimer to which no response is required.  To the extent a response is required, Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

**RESPONSE TO JURISDICTION AND VENUE**

12.     The allegations in Paragraph 12 contain conclusions of law to which no response is required.  To the extent a response is required, Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies them.

13.     The allegations in Paragraph 13 contain conclusions of law to which no response is required.  To the extent a response is required, Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies them.

14.     The allegations in Paragraph 14 contain conclusions of law to which no response is required.  To the extent a response is required, Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies them.

**RESPONSE TO PARTIES**

15.     Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies them.

16.     Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies them.

17.     Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies them.

18.     Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

19.     Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies them.

20.     Burlington admits that it was a Delaware corporation authorized to do business in South Carolina until its dissolution in 2004, and that on May 13, 2022, the South Carolina Circuit Court appointed Peter McCoy, Jr., as the receiver for Burlington.  Upon information and belief, Burlington further admits that it was the owner and operator of an industrial facility located in Society Hill, South Carolina, which is a former textile mill and finishing facility bordering Cedar Creek and the Great Pee Dee River.  Burlington denies the remaining allegations in Paragraph 20.

21.     Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies them.

22.     Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies them.

23.     Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore denies them.

24.     Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore denies them.

25.     Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies them.

26.     Upon information and belief, Burlington admits only that it previously owned and operated an industrial facility located in Rockingham, North Carolina.  To the extent the remaining allegations in Paragraph 26 are directed at Burlington, Burlington denies them.  To the extent the remaining allegations in this Paragraph are directed at other defendants, Burlington

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

lacks knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies them.

27.     Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies them.

28.     Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore denies them.

29.     Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore denies them.

30.     Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore denies them.

31.     Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies them.

32.     Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies them.

33.     Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies them.

34.     Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and therefore denies them.

35.     Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and therefore denies them.

36.     Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

37. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore denies them.

38. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and therefore denies them.

39. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and therefore denies them.

40. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and therefore denies them.

41. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and therefore denies them.

42. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and therefore denies them.

### RESPONSE TO FACTUAL ALLEGATIONS

43. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and therefore denies them.

44. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and therefore denies them.

45. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and therefore denies them.

46. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and therefore denies them.

47. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

48.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and therefore denies them.

49.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and therefore denies them.

50.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and therefore denies them.

51.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and therefore denies them.

52.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and therefore denies them.

53.    The allegations in Paragraph 53 refer to specific publications from the United States Environmental Protection Agency ("EPA"), to which Burlington specifically craves reference and denies any allegations in Paragraph 53 that are in addition to or inconsistent with the terms of those publications.

54.    The allegations in Paragraph 54 refer to specific publications from the EPA, to which Burlington specifically craves reference and denies any allegations in Paragraph 54 that are in addition to or inconsistent with the terms of those publications.

55.    The allegations in Paragraph 55 refer to specific publications from the EPA, to which Burlington specifically craves reference and denies any allegations in Paragraph 55 that are in addition to or inconsistent with the terms of those publications.

56.    The allegations in Paragraph 56 refer to specific publications from the EPA, to which Burlington specifically craves reference and denies any allegations in Paragraph 56 that are in addition to or inconsistent with the terms of those publications.

57. The allegations in Paragraph 57 refer to specific publications from the EPA, to which Burlington specifically craves reference and denies any allegations in Paragraph 57 that are in addition to or inconsistent with the terms of those publications.

58. The allegations in Paragraph 58 refer to specific publications from the EPA, to which Burlington specifically craves reference and denies any allegations in Paragraph 58 that are in addition to or inconsistent with the terms of those publications.

59. The allegations in Paragraph 59 refer to specific publications from the EPA, to which Burlington specifically craves reference and denies any allegations in Paragraph 59 that are in addition to or inconsistent with the terms of those publications.

60. The allegations in Paragraph 60 refer to specific publications from the EPA, to which Burlington specifically craves reference and denies any allegations in Paragraph 60 that are in addition to or inconsistent with the terms of those publications.

61. The allegations in Paragraph 61 refer to specific publications from the EPA, to which Burlington specifically craves reference and denies any allegations in Paragraph 61 that are in addition to or inconsistent with the terms of those publications.

62. The allegations in Paragraph 62 refer to specific publications from the EPA, to which Burlington specifically craves reference and denies any allegations in Paragraph 62 that are in addition to or inconsistent with the terms of those publications.

63. The allegations in Paragraph 63 refer to specific publications from the EPA, to which Burlington specifically craves reference and denies any allegations in Paragraph 63 that are in addition to or inconsistent with the terms of those publications.

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

64.     The allegations in Paragraph 64 refer to specific publications from the EPA, to which Burlington specifically craves reference and denies any allegations in Paragraph 64 that are in addition to or inconsistent with the terms of those publications.

65.     The allegations in Paragraph 65 refer to specific publications from the EPA, to which Burlington specifically craves reference and denies any allegations in Paragraph 65 that are in addition to or inconsistent with the terms of those publications.

66.     The allegations in Paragraph 66 refer to specific publications from the EPA, to which Burlington specifically craves reference and denies any allegations in Paragraph 66 that are in addition to or inconsistent with the terms of those publications.

67.     The allegations in Paragraph 67 refer to specific publications from the EPA, to which Burlington specifically craves reference and denies any allegations in Paragraph 67 that are in addition to or inconsistent with the terms of those publications.

68.     Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, and therefore denies them.

69.     To the extent the allegations in Paragraph 69 are directed at Burlington, upon information and belief, Burlington admits only that it owned and/or operated industrial facilities upstream of Plaintiff's water intake and denies any remaining allegations.  To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

70.     Burlington denies that it was the source of any alleged contamination referenced in Paragraph 70. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

71.    To the extent the allegations in Paragraph 71 are directed at Burlington, upon information and belief, Burlington admits only that it owned and/or operated certain manufacturing plants and industrial facilities upstream of Plaintiff's water intake and denies any remaining allegations.  To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

72.    To the extent the allegations in Paragraph 72 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

73.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and therefore denies them.

74.    To the extent the allegations in Paragraph 74 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

75.    To the extent the allegations in Paragraph 75 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

76.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76, and therefore denies them.

77.    To the extent the allegations in Paragraph 77 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

78.    To the extent the allegations in Paragraph 78 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

79.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79, and therefore denies them.

80.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and therefore denies them.

81.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81, and therefore denies them.

82.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82, and therefore denies them.

83.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83, and therefore denies them.

84.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and therefore denies them.

85.    The allegations in Paragraph 85 refer to specific publications from Old DuPont and the EPA, to which Burlington specifically craves reference and denies any allegations in Paragraph 85 that are in addition to or inconsistent with the terms of those publications.

14

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Burlington lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 85, and therefore denies them.

86.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86, and therefore denies them.

87.    The allegations in Paragraph 87 refer to specific publications from 3M, to which Burlington specifically craves reference and denies any allegations in Paragraph 87 that are in addition to or inconsistent with the terms of those publications.  Burlington lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 87, and therefore denies them.

88.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88, and therefore denies them.

89.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89, and therefore denies them.

90.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, and therefore denies them.

91.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91, and therefore denies them.

92.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92, and therefore denies them.

93.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93, and therefore denies them.

94.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

95. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95, and therefore denies them.

96. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96, and therefore denies them.

97. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97, and therefore denies them.

98. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98, and therefore denies them.

99. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99, and therefore denies them.

100. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, and therefore denies them.

101. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101, and therefore denies them.

102. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102, and therefore denies them.

103. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103, and therefore denies them.

104. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104, and therefore denies them.

105. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

106.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106, and therefore denies them.

107.    To the extent the allegations in Paragraph 107, including all subparagraphs, are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph, including all subparagraphs, are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

108.    To the extent the allegations in Paragraph 108 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

109.    To the extent the allegations in Paragraph 109 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

110.    To the extent the allegations in Paragraph 110 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

111.    To the extent the allegations in Paragraph 111 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

112. To the extent the allegations in Paragraph 112 directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

113. To the extent the allegations in Paragraph 113 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

114. To the extent the allegations in Paragraph 114 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

115. To the extent the allegations in Paragraph 115 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

116. To the extent the allegations in Paragraph 116 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

117. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

118.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118, and therefore denies them.

119.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119, and therefore denies them.

120.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120, and therefore denies them.

121.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121, and therefore denies them.

122.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122, and therefore denies them.

123.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123, and therefore denies them.

124.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124, and therefore denies them.

125.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125, and therefore denies them.

126.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126, and therefore denies them.

127.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127, and therefore denies them.

128.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

129.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129, and therefore denies them.

130.    To the extent the allegations in Paragraph 130 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

131.    To the extent the allegations in Paragraph 131 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

132.    To the extent the allegations in Paragraph 132 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

133.    To the extent the allegations in Paragraph 133 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

134.    To the extent the allegations in Paragraph 134, including all subparagraphs, are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph, including all subparagraphs, are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

20

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## RESPONSE TO FIRST CAUSE OF ACTION
### Private Nuisance

135. Burlington repeats and reasserts its answers and denials to Paragraphs 1 through 134 as if fully set forth herein.

136. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136, and therefore denies them.

137. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137, and therefore denies them.

138. To the extent the allegations in Paragraph 138 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

139. To the extent the allegations in Paragraph 139 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

140. To the extent the allegations in Paragraph 140 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

141. To the extent the allegations in Paragraph 141 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

142.    To the extent the allegations in Paragraph 142 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

143.    To the extent the allegations in Paragraph 143 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

144.    To the extent the allegations in Paragraph 144 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

145.    To the extent the allegations in Paragraph 145 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

146.    To the extent the allegations in Paragraph 146 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## RESPONSE TO SECOND CAUSE OF ACTION
### Public Nuisance

147.    Burlington repeats and reasserts its answers and denials to Paragraphs 1 through 146 as if fully set forth herein.

22

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

148. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148, and therefore denies them.

149. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149, and therefore denies them.

150. To the extent the allegations in Paragraph 150 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

151. To the extent the allegations in Paragraph 151 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

152. To the extent the allegations in Paragraph 152 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

153. To the extent the allegations in Paragraph 153 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

154. To the extent the allegations in Paragraph 154 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

155.    To the extent the allegations in Paragraph 155 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

156.    To the extent the allegations in Paragraph 156 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

157.    To the extent the allegations in Paragraph 157 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

158.    To the extent the allegations in Paragraph 158 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## RESPONSE TO THIRD CAUSE OF ACTION
### Trespass

159.    Burlington repeats and reasserts its answers and denials to Paragraphs 1 through 158 as if fully set forth herein.

160.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

161.     Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161, including all subparagraphs, and therefore denies them.

162.     To the extent the allegations in Paragraph 162, including all subparagraphs, are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph, including all subparagraphs, are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

163.     To the extent the allegations in Paragraph 163, including all subparagraphs, are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph, including all subparagraphs, are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

164.     Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164, including all subparagraphs, and therefore denies them.

165.     To the extent the allegations in Paragraph 165 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

166.     To the extent the allegations in Paragraph 166 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

167.    To the extent the allegations in Paragraph 167 are directed at Burlington, Burlington denies the allegations.  To the extent the allegations in Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

168.    To the extent the allegations in Paragraph 168 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

169.    To the extent the allegations in Paragraph 169 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

170.    To the extent the allegations in Paragraph 170 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

### RESPONSE TO FOURTH CAUSE OF ACTION
**Negligence, Gross Negligence, and/or Recklessness**

171.    Burlington repeats and reasserts its answers and denials to Paragraphs 1 through 170 as if fully set forth herein.

172.    The allegations in Paragraph 172 contain conclusions of law to which no response is required.  To the extent a response is required, and to the extent the allegations in Paragraph 172 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in

26

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

173. To the extent the allegations in Paragraph 173 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

174. To the extent the allegations in Paragraph 174 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

175. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175, and therefore denies them.

176. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176, and therefore denies them.

177. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177, and therefore denies them.

178. The allegations in Paragraph 178 contain conclusions of law to which no response is required. To the extent a response is required, Burlington denies the allegations in Paragraph 101.

179. Burlington denies the allegations in Paragraph 179.

180. Burlington denies the allegations in Paragraph 180.

181. Burlington denies the allegations in Paragraph 181.

182.    To the extent the allegations in Paragraph 182 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

183.    To the extent the allegations in Paragraph 183 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## <u>RESPONSE TO FIFTH CAUSE OF ACTION</u>
### Strict Products Liability – Ultrahazardous Activity
### (Supplier Defendants)

184.    Burlington repeats and reasserts its answers and denials to Paragraphs 1 through 183 as if fully set forth herein.

185.    Burlington denies the allegations in Paragraph 185.

186.    To the extent the allegations in Paragraph 186 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

187.    To the extent the allegations in Paragraph 187 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

188.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

189.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189, and therefore denies them.

190.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190, and therefore denies them.

191.    To the extent the allegations in Paragraph 191 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

192.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192, and therefore denies them.

193.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193, and therefore denies them.

194.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194, and therefore denies them.

<u>RESPONSE TO SIXTH CAUSE OF ACTION</u>
**Strict Products Liability – Ultrahazardous Activity**
**(Burlington)**

195.    Burlington repeats and reasserts its answers and denials to Paragraphs 1 through 194 as if fully set forth herein.

196.    Burlington denies the allegations in Paragraph 196.

197.    Burlington denies the allegations in Paragraph 197.

198.    Burlington denies the allegations in Paragraph 198.

199.    Burlington denies the allegations in Paragraph 199.

200.    Burlington denies the allegations in Paragraph 200.

29

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

201.    Burlington denies the allegations in Paragraph 201.

202.    Burlington denies the allegations in Paragraph 202.

203.    Burlington denies the allegations in Paragraph 203.

204.    Burlington denies the allegations in Paragraph 204.

**<u>RESPONSE TO SEVENTH CAUSE OF ACTION</u>**
**Strict Products Liability – Design Defect**
**(Supplier Defendants)**

205.    Burlington repeats and reasserts its answers and denials to Paragraphs 1 through 204 as if fully set forth herein.

206.    Burlington denies the allegations in Paragraph 206.

207.    To the extent the allegations in Paragraph 207 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

208.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208, and therefore denies them.

209.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209, and therefore denies them.

210.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210, and therefore denies them.

211.    To the extent the allegations in Paragraph 211, including all subparagraphs, are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph, including all subparagraphs, are directed at other defendants, Burlington lacks

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

212.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212, and therefore denies them.

213.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213, and therefore denies them.

214.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214, and therefore denies them.

215.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215, and therefore denies them.

216.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216, and therefore denies them.

217.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217, and therefore denies them.

**RESPONSE TO EIGHTH CAUSE OF ACTION**
**Strict Products Liability – Design Defect**
**(Burlington)**

218.    Burlington repeats and reasserts its answers and denials to Paragraphs 1 through 217 as if fully set forth herein.

219.    Burlington denies the allegations in Paragraph 219.

220.    Burlington denies the allegations in Paragraph 220.

221.    Burlington denies the allegations in Paragraph 221.

222.    Burlington denies the allegations in Paragraph 222.

223.    Burlington denies the allegations in Paragraph 223.

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

224.    Burlington denies the allegations in Paragraph 224, including all subparagraphs.

225.    Burlington denies the allegations in Paragraph 225.

226.    Burlington denies the allegations in Paragraph 226.

227.    Burlington denies the allegations in Paragraph 227.

228.    Burlington denies the allegations in Paragraph 228.

229.    Burlington denies the allegations in Paragraph 229.

230.    Burlington denies the allegations in Paragraph 230.

**RESPONSE TO NINTH CAUSE OF ACTION**
**Strict Products Liability – Failure to Warn**
**(Supplier Defendants)**

231.    Burlington repeats and reasserts its answers and denials to Paragraphs 1 through 230 as if fully set forth herein.

232.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232, and therefore denies them.

233.    To the extent the allegations in Paragraph 233 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

234.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234, and therefore denies them.

235.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235, and therefore denies them.

236.    To the extent the allegations in Paragraph 236 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

237.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237, and therefore denies them.

238.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 238, and therefore denies them.

239.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239, and therefore denies them.

240.    Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240, and therefore denies them.

### RESPONSE TO TENTH CAUSE OF ACTION
**Strict Products Liability – Failure to Warn**
**(Burlington)**

241.    Burlington repeats and reasserts its answers and denials to Paragraphs 1 through 240 as if fully set forth herein.

242.    Burlington denies the allegations in Paragraph 242.

243.    Burlington denies the allegations in Paragraph 243.

244.    Burlington denies the allegations in Paragraph 244.

245.    Burlington denies the allegations in Paragraph 245.

246.    Burlington denies the allegations in Paragraph 246.

247.    Burlington denies the allegations in Paragraph 247.

248.    Burlington denies the allegations in Paragraph 248.

249.    Burlington denies the allegations in Paragraph 249.

250.    Burlington denies the allegations in Paragraph 250.

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

### RESPONSE TO ELEVENTH CAUSE OF ACTION
**Breach of Implied Warranties**
**(Supplier Defendants)**

251. Burlington repeats and reasserts its answers and denials to Paragraphs 1 through 250 as if fully set forth herein.

252. To the extent the allegations in Paragraph 252 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

253. To the extent the allegations in Paragraph 253 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

254. To the extent the allegations in Paragraph 254 are directed at Burlington, Burlington denies the allegations. To the extent the allegations in this Paragraph are directed at other defendants, Burlington lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies them.

255. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 255, and therefore denies them.

256. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 256, and therefore denies them.

257. Burlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 257, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

### RESPONSE TO TWELFTH CAUSE OF ACTION
**Breach of Implied Warranties**
**(Burlington)**

258.    Burlington repeats and reasserts its answers and denials to Paragraphs 1 through 257 as if fully set forth herein.

259.    The allegations in Paragraph 259 are denied as stated.

260.    Burlington denies the allegations in Paragraph 260.

261.    Burlington denies the allegations in Paragraph 261.

262.    Burlington denies the allegations in Paragraph 262.

263.    Burlington denies the allegations in Paragraph 263.

264.    Burlington denies the allegations in Paragraph 264.

### RESPONSE TO PRAYER FOR RELIEF

Responding to the WHEREFORE Paragraph that follows Paragraph 264 of Plaintiff's Complaint, Burlington denies any and all liability and further denies that Plaintiff is entitled to any of the relief sought in this Paragraph, including subparagraphs (a) through (e).

### AFFIRMATIVE AND OTHER DEFENSES

Burlington asserts the following defenses to the Complaint.  By providing notice of these defenses, Burlington does not admit or acknowledge that it bears the burden of proof or burden of persuasion with respect to any such defense.  Burlington reserves its rights to: (1) alter or amend this list; (2) assert additional defenses or withdraw any of these defenses as may be appropriate following fact or expert discovery; and (3) rely on any other applicable defenses set forth in any Answer or notices of defenses provided by any other defendant in this action. Independent of these defenses, Burlington further demands that Plaintiff satisfy its burden to

35

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

provide sufficient evidence under the applicable burden of proof for each and every element of each of its claims for which it seeks relief.

## FIRST DEFENSE

1.    The Complaint, and each cause of action or count alleged therein, fails to state a claim, in whole or in part, upon which relief may be granted under the governing substantive and procedural law.

## SECOND DEFENSE

2.    Plaintiff's Complaint fails, in whole or in part, to state a claim for relief and should be dismissed in its entirety pursuant to Rules 12(b)(6) and 12(c) of the South Carolina Rules of Civil Procedure ("SCRCP").

## THIRD DEFENSE

3.    Plaintiff's Complaint fails, in whole or in part, to join indispensable parties and should be dismissed pursuant to Rules 12(b)(7) and 19(a), SCRCP.

## FOURTH DEFENSE

4.    Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations and/or repose.

## FIFTH DEFENSE

5.    Plaintiff's claims are barred, in whole or in part, because they are not ripe for adjudication.

## SIXTH DEFENSE

6.    Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert them.

36

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

**SEVENTH DEFENSE**

7.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**EIGHTH DEFENSE**

8.     Plaintiff's claims are barred, in whole or in part, because Plaintiff is not the real party in interest or lacks capacity to bring its claims, including claims indirectly maintained on behalf of its' citizens and/or customers and claims brought as *parens patriae*.

**NINTH DEFENSE**

9.     Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has failed to exhaust administrative remedies.

**TENTH DEFENSE**

10.     Plaintiff's claims may be barred, in whole or in part, by the doctrine of estoppel and/or waiver.

**ELEVENTH DEFENSE**

11.     Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**TWELFTH DEFENSE**

12.     Plaintiff's claims may be barred, in whole or in part, by the doctrine of election of remedies.

**THIRTEENTH DEFENSE**

13.     Pursuant to the South Carolina Contribution Among Tortfeasors Act, S.C. Code Ann. § 15-38-10, *et seq.*, any damages recoverable from Burlington should be limited to the percentage of the relative degree of fault of Burlington as compared with other parties to this action, if any, as well as other persons or entities not presently before this Court.

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## FOURTEENTH DEFENSE

14.    Any alleged injuries and/or damages sustained by Plaintiff may have been caused or contributed to by the negligence, omissions or actual conduct of Plaintiff and/or other persons, firms, corporations, or entities over whom Burlington had no control or right of control and for whom Burlington is not responsible.

## FIFTEENTH DEFENSE

15.    Any alleged injuries and/or damages sustained by Plaintiff may be barred, in whole or in part, by the doctrines of intervening cause and/or superseding cause.

## SIXTEENTH DEFENSE

16.    Plaintiff's claims may be barred, in whole or in part, under the doctrines of contributory negligence and/or comparative fault, and/or other applicable common law or statutory doctrines.

## SEVENTEENTH DEFENSE

17.    Plaintiff's claims may be barred, in whole or in part, because Burlington's products were in conformity with (i) any federal, state or other regulations, standards, guidelines, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; and (iii) generally recognized and prevailing industry standards; and (iv) state of the art in existence at the time the design was prepared and the products were manufactured, handled, sold, distributed, and/or used.

## EIGHTEENTH DEFENSE

18.    Any product manufactured, handled, designed, sold, distributed, or used by Burlington and alleged to have caused harm to Plaintiff was, at the time, safer than any reasonable

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

or feasible alternative designs, and any alternative designs would have been less safe, more likely to have caused injury or otherwise not feasible for their intended use.

## NINETEENTH DEFENSE

19.     Plaintiff's claims may be barred, in whole or in part, because federal, state, and/or local authorities, departments and/or agencies authorized, ratified, or were aware of and acquiesced to actions taken by Burlington that are the subject of Plaintiff's claims. Burlington is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority, department or agency.

## TWENTIETH DEFENSE

20.     Plaintiff's claims may be barred, in whole or in part, under the doctrine of Federal Preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issues by Congress, federal agencies, or the executive branch.

## TWENTY-FIRST DEFENSE

21.     Burlington asserts its rights to allocation, setoff or apportionment of fault pursuant to applicable law, as well as its rights to a proportionate reduction of any damages found against Burlington based on the negligence, omissions or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiff.

## TWENTY-SECOND DEFENSE

22.     An award of judgment rendered in favor of Plaintiff must be reduced by the amount of compensation Plaintiff received, or is entitled to receive, from any source as a result of Plaintiff's alleged injuries.

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## TWENTY-THIRD DEFENSE

23.     Plaintiff may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on Plaintiff's part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiff's failure to mitigate damages, if any.

## TWENTY-FOURTH DEFENSE

24.     Burlington and its agents and/or employees acted with due care and otherwise conducted themselves at all relevant times as reasonable people and/or entities under the circumstances.

## TWENTY-FIFTH DEFENSE

25.     Burlington has satisfied, fulfilled and performed each and every obligation and duty imposed by law, if any, to the full extent of its responsibility.

## TWENTY-SIXTH DEFENSE

26.     Any alleged injury, damage or loss sustained by Plaintiff in connection with the subject matter of this action was not reasonably foreseeable to Burlington.

## TWENTY-SEVENTH DEFENSE

27.     Plaintiff's claims fail as a matter of substantive law and violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution and the South Carolina Constitution to the extent that by relying on market share or other aggregate proof of causation or liability, Plaintiff seeks to deprive Burlington of procedural and substantive safeguards including, but not limited to, statutory and common law defenses to liability and causation generally.

40

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## TWENTY-EIGHTH DEFENSE

28.     Plaintiff's claims may be barred for lack of proximate causation between any alleged act, omission, or product of Burlington and the claims, damages, and harm alleged in Plaintiff's Complaint.

## TWENTY-NINTH DEFENSE

29.     Plaintiff's claims are barred, in whole or in part, because Plaintiff fails to identify any specific product of Burlington which was allegedly manufactured, handled, sold, distributed, or used and caused the alleged injury.

## THIRTIETH DEFENSE

30.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff cannot prove that its alleged injuries were caused by exposure to PFAS allegedly contained in any product(s) manufactured, handled, distributed, used, or sold by Burlington.

## THIRTY-FIRST DEFENSE

31.     Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot prove that PFAS has been reliably established, through scientific means, to be capable of causing Plaintiff's alleged injuries.

## THIRTY-SECOND DEFENSE

32.     Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot establish that Plaintiff was exposed to a sufficient concentration or amount of PFAS, and/or for a sufficient duration, that has been reliably established, through scientific means, to be capable of causing Plaintiff's alleged injuries.

41

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## THIRTY-THIRD DEFENSE

33.     Plaintiff's purported exposure to products manufactured, handled, distributed, used or sold by Burlington, if any, was too removed, indefinite, de minimis and insufficient to establish a reasonable degree of probability that any such product caused any alleged injury, damage or loss to Plaintiff.

## THIRTY-FOURTH DEFENSE

34.     Burlington cannot be held jointly and severally liable for the acts or omissions of third parties or other parties because their acts or omissions were separate and distinct and the alleged harm is divisible from and greater than any harm allegedly caused by acts, omissions, or products of Burlington.

## THIRTY-FIFTH DEFENSE

35.     Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks to retroactively impose liability for conduct that was not actionable at the time it occurred, and Burlington may not be held liable under retroactive theories not requiring proof or fault or causation.

## THIRTY-SIXTH DEFENSE

36.     Plaintiff's claims are barred, in whole or in part, because Burlington neither knew, nor should have known, that any of the chemicals or substances to which Plaintiff was allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm by virtue of the prevailing state of medical, scientific, technical, and/or industrial knowledge available to Burlington at all times relevant to the claims or causes of action asserted by Plaintiff.

42

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

### THIRTY-SEVENTH DEFENSE

37.    Burlington is entitled to all procedural, substantive, and other protections, caps, and limitations provided by applicable state statutes and other state laws regarding Plaintiff's claims for compensatory and punitive damages. Burlington specifically pleads the application of S.C. Code Ann. § 15-32-530 to this action.

### THIRTY-EIGHTH DEFENSE

38.    The Complaint fails to state a claim upon which punitive damages may be awarded. Nor did Burlington engage in any conduct that would permit an award of punitive damages. And, any award of punitive damages would violate the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution, the excessive fines clause of the Eighth Amendment to the United States Constitution, and various articles and sections of the South Carolina Constitution.

### THIRTY-NINTH DEFENSE

39.    To the extent Plaintiff seeks punitive damages against Burlington under a strict liability or warranty cause of action, those claims may be barred, in whole or in part, if punitive damages are not recoverable under those claims pursuant to applicable law.

### FORTIETH DEFENSE

40.    Plaintiff's claims may be barred, in whole or in part, by the political question and separation of powers doctrines because their claims implicate issues of statewide importance that are reserved for state regulation.

### FORTY-FIRST DEFENSE

41.    Plaintiff's claims against Burlington may not arise out of the same transactions or occurrences as their claims against other defendants, as required for proper joinder of parties.

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

**FORTY-SECOND DEFENSE**

42.     Plaintiff's claims may be barred, in whole or in part, by the Due Process or Ex Post Facto clauses of the Constitution of the United States or the Constitution of the State of South Carolina.

**FORTY-THIRD DEFENSE**

43.     To the extent Plaintiff seeks equitable relief, Plaintiff is not entitled to equitable relief because Plaintiff has an adequate remedy at law and the alleged harm is not irreparable.

**FORTY-FOURTH DEFENSE**

44.     Plaintiff's claims are barred, in whole or in part, by the free public services doctrine and by the municipal cost recovery doctrine.

**FORTY-FIFTH DEFENSE**

45.     Plaintiff's claims are barred to the extent that Plaintiff's alleged damages are speculative, uncertain, and hypothetical.

**FORTY-SIXTH DEFENSE**

46.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any damages.

**FORTY-SEVENTH DEFENSE**

47.     Plaintiff's damages, if any, may have been the direct and proximate result of facts and circumstances over which Burlington exercises no control.

**FORTY-EIGHTH DEFENSE**

48.     Plaintiff's nuisance claims are barred, in whole or in part, because they lack the legal authority or standing to bring a nuisance claim under South Carolina law.

44

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## FORTY-NINTH DEFENSE

49. Plaintiff's nuisance claims are barred, in whole or in part, because Burlington did not create, cause, continue, or maintain the alleged nuisance or otherwise have control over the cause of the alleged harm.

## FIFTIETH DEFENSE

50. Plaintiff's private nuisance claim is barred, in whole or in part, because Burlington did not unreasonably interfere with Plaintiff's ownership or possession of land.

## FIFTY-FIRST DEFENSE

51. Plaintiff's nuisance claim is barred, in whole or in part, because the alleged contamination of a public body of water was not so intermittent or periodical as described to be considered continuing.

## FIFTY-SECOND DEFENSE

52. Plaintiff's nuisance claim is barred, in whole or in part, under the doctrine of coming to the nuisance.

## FIFTY-THIRD DEFENSE

53. Plaintiff's public nuisance claim is barred, in whole or in part, because no action of Burlington involved the interference with real or personal property, the alleged public nuisance would have impermissible extraterritorial reach, and the alleged conduct of Burlington is too remote from the alleged injury as a matter of law and due process.

## FIFTY-FOURTH DEFENSE

54. Plaintiff's public nuisance claim fails because Plaintiff is not a private person bringing an action for damages to real or personal property.

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## FIFTY-FIFTH DEFENSE

55.     Plaintiff's public nuisance claim fails because Plaintiff fails to allege facts showing that Burlington controlled the instrumentality of the alleged nuisance.

## FIFTY-SIXTH DEFENSE

56.     Plaintiff's public nuisance claim fails because Plaintiff failed to plead that it suffered a particular damage beyond that which the public has experienced.

## FIFTY-SEVENTH DEFENSE

57.     Plaintiff's trespass claim fails because Burlington did not interfere with Plaintiff's right to the exclusive, peaceable possession of its property.

## FIFTY-EIGHTH DEFENSE

58.     Plaintiff's trespass claim fails because Plaintiff does not have an exclusive right to the water at issue.

## FIFTY-NINTH DEFENSE

59.     Plaintiff's trespass claim fails because there was no intentional, unauthorized entry onto Plaintiff's property.

## SIXTIETH

60.     Plaintiff's trespass claim fails because PFAS are not tangible substances.

## SIXTY-FIRST DEFENSE

61.     Plaintiff's tort-based claims fail because Burlington does not owe Plaintiff a duty under governing law.

## SIXTY-SECOND DEFENSE

62.     Plaintiff's tort-based claims fail because Burlington did not breach any duty allegedly owed to Plaintiff.

46

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## SIXTY-THIRD DEFENSE

63.     Plaintiff's claims for strict liability may be barred because of the principles embodied in Section 402A of the Restatement (Second) of Torts and its comments, to the extent adopted by applicable law.

## SIXTY-FOURTH DEFENSE

64.     Plaintiff's products liability claims may be barred, in whole or in part, by the Restatement (Third) of Torts: Products Liability, to the extent adopted by applicable law.

## SIXTY-FIFTH DEFENSE

65.     Plaintiff has alleged an injury that, as a matter of law, does not support a recovery in tort.

## SIXTY-SIXTH DEFENSE

66.     Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff's alleged injuries and damages were caused by the disregard of, or failure to follow and heed, warnings, recommendations, specifications, uses, standards, or instructions provided by Burlington.

## SIXTY-SEVENTH DEFENSE

67.     Plaintiff cannot obtain relief on its claims based on actions undertaken by Burlington of which Burlington provided adequate notice or warnings.

## SIXTY-EIGHTH DEFENSE

68.     Plaintiff's warranty claim may be barred, in whole or in part, to the extent that any warranties were disclaimed and/or are limited by applicable provisions of the UCC.

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## SIXTY-NINTH DEFENSE

69.     Plaintiff's warranty claim may be barred, in whole or in part, because there was no warranty.

## SEVENTIETH DEFENSE

70.     Plaintiff's warranty claim may be barred, in whole or in part, because Plaintiff did not provide Burlington with reasonable notice of any alleged breach and otherwise failed to satisfy all conditions precedent or subsequent to the enforcement of any such warranty.

## SEVENTY-FIRST DEFENSE

71.     Plaintiff's warranty claim may be barred, in whole or in part, because Plaintiff was not in privity of contract with Burlington and did not rely on any warranty allegedly provided.

## SEVENTY-SECOND DEFENSE

72.     Plaintiff's warranty claim may be barred, in whole or in part, to the extent any implied warranty was disclaimed.

## SEVENTY-THIRD DEFENSE

73.     Plaintiff's claims may be barred, in whole or in part, because Burlington complied at all relevant times with all applicable laws, including all legal and regulatory duties.

## SEVENTY-FOURTH DEFENSE

74.     To the extent Plaintiff seeks recovery of attorneys' fees and costs, Plaintiff is not entitled to any attorneys' fees or costs associated with this action because no statute or contract exists that would give Plaintiff the right to recover such fees or costs, and because Burlington did not act in a manner that gives rise to such a claim in this lawsuit.

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## SEVENTY-FIFTH DEFENSE

75.     Plaintiff's strict liability claims are barred to the extent strict liability is not (or was not during the applicable time period) recognized as a cause of action under applicable law.

## SEVENTY-SIXTH DEFENSE

76.     Plaintiff's claims may be barred, in whole or in part, by the doctrine of spoliation of evidence and Burlington reserves the right to raise the spoliation doctrine as a defense to Plaintiff's claims if some or all of the evidence has not been properly preserved.

## SEVENTY-SEVENTH DEFENSE

77.     Plaintiff's claims may be barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of the risk, open and obvious conditions, and/or failure to heed any applicable warnings.

## SEVENTY-EIGHTH DEFENSE

78.     Plaintiff's claims should be dismissed or stayed, in whole or in part, based on the primary jurisdiction doctrine.  The relief sought is, in whole or in part, within the particular expertise of and is being addressed by federal and state governments and their relevant agencies, and thus, the Court should decline to exercise jurisdiction over these matters.

## SEVENTY-NINTH DEFENSE

79.     Plaintiff's alleged claims are preempted or barred by the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq*. and the South Carolina Hazardous Waste Management Action, S.C. Code Ann. 44-56-10 *et seq*. to the extent such claims include, encompass or relate to environmental conditions or natural resource damages or losses at any past, present or future facilities, sites, properties, locations or

49

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

other areas listed on EPA's National Priority List (Superfund sites), or from which discharges or releases of materials have otherwise come to be located emanating from such facilities, sites, properties, locations or areas.

## EIGHTIETH DEFENSE

80.    Plaintiff's claims are premature to the extent that neither the State nor the United States Environmental Protection Agency have set final water quality standards, minimum contaminant levels, acceptable soil cleanup levels, or other regulatory standards that are necessary to evaluate whether Plaintiff has suffered an injury.

## EIGHTY-FIRST DEFENSE

81.    Plaintiff's claims are barred, in whole or in part, under the bulk suppliers, component part supplier, sophisticated-purchasers, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

## EIGHTY-SECOND DEFENSE

82.    Plaintiff's Complaint should be dismissed because Burlington did not design, market, sell, advertise, or distribute PFAS, and is not the successor to any corporation that may have designed, marketed, sold, advertised or distributed any PFAS.

## EIGHTY-THIRD DEFENSE

83.    Plaintiff's claims are barred, in whole or in part, because Burlington did not contribute any PFAS to any alleged discharge from its facility.

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## EIGHTY-FOURTH DEFENSE

84.     Plaintiff's claims are or may be barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

## EIGHTY-FIFTH DEFENSE

85.     Plaintiff's claims are barred to the extent the "permit shield" doctrine and "federally permitted release" defense applies because any leachate was discharged pursuant to lawful permits.

## EIGHTY-SIXTH DEFENSE

86.     Plaintiff's damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Burlington, and in the event that Burlington is found to be liable to Plaintiff, Burlington will be entitled to indemnification, contribution, and/or apportionment.

## EIGHTY-SEVENTH DEFENSE

87.     Plaintiff's claims against Burlington are barred or limited by the economic loss rule.

## EIGHTY-EIGHTH DEFENSE

88.     To the extent Plaintiff has split their claims, Plaintiff's claims are barred in whole, or in part, by the doctrine prohibiting claim splitting.

## EIGHTY-NINTH DEFENSE

89.     Plaintiff's claims are barred, in whole or in part, for failing to link any of their alleged exposure or alleged injuries to any of Burlington's alleged discharges.

51

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## NINETIETH DEFENSE

90.    Plaintiff's claims are barred by the doctrine of unjust enrichment in that Plaintiff seeks to recover costs or damages for construction, operation, and maintenance of public water supply systems after Plaintiff sought and obtained a permit to secure, treat, and distribute public water supplies and for which it received funding from its residents and/or customers, State, Local, and Federal sources, including but not limited to funding to specifically address unexpected contamination in water supplies under the Emergency Response Plans of the Safe Drinking Water Act, 42 U.S.C. §§ 300f to 300j.

## NINETY-FIRST DEFENSE

91.    Plaintiff's claims are barred, in whole or in part, because Burlington did not know or have reason to know that its alleged wastewater discharge, alone or in conjunction with a discharge or discharges from other sources, would cause pass through or interference, as contemplated by 40 C.F.R. § 403.5(a)(2).

## NINETY-SECOND DEFENSE

92.    Burlington adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

## RESERVATION OF RIGHTS

Burlington hereby reserves the right to amend this Answer, raise additional defenses as may be discovered during the course of this litigation and its continuing factual investigations, add cross-claims, or assert third-party claims pursuant to the provisions of the South Carolina Rules of Civil Procedure, the substantive law of South Carolina, and the inherent authority of this Court to manage the procedural aspects of this litigation.

WHEREFORE, having fully answered Plaintiff's Complaint, Burlington denies that Plaintiff is entitled to any of the relief requested in the Complaint, and respectfully prays for the dismissal of Plaintiff's Complaint with prejudice and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

s/ Konstantine P. Diamaduros
Andrew A. Mathias (SC Bar No. 76220)
Konstantine P. Diamaduros (SC Bar No. 102231)
Connor B. Bauknight (SC Bar No. 105019)
MAYNARD NEXSEN PC
104 South Main Street, Suite 900 (29601)
Post Office Drawer 10648
Greenville, SC 29603-0648
Telephone: 864.370.2211
Facsimile: 864.282.1177
AMathias@maynardnexsen.com
KDiamaduros@maynardnexsen.com
CBauknight@maynardnexsen.com

*Attorneys for Defendant Burlington Industries, Inc.*

July 17, 2025
Greenville, South Carolina

ELECTRONICALLY FILED - 2025 Jul 17 4:39 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

53

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| IN RE: PFAS LITIGATION COORDINATION DOCKET | ) | |
| | ) | |
| COUNTY OF FLORENCE | ) | TWELFTH JUDICIAL CIRCUIT |
| | ) | |
| City of Florence, South Carolina, | ) | |
| | ) | C.A. No. 2024-CP-21-02844 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Marcal Cordova, LLC's Answer to Plaintiff's Second Amended Complaint** |
| | ) | |
| AGC Chemicals Americas, Inc.; Aladdin Manufacturing Corporation; Americhem, Inc.; Archroma U.S., Inc.; Arkema, Inc.; Auria Albemarle, LLC; Auria Solutions USA, Inc.; Burlington Industries, Inc.; Carvana, LLC; Cascades Holding US, Inc.; Celgard, LLC; Chem-Tex Laboratories, Inc.; Clariant Corporation; Corteva, Inc.; Daikin America, Inc; Delta Mills, Inc., its predecessors, successors, assigns, and/or responsible parties; DuPont de Nemours, Inc.; EIDP, Inc.; Elevate Textiles, Inc.; Goulston Technologies, Inc.; HeiQ Chemtex, Inc.; Huntsman International, LLC; INV Performance Surfaces, LLC; J.P. Stevens & Company, Inc., its predecessors, successors, assigns, and/or responsible parties; Marcal Cordova LLC; Mohawk Industries, Inc.; Solvay Specialty Polymers USA, LLC; The Chemours Company; and Thuasne, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Defendant Marcal Cordova, LLC ("Marcal" or "Defendant") hereby submits its Answer to Plaintiff's Second Amended Complaint ("Complaint").

1

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## GENERAL DENIAL

Marcal expressly denies each and every allegation in the Complaint, except those specifically admitted herein.

## FOR A FIRST DEFENSE

### Statement of the Case[1]

1.      Responding to Paragraph 1 of the Complaint, Marcal denies all allegations set forth in that paragraph that relate to Marcal or purport to allege liability against Marcal.  As to the remaining allegations set forth in Paragraph 1 of the Complaint with regards to the nature of the action brought by Plaintiff, Marcal craves references to the allegations set forth in the Complaint and denies any allegations inconsistent therewith.

2.      Responding to Paragraph 2 of the Complaint as it relates to Marcal, Marcal at this time is without knowledge or information sufficient to form a belief as to the truth of the allegations related to whether Marcal has discharged products in the past that contained or degraded to the substances identified by Plaintiff as PFAS, and therefore denies same.  With regards to the allegation that Marcal continues to discharge products that contain or degrade to the substances identified by Plaintiff as PFAS, Marcal denies those allegations.  As to the remaining allegations set forth in Paragraph 2 of the Complaint which are addressed to other Defendants, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

3.      Upon information and belief, Marcal admits the allegations set forth in Paragraph 3 of the Complaint.

---

[1] The headers used in this Answer are for ease of reference and correspond to the headers set forth in Plaintiff's Second Amended Complaint.  They do not constitute an admission by Marcal as to the validity of Plaintiff's causes of action.

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

4.      Responding to Paragraph 4 of the Complaint as it relates to Marcal, Plaintiff's use of the phrase "use products" and term "industrial processes" are not defined and susceptible of multiple interpretations; therefore, at this present time, and without a definition for the phrase "use products" and term "industrial processes," Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and denies same.  Further responding to Paragraph 4 of the Complaint, Marcal specifically denies that its facility discharged wastewater directly to surface waters and specifically avers that it discharges its wastewater to the Rockingham WWTP in Rockingham, North Carolina.  As to the remaining allegations set forth in Paragraph 4 of the Complaint which are addressed to other Defendants, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

5.      Marcal denies the allegations and legal conclusions set forth in Paragraph 5 of the Complaint.

6.      Marcal denies the allegations and legal conclusions set forth in Paragraph 6 of the Complaint.

7.      Marcal denies the allegations and legal conclusions set forth in Paragraph 7 of the Complaint and denies Plaintiff is entitled to the relief sought therein.

### Disclaimer

8.      Responding to Paragraph 8 of the Complaint, Marcal craves reference to the allegations set forth in the Complaint and denies any allegations inconsistent therewith.

9.      Responding to Paragraph 9 of the Complaint, Marcal craves reference to the allegations set forth in the Complaint and denies any allegations inconsistent therewith.

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

10. Responding to Paragraph 10 of the Complaint, Marcal craves reference to the allegations set forth in the Complaint and denies any allegations inconsistent therewith.

11. Responding to Paragraph 11 of the Complaint, Marcal craves reference to the allegations set forth in the Complaint and denies any allegations inconsistent therewith.

## Jurisdiction and Venue

12. Paragraph 12 of the Complaint purports to state legal conclusions to which no response is required. However, to the extent a response is required, Marcal does not contest the Court's subject matter jurisdiction over this action.

13. Paragraph 13 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response is required, Marcal contests that this Court has personal jurisdiction over Marcal related to the allegations in Plaintiff's Complaint.

14. Paragraph 14 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response is required, Marcal contends venue is not proper in Florence County, South Carolina as to Marcal.

## Parties

15. Upon information and belief, Marcal admits the allegations set forth in Paragraph 15 of the Complaint.

16. Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint, and therefore denies same.

17. Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint, and therefore denies same.

18. Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint, and therefore denies same.

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

19. Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint, and therefore denies same.

20. Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint, and therefore denies same.

21. Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint, and therefore denies same.

22. Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint, and therefore denies same.

23. Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint, and therefore denies same.

24. Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint, and therefore denies same.

25. Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint, and therefore denies same.

26. Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint, and therefore denies same.

27. Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint, and therefore denies same.

28. Responding to Paragraph 28 of the Complaint, Plaintiff's use of the phrase "uses products" and the term "processes" are not defined and susceptible of multiple interpretations; therefore, at this present time, and without a definition for the phrase "uses products" and term "processes," Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and denies same. Further responding to Paragraph 28 of the Complaint, Marcal

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

admits that it is a Delaware limited liability company that owns and operates an industrial facility at 126 1st Street, Cordova, North Carolina 28330 and that it discharges its wastewater to the Rockingham WWTP. Further responding to Paragraph 28 of the Complaint, upon information and belief, Marcal denies that it utilizes products that contained or degrade to substances identified by Plaintiff as PFAS in the manufacture of paper products and that such products were present in its wastewater discharge. With respect to the allegations set forth in Paragraph 28 of the Complaint related to the capabilities of the Rockingham WWTP to remove PFAS, Marcal is without knowledge or information sufficient to form a belief as to the truth of those allegations and denies same.

29.     Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint, and therefore denies same.

30.     Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint, and therefore denies same.

31.     Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint, and therefore denies same.

32.     Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint, and therefore denies same.

33.     Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint, and therefore denies same.

34.     Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint, and therefore denies same.

35.     Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint, and therefore denies same.

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

36. Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint, and therefore denies same.

37. Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint, and therefore denies same.

38. Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint, and therefore denies same.

39. Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint, and therefore denies same.

40. Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint, and therefore denies same.

41. Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint, and therefore denies same.

42. Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint, and therefore denies same.

### Factual Allegations

43. Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint, and therefore denies same.

44. Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint, and therefore denies same.

45. Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint, and therefore denies same.

46. Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Complaint, and therefore denies same.

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

47.     Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Complaint, and therefore denies same.

48.     Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint, and therefore denies same.

49.     Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Complaint, and therefore denies same.

50.     Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Complaint, and therefore denies same.

51.     Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Complaint, and therefore denies same.

52.     Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Complaint, and therefore denies same.

53.     Responding to Paragraph 53 of the Complaint, Marcal craves reference to the EPA provisional drinking water health advisories referenced therein and denies any allegations inconsistent therewith.

54.     Responding to Paragraph 54 of the Complaint, Marcal craves reference to the EPA health advisories referenced therein and denies any allegations inconsistent therewith.

55.     Responding to Paragraph 55 of the Complaint, Marcal craves reference to the EPA health advisories referenced therein and denies any allegations inconsistent therewith.

56.     Responding to Paragraph 56 of the Complaint, Marcal craves reference to the EPA health advisories referenced therein and denies any allegations inconsistent therewith.

57.     Responding to Paragraph 57 of the Complaint, Marcal craves reference to the EPA health advisories referenced therein and denies any allegations inconsistent therewith.

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

58.     Responding to Paragraph 58 of the Complaint, Marcal craves reference to the EPA proposed MCLs and MCLGs referenced therein and denies any allegations inconsistent therewith.

59.     Responding to Paragraph 59 of the Complaint, Marcal craves reference to the EPA proposed MCLs and MCLGs referenced therein and denies any allegations inconsistent therewith.

60.     Responding to Paragraph 60 of the Complaint, Marcal craves reference to the EPA proposed MCLs and MCLGs referenced therein and denies any allegations inconsistent therewith.

61.     Responding to Paragraph 61 of the Complaint, Marcal craves reference to the EPA news release referenced therein and denies any allegations inconsistent therewith.

62.     Responding to Paragraph 62 of the Complaint, Marcal craves reference to the EPA regulation referenced therein and denies any allegations inconsistent therewith.

63.     Responding to Paragraph 63 of the Complaint, Marcal craves reference to the EPA regulation referenced therein and denies any allegations inconsistent therewith.

64.     Responding to Paragraph 64 of the Complaint, Marcal craves reference to the EPA regulation referenced therein and denies any allegations inconsistent therewith.

65.     Responding to Paragraph 65 of the Complaint, Marcal craves reference to the EPA regulation referenced therein and denies any allegations inconsistent therewith.

66.     Responding to Paragraph 66 of the Complaint, Marcal craves reference to the EPA announcements and statements referenced therein and denies any allegations inconsistent therewith.

67.     Responding to Paragraph 67 of the Complaint, Marcal craves reference to the EPA announcements and statements referenced therein and denies any allegations inconsistent therewith.

68. Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of the Complaint, and therefore denies same.

69. Responding to Paragraph 69 of the Complaint, Marcal admits that its facility, located in Cordova, North Carolina, is located near the Little Carr Creek which is a tributary of the Great Pee Dee River. As to the remaining allegations set forth in Paragraph 69 of the Complaint which are addressed to other Defendants, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

70. Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 70 of the Complaint, and therefore denies same.

71. Responding to Paragraph 71 of the Complaint as it relates to Marcal, Plaintiff's use of the term "industrial processes" is not defined and susceptible of multiple interpretations; therefore, at this present time, and without a definition for the term "industrial processes," Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and denies same. Further responding to Paragraph 71 of the Complaint as it relates to Marcal, Marcal only admits that it is the owner and operator of an industrial facility and that it discharges its industrial wastewater to the Rockingham WWTP. Further responding to Paragraph 71 of the Complaint, upon information and belief, Marcal denies that it utilizes products that contained or degrade to substances identified by Plaintiff as PFAS in its processes and that such products are present in its wastewater discharge. As to the remaining allegations set forth in Paragraph 71 of the Complaint which are addressed to other Defendants, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

10

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

72. Marcal denies the allegations set forth in Paragraph 72 of the Complaint.

73. Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the Complaint, and therefore denies same.

74. Marcal denies the allegations set forth in Paragraph 74 of the Complaint.

75. Marcal denies the allegations set forth in Paragraph 75 of the Complaint.

76. Responding to Paragraph 76 of the Complaint with respect to the capabilities of Plaintiff's SWTPs, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same. As to the remaining allegations set forth in Paragraph 76 of the Complaint related to the allegation that Plaintiff's SWTPs require new water treatment technologies as a remedy in this lawsuit, Marcal expressly denies same and demands strict proof thereof.

77. Marcal denies the allegations and legal conclusions set forth in Paragraph 77 of the Complaint.

78. The allegations set forth in Paragraph 78 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required. To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

79. The allegations set forth in Paragraph 79 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required. To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

80. The allegations set forth in Paragraph 80 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required. To the extent a response is

required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

81.     The allegations set forth in Paragraph 81 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

82.     The allegations set forth in Paragraph 82 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

83.     The allegations set forth in Paragraph 83 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

84.     The allegations set forth in Paragraph 84 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

85.     The allegations set forth in Paragraph 85 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

12

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

86.     The allegations set forth in Paragraph 86 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

87.     The allegations set forth in Paragraph 87 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

88.     The allegations set forth in Paragraph 88 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

89.     The allegations set forth in Paragraph 89 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

90.     The allegations set forth in Paragraph 90 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

91.     The allegations set forth in Paragraph 91 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

92.     The allegations set forth in Paragraph 92 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

93.     The allegations set forth in Paragraph 93 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

94.     The allegations set forth in Paragraph 94 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

95.     The allegations set forth in Paragraph 95 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

96.     The allegations set forth in Paragraph 96 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

14

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

97.     The allegations set forth in Paragraph 97 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

98.     The allegations set forth in Paragraph 98 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

99.     The allegations set forth in Paragraph 99 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

100.     The allegations set forth in Paragraph 100 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

101.     The allegations set forth in Paragraph 101 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

102.     The allegations set forth in Paragraph 102 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is

15

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

103.    The allegations set forth in Paragraph 103 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

104.    The allegations set forth in Paragraph 104 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

105.    The allegations set forth in Paragraph 105 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

106.    The allegations set forth in Paragraph 106 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

107.    The allegations set forth in Paragraph 107 of the Complaint (and subparts (a) – (j)) are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

108.    Marcal denies the allegations set forth in Paragraph 108 of the Complaint.

16

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

109.    Marcal denies the allegations set forth in Paragraph 109 of the Complaint.

110.    Marcal denies the allegations set forth in Paragraph 110 of the Complaint.

111.    Marcal denies the allegations set forth in Paragraph 111 of the Complaint.

112.    Marcal denies the allegations set forth in Paragraph 112 of the Complaint.

113.    Marcal denies the allegations set forth in Paragraph 113 of the Complaint

114.    Marcal denies the allegations set forth in Paragraph 114 of the Complaint.

115.    Marcal denies the allegations set forth in Paragraph 115 of the Complaint.

116.    The allegations set forth in Paragraph 116 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

117.    The allegations set forth in Paragraph 117 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

118.    The allegations set forth in Paragraph 118 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

119.    The allegations set forth in Paragraph 119 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

120.     The allegations set forth in Paragraph 120 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

121.     The allegations set forth in Paragraph 121 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

122.     The allegations set forth in Paragraph 122 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

123.     The allegations set forth in Paragraph 123 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

124.     The allegations set forth in Paragraph 124 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

125.     The allegations set forth in Paragraph 125 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

126.    The allegations set forth in Paragraph 126 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

127.    The allegations set forth in Paragraph 127 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

128.    The allegations set forth in Paragraph 128 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

129.    The allegations set forth in Paragraph 129 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

130.    Marcal denies the allegations and legal conclusions set forth in Paragraph 130 of the Complaint.

131.    Marcal denies the allegations and legal conclusions set forth in Paragraph 131 of the Complaint.

132.    Marcal denies the allegations and legal conclusions set forth in Paragraph 132 of the Complaint.

133.    Marcal denies the allegations and legal conclusions set forth in Paragraph 133 of the Complaint.

134.    Marcal denies the allegations and legal conclusions set forth in Paragraph 134 of the Complaint, including subparts (a) and (b).

**Plaintiff's First Cause of Action**
**Private Nuisance**

135.    Marcal incorporates all prior responses to the Complaint by reference as if fully set forth herein.

136.    Upon information and belief, Marcal admits the allegations set forth in Paragraph 136 of the Complaint.

137.    Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 137 of the Complaint, and therefore denies same.

138.    Marcal denies the allegations and legal conclusions set forth in Paragraph 138 of the Complaint.

139.    Marcal denies the allegations set forth in Paragraph 139 of the Complaint.

140.    Marcal denies the allegations and legal conclusions set forth in Paragraph 140 of the Complaint.

141.    Marcal denies the allegations and legal conclusions set forth in Paragraph 141 of the Complaint.

142.    Marcal denies the allegations and legal conclusions set forth in Paragraph 142 of the Complaint.

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

143.     Marcal denies the allegations and legal conclusions set forth in Paragraph 143 of the Complaint and denies Plaintiff is entitled to injunctive relief as set forth therein.

144.     Marcal denies the allegations and legal conclusions set forth in Paragraph 144 of the Complaint and denies Plaintiff is entitled to injunctive relief as set forth therein.

145.     Marcal denies the allegations set forth in Paragraph 145 of the Complaint.

146.     Marcal denies the allegations and legal conclusions set forth in Paragraph 146 of the Complaint and denies Plaintiff is entitled to the relief sought therein.

## Plaintiff's Second Cause of Action
### Public Nuisance

147.     Marcal incorporates all prior responses to the Complaint by reference as if fully set forth herein.

148.     Upon information and belief, Marcal admits the allegations set forth in Paragraph 148 of the Complaint.

149.     Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 149 of the Complaint, and therefore denies same.

150.     Responding to Paragraph 150 of the Complaint, Marcal does not disagree that Plaintiff's customers have an expectation to potable water that is reasonably pure and safe for their use; however, Marcal denies the remaining allegations and legal conclusions set forth in Paragraph 150 of the Complaint.

151.     Marcal denies the allegations and legal conclusions set forth in Paragraph 151 of the Complaint.

152.     Marcal denies the allegations and legal conclusions set forth in Paragraph 152 of the Complaint.

21

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

153.    Marcal denies the allegations and legal conclusions set forth in Paragraph 153 of the Complaint.

154.    Marcal denies the allegations and legal conclusions set forth in Paragraph 154 of the Complaint.

155.    Marcal denies the allegations and legal conclusions set forth in Paragraph 155 of the Complaint and denies Plaintiff is entitled to injunctive relief as set forth therein.

156.    Marcal denies the allegations and legal conclusions set forth in Paragraph 156 of the Complaint.

157.    Marcal denies the allegations set forth in Paragraph 157 of the Complaint.

158.    Marcal denies the allegations and legal conclusions set forth in Paragraph 158 of the Complaint and denies Plaintiff is entitled to the relief sought therein.

**Plaintiff's Third Cause of Action**
**Trespass**

159.    Marcal incorporates all prior responses to the Complaint by reference as if fully set forth herein.

160.    Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth in Paragraph 160 of the Complaint, and therefore denies same.

161.    Marcal denies the allegations set forth in Paragraph 161 of the Complaint, including subparts (a)–(d).

162.    The allegations in Paragraph 162 of the Complaint, including subparts (a)–(d), are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal  is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

22

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

163.    The allegations in Paragraph 163 of the Complaint, including subparts (a)–(d), are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal  is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

164.    Marcal denies the allegations and legal conclusions set forth in Paragraph 164 of the Complaint.

165.    Marcal denies the allegations and legal conclusions set forth in Paragraph 165 of the Complaint.

166.    Marcal denies the allegations and legal conclusions set forth in Paragraph 166 of the Complaint.

167.    The allegations set forth in Paragraph 167 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

168.    Marcal denies the allegations and legal conclusions set forth in Paragraph 168 of the Complaint.

169.    Marcal denies the allegations and legal conclusions set forth in Paragraph 169 of the Complaint.

170.    Marcal denies the allegations and legal conclusions set forth in Paragraph 170 of the Complaint and denies Plaintiff is entitled to the relief sought therein.

**Plaintiff's Fourth Cause of Action**
**Negligence, Gross Negligence, and/or Recklessness**

171.    Marcal incorporates all prior responses to the Complaint by reference as if fully set forth herein.

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

172.    Marcal denies the allegations and legal conclusions set forth in Paragraph 172 of the Complaint.

173.    Marcal denies the allegations and legal conclusion set forth in Paragraph 173 of the Complaint.

174.    Marcal denies the allegations and legal conclusions set forth in Paragraph 174 of the Complaint.

175.    The allegations in Paragraph 175 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

176.    The allegations in Paragraph 176 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

177.    The allegations in Paragraph 177 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

178.    The allegations set forth in Paragraph 178 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

179. The allegations set forth in Paragraph 179 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required. To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

180. The allegations set forth in Paragraph 180 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required. To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

181. The allegations set forth in Paragraph 181 of the Complaint are directed at Defendants other than Marcal, and therefore no response is required. To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

182. Marcal denies the allegations and legal conclusions set forth in Paragraph 182 of the Complaint.

183. Marcal denies the allegations and legal conclusions set forth in Paragraph 183 of the Complaint and denies Plaintiff is entitled to the relief sought therein.

**Plaintiff's Fifth Cause of Action**
**Strict Products Liability – Ultrahazardous Activity**
**(Supplier Defendants)**

184. Marcal incorporates all prior responses to the Complaint by reference as if fully set forth herein.

185. The allegations in Paragraph 185 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required. To the extent a response is required, Marcal

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

186. The allegations in Paragraph 186 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required. To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

187. The allegations in Paragraph 187 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required. To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

188. The allegations in Paragraph 188 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required. To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

189. The allegations in Paragraph 189 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required. To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

190. The allegations in Paragraph 190 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required. To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

26

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

191.    The allegations in Paragraph 191 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

192.    The allegations in Paragraph 192 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

193.    The allegations in Paragraph 193 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

194.    The allegations in Paragraph 194 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

**Plaintiff's Sixth Cause of Action**
**Strict Products Liability – Ultrahazardous Activity**
**(Burlington)**

195.    Marcal incorporates all prior responses to the Complaint by reference as if fully set forth herein.

196.    The allegations in Paragraph 196 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

197. The allegations in Paragraph 197 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required. To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

198. The allegations in Paragraph 198 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required. To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

199. The allegations in Paragraph 199 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required. To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

200. The allegations in Paragraph 200 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required. To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

201. The allegations in Paragraph 201 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required. To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

202.    The allegations in Paragraph 202 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

203.    The allegations in Paragraph 203 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

204.    The allegations in Paragraph 204 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

**Plaintiff's Seventh Cause of Action**
**Strict Products Liability – Design Defect**
**(Supplier Defendants)**

205.    Marcal incorporates all prior responses to the Complaint by reference as if fully set forth herein.

206.    The allegations in Paragraph 206 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

207.    The allegations in Paragraph 207 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

208.    The allegations in Paragraph 208 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

209.    The allegations in Paragraph 209 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

210.    The allegations in Paragraph 210 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

211.    The allegations in Paragraph 211 of the Complaint, including subparts (a)–(e), are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

212.    The allegations in Paragraph 212 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

213.    The allegations in Paragraph 213 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

214.    The allegations in Paragraph 214 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

215.    The allegations in Paragraph 215 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

216.    The allegations in Paragraph 216 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

217.    The allegations in Paragraph 217 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

**Plaintiff's Eighth Cause of Action**
**Strict Products Liability – Design Defect**
**(Burlington)**

218.     Marcal incorporates all prior responses to the Complaint by reference as if fully set forth herein.

219.     The allegations in Paragraph 219 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

220.     The allegations in Paragraph 220 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

221.     The allegations in Paragraph 221 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

222.     The allegations in Paragraph 222 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

223.     The allegations in Paragraph 223 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

224.    The allegations in Paragraph 224 of the Complaint, including subparts (a)–(f), are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

225.    The allegations in Paragraph 225 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

226.    The allegations in Paragraph 226 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

227.    The allegations in Paragraph 227 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

228.    The allegations in Paragraph 228 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

229.    The allegations in Paragraph 229 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

230.    The allegations in Paragraph 230 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

**Plaintiff's Ninth Cause of Action**
**Strict Products Liability – Failure to Warn**
**(Supplier Defendants)**

231.    Marcal incorporates all prior responses to the Complaint by reference as if fully set forth herein.

232.     The allegations in Paragraph 232 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

233.    The allegations in Paragraph 233 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

234.    The allegations in Paragraph 234 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

235.    The allegations in Paragraph 235 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

236.    The allegations in Paragraph 236 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same

237.    The allegations in Paragraph 237 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

238.    The allegations in Paragraph 238 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

239.    The allegations in Paragraph 239 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

240.    The allegations in Paragraph 240 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

**Plaintiff's Tenth Cause of Action**
**Strict Products Liability – Failure to Warn**
**(Burlington)**

241. Marcal incorporates all prior responses to the Complaint by reference as if fully set forth herein.

242. The allegations in Paragraph 242 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required. To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same. Marcal incorporates all prior responses to the Complaint by reference as if fully set forth herein.

243. The allegations in Paragraph 243 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required. To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

244. The allegations in Paragraph 244 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required. To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

245. The allegations in Paragraph 245 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required. To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

246.    The allegations in Paragraph 246 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same.

247.    The allegations in Paragraph 247 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same. Marcal incorporates all prior responses to the Complaint by reference as if fully set forth herein.

248.    The allegations in Paragraph 248 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same. Marcal incorporates all prior responses to the Complaint by reference as if fully set forth herein.

249.    The allegations in Paragraph 249 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same. Marcal incorporates all prior responses to the Complaint by reference as if fully set forth herein.

250.    The allegations in Paragraph 250 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

and legal conclusions set forth therein, and therefore denies same. Marcal incorporates all prior responses to the Complaint by reference as if fully set forth herein.

### Plaintiff's Eleventh Cause of Action
### Breach of Implied Warranties
### (Supplier Defendants)

251.    Marcal incorporates all prior responses to the Complaint by reference as if fully set forth herein.

252.    The allegations in Paragraph 252 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same. Marcal incorporates all prior responses to the Complaint by reference as if fully set forth herein.

253.    The allegations in Paragraph 253 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same. Marcal incorporates all prior responses to the Complaint by reference as if fully set forth herein.

254.    The allegations in Paragraph 254 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same. Marcal incorporates all prior responses to the Complaint by reference as if fully set forth herein.

255.    The allegations in Paragraph 255 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same. Marcal incorporates all prior responses to the Complaint by reference as if fully set forth herein.

256.    The allegations in Paragraph 256 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same. Marcal incorporates all prior responses to the Complaint by reference as if fully set forth herein.

257.    The allegations in Paragraph 257 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same. Marcal incorporates all prior responses to the Complaint by reference as if fully set forth herein.

### Plaintiff's Twelfth Cause of Action
### Breach of Implied Warranties
### (Burlington)

258.    Marcal incorporates all prior responses to the Complaint by reference as if fully set forth herein.

259.    The allegations in Paragraph 259 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same. Marcal incorporates all prior responses to the Complaint by reference as if fully set forth herein.

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

260.     The allegations in Paragraph 260 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same. Marcal incorporates all prior responses to the Complaint by reference as if fully set forth herein.

261.     The allegations in Paragraph 261 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same. Marcal incorporates all prior responses to the Complaint by reference as if fully set forth herein.

262.     The allegations in Paragraph 262 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same. Marcal incorporates all prior responses to the Complaint by reference as if fully set forth herein.

263.     The allegations in Paragraph 263 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions set forth therein, and therefore denies same. Marcal incorporates all prior responses to the Complaint by reference as if fully set forth herein.

264.     The allegations in Paragraph 264 of the Complaint are directed at Defendants other than Marcal and, therefore, no response is required.  To the extent a response is required, Marcal is without knowledge or information sufficient to form a belief as to the truth of the allegations

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

and legal conclusions set forth therein, and therefore denies same. Marcal incorporates all prior responses to the Complaint by reference as if fully set forth herein.

### Plaintiff's Prayer for Relief

265.    Responding to the unnumbered paragraph beginning with WHEREFORE, Marcal denies Plaintiff is entitled to the relief sought therein, including subparts (a)–(e).

### AFFIRMATIVE DEFENSES

Marcal asserts the following affirmative defenses in response to the allegations in Plaintiff's Complaint filed or consolidated in the above-captioned actions as follows:

1.    Defendant's actions have at all times been pursuant to express permits and directives of various state and federal regulatory agencies with which Defendant has at all relevant times and parameters been fully compliant.  Accordingly, Defendant pleads license as an affirmative defense to Plaintiff's claims.

2.    Plaintiff has failed to state facts sufficient to constitute a cause of action and the Complaint should be dismissed pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

3.    Plaintiff's claims should be dismissed, pursuant to Rule 12(b)(2) of the South Carolina Rules of Civil Procedure, because the Court lacks personal jurisdiction over the Defendant.

4.    Plaintiff's claims are not ripe for adjudication and should be dismissed for presenting a contingent, hypothetical, or abstract dispute.  Plaintiff alleges that they will be required to incur costs at some future date when the State or United States Environmental

41

Protection Agency will require them to upgrade their systems to treat PFAS. Until these costs are incurred, Plaintiff cannot recover.

5.      Further, Plaintiff's claims are premature to the extent that neither the State nor the United States Environmental Protection Agency have set final water quality standards, maximum contaminant levels, acceptable soil cleanup levels, or other regulatory standards that are necessary to evaluate whether natural resources have been injured.

6.      Plaintiff also lacks standing to assert, in whole or in part, under the United States Constitution, the Constitution of South Carolina, state and federal statutes, and common law to bring the claims set forth in the Complaint.

7.      Plaintiff also lacks standing to bring the claims set forth in the Complaint under both the public trust doctrine and *parens patriae* doctrine, because the property claimed to be affected is not held in the public trust and/or is not subject to the *parens patriae* doctrine.

8.      Additionally, Plaintiff lacks standing to bring the claims set forth in the Complaint under both the public trust doctrine and *parens patriae* doctrine, because it does not have exclusive jurisdiction over the resources at issue, or only have partial jurisdiction over such resources and have failed to join other necessary trustees in this action.

9.      Plaintiff lacks standing to bring an action for trespass because Plaintiff has no ownership over and is not entitled to exclusive possession of various property and water bodies referenced in the Complaint, and because Plaintiff cannot establish unreasonable or substantial damage to the resource.

10.     Plaintiff has not demonstrated or pled a legally cognizable injury in the Complaint that is capable of redress.

42

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

11.    Plaintiff's claims for alleged injuries and damages are barred, in whole or in part, because the claims for damages are speculative and conjectural.

12.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations or repose.

13.    Plaintiff has failed to name all necessary and indispensable parties in its action.

14.    Plaintiff's claims are barred, in whole or in part, because Defendant does not owe a legal duty to Plaintiff or, if it owed such a duty, did not breach and/or fully discharged that duty.

15.    Plaintiff's claims are barred, in whole or in part, because, at all relevant times, Defendant exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

16.    Plaintiff's claims are barred, in whole or in part, because none of the alleged acts or omissions of Defendant proximately caused the purported injuries and damages allegedly sustained by Plaintiff.

17.    Upon information and belief, Plaintiff's injuries, damages, or losses, if any, were directly and proximately caused by the intervening acts, superseding acts, and conduct of others, including Plaintiff, over which Defendant had no control, thereby precluding any recovery against Defendant.

18.    Even assuming Defendant was negligent, careless, or reckless in any respect, and that any such conduct on its part operated as a proximate cause of Plaintiff's injuries or damages, all of which are expressly denied, Plaintiff's comparative negligence, carelessness, or recklessness contributed to the cause of Plaintiff's alleged damages.  For that reason, Defendant is not liable to Plaintiff in any sum whatsoever, and/or to the extent that a jury finds Plaintiff at fault for less than fifty percent (50%), Plaintiff's recovery should be reduced by that percentage amount.

43

19.     Plaintiff's claim for punitive damages is violative of both the United States Constitution and the South Carolina Constitution, and Defendant pleads that sections 15-32-530 *et seq.*, of the South Carolina Code provide a cap to punitive damages potentially available in this matter.

20.     Plaintiff also fails to state any basis upon which punitive damages are recoverable against Defendant and, accordingly, Plaintiff's prayer for such damages should be dismissed and/or stricken from the claims pursuant to Rule 12(b)(6) and/or 12(f) of the Federal Rules of Civil Procedure.

21.     Pursuant to S.C. Code Ann. § 15-32-520, any proceeding to determine punitive damages should be bifurcated from any trial to determine liability and compensatory damages.

22.     Any damages suffered by Plaintiff, which such damages are expressly denied, are the direct and proximate result of Plaintiff's conduct, and its recovery should be barred or, alternatively, reduced in proportion to the same degree as to Plaintiff's comparative fault.

23.     Plaintiff has failed to mitigate its damages as required by law and such failure bars Plaintiff's recovery, in whole or in part, against Defendant.

24.     Defendant is entitled to a set-off and/or credit of any monies or proceeds received by or on behalf of Plaintiff as a result of the claims alleged in the Complaint, regardless of the source of such monies, prior to any dismissal of or judgment in this matter.

25.     Plaintiff's claims are barred, in whole or in part, because Defendant did not own, operate, or otherwise control the facilities described in the Complaints at the time that PFAS is alleged to have migrated out of those facilities.

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

44

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

26.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff cannot establish its alleged injuries were caused by exposure to PFAS from any conduct attributable to Defendant.

27.     Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot establish that PFAS has been reliably established through scientific means, to be capable of causing Plaintiff's alleged injuries.

28.     Plaintiff's claims are also barred, in whole or in part, to the extent that Plaintiff cannot establish that its residents and/or customers were exposed to sufficient concentrations or amount of PFAS, and/or for sufficient duration, which has been reliably established, through scientific means, to be capable of causing alleged injuries.

29.     Any damages Plaintiff may have suffered (which are expressly denied) were not reasonably foreseeable by Defendant at the time of the conduct alleged.

30.     Plaintiff's claims against Defendant are barred by the doctrines of unjust enrichment in that Plaintiff seeks to recover costs or damages for construction, operation, and maintenance of public water supply systems after Plaintiff sought and obtained a permit to secure, treat, and distribute public water supplies and for which it received funding from its residents and/or customers, State, Local, and Federal sources, including but not limited to funding to specifically address unexpected contamination in water supplies under the Emergency Response Plans of the Safe Drinking Water Act, 42 U.S.C. §§ 300f to 300j.

31.     Plaintiff's claims are preempted or otherwise precluded by State and Federal law to the extent Plaintiff seeks recovery of costs or damages for contamination of water supplies, the enforcement of which is vested exclusively in State and Federal agencies pursuant to State and Federal statutes, including but not limited to the Safe Drinking Water Act, 42 U.S.C. §§ 300f to

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

300j, the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, and the South Carolina Hazardous Waste Management Act, S.C. Code Ann. § 44-56-10 *et seq.*

32.     Plaintiff's claims are barred, in whole or in part, because Defendant neither knew, nor should have known, that any of the substances to which Plaintiff or Plaintiff's property was allegedly exposed were hazardous or constituted a reasonably foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to Defendant at all times relevant to the claims or causes of action asserted by Plaintiff.

33.     Further, Plaintiff's claims are barred, in whole or in part, because the alleged acts or omissions by Defendant, throughout the relevant and material time period, conformed to the then-existing custom and practice, and Defendant exercised due care and acted in accordance with and/or complied with available technological, medical, scientific, and industrial "state-of-the-art" practice, and/or applicable laws, regulations, standards, and orders.

34.     Plaintiff's claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

35.     Some or all of Plaintiff's claims are not amenable to judicial resolution because of the primary jurisdiction doctrine. *Texas v. Pacific Railway Co. v. Abilene Cotton Oil Co.*, 204 U.S. 426 (1907).

36.     The relief sought is, in whole or in part, within the particular expertise of and is being addressed by federal and state governments, and their relevant agencies, and thus the Court should decline to exercise jurisdiction over these matters pursuant to the doctrine of primary jurisdiction, abstention, and or the doctrine of separation of powers.

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

37.     The claims and/or damages alleged in the Complaints are barred, in whole or in part, under the doctrine of open and obvious conditions.

38.     The claims and/or damages alleged in the Complaints are barred, in whole or in part, under the doctrine of voluntary exposure.

39.     The claims and/or damages alleged in the Complaints are barred, in whole or in part, under the doctrine of coming to the nuisance.

40.     The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of primary implied assumption of risk.

41.     Plaintiff's claims are barred, in whole or in part, by the doctrine of election of remedies.

42.     Plaintiff's claims are or may be barred, in whole or in part, because of consent, public necessity, private necessity and/or privilege.

43.     Defendant is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency, including without limitation, acts or omissions made in accordance with applicable statutes, regulations, permits, and industry standards.

44.     Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, res judicata, estoppel, ratification, and unclean hands.

45.     Plaintiff's Complaint is also barred, in whole or in part, by the doctrines of acquiescence, consent, justification, accord and satisfaction, ratification, settlement, or release.

46.     Plaintiff's claims are preempted or barred by the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq.* and the South Carolina Hazardous Waste Management Action, S.C. Code Ann. §§ 44-56-10 *et seq.* to the extent

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

such claims include, encompass or relate to environmental conditions or natural resource damages or losses at any past, present or future facilities, sites, properties, locations or other areas listed on the United States Environmental Protection Agency's National Priority List (Superfund sites), or from which discharges or releases of materials have otherwise come to be located emanating from such facilities, sites, properties, locations or areas.

47.     Plaintiff's claims are barred because they failed to exhaust administrative remedies.

48.     Plaintiff is not entitled to recover from Defendant more than Defendant's fair, equitable, and proportionate share, if any, of the costs and damages sought by Plaintiff or to otherwise recover from Defendant more than the amount of such relief, if any, for which Defendant is liable.

49.     Plaintiff's claims are barred, in whole or in part, to the extent they seek to impose retroactive liability.  Defendant may not be held liable under retroactive theories not requiring proof of fault or causation.

50.     All claims for injunctive relief in Plaintiff's Complaint is barred because Plaintiff has adequate remedies at law, to the extent its claims are provable.

51.     Plaintiff's claims are barred to the extent that they seek to recover costs, damages, and expenses including, but not limited to, response, assessment, remediation cleanup and/or removal costs that Plaintiff incurred improperly, or that are not related to natural resource restoration or replacement damages.

52.     The damages sought by Plaintiff, if awarded, should be reduced by any amounts they recover from any other sources and Plaintiff is barred from any form of double recovery regardless of the nature or source of such recovery.

48

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

53.    Plaintiff's claims are barred, in whole or in part, because Defendant did not know or have reason to know that its wastewater discharge, alone or in conjunction with a discharge or discharges from other sources, would cause pass through or interference, as contemplated by 40 C.F.R. § 403.5(a)(2).

54.    Plaintiff's claims are barred, in whole or in part, by the municipal cost recovery rule. *See United States v. Standard Oil of California*, 332 U.S. 301 (1947).

55.    Plaintiff's claims are barred because Defendant's conduct was not a substantial factor in causing the injures alleged.

56.    Plaintiff's claims are barred by the economic loss rule. *Sapp v. Ford Motor Company*, 386 S.C. 143, 687 S.E.2d 47 (2009).

57.    Plaintiff's recovery for any alleged trespass or nuisance, which is expressly denied, is limited to the lost rental value of Plaintiff's real property interest.

58.    Without admitting liability, Defendant alleges that if it is found to have been engaged in any of the activities alleged in the Complaint, such activities were too removed, indefinite, *de minimus* and insufficient to establish a reasonable degree of probability that any such activity caused any alleged injury, damage or loss to Plaintiff.

59.    Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff cannot establish that its alleged injuries were caused by exposure to PFAS from any product(s) attributable to Defendant.

60.    Defendant asserts and incorporates herein any affirmative defenses asserted or otherwise raised by other defendants in this action to Plaintiff's Complaint.

61.    Defendant has not completed its investigation of Plaintiff's allegations. Defendant intends to act as best it can to inform itself of the pertinent facts and circumstances surrounding

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

the allegations contained in Plaintiff's Complaint.  Thus, Defendant hereby gives notice of its intent to assert any further affirmative defenses that they may learn to be supported by facts and law, including but not limited to, that this action is barred in whole or in any part by any applicable statute, contract, release, covenant, or by the doctrine of laches.  Defendant reserves the right to amend this Answer to assert any such additional defenses.

**WHEREFORE**, having fully answered the Amended Complaint, Marcal Cordova, LLC prays that the Complaint be dismissed with prejudice, that Marcal be awarded its attorneys' fees and costs associated with defending this action, and for such other and further relief as the Court may deem just and proper.

**WILLIAMS MULLEN**

By: s/John G. Tamasitis
Richard H. Willis (SC Bar No. 6159)
John G. Tamasitis (SC Bar No. 101875)
1230 Main Street, Suite 330
Columbia, SC 29201
Tel. 803.567.4615
Fax: 803.567.4601
*rwillis@williamsmullen.com*
*jtamasitis@williamsmullen.com*

*Counsel for Defendant Marcal Cordova, LLC*

July 17, 2025
Columbia, South Carolina

50

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| IN RE: PFAS LITIGATION | ) | TWELFTH JUDICIAL CIRCUIT |
| COORDINATION DOCKET | ) | |
| | ) | |
| COUNTY OF FLORENCE | ) | C.A. No. 2024-CP-21-02844 |
| | ) | |
| City of Florence, South Carolina, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| AGC Chemicals Americas, Inc.; Aladdin | ) | |
| Manufacturing Corporation; Americhem, | ) | |
| Inc.; Archroma U.S., Inc.; Arkema, Inc.; | ) | |
| Auria Albemarle, LLC; Auria Solutions | ) | |
| USA, Inc.; Burlington Industries, Inc.; | ) | |
| Carvana, LLC; Cascades Holding US, | ) | |
| Inc.; Celgard, LLC; Chem-Tex | ) | |
| Laboratories, Inc.; Clariant Corporation; | ) | |
| Corteva, Inc.; Daikin America, Inc; Delta | ) | |
| Mills, Inc., its predecessors, successors, | ) | |
| assigns, and/or responsible parties; | ) | |
| DuPont de Nemours, Inc.; EIDP, Inc.; | ) | |
| Elevate Textiles, Inc.; Goulston | ) | |
| Technologies, Inc.; HeiQ Chemtex, Inc.; | ) | |
| Huntsman International, LLC; INV | ) | |
| Performance Surfaces, LLC; J.P. Stevens | ) | |
| & Company, Inc., its predecessors, | ) | |
| successors, assigns, and/or responsible | ) | |
| parties; Marcal Cordova LLC; Mohawk | ) | |
| Industries, Inc.; Solvay Specialty | ) | |
| Polymers USA, LLC; The Chemours | ) | |
| Company; and Thuasne, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT MARCAL CORDOVA, LLC'S
## MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Marcal Cordova, LLC ("Marcal") hereby moves to dismiss Plaintiff's Second

Amended Complaint (the "Complaint"), pursuant to Rule 12(b)(2) of the South Carolina Rules of

1

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Civil Procedure, due to lack of both general and specific personal jurisdiction over Marcal, a North Carolina limited liability company.

Marcal is a resident of North Carolina and has not been present or conducted any activity in South Carolina. Further, Marcal does not conduct business, is not registered to do business, nor does it solicit business in South Carolina. Marcal also does not own property or have any employees in South Carolina. Moreover, Plaintiff does not allege in the Complaint that Marcal engaged in any conduct in, or directed at, South Carolina. Accordingly, subjecting Marcal to suit in South Carolina would violate constitutional due process protections and the South Carolina long-arm statute.

For the reasons set forth above, and as will be more fully described in a Memorandum of Law filed in support of this Motion, Plaintiff's claims against Marcal should be dismissed, pursuant to Rule 12(b)(2), SCRCP, because the Court does not have personal jurisdiction over Marcal in this case. This Motion is based upon the pleadings in this action, the South Carolina Rules of Civil Procedure, all applicable statutory and common law, any Memorandum of Law to be filed in connection herewith, and additional arguments as may be submitted to the Court in support hereof.

(Signature block on following page)

2

**WILLIAMS MULLEN**

By: s/John G. Tamasitis
Richard H. Willis (SC Bar No. 6159)
John G. Tamasitis (SC Bar No. 101875)
1230 Main Street, Suite 330
Columbia, SC 29201
Tel: 803.567.4615
Fax: 803.567.4601
rwillis@williamsmullen.com
jtamasitis@williamsmullen.com

*Counsel for Defendant Marcal Cordova, LLC*

July 17, 2025
Columbia, South Carolina

ELECTRONICALLY FILED - 2025 Jul 17 12:20 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

**STATE OF SOUTH CAROLINA**

**COUNTY OF FLORENCE**

IN RE:
PFAS LITIGATION COORDINATED DOCKET

_____

City of Florence, South Carolina,

         *Plaintiff,*

v.

AGC Chemicals Americas, Inc,; Aladdin Manufacturing Corporation; Americhem, Inc.; Archroma U.S. Inc.; Arkema, Inc.; Auria Albemarle, LLC; Auria Solutions USA, Inc.; Burlington Industries, Inc,; Carvana, LLC; Cascades Holding US, Inc.; Celgard, LLC; Chem-Tex Laboratories, Inc.; Clariant Corporation; Corteva, Inc.; Daikin America, Inc.; Delta Mills, Inc., its predecessors, successors, assigns, and/or responsible parties; DuPont de Nemours, Inc.; EIDP, Inc.; Elevate Textiles, inc.; Goulston Technologies, Inc.; HeiQ Chemtex, Inc.; Huntsman International, LLC; INV Performance Surfaces, LLC; J.P. Stevens & Company, Inc., its predecessors, successors, assigns, and/or responsible parties; Marcal Cordova LLC; Mohawk Industries, Inc.; Solvay Specialty Polymers USA, LLC; The Chemours Company; and Thuasne, LLC,

         *Defendants*.

_____

**IN THE COURT OF COMMON PLEAS**

**TWELFTH JUDICIAL CIRCUIT**

C.A. No.: 2024-CP-21-02844

**ELEVATE TEXTILE, INC.'S ANSWER TO SECOND AMENDED COMPLAINT**
(JURY TRIAL DEMANDED)

Defendant Elevate Textiles, Inc. ("Elevate"), denying each and every allegation not specifically admitted herein, hereby submits its Answer to Plaintiff's Second Amended Complaint ("Complaint").

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

**STATEMENT OF THE CASE**

1.      Elevate denies all allegations contained in Paragraph 1 of the Complaint to the extent they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. The allegations contained in Paragraph 1 also contain legal conclusions to which no response is required and, to the extent a response is deemed to be required, those allegations are denied. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 1.

2.      Elevate denies all allegations contained in Paragraph 2 of the Complaint to the extent they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. The allegations contained in Paragraph 2 also contain legal conclusions to which no response is required and, to the extent a response is deemed to be required, those allegations are denied. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 2.

3.      Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Elevate lacks sufficient knowledge to respond to the allegations concerning the other Defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

4.      Elevate does not own or operate an industrial facility upstream of Plaintiff's water intakes and does not discharge wastewater upstream of Plaintiff's water intakes and therefore denies all allegations contained in Paragraph 4 of the Complaint to the extent they relate to Elevate. Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 4.

5.      Elevate does not own or operate an industrial facility upstream of Plaintiff's water intakes and does not discharge wastewater upstream of Plaintiff's water intakes and therefore denies all allegations contained in Paragraph 5 of the Complaint to the extent they relate to Elevate. Elevate further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. The remaining allegations contained in Paragraph 5 are legal conclusions to which no response is required and, to the extent a response is deemed to be required, those allegations are denied. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 5.

6.      Elevate denies the allegations in Paragraph 6 as they relate to Elevate. Elevate does not own or operate an industrial facility upstream of Plaintiff's water intakes and does not discharge wastewater upstream of Plaintiff's water intakes and therefore denies all allegations contained in Paragraph 6 of the Complaint to the extent they relate to Elevate. The remaining allegations contained in Paragraph 6 are legal conclusions to which no response is required and, to the extent a response is deemed to be required, those allegations are denied. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 6.

7.     The allegations contained in Paragraph 7 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 7 of the Complaint to the extent they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief.  To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 7 of the Complaint.

### **DISCLAIMER**

8.     The allegations contained in Paragraph 8 of the Complaint do not pertain to Elevate and therefore no response is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and therefore the allegations are denied. The remaining allegations of Paragraph 8 of the Complaint are conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 8 of the Complaint.

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

9.      The allegations contained in Paragraph 9 of the Complaint constitute legal conclusions to which no response is required.

10.      The allegations contained in Paragraph 10 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 10 of the Complaint to the extent they relate to Elevate. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 10 of the Complaint.

11.      The allegations contained in Paragraph 11 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 11 of the Complaint to the extent they relate to Elevate. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 11 of the Complaint.

## JURISDICTION AND VENUE

12.      The allegations contained in Paragraph 12 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 12 of the Complaint. Except as expressly admitted, the allegations set forth in Paragraph 12 are denied.

13.      The allegations contained in Paragraph 13 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required,

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Elevate denies all allegations contained in Paragraph 13 of the Complaint. Except as expressly admitted, the allegations set forth in Paragraph 13 are denied.

14.    The allegations contained in Paragraph 14 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 14 of the Complaint. Except as expressly admitted, the allegations set forth in Paragraph 14 are denied.

## PARTIES

### I.    Plaintiff

15.    Elevate lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 15 of the Complaint, and therefore such allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.

16.    Elevate lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 16 of the Complaint, and therefore such allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.

17.    Elevate lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 17 of the Complaint, and therefore such allegations are denied.

### II.    Discharger Defendants

18.    Paragraph 18 pertains only to Defendant Americhem, Inc. ("Americhem") and therefore no response from Elevate is required. To the extent that a response is deemed to be

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

required, Elevate lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19.     Paragraph 19 pertains only to Defendant Auria Albemarle, LLC and  Defendant Auria Solutions USA, Inc. (collectively "Auria") and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.     Paragraph 20 pertains only to Defendant Burlington Industries, Inc. ("Burlington") and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21.     Paragraph 21 pertains only to Defendant Carvana, LLC ("Carvana") and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22.     Paragraph 22 pertains only to Defendant Cascades Holding US, Inc. ("Cascades") and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.     Paragraph 23 pertains only to Defendant Celgard, LLC ("Celgard") and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

PPAB 12568039v1

24.      Paragraph 24 pertains only to Defendant Goulston Technologies, Inc. ("Goulston") and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25.      Paragraph 25 pertains only to Defendants HeiQ Chemtex, Inc. and Chem-Tex Laboratories, Inc. (collectively "Chem-Tex") and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26.      Responding to the allegations contained in Paragraph 26 of the Complaint, Elevate admits only that it is a Delaware corporation authorized to do business in South Carolina. Elevate denies that it owns and operates the Richmond Plant and denies that it used and/or continues to use products that contain or degrade to PFIA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals. Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint to the extent they relate to Defendant Burlington, and therefore denies any and all remaining allegations contained in Paragraph 26 of the Complaint.

27.      Paragraph 27 pertains only to Defendant J.P. Stevens & Company, Inc. ("JPS") and Defendant Delta Mills, Inc. ("Delta Mills") and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

28. Paragraph 28 pertains only to Defendant Marcal Cordova LLC ("Marcal") and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Paragraph 29 pertains only to Defendant Thuasne, LLC, f/k/a Knit-Rite, LLC ("Thuasne") and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30. Paragraph 30 pertains only to Defendant Archroma U.S., Inc. ("Archroma") and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

## III.  Supplier Defendants

31. Paragraph 31 pertains only to Defendant AGC Chemicals Americas, Inc. ("Asahi") and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. Paragraph 32 pertains only to Defendant Arkema, Inc. ("Arkema") and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Paragraph 33 pertains only to Defendant Clariant Corporation ("Clariant") and therefore no response from Elevate is required. To the extent that a response is deemed to be

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

required, Elevate lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34.     Paragraph 34 pertains only to Defendant Archroma U.S., Inc. ("Archroma") and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35.     Paragraph 35 pertains only to Defendant Daikin America, Inc. ("Daikin") and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36.     Paragraph 36 pertains only to Defendant EIDP, Inc. ("Old DuPont"), f/k/a E.I. du Pont de Nemours and Company, and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37.     Paragraph 37 pertains only to Defendant The Chemours Company ("Chemours") and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38.     Paragraph 38 pertains only to Defendant Corteva, Inc. ("Corteva") and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

PPAB 12568039v1

39.     Paragraph 39 pertains only to Defendant DuPont de Nemours, Inc. ("New DuPont"), f/k/a DowDuPont, Inc., and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40.     Paragraph 40 pertains only to Defendant INV Performance Surfaces, LLC ("Invista") and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41.     Paragraph 41 pertains only to Defendant Huntsman International, LLC ("Huntsman") and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42.     Paragraph 42 pertains only to Defendant Solvay Specialty Polymers USA, LLC ("Solvay") and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

## FACTUAL ALLEGATIONS

### I.     Background and Hazards of PFAS

43.     Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 43, and therefore such allegations are denied.

44.      Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 44, and therefore such allegations are denied.

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

45.     Elevate denies all allegations contained in Paragraph 45 of the Complaint to the extent they relate to Elevate and specifically denies that it sold or used PFAS-containing products. Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 45 of the Complaint.

46.     Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 46, and therefore such allegations are denied.

47.     Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 47, and therefore such allegations are denied.

48.     Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 48, and therefore such allegations are denied.

49.     Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 49, and therefore such allegations are denied.

50.     Elevate does not know what "current scientific evidence" to which the allegations of Paragraph 50 refer and therefore cannot form a belief as to the truth of those allegations and therefore denies all allegations contained in Paragraph 50 of the Complaint.

51.     Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 51, and therefore such allegations are denied.

52.     Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 52, and therefore such allegations are denied.

53.     Elevate admits that the allegations contained in Paragraph 53 reference an EPA advisory. Elevate refers Plaintiff to the EPA advisory Plaintiff references for the contents of the advisory. Elevate lacks knowledge or information sufficient to form a belief about the basis for the

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

referenced advisory, and therefore such allegations are denied.  Except as expressly admitted, all remaining allegations are denied.

54.     Elevate admits that the allegations contained in Paragraph 54 reference an EPA advisory. Elevate refers Plaintiff to the EPA advisory Plaintiff references for the contents of the advisory. Elevate lacks knowledge or information sufficient to form a belief about the basis for the referenced advisory, and therefore such allegations are denied.  Except as expressly admitted, all remaining allegations are denied.

55.     Elevate refers Plaintiff to the EPA advisory Plaintiff references in Paragraph 55 for the contents of the advisory. Elevate lacks knowledge or information sufficient to form a belief about the basis for the referenced advisory, and therefore such allegations are denied.  Except as expressly admitted, all remaining allegations are denied.

56.     Elevate admits that the allegations contained in Paragraph 56 reference an EPA advisory. Elevate refers Plaintiff to the EPA advisory Plaintiff references for the contents of the advisory. Elevate lacks knowledge or information sufficient to form a belief about the basis for the referenced advisory, and therefore such allegations are denied.  Except as expressly admitted, all remaining allegations are denied.

57.      Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 57, and therefore such allegations are denied.

58.     Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 58, and therefore such allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

PPAB 12568039v1

59.     Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 59, and therefore such allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

60.     Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 60, and therefore such allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

61.     Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 61, and therefore such allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

62.     Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 62, and therefore such allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

63.     Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 63, and therefore such allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

64.     Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 64, and therefore such allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

response is required, those allegations are denied. Any remaining allegations are denied. Elevate denies all allegations contained in Paragraph 64 of the Complaint to the extent they relate to Elevate, and further denies any and all liability to Plaintiff.

65.   Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 65, and therefore such allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied. Elevate denies all allegations contained in Paragraph 65 of the Complaint to the extent they relate to Elevate, and further denies any and all liability to Plaintiff.

66.   Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 66, and therefore such allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

67.   Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 67, and therefore such allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied. Elevate denies all allegations contained in Paragraph 67 of the Complaint to the extent they relate to Elevate, and further denies any and all liability to Plaintiff.

## II.    Contamination of the Great Pee Dee River with PFAS

68.   Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 68, and therefore such allegations are denied.

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

69.     Elevate denies the allegations contained in Paragraph 69 of the Complaint to the extent they relate to Elevate. Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 69.

70.     Elevate denies that it is a source of PFOA or PFOS in the water at Plaintiff's water intake on the Great Pee Dee River and therefore denies all allegations in Paragraph 70 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief.  Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 70.

71.     Elevate denies that it is, or was, an owner and operator of any manufacturing plant or related industrial facility upstream of Plaintiff's water intake and therefore denies all allegations in Paragraph 71 as they relate to Elevate.  Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 71.

72.     Elevate denies the allegations in Paragraph 72 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief.  Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 72.

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

73.    Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 73, and therefore such allegations are denied.

74.    The allegations in Paragraph 74 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Elevate denies the allegations in Paragraph 74 to the extent they relate to Elevate. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 74 of the Complaint to the extent the allegations relate to other Defendants, and therefore such allegations are denied.

75.    The allegations in Paragraph 75 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Elevate denies the allegations in Paragraph 75 to the extent they relate to Elevate, and specifically denies that it is a "Discharger Defendant" as that term is defined or used by Plaintiff in Paragraph 75 and throughout the Complaint. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 75 of the Complaint to the extent the allegations relate to other Defendants, and therefore such allegations are denied.

76.    Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 76, and therefore such allegations are denied.

77.    The allegations in Paragraph 77 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Elevate denies the allegations in Paragraph 77 to the extent they relate to Elevate. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 77 of the Complaint to the extent the allegations

PPAB 12568039v1

relate to other Defendants, and therefore such allegations are denied.

### III.    Supplier Defendants Had Superior Knowledge of PFAS Hazardous Properties.

78.    The allegations in Paragraph 78 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed to be required, Elevate denies the allegations in Paragraph 78 to the extent they relate to Elevate. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 78 of the Complaint to the extent the allegations relate to other Defendants, and therefore such allegations are denied.

79.    The allegations in Paragraph 79 pertain only to Defendant Old DuPont and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 and therefore denies the same.

80.    The allegations in Paragraph 80 pertain only to Defendant Old DuPont and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and therefore denies the same.

81.    The allegations in Paragraph 81 pertain only to Defendant Old DuPont and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and therefore denies the same.

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

82. The allegations in Paragraph 82 pertain only to Defendant Old DuPont and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 and therefore denies the same.

83. The allegations in Paragraph 83 pertain only to Defendant Old DuPont and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 and therefore denies the same.

84. The allegations in Paragraph 84 pertain only to Defendant Old DuPont and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 and therefore denies the same.

85. The allegations in Paragraph 85 pertain only to Defendant Old DuPont and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 and therefore denies the same.

86. The allegations in Paragraph 86 pertain only to Defendant Old DuPont and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 and therefore denies the same.

87. The allegations in Paragraph 87 do not pertain to Elevate and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate denies all allegations in Paragraph 87 to the extent they relate to Elevate. To the extent a further response is

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 and therefore denies the same.

88.     The allegations in Paragraph 88 pertain only to Defendant Old DuPont and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 and therefore denies the same.

89.     The allegations in Paragraph 89 pertain only to Defendant Old DuPont and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and therefore denies the same.

90.     The allegations in Paragraph 90 pertain only to Defendant Old DuPont and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 and therefore denies the same.

91.     The allegations in Paragraph 91 pertain only to Defendants Old DuPont and Chemours and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 and therefore denies the same.

92.     The allegations in Paragraph 92 pertain only to Defendants Old DuPont and Invista and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 and therefore denies the same.

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

93. The allegations in Paragraph 93 pertain only to Defendants Huntsman, Old DuPont, and Chemours and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 and therefore denies the same.

94. The allegations in Paragraph 94 pertain only to Defendant Daikin and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and therefore denies the same.

95. The allegations in Paragraph 95 pertain only to Defendant Daikin and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 and therefore denies the same.

96. The allegations in Paragraph 96 pertain only to Defendant Daikin and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 and therefore denies the same.

97. The allegations in Paragraph 97 pertain only to Defendant Daikin and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 and therefore denies the same.

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

98.     The allegations in Paragraph 98 pertain only to Defendant Daikin and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 and therefore denies the same.

99.     The allegations in Paragraph 99 pertain only to Defendant Asahi and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 and therefore denies the same.

100.     The allegations in Paragraph 100 pertain only to Defendant Asahi and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 and therefore denies the same.

101.     The allegations in Paragraph 101 pertain only to Defendant Arkema and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and therefore denies the same.

102.     The allegations in Paragraph 102 pertain only to Defendant Clariant and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 and therefore denies the same.

103.     The allegations in Paragraph 103 pertain only to Defendant Clariant and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations

PPAB 12568039v1

contained in Paragraph 103 and therefore denies the same.

104.     The allegations in Paragraph 104 pertain only to Defendants Clariant and Archroma and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 and therefore denies the same.

105.     The allegations in Paragraph 105 pertain only to Defendant Solvay and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 and therefore denies the same.

106.     The allegations in Paragraph 106 pertain only to "Supplier Defendants" and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 and therefore denies the same. Any and all remaining allegations are denied as they relate to Elevate.

107.     The allegations in Paragraph 107 pertain only to the alleged conduct of "Supplier Defendants" and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 and therefore denies the same. Elevate denies the allegations in Paragraph 107 of the Complaint, including subparagraphs 107 (a) through (j), as they relate to Elevate, and specifically denies that it is a "Discharger Defendant" as that term is defined or used by Plaintiff in Paragraph 107 and throughout the Complaint.

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

**IV.    Supplier Defendants Were Directly Involved in Discharger Defendants' PFAS Use and Disposal.**

108.    The allegations in Paragraph 108 pertain only to the alleged conduct of "Supplier Defendants" and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate denies the allegations in Paragraph 108 of the Complaint to the extent that they relate to Elevate, and specifically denies that it is a "Discharger Defendant" as that term is defined or used by Plaintiff in Paragraph 108 and throughout the Complaint. To the extent that a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 and therefore denies the same.

109.    The allegations in Paragraph 109 pertain only to the alleged conduct of "Supplier Defendants" and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate denies the allegations in Paragraph 109 of the Complaint to the extent that they relate to Elevate, and specifically denies that it is a "Discharger Defendant" as that term is defined or used by Plaintiff in Paragraph 109 and throughout the Complaint. To the extent that a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 and therefore denies the same.

110.    The allegations in Paragraph 110 pertain only to the alleged conduct of "Supplier Defendants" and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate denies the allegations in Paragraph 110 of the Complaint to the extent that they relate to Elevate, and specifically denies that it is a "Discharger Defendant" as that term is defined or used by Plaintiff in Paragraph 110 and throughout the Complaint. To the extent that a further response is deemed to be required, Elevate lacks knowledge or information sufficient

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

to form a belief as to the truth of the allegations contained in Paragraph 110 and therefore denies the same.

111.    The allegations in Paragraph 111 pertain only to the alleged conduct of "Supplier Defendants" and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate denies the allegations in Paragraph 111 of the Complaint to the extent that they relate to Elevate, and specifically denies that it is a "Discharger Defendant" as that term is defined or used by Plaintiff in Paragraph 111 and throughout the Complaint. To the extent that a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 and therefore denies the same.

112.    The allegations in Paragraph 112 pertain only to the alleged conduct of "Supplier Defendants" and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate denies the allegations in Paragraph 112 of the Complaint to the extent that they relate to Elevate, and specifically denies that it is a "Discharger Defendant" as that term is defined or used by Plaintiff in Paragraph 112 and throughout the Complaint. To the extent that a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 and therefore denies the same.

113.    The allegations in Paragraph 113 pertain only to the alleged conduct of "Supplier Defendants" and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate denies the allegations in Paragraph 113 of the Complaint to the extent that they relate to Elevate, and specifically denies that it is a "Discharger Defendant" as that term is defined or used by Plaintiff in Paragraph 113 and throughout the Complaint. To the extent

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

that a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 and therefore denies the same.

114. The allegations in Paragraph 114 pertain only to the alleged conduct of "Supplier Defendants" and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate denies the allegations in Paragraph 114 of the Complaint to the extent that they relate to Elevate, and specifically denies that it is a "Discharger Defendant" as that term is defined or used by Plaintiff in Paragraph 114 and throughout the Complaint. To the extent that a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 and therefore denies the same.

115. The allegations in Paragraph 115 pertain only to the alleged conduct of "Supplier Defendants" and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate denies the allegations in Paragraph 115 of the Complaint to the extent that they relate to Elevate, and specifically denies that it is a "Discharger Defendant" as that term is defined or used by Plaintiff in Paragraph 115 and throughout the Complaint. To the extent that a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 and therefore denies the same.

116. The allegations in Paragraph 116 pertain only to the alleged conduct of "Supplier Defendants" and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate denies the allegations in Paragraph 116 of the Complaint to the extent that they relate to Elevate, and specifically denies that it is a "Discharger Defendant" as that

term is defined or used by Plaintiff in Paragraph 116 and throughout the Complaint. To the extent that a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 and therefore denies the same.

117. The allegations in Paragraph 117 pertain only to the alleged conduct of "Supplier Defendants" and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 and therefore denies the same. Elevate denies any and all allegations in Paragraph 117 to the extent that they relate to Elevate.

## V. Supplier Defendants Delayed, Suppressed, and Interfered with the Advance of Scientific Understanding and Regulation of their PFAS Products.

118. The allegations in Paragraph 118 pertain only to the alleged conduct of "Supplier Defendants" and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 and therefore denies the same. Elevate denies any and all allegations in Paragraph 118 to the extent that they relate to Elevate.

119. The allegations in Paragraph 119 pertain only to the alleged conduct of "Supplier Defendants" and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 and therefore denies the same. Elevate denies any and all allegations in Paragraph 119 to the extent that they relate to Elevate.

120. The allegations in Paragraph 120 pertain only to the alleged conduct of "Supplier Defendants" and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

truth of the allegations contained in Paragraph 120 and therefore denies the same. Elevate denies any and all allegations in Paragraph 120 to the extent that they relate to Elevate.

## VI.     Old DuPont Orchestrated a Multi-Step Corporate Restructuring Designed to Shield Its Valuable Assets from Its PFAS Liabilities.

121.    The allegations in Paragraph 121 pertain only to Defendant Old DuPont and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 and therefore denies the same.

122.    The allegations in Paragraph 122 pertain only to Defendant Old DuPont and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 and therefore denies the same.

123.    The allegations in Paragraph 123 pertain only to Defendants Old DuPont and Chemours and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 and therefore denies the same.

124.    The allegations in Paragraph 124 pertain only to Defendants Old DuPont and Chemours and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 and therefore denies the same.

125.    The allegations in Paragraph 125 pertain only to Defendants Old DuPont and Chemours and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 and therefore denies the same.

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

126. The allegations in Paragraph 126 pertain only to Defendant Old DuPont and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 and therefore denies the same.

127. The allegations in Paragraph 127 pertain only to Defendant Old DuPont and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 and therefore denies the same.

128. The allegations in Paragraph 128 pertain only to Defendants Old DuPont, Corteva, and New DuPont and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 and therefore denies the same.

129. The allegations in Paragraph 129 pertain only to Defendants Old DuPont, Corteva, and New DuPont and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 and therefore denies the same.

## VII.    Defendants Have Harmed Plaintiff and Plaintiff's Community.

130. The allegations in Paragraph 130 constitute legal conclusions and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate denies the allegations in Paragraph 130 of the Complaint to the extent that they relate to Elevate, and specifically denies that it is a "Discharger Defendant" as that term is defined or used by Plaintiff in Paragraph 130 and throughout the Complaint. Elevate denies that it has discharged PFOA, PFOS, PFHxS, PFNA, PFBS, GenX Chemicals, and their precursors into the Great Pee Dee River, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

damages or any other relief. To the extent that a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 as they relate to other Defendants and therefore denies the same.

131. The allegations in Paragraph 131 pertain only to the alleged conduct of "Supplier Defendants" and therefore no response from Elevate is required. To the extent that a response is deemed to be required, Elevate denies the allegations in Paragraph 131 of the Complaint to the extent that they relate to Elevate, and specifically denies that it is a "Discharger Defendant" as that term is defined or used by Plaintiff in Paragraph 131 and throughout the Complaint. To the extent that a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 as they relate to other Defendants and therefore denies the same.

132. Elevate denies the allegations in Paragraph 132 of the Complaint as they relate to Elevate. The allegations in Paragraph 132 also contain legal conclusions to which no response is required and, to the extent a response is required, those allegations are denied. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 132 of the Complaint to the extent the allegations relate to other Defendants, and therefore such allegations are denied.

133. Elevate denies the allegations in Paragraph 133 of the Complaint as they relate to Elevate. The allegations in Paragraph 133 also contain legal conclusions to which no response is required and, to the extent a response is required, those allegations are denied. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 133 of the Complaint to the extent the allegations relate to other Defendants, and therefore such allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

134.   Elevate denies the allegations in Paragraph 134 of the Complaint as they relate to Elevate, including subparagraphs 134 (a) and (b). The allegations in Paragraph 134 also contain legal conclusions to which no response is required and, to the extent a response is required, those allegations are denied. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 134 of the Complaint to the extent the allegations relate to other Defendants, and therefore such allegations are denied.

## FIRST CAUSE OF ACTION

### Private Nuisance

135.   Elevate fully incorporates herein its responses to the foregoing paragraphs in the Complaint as though fully set forth herein.

136.   Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 136, and therefore such allegations are denied.

137.   The allegations in Paragraph 137 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 142, and therefore such allegations are denied.

138.   The allegations in Paragraph 138 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 138 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

form a belief as to the truth of the allegations contained in Paragraph 138 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 138 of the Complaint.

139.    Elevate denies the allegations in Paragraph 139 of the Complaint as they relate to Elevate. The allegations in Paragraph 139 also contain legal conclusions to which no response is required and, to the extent a response is required, those allegations are denied. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 139 of the Complaint to the extent the allegations relate to other Defendants, and therefore such allegations are denied.

140.    The allegations in Paragraph 140 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 140 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 140 of the Complaint.

141.    The allegations in Paragraph 141 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 141 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of the Complaint to the

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 141 of the Complaint.

142.    The allegations in Paragraph 142 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 142 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 142 of the Complaint.

143.    The allegations in Paragraph 143 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 143 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 143 of the Complaint.

144.    The allegations in Paragraph 144 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 144 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

form a belief as to the truth of the allegations contained in Paragraph 144 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 144 of the Complaint.

145.    The allegations in Paragraph 145 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 145 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 145 of the Complaint.

146.    The allegations in Paragraph 146 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 146 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 146 of the Complaint.

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## SECOND CAUSE OF ACTION

### Public Nuisance

147.     Elevate fully incorporates herein its responses to the foregoing paragraphs in the Complaint as though fully set forth herein.

148.     Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 148, and therefore such allegations are denied. The allegations set forth in Paragraph 148 also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.

149.     Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 149, and therefore such allegations are denied.

150.     Elevate denies all allegations contained in Paragraph 150 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. The allegations in Paragraph 150 of the Complaint also contain legal conclusions to which no response is required and, to the extent a response is required, those allegations are denied. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 150 of the Complaint.

151.     Elevate denies all allegations contained in Paragraph 151 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. The allegations in Paragraph 151 of the Complaint also contain legal conclusions to which no response is required and, to the extent a response is required, those allegations are denied. To the extent a further response is deemed to be required, Elevate lacks

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 151 of the Complaint.

152.    The allegations in Paragraph 152 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 152 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 152 of the Complaint.

153.    The allegations in Paragraph 153 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 153 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 153 of the Complaint.

154.    The allegations in Paragraph 154 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 154 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 154 of the Complaint.

155. The allegations in Paragraph 155 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 155 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 155 of the Complaint.

156. The allegations in Paragraph 156 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 156 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 156 of the Complaint.

157. Elevate denies the allegations in Paragraph 157 of the Complaint to the extent that they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. The allegations in Paragraph 157 also contain conclusions

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

of law to which no response is required and, to the extent a response is required, those allegations are denied. Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 157 of the Complaint.

158.    The allegations in Paragraph 158 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 158 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 158 of the Complaint.

## THIRD CAUSE OF ACTION

### Trespass

159.    Elevate fully incorporates herein its responses to the foregoing paragraphs in the Complaint as though fully set forth herein.

160.    The allegations in Paragraph 160 of the Complaint constitute legal conclusions to which no response is required. To the extend a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 160, and therefore such allegations are denied.

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

161.    The allegations in Paragraph 161 of the Complaint, including subparagraphs (a)-(d), do not pertain Elevate and therefore no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 161, and therefore such allegations are denied.

162.    The allegations in Paragraph 162 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 162, including subparagraphs (a)-(d), as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 162 of the Complaint.

163.    The allegations in Paragraph 163 of the Complaint, including subparagraphs (a)-(d), pertain only to "Supplier Defendants," and therefore no response from Elevate is required. To the extent a response is deemed to be required, Elevate denies the allegations in Paragraph 163 of the Complaint as they relate to Elevate, and specifically denies that it is a "Discharger Defendant" as that term is defined or used by Plaintiff in Paragraph 163 and throughout the Complaint. The allegations in Paragraph 163 also contain legal conclusions to which no response is required and, to the extent a response is required, those allegations are denied. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 163, and therefore such allegations are denied.

164.     The allegations in Paragraph 164 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 164, and therefore such allegations are denied.

165.     The allegations in Paragraph 165 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 165 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 165 of the Complaint.

166.     The allegations in Paragraph 166 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 166 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 166 of the Complaint.

167.     The allegations in Paragraph 167 of the Complaint pertain only to "Supplier Defendants," and therefore no response from Elevate is required. To the extent a response is deemed to be required, Elevate denies the allegations in Paragraph 167 of the Complaint as they

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

relate to Elevate, and specifically denies that it is a "Discharger Defendant" as that term is defined or used by Plaintiff in Paragraph 167 and throughout the Complaint. The allegations in Paragraph 167 also contain legal conclusions to which no response is required and, to the extent a response is required, those allegations are denied. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 167, and therefore such allegations are denied.

168.     The allegations in Paragraph 168 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 168 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 168 of the Complaint.

169.     The allegations in Paragraph 169 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 169 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 169 of the Complaint.

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

170. The allegations in Paragraph 170 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 170 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 170 of the Complaint.

## FOURTH CAUSE OF ACTION

### Negligence, Gross Negligence, and/or Recklessness

171. Elevate fully incorporates herein its responses to the foregoing paragraphs in the Complaint as though fully set forth herein.

172. The allegations in Paragraph 172 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 172 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 172 of the Complaint.

173. The allegations in Paragraph 173 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 173 as they relate to Elevate, and further denies any and all

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 173 of the Complaint.

174.    The allegations in Paragraph 174 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 174 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 174 of the Complaint.

175.    The allegations in Paragraph 175 of the Complaint pertain only to "Supplier Defendants," and therefore no response from Elevate is required. To the extent a response is deemed to be required, Elevate denies the allegations in Paragraph 175 of the Complaint as they relate to Elevate. The allegations in Paragraph 175 also contain legal conclusions to which no response is required and, to the extent a response is required, those allegations are denied. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 175, and therefore such allegations are denied.

176.    The allegations in Paragraph 176 of the Complaint pertain only to "Supplier Defendants," and therefore no response from Elevate is required. To the extent a response is

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

deemed to be required, Elevate denies the allegations in Paragraph 176 of the Complaint as they relate to Elevate. The allegations in Paragraph 176 also contain legal conclusions to which no response is required and, to the extent a response is required, those allegations are denied. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 176, and therefore such allegations are denied.

177. The allegations in Paragraph 177 of the Complaint pertain only to "Supplier Defendants," and therefore no response from Elevate is required. To the extent a response is deemed to be required, Elevate denies the allegations in Paragraph 177 of the Complaint as they relate to Elevate. The allegations in Paragraph 177 also contain legal conclusions to which no response is required and, to the extent a response is required, those allegations are denied. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 177, and therefore such allegations are denied.

178. The allegations in Paragraph 178 of the Complaint pertain only to Defendant Burlington, and therefore no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 178, and therefore such allegations are denied.

179. The allegations in Paragraph 179 of the Complaint pertain only to Defendant Burlington, and therefore no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 179, and therefore such allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

180.     The allegations in Paragraph 180 of the Complaint pertain only to Defendant Burlington, and therefore no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 180, and therefore such allegations are denied.

181.     The allegations in Paragraph 181 of the Complaint pertain only to Defendant Burlington, and therefore no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 181, and therefore such allegations are denied.

182.     The allegations in Paragraph 182 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 182 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 182 of the Complaint.

183.     The allegations in Paragraph 183 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 183 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 183 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

contained in Paragraph 183 of the Complaint.

## FIFTH CAUSE OF ACTION

### Strict Products Liability – Ultrahazardous
### Activity (Supplier Defendants)

184.    Elevate fully incorporates herein its responses to the foregoing paragraphs in the Complaint as though fully set forth herein.

185.    The allegations in Paragraph 185 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185 and therefore such allegations are denied.

186.    The allegations in Paragraph 186 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 186 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 186 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 186 of the Complaint.

187.    The allegations in Paragraph 187 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 187 as they relate to Elevate, and further denies any and all liability to Plaintiff and

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 187 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 187 of the Complaint.

188.    The allegations in Paragraph 188 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 188 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 188 of the Complaint.

189.    The allegations in Paragraph 189 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 189 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 189 of the Complaint.

PPAB 12568039v1

190. The allegations in Paragraph 190 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 190 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 190 of the Complaint.

191. The allegations in Paragraph 191 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 191 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 191 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 191 of the Complaint.

192. The allegations in Paragraph 192 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 192 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 192 of the Complaint.

193.     The allegations in Paragraph 193 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 193 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 193 of the Complaint.

194.     The allegations in Paragraph 194 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate denies all allegations contained in Paragraph 194 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief. To the extent a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194 of the Complaint to the extent they relate to other Defendants and therefore denies any and all remaining allegations contained in Paragraph 194 of the Complaint.

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## SIXTH CAUSE OF ACTION

### Strict Products Liability – Ultrahazardous Activity (Burlington)

195. Elevate fully incorporates herein its responses to the foregoing paragraphs in the Complaint as though fully set forth herein.

196. The allegations in Paragraph 196 of the Complaint constitute legal conclusions and are directed only toward Defendant Burlington, and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196 and therefore such allegations are denied.

197. The allegations in Paragraph 197 of the Complaint constitute legal conclusions and are directed only toward Defendant Burlington, and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 197 and therefore such allegations are denied.

198. The allegations in Paragraph 198 of the Complaint constitute legal conclusions and are directed only toward Defendant Burlington, and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 198 and therefore such allegations are denied.

199. The allegations in Paragraph 199 of the Complaint constitute legal conclusions and are directed only toward Defendant Burlington, and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199 and therefore such allegations are denied.

200.    The allegations in Paragraph 200 of the Complaint constitute legal conclusions and are directed only toward Defendant Burlington, and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 200 and therefore such allegations are denied.

201.    The allegations in Paragraph 201 of the Complaint constitute legal conclusions and are directed only toward Defendant Burlington, and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201 and therefore such allegations are denied.

202.    The allegations in Paragraph 202 of the Complaint constitute legal conclusions and are directed only toward Defendant Burlington, and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 202 and therefore such allegations are denied.

203.    The allegations in Paragraph 203 of the Complaint constitute legal conclusions and are directed only toward Defendant Burlington, and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203 and therefore such allegations are denied.

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

204.     The allegations in Paragraph 204 of the Complaint constitute legal conclusions and are directed only toward Defendant Burlington, and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 204 and therefore such allegations are denied.

## SEVENTH CAUSE OF ACTION

### Strict Products Liability – Design Defect
### (Supplier Defendants)

205.     Elevate fully incorporates herein its responses to the foregoing paragraphs in the Complaint as though fully set forth herein.

206.     The allegations in Paragraph 206 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 206 and therefore such allegations are denied.

207.     The allegations in Paragraph 207 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 207 and therefore such allegations are denied.

208.     The allegations in Paragraph 208 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 208 and therefore such allegations are denied.

209.    The allegations in Paragraph 209 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 209 and therefore such allegations are denied.

210.    The allegations in Paragraph 210 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 210 and therefore such allegations are denied.

211.    The allegations in Paragraph 211 of the Complaint, including subparts (a)-(e), constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 211, including subparts (a)-(e), and therefore such allegations are denied.

212.    The allegations in Paragraph 212 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 212 and therefore such allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

213.    The allegations in Paragraph 213 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 213 and therefore such allegations are denied.

214.    The allegations in Paragraph 214 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 214 and therefore such allegations are denied.

215.    The allegations in Paragraph 215 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 215 and therefore such allegations are denied.

216.    The allegations in Paragraph 216 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 216 and therefore such allegations are denied.

217.    The allegations in Paragraph 217 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 217 and therefore such allegations are denied.

## EIGHTH CAUSE OF ACTION

### Strict Products Liability - Design
### Defect (Burlington)

218. Elevate fully incorporates herein its responses to the foregoing paragraphs in the Complaint as though fully set forth herein.

219. The allegations in Paragraph 219 of the Complaint constitute legal conclusions and are directed only toward Defendant Burlington, and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 219 and therefore such allegations are denied.

220. The allegations in Paragraph 220 of the Complaint constitute legal conclusions and are directed only toward Defendant Burlington, and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 220 and therefore such allegations are denied.

221. The allegations in Paragraph 221 of the Complaint constitute legal conclusions and are directed only toward Defendant Burlington, and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 221 and therefore such allegations are denied.

222. The allegations in Paragraph 222 of the Complaint constitute legal conclusions and are directed only toward Defendant Burlington, and therefore, no response from Elevate is

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 222 and therefore such allegations are denied.

223. The allegations in Paragraph 223 of the Complaint constitute legal conclusions and are directed only toward Defendant Burlington, and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 223 and therefore such allegations are denied.

224. The allegations in Paragraph 224 of the Complaint, including subparagraphs (a)-(f), pertain only to Defendant Burlington, and therefore no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 224, and therefore such allegations are denied.

225. The allegations in Paragraph 225 of the Complaint pertain only to Defendant Burlington, and therefore no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 225, and therefore such allegations are denied.

226. The allegations in Paragraph 226 of the Complaint pertain only to Defendant Burlington, and therefore no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 226, and therefore such allegations are denied.

227. The allegations in Paragraph 227 of the Complaint pertain only to Defendant Burlington, and therefore no response from Elevate is required. To the extent a response is deemed

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 227, and therefore such allegations are denied.

228.     The allegations in Paragraph 228 of the Complaint pertain only to Defendant Burlington, and therefore no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 228, and therefore such allegations are denied.

229.     The allegations in Paragraph 229 of the Complaint pertain only to Defendant Burlington, and therefore no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 229, and therefore such allegations are denied.

230.     The allegations in Paragraph 230 of the Complaint pertain only to Defendant Burlington, and therefore no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 230, and therefore such allegations are denied.

**NINTH CAUSE OF ACTION**

**Strict Products Liability - Failure to Warn**
**(Supplier Defendants)**

231.     Elevate fully incorporates herein its responses to the foregoing paragraphs in the Complaint as though fully set forth herein.

232.     The allegations in Paragraph 232 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 232, and therefore such allegations are denied.

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

233.     The allegations in Paragraph 233 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent that a response is deemed to be required, Elevate denies the allegations in Paragraph 233 of the Complaint to the extent that they relate to Elevate, and specifically denies that it is a "Discharger Defendant" as that term is defined or used by Plaintiff in Paragraph 233 and throughout the Complaint. To the extent that a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 233 as they relate to other Defendants and therefore denies the same.

234.     The allegations in Paragraph 240 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent a response is deemed to be required Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 240  as they relate to other Defendants and therefore denies the same.

235.     The allegations in Paragraph 235 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent that a response is deemed to be required, Elevate denies the allegations in Paragraph 235 of the Complaint to the extent that they relate to Elevate, and specifically denies that it is a "Discharger Defendant" as that term is defined or used by Plaintiff in Paragraph 235 and throughout the Complaint. To the extent that a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 235 as they relate to other Defendants and therefore denies the same.

236.     The allegations in Paragraph 236 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

required. To the extent that a response is deemed to be required, Elevate denies the allegations in Paragraph 236 of the Complaint to the extent that they relate to Elevate, and specifically denies that it is a "Discharger Defendant" as that term is defined or used by Plaintiff in Paragraph 236 and throughout the Complaint. To the extent that a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 236 as they relate to other Defendants and therefore denies the same.

237.     The allegations in Paragraph 237 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent a response is deemed to be required Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 237 as they relate to other Defendants and therefore denies the same.

238.     The allegations in Paragraph 238 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent a response is deemed to be required Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 238 as they relate to other Defendants and therefore denies the same.

239.     The allegations in Paragraph 239 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent a response is deemed to be required Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 239 as they relate to other Defendants and therefore denies the same.

240.     The allegations in Paragraph 240 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

required. To the extent a response is deemed to be required Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 240 as they relate to other Defendants and therefore denies the same.

## TENTH CAUSE OF ACTION

### Strict Products Liability - Failure to Warn
### (Burlington)

241.  Elevate fully incorporates herein its responses to the foregoing paragraphs in the Complaint as though fully set forth herein.

242.  The allegations in Paragraph 242 of the Complaint pertain only to Defendant Burlington, and therefore no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 242, and therefore such allegations are denied.

243.  The allegations in Paragraph 243 of the Complaint pertain only to Defendant Burlington, and therefore no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 243, and therefore such allegations are denied.

244.  The allegations in Paragraph 244 of the Complaint pertain only to Defendant Burlington, and therefore no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 244, and therefore such allegations are denied.

245.  The allegations in Paragraph 245 of the Complaint pertain only to Defendant Burlington, and therefore no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 245, and therefore such allegations are denied.

246.     The allegations in Paragraph 246 of the Complaint pertain only to Defendant Burlington, and therefore no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 246, and therefore such allegations are denied.

247.     The allegations in Paragraph 247 of the Complaint pertain only to Defendant Burlington, and therefore no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 247, and therefore such allegations are denied.

248.     The allegations in Paragraph 248 of the Complaint pertain only to Defendant Burlington, and therefore no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 248, and therefore such allegations are denied.

249.     The allegations in Paragraph 249 of the Complaint pertain only to Defendant Burlington, and therefore no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 249, and therefore such allegations are denied.

250.     The allegations in Paragraph 250 of the Complaint pertain only to Defendant Burlington, and therefore no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 250, and therefore such allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

**ELEVENTH CAUSE OF ACTION**

**Breach of Implied Warranties**
**(Supplier Defendants)**

251.    Elevate fully incorporates herein its responses to the foregoing paragraphs in the Complaint as though fully set forth herein.

252.    The allegations in Paragraph 252 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent that a response is deemed to be required, Elevate denies the allegations in Paragraph 252 of the Complaint to the extent that they relate to Elevate, and specifically denies that it is a "Discharger Defendant" as that term is defined or used by Plaintiff in Paragraph 252 and throughout the Complaint. To the extent that a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 252 as they relate to other Defendants and therefore denies the same.

253.    The allegations in Paragraph 253 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent that a response is deemed to be required, Elevate denies the allegations in Paragraph 253 of the Complaint to the extent that they relate to Elevate, and specifically denies that it is a "Discharger Defendant" as that term is defined or used by Plaintiff in Paragraph 253 and throughout the Complaint. To the extent that a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 253 as they relate to other Defendants and therefore denies the same.

254.    The allegations in Paragraph 254 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

required. To the extent that a response is deemed to be required, Elevate denies the allegations in Paragraph 254 of the Complaint to the extent that they relate to Elevate, and specifically denies that it is a "Discharger Defendant" as that term is defined or used by Plaintiff in Paragraph 254 and throughout the Complaint. To the extent that a further response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 254 as they relate to other Defendants and therefore denies the same.

255.    The allegations in Paragraph 255 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent a response is deemed to be required Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 255 as they relate to other Defendants and therefore denies the same.

256.    The allegations in Paragraph 256 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent a response is deemed to be required Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 256 as they relate to other Defendants and therefore denies the same.

257.    The allegations in Paragraph 257 of the Complaint constitute legal conclusions and are directed only toward "Supplier Defendants," and therefore, no response from Elevate is required. To the extent a response is deemed to be required Elevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 257 as they relate to other Defendants and therefore denies the same.

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## TWELFTH CAUSE OF ACTION

### Breach of Implied Warranties
### (Burlington)

258.    Elevate fully incorporates herein its responses to the foregoing paragraphs in the Complaint as though fully set forth herein.

259.    The allegations in Paragraph 259 of the Complaint pertain only to Defendant Burlington, and therefore no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 259, and therefore such allegations are denied.

260.    The allegations in Paragraph 260 of the Complaint pertain only to Defendant Burlington, and therefore no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 260, and therefore such allegations are denied.

261.    The allegations in Paragraph 261 of the Complaint pertain only to Defendant Burlington, and therefore no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 261, and therefore such allegations are denied.

262.    The allegations in Paragraph 262 of the Complaint pertain only to Defendant Burlington, and therefore no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 262, and therefore such allegations are denied.

263.    The allegations in Paragraph 263 of the Complaint pertain only to Defendant Burlington, and therefore no response from Elevate is required. To the extent a response is deemed

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 263, and therefore such allegations are denied.

264.    The allegations in Paragraph 264 of the Complaint pertain only to Defendant Burlington, and therefore no response from Elevate is required. To the extent a response is deemed to be required, Elevate lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 264, and therefore such allegations are denied. Elevate denies all allegations contained in Paragraph 264 as they relate to Elevate, and further denies any and all liability to Plaintiff and denies that Plaintiff is entitled to damages or any other relief.

## PRAYER FOR RELIEF

Elevate denies any liability for any injury alleged in the Complaint and denies that Plaintiff is entitled to the relief or judgment requested in the Prayer for Relief. To the extent any allegation of the Complaint is not addressed directly herein, such allegation is denied.

## ADDITIONAL DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff or another third party, Elevate further pleads the following additional defenses to all the individual claims alleged in the Complaint.  All of the following defenses are pled in the alternative and none of them constitutes an admission that Elevate is liable to Plaintiff or any third party, that Plaintiff or any third party has been or will be injured or damaged in any way, or that Plaintiff or any third party is entitled to any relief whatsoever.

## FIRST DEFENSE

The Complaint, and each cause of action or count alleged therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against Elevate.

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## SECOND DEFENSE

The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of limitations.

## THIRD DEFENSE

The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of repose.

## FOURTH DEFENSE

The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the doctrine of laches, waiver, res judicata, estoppel, collateral, estoppel, ratification, and unclean hands.

## FIFTH DEFENSE

Any injuries and/or damages alleged by Plaintiff were caused or contributed to by the negligence or actual conduct of other persons, firms, corporations, or entities over whom Elevate had no control or right of control and for whom Elevate is not responsible.

## SIXTH DEFENSE

Any injuries and/or damages alleged by Plaintiff are barred by the doctrines of intervening cause and/or superseding cause.

## SEVENTH DEFENSE

Plaintiff's claims are not ripe for adjudication and should be dismissed for presenting a contingent, hypothetical, or abstract dispute. Plaintiff alleges that it will be required to incur costs at some future date if the United States Environmental Protection Agency requires plaintiff to upgrade its systems to treat PFAS. Until these costs are incurred, Plaintiff cannot recover.

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Plaintiff's claims are premature to the extent that neither the State nor the United States Environmental Protection Agency has set final water quality standards, maximum contaminant levels, acceptable soil cleanup levels, or other regulatory standards that are necessary to evaluate whether natural resources have been injured.

## EIGHTH DEFENSE

Plaintiff also lacks standing to assert, in whole or in part, under the United States Constitution, the Constitution of South Carolina, state and federal statutes, and common law to bring the claims set forth in the Complaint.

Plaintiff lacks standing to bring the claims set forth in the Complaint under both the public trust doctrine and parens patriae doctrine because: (1) the property claimed to be affected is not held in the public trust and/or is not subject to the parens patriae doctrine; and (2) does not have exclusive jurisdiction over the resources at issue, or only has partial jurisdiction over such resources and has failed to join other necessary trustees in this action.

Plaintiff lacks standing to bring an action for trespass because Plaintiff has no ownership over and is not entitled to exclusive possession of various property and water bodies referenced in the Complaint, and because Plaintiff cannot establish unreasonable or substantial damage to the resource.

## NINTH DEFENSE

Plaintiff has not demonstrated or pled a legally cognizable injury in the Complaint that is capable of redress.

## TENTH DEFENSE

Plaintiff's claims for alleged injuries and damages are barred, in whole or in part, because the claims for damages are speculative and conjectural.

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## ELEVENTH DEFENSE

Plaintiff has failed to name all necessary and indispensable parties in its action.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Elevate does not owe a legal duty to Plaintiff or, if it owed such a duty, did not breach and/or fully discharged that duty.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because, at all relevant times, Elevate exercised due care with respect to activities and took reasonable precautions against foreseeable acts or omissions of others.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because none of the alleged acts or omissions of Elevate proximately caused the purported injuries and damages allegedly sustained by Plaintiff.

## FIFTEENTH DEFENSE

Upon information and belief, Plaintiff's injuries, damages, or losses, if any, were directly and proximately caused by the intervening acts, superseding acts, and conduct of others, including Plaintiff, over which Elevate had no control, thereby precluding any recovery against Elevate.

## SIXTEENTH DEFENSE

Even assuming Elevate was negligent, careless, or reckless in any respect, and that any such conduct on its part operated as a proximate cause of Plaintiff's injuries or damages, all of which are expressly denied, Plaintiff's comparative negligence, carelessness, or recklessness contributed to the cause of Plaintiff's alleged damages. For that reason, Elevate is not liable to

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

Plaintiff in any sum whatsoever, and/or to the extent that a jury finds Plaintiff at fault for less than fifty percent (50%), Plaintiff's recovery should be reduced by that percentage amount.

## SEVENTEENTH DEFENSE

Plaintiff's claims for punitive damages are violative of both the United States Constitution and the South Carolina Constitution, and Defendants plead that sections 15-32-530 et seq., of the South Carolina Code provide a cap to punitive damages potentially available in this matter.

Plaintiff also fails to state any basis upon which punitive damages are recoverable against Defendants and, accordingly, Plaintiff's prayer for such damages should be dismissed and/or stricken from the claims pursuant to Rule 12(b)(6) and/or Rule 12(f) of the South Carolina Rules of Civil Procedure.

Pursuant to S.C. Code Ann. §15-32-520, any proceeding to determine punitive damages should be bifurcated from any trial to determine liability and compensatory damages.

## EIGHTEENTH DEFENSE

Any damages suffered by Plaintiff, which such damages are expressly denied, are the direct and proximate result of Plaintiff's own conduct, and recovery should be barred or, alternatively, reduced in proportion to the same degree as to Plaintiff's comparative fault.

## NINETEENTH DEFENSE

Plaintiff has failed to mitigate its damages as required by law and such failure bars Plaintiff's recovery, in whole or in part, against Elevate.

## TWENTIETH DEFENSE

Elevate is entitled to a set-off and/or credit of any monies or proceeds received by or on behalf of Plaintiff as a result of the claims alleged in the Complaint, regardless of the source of such monies, prior to any dismissal of or judgment in this matter.

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

### TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because Elevate did not own, operate, or otherwise control the facilities or activities described in the Complaint at the time that PFAS is alleged to have migrated out of those facilities.

### TWENTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff cannot establish its alleged injuries were caused by exposure to PFAS from any conduct attributable to Elevate.

### TWENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot establish that PFAS has been reliably established through scientific means, to be capable of causing Plaintiff's alleged injuries.

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot establish exposure to sufficient concentrations or amount of PFAS, and/or for sufficient duration, which has been reliably established, through scientific means, to be capable of causing alleged injuries.

### TWENTY-FOURTH DEFENSE

Any damages Plaintiff may have suffered (which are expressly denied) were not reasonably foreseeable by Elevate at the time of the conduct alleged.

### TWENTY-FIFTH DEFENSE

Plaintiff's claims against Elevate are barred by the doctrines of unjust enrichment in that Plaintiff seeks to recover costs or damages for construction, operation, and maintenance of public water supply systems after Plaintiff sought and obtained a permit to secure, treat, and distribute public water supplies and for which it received funding from its customers, state, local, and federal sources, including, but not limited to, funding to specifically address unexpected contamination in

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

water supplies under the Emergency Response Plans of the Safe Drinking Water Act, 42 U.S.C. 300f to 300j.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Elevate neither knew, nor should have known, that any of the substances to which Plaintiff or Plaintiff's property was allegedly exposed were hazardous or constituted a reasonably foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to Elevate at all times relevant to the claims or causes of action asserted by Plaintiff.

Plaintiff's claims are barred, in whole or in part, because the alleged acts or omissions by Elevate, throughout the relevant and material time period, conformed to the then-existing custom and practice, and Elevate exercised due care and acted in accordance with and/or complied with available technological, medical, scientific, and industrial "state-of-the-art" practice, and/or applicable laws, regulations, standards, and orders.

### TWENTY-SEVENTH DEFENSE

Some or all of Plaintiff's claims are not amenable to judicial resolution because of the primary jurisdiction doctrine. *Texas v. Pacific Railway Co. v. Abilene Cotton Oil Co.*, 204 U.S. 426 (1907).

The relief sought is, in whole or in part, within the particular expertise of and is being addressed by federal and state governments, and their relevant agencies, and thus the Court should decline to exercise jurisdiction over these matters pursuant to the doctrine of primary jurisdiction, abstention, and or the doctrine of separation of powers.

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

### TWENTY-EIGHTH DEFENSE

The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of open and obvious conditions.

### TWENTY-NINTH DEFENSE

The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of voluntary exposure.

### THIRTIETH DEFENSE

The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of coming to the alleged nuisance.

### THIRTY-FIRST DEFENSE

The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of assumption of risk.

### THIRTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of election of remedies.

### THIRTY-THIRD DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, because of consent, public necessity, private necessity and/or privilege.

### THIRTY-FOURTH DEFENSE

Elevate is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency, including, without limitation, acts or omissions made in accordance with applicable statutes, regulations, permits, and industry standards.

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

### THIRTY-FIFTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrines of acquiescence, consent, justification, accord and satisfaction, ratification, settlement, or release.

### THIRTY-SIXTH DEFENSE

Plaintiff's alleged claims are preempted or barred by the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, et seq. and the South Carolina Hazardous Waste Management Action, S.C. Code Ann. § 44-56-10 et seq. to the extent such claims include, encompass or relate to environmental conditions or natural resource damages or losses at any past, present or future facilities, sites, properties, locations or other areas listed on the United States Environmental Protection Agency's National Priority List (Superfund sites), or from which discharges or releases of materials have otherwise come to be located emanating from such facilities, sites, properties, locations or areas.

### THIRTY-SEVENTH DEFENSE

Plaintiff's claims are barred because it failed to exhaust administrative remedies.

### THIRTY-EIGHTH DEFENSE

Plaintiff is not entitled to recover from Elevate more than Elevate's fair, equitable, and proportionate share, if any, of the costs and damages sought by Plaintiff or to otherwise recover from Elevate more than the amount of such relief, if any, for which Elevate is liable.

### THIRTY-NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they seek to impose retroactive liability.

Elevate may not be held liable under retroactive theories not requiring proof of fault or causation.

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

## FORTIETH DEFENSE

All claims for injunctive relief in Plaintiff's Complaint are barred because Plaintiff has adequate remedies at law, to the extent its claims are provable.

## FORTY-FIRST DEFENSE

Plaintiff's claims are barred to the extent that they seek to recover costs, damages, and expenses including, but not limited to, response, assessment, remediation cleanup and/or removal costs that Plaintiff incurred improperly, or that are not related to natural resource restoration or replacement damages.

## FORTY-SECOND DEFENSE

The damages sought by Plaintiff, if awarded, should be reduced by any amounts it recovers from any other sources and Plaintiff is barred from any form of double recovery regardless of the nature or source of such recovery.

## FORTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because, to the extent Elevate discharged wastewater, which is denied, Elevate did not know or have reason to know that its wastewater discharge, alone or in conjunction with a discharge or discharges from other sources, would cause pass through or interference, as contemplated by 40 C.F.R. § 403.5(a)(2).

## FORTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the municipal cost recovery rule or the free public services doctrine. *See United States v. Standard Oil of California*, 332 U.S. 301 (1947).

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

### FORTY-FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

### FORTY-SIXTH DEFENSE

Although Elevate denies any liability, should Elevate, or any other party, be found liable for the damages alleged in the Amended Complaint, then the liability and damage should be apportioned among all responsible parties and non-parties pursuant to S.C. Code Ann. § 15-38-10 et seq.

### FORTY-SEVENTH DEFENSE

Plaintiff's claims against Elevate are barred, in whole or in part, because Plaintiff failed to exercise reasonable diligence in mitigating and/or avoiding any alleged damages.

### FORTY-EIGHTH DEFENSE

Plaintiff's nuisance claims are barred, in whole or in part, because Elevate did not cause an unreasonable and substantial interference with Plaintiff's enjoyment of its property or with a right common to the general public.

### FORTY-NINTH DEFENSE

Elevate asserts and incorporates herein any affirmative defenses asserted or otherwise raised by other Defendants in this action to Plaintiff's Complaint.

### FIFTIETH DEFENSE

Elevate has not completed its investigation of Plaintiff's allegations. Elevate intends to act as best it can to inform itself of the pertinent facts and circumstances surrounding the allegations contained in Plaintiff's Complaint. Thus, Elevate hereby gives notice of its intent to assert any

PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 3:03 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

further affirmative defenses that Elevate may learn to be supported by facts and law, including, but not limited to, that this action is barred in whole or in any part by any applicable statute, contract, release, covenant, or by the doctrine of laches. Elevate reserves the right to amend this Answer to assert any such defenses.

**WHEREFORE**, having fully answered the Second Amended Complaint, Elevate respectfully requests that the Court:

1.  Dismiss with prejudice all claims asserted against Elevate;

2.  Grant judgment in favor of Elevate and against Plaintiff, declaring that Plaintiff is entitled to no damages, recovery and/or any other relief as to Elevate;

3.  Grant Elevate's costs and attorney's fees to the extent such costs and fees may be awarded in favor of Elevate consistent with applicable law; and

4.  Grant such other relief in favor of Elevate as the Court may deem just and proper.


This the 24th day of July, 2025.


/s/Robert C. Osborne, III
Robert C. Osborne, III (SC Bar No. 101827)
Caroline McCracken (SC Bar No. 106971)
PARKER POE ADAMS BERNSTEIN LLP
850 Morrison Drive, Suite 400
Charleston, South Carolina 29403
Phone: 843-727-2650
robertosborne@parkerpoe.com
carolinemccracken@parkerpoe.com

*Attorneys for Elevate Textiles, Inc.*


PPAB 12568039v1

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

STATE OF SOUTH CAROLINA
COUNTY OF FLORENCE

IN THE COURT OF COMMON PLEAS
TWELVTH JUDICIAL CIRCUIT

IN RE:
PFAS LITIGATION COORDINATED DOCKET

City of Florence, South Carolina,

*Plaintiff,*

v.

AGC Chemicals Americas, Inc. et al.,

*Defendants.*

C.A. No. 2024-CP-21-02844

DEFENDANT J.P. STEVENS &
COMPANY, INC.'S ANSWER TO
PLAINTIFF'S SECOND AMENDED
COMPLAINT

Defendant J.P. Stevens & Company, Inc., (hereinafter referred to as "JPS" or "Defendant"), by and through undersigned counsel, hereby files this Answer in response to Plaintiff City of Florence's ("Plaintiff") Second Amended Complaint ("Complaint") any and all Cross-Claims asserted previously or in the future by any Co-Defendants or Third-Party Defendants, whether having appeared in the case at this time or not, and denies all allegations not hereinafter specifically admitted and, as to the correspondingly numbered paragraphs of the Complaint, states as follows:

**STATEMENT OF THE CASE[1]**

1.      Defendant denies the allegations contained in Paragraph 1.

2.      Defendant denies the allegations contained in Paragraph 2.

---

[1] The headings and subheadings set forth in Plaintiff's Complaint are used herein for reference only, but such references do not constitute admissions by Defendant of any statements or assertions set forth therein. To the extent necessary, Defendant denies all allegations set forth in any heading or subheading in the Complaint.

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

3.      Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 3. To the extent a response is required, these allegations are denied.

4.      Defendant denies the allegations contained in Paragraph 4.

5.      Defendant denies the allegations contained in Paragraph 5.

6.      Defendant denies the allegations contained in Paragraph 6.

7.      Defendant denies the allegations contained in Paragraph 7.

## DISCLAIMER

8.      The allegations contained in Paragraphs 8, 9, 10, and 11 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

## JURISDICTION AND VENUE

9.      The allegations contained in Paragraphs 12, 13, and 14 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied

## PARTIES

### I.      Plaintiff

10.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 15, 16, and 17. To the extent a response is required, these allegations are denied.

### II.     Discharger Defendants

11.     Paragraphs 18 through 26 do not appear to relate to Defendant and therefore no response is required. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

12.     Defendant denies the allegations contained in Paragraph 27.

13.    Paragraphs 28 through 30 do not appear to relate to Defendant and therefore no response is required. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

### III.    Supplier Defendants

14.    Paragraphs 31 through 42 do not appear to relate to Defendant and therefore no response is required. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

### FACTUAL ALLEGATIONS

### I.    Background and Hazards of PFAS

15.    Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 43. To the extent a response is required, these allegations are denied.

16.    Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 44. To the extent a response is required, these allegations are denied.

17.    Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 45. To the extent a response is required, these allegations are denied.

18.    Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 46. To the extent a response is required, these allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

19. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 47. To the extent a response is required, these allegations are denied.

20. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 48. To the extent a response is required, these allegations are denied.

21. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 49. To the extent a response is required, these allegations are denied.

22. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 50. To the extent a response is required, these allegations are denied.

23. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 51. To the extent a response is required, these allegations are denied.

24. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 52. To the extent a response is required, these allegations are denied.

25. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 53. To the extent a response is required, these allegations are denied.

26.     Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 54. To the extent a response is required, these allegations are denied.

27.     Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 55. To the extent a response is required, these allegations are denied.

28.     Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 56. To the extent a response is required, these allegations are denied.

29.     Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 57. To the extent a response is required, these allegations are denied.

30.     Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 58. To the extent a response is required, these allegations are denied.

31.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 59. To the extent a response is required, these allegations are denied.

32.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 60. To the extent a response is required, these allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

33.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 61. To the extent a response is required, these allegations are denied.

34.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 62. To the extent a response is required, these allegations are denied.

35.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 63. To the extent a response is required, these allegations are denied.

36.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 64. To the extent a response is required, these allegations are denied.

37.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 65. To the extent a response is required, these allegations are denied.

38.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 66. To the extent a response is required, these allegations are denied.

39.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 67. To the extent a response is required, these allegations are denied.

II.     **Contamination of Great Pee Dee River with PFAS**

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

40.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 68. To the extent a response is required, these allegations are denied.

41.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 69. To the extent a response is required, these allegations are denied.

42.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 70. To the extent a response is required, these allegations are denied.

43.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 71. To the extent a response is required, these allegations are denied.

44.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 72. To the extent a response is required, these allegations are denied.

45.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 73. To the extent a response is required, these allegations are denied.

46.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 74. To the extent a response is required, these allegations are denied.

47. Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 75. To the extent a response is required, these allegations are denied.

48. Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 76. To the extent a response is required, these allegations are denied.

49. Defendant denies allegations contained in Paragraphs 77.

### III.    Supplier Defendants Had Superior Knowledge of PFAS's Hazardous Properties.

50. Defendant denies the allegations contained in Paragraphs 78.

51. Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 79. To the extent a response is required, these allegations are denied.

52. Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 80. To the extent a response is required, these allegations are denied.

53. Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 81. To the extent a response is required, these allegations are denied.

54. Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 82. To the extent a response is required, these allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

55.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 83. To the extent a response is required, these allegations are denied.

56.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 84. To the extent a response is required, these allegations are denied.

57.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 85. To the extent a response is required, these allegations are denied.

58.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 86. To the extent a response is required, these allegations are denied.

59.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 87. To the extent a response is required, these allegations are denied.

60.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 89. To the extent a response is required, these allegations are denied.

61.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 90. To the extent a response is required, these allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

62.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 91. To the extent a response is required, these allegations are denied.

63.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 92. To the extent a response is required, these allegations are denied.

64.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 93. To the extent a response is required, these allegations are denied.

65.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 94. To the extent a response is required, these allegations are denied.

66.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 95. To the extent a response is required, these allegations are denied.

67.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 96. To the extent a response is required, these allegations are denied.

68.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 97. To the extent a response is required, these allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

69. Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 98. To the extent a response is required, these allegations are denied.

70. Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 99. To the extent a response is required, these allegations are denied.

71. Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 100. To the extent a response is required, these allegations are denied.

72. Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 101. To the extent a response is required, these allegations are denied.

73. Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 102. To the extent a response is required, these allegations are denied.

74. Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 103. To the extent a response is required, these allegations are denied.

75. Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 104. To the extent a response is required, these allegations are denied.

76.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 105. To the extent a response is required, these allegations are denied.

77.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 106. To the extent a response is required, these allegations are denied.

78.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 107, including subparts (a) through (i). To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

## IV.     Supplier Defendants Were Directly Involved in Discharger Defendant's PFAS Use and Disposal.

79.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 108. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

80.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 109. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

81.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 110. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

82.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 111. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

83.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 112. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

84.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 113. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

85.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 114. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

86.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 115. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

87.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 116. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

these paragraphs.

88.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 117. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

**V.     Supplier Defendants Delayed, Suppressed, and Interfered with the Advance of Scientific Understanding and Regulation of Their PFAS Products.**

89.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 118. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

90.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 119. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

91.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 120. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

**VI.     Old DuPont Orchestrated a Multi-Step Corporate Restructuring Designed to Shield Its Valuable Assets from its PFAS Liabilities.**

92.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 121. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

these paragraphs.

93. Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 122. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

94. Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 123. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

95. Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 124. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

96. Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 125. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

97. Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 126. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

98. Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 127. To the extent that the allegations in these

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

99.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 128. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

100.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 129. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

**VII.     Defendants Have Harmed Plaintiff and Plaintiff's Community.**

101.     Defendant denies the allegations contained in Paragraph 130 of the Complaint.

102.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 131. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

103.     Defendant denies the allegations contained in Paragraph 132 of the Complaint.

104.     Defendant denies the allegations contained in Paragraph 133 of the Complaint.

105.     Defendant denies the allegations contained in Paragraph 134, including subparts (a) through (b) of the Complaint.

<u>FIRST CAUSE OF ACTION</u>
**Private Nuisance**

106.     Responding to Paragraph 135 of the Complaint, Defendant incorporates by reference all prior responses set forth in Paragraphs 1-96 above, as if they are fully set forth herein.

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

107. Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 136 of the Complaint. To the extent a response is required, Defendant denies these allegations.

108. Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 137 of the Complaint. To the extent a response is required, Defendant denies these allegations.

109. Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 138 of the Complaint. To the extent a response is required, Defendant denies these allegations.

110. Defendant denies the allegations contained in Paragraph 139.

111. Defendant denies the allegations contained in Paragraph 140.

112. Defendant denies the allegations contained in Paragraph 141.

113. Defendant denies the allegations contained in Paragraph 142.

114. Defendant denies the allegations contained in Paragraph 143.

115. Defendant denies the allegations contained in Paragraph 144.

116. Defendant denies the allegations contained in Paragraph 145.

117. Defendant denies the allegations contained in Paragraph 146.

## SECOND CAUSE OF ACTION
### Public Nuisance

118. Responding to Paragraph 147 of the Complaint, Defendant incorporates by reference all prior responses set forth in Paragraphs 1-107 above, as if they are fully set forth herein.

119. Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 148 of the Complaint. To the extent a response is required, Defendant denies these allegations.

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

120.    Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 149 of the Complaint. To the extent a response is required, Defendant denies these allegations.

121.    Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 150 of the Complaint. To the extent a response is required, Defendant denies these allegations.

122.    Defendant denies the allegations contained in Paragraph 151.

123.    Defendant denies the allegations contained in Paragraph 152.

124.    Defendant denies the allegations contained in Paragraph 153.

125.    Defendant denies the allegations contained in Paragraph 154.

126.    Defendant denies the allegations contained in Paragraph 155.

127.    Defendant denies the allegations contained in Paragraph 156.

128.    Defendant denies the allegations contained in Paragraph 157.

129.    Defendant denies the allegations contained in Paragraph 158.

<u>**THID CAUSE OF ACTION**</u>
**Trespass**

130.    Responding to Paragraph 159 of the Complaint, Defendant incorporates by reference all prior responses set forth in Paragraphs 1-119 above, as if they are fully set forth herein.

131.    Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 160 of the Complaint. To the extent a response is required, Defendant denies these allegations.

132.    Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 161, including subparts (a) through (d) of the Complaint. To the extent a response is required, Defendant denies these allegations.

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

133.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 162, including subparts (a) through (d) of the Complaint. To the extent a response is required, Defendant denies these allegations.

134.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 163, including subparts (a) through (d) of the Complaint. To the extent a response is required, Defendant denies these allegations.

135.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 164 of the Complaint. To the extent a response is required, Defendant denies these allegations.

136.     Defendant denies the allegations contained in Paragraph 165.

137.     Defendant denies the allegations contained in Paragraph 166.

138.     Defendant denies the allegations contained in Paragraph 167.

139.     Defendant denies the allegations contained in Paragraph 168.

140.     Defendant denies the allegations contained in Paragraph 169.

141.     Defendant denies the allegations contained in Paragraph 170.

**FOURTH CAUSE OF ACTION**
**Negligence, Gross Negligence, and/or Recklessness**

142.     Responding to Paragraph 171 of the Complaint, Defendant incorporates by reference all prior responses set forth in Paragraphs 1-131 above, as if they are fully set forth herein.

143.     Defendant denies the allegations contained in Paragraph 172.

144.     Defendant denies the allegations contained in Paragraph 173.

145.      Defendant denies the allegations contained in Paragraph 174.

146. Paragraphs 175 through 181 do not appear to relate to Defendant and therefore no response is required. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

147. Defendant denies the allegations contained in Paragraph 182.

148. Defendant denies the allegations contained in Paragraph 183.

**FIFTH CAUSE OF ACTION**
**Strict Liability – Ultrahazardous Activity**
**(Supplier Defendants)**

149. Responding to Paragraph 184 of the Complaint, Defendant incorporates by reference all prior responses set forth in Paragraphs 1-138 above, as if they are fully set forth herein.

150. Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 185 of the Complaint. To the extent a response is required, Defendant denies these allegations.

151. Paragraphs 186 through 194 do not appear to relate to Defendant and therefore no response is required. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant lacks sufficient knowledge and/or information to form a belief as to the truth of these allegations and therefore denies the allegations contained in these paragraphs.

**SIXTH CAUSE OF ACTION**
**Strict Liability – Ultrahazardous Activity**
**(Burlington)**

152. Responding to Paragraph 195 of the Complaint, Defendant incorporates by reference all prior responses set forth in Paragraphs 1-149 above, as if they are fully set forth herein.

153. Paragraphs 196 through 204 do not appear to relate to Defendant and therefore no response is required. To the extent that the allegations in these paragraphs attempt to assert

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

liability on Defendant, Defendant lacks sufficient knowledge and/or information to form a belief as to the truth of these allegations and therefore denies the allegations contained in these paragraphs.

## SEVENTH CAUSE OF ACTION
### Strict Product Liability – Design Defect
### (Supplier Defendants)

154.    Responding to Paragraph 205 of the Complaint, Defendant incorporates by reference all prior responses set forth in Paragraphs 1-151 above, as if they are fully set forth herein.

155.    Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 206 of the Complaint. To the extent a response is required, Defendant denies these allegations.

156.    Paragraphs 207 through 217, including all subparts, do not appear to relate to Defendant and therefore no response is required. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant lacks sufficient knowledge and/or information to form a belief as to the truth of these allegations and therefore denies the allegations contained in these paragraphs.

## EIGTH CAUSE OF ACTION
### Strict Product Liability – Design Defect
### (Burlington)

157.    Responding to Paragraph 218 of the Complaint, Defendant incorporates by reference all prior responses set forth in Paragraphs 1-154 above, as if they are fully set forth herein.

158.    Paragraphs 219 through 230 do not appear to relate to Defendant and therefore no response is required. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

## NINTH CAUSE OF ACTION
### Strict Products Liability – Failure to Warn

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

**(Supplier Defendants)**

159.    Responding to Paragraph 231 of the Complaint, Defendant incorporates by reference all prior responses set forth in Paragraphs 1-156 above, as if they are fully set forth herein.

160.    Paragraphs 232 through 240 do not appear to relate to Defendant and therefore no response is required. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant lacks sufficient knowledge and/or information to form a belief as to the truth of these allegations and therefore denies the allegations contained in these paragraphs.

## TENTH CAUSE OF ACTION
### Strict Products Liability – Failure to Warn
### (Burlington)

161.    Responding to Paragraph 241 of the Complaint, Defendant incorporates by reference all prior responses set forth in Paragraphs 1-158 above, as if they are fully set forth herein.

162.    Paragraphs 242 through 250 do not appear to relate to Defendant and therefore no response is required. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

## ELEVENTH CAUSE OF ACTION
### Breach of Implied Warranties
### (Supplier Defendants)

163.    Responding to Paragraph 251 of the Complaint, Defendant incorporates by reference all prior responses set forth in Paragraphs 1-160 above, as if they are fully set forth herein.

164.    Paragraphs 252 through 257 do not appear to relate to Defendant and therefore no response is required. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant lacks sufficient knowledge and/or information to form a belief

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

as to the truth of these allegations and therefore denies the allegations contained in these paragraphs.

**TWELVTH CAUSE OF ACTION**
**Breach of Implied Warranties**
**(Burlington)**

165.     Responding to Paragraph 258 of the Complaint, Defendant incorporates by reference all prior responses set forth in Paragraphs 1- above, as if they are fully set forth herein.

166.     Paragraphs 259 through 264 do not appear to relate to Defendant and therefore no response is required. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant lacks sufficient knowledge and/or information to form a belief as to the truth of these allegations and therefore denies the allegations contained in these paragraphs.

**PRAYER FOR RELIEF**

Defendant denies the allegations and requests for relief contained in the unnumbered paragraph beginning with WHEREFORE on page 63 of the Complaint, including all subparts (4 through e), and demands strict proof thereof.  Defendant denies any liability whatsoever to Plaintiffs in this matter.

**AFFIRMATIVE DEFENSES**

1.     By asserting the statements and defenses below, Defendant is not implying, alleging, contending, or admitting that it has the burden of proof with respect to any of those statements or defenses. Defendant asserts as follows:

2.     **PERSONAL JURISDICTION** - Plaintiffs' claims against Defendant are barred because this Court lacks personal jurisdiction over Defendant.

3.     **IMPROPER VENUE** - Venue may be improper in this action. Defendant reserves

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

its rights to move for dismissal and/or transfer of the action based on improper and/or inconvenient venue and/or forum *non convenience* and further reserves its rights to seek application of the law of the appropriate venue on all issues, including but not limited to statute of limitations, statute of repose, and punitive damages.

4.      **LACK OF STANDING** – Plaintiff's nuisance claims are barred, in whole or in part, because they lack the legal authority or standing to bring a nuisance claim under South Carolina law.

5.      **SUBJECT MATTER JURISDICTION** - Plaintiffs' claims are barred to the extent this Court lacks subject matter jurisdiction over this action.

6.      **FAILURE TO STATE A CLAIM -** The Complaint fails to state fails to state facts sufficient to constitute a cause of action against this Defendant; therefore, Plaintiffs' action against this Defendant should be dismissed pursuant to Rule 12(b)(6).

7.      **RULE 9(b) -** Plaintiffs' claims based on fraud and misrepresentation, or any forms of same, fail to set forth allegations against Defendant with specific particularity as required and, therefore, are barred.

8.      **STATUTE OF LIMITATIONS -** The Complaint, in whole or in part, is barred by the applicable statute of limitations and/or repose.

9.      **UNCLEAN HANDS** - The Complaint is barred by laches, waiver, unclean hands, and/or ratification. Further, Plaintiffs have failed to provide Defendant with timely notice of their claims and alleged injuries and damages, resulting in Defendant being substantially prejudiced in it ability to defend itself in this action, for which Plaintiffs' claims are barred.

10.     **RETROACTIVE LIABILITY** - Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

11.     **CONFLICTS OF LAW** - Defendant hereby notifies the Court and all parties that, upon discovery and investigation of Plaintiffs' claims, the law of another state may be applicable under the governing conflicts of law.

12.     **CONTRIBUTORY/COMPARATIVE NEGLIGENCE -** Plaintiffs' claims are barred, in whole or in part, by the contributory or comparative negligence of Plaintiff(s); in the alternative, any award to Plaintiffs should be reduced by the percentage of comparative negligence of Plaintiff(s).

13.     **DOCTRINE OF MISUSE** - Plaintiffs' claims are barred, in whole or in part, by the doctrines of misuse and/or assumption of the risk and/or misuse.

14.     **NO MANUFACURING** - Defendant specifically denies that it designed, manufactured, fabricated, or assembled any PFAS-containing material or product(s) alleged to be at issue in this case that caused or contributed to Plaintiff's alleged disease.

15.     **DE MINIMIS EXPOSURE** - To the extent Plaintiff was exposed to any PFAS through any act or omission of Defendant or from or by any product allegedly manufactured, distributed, supplied, or sold by Defendant, which is denied, it was de minimis or of such insufficient quantities, at such infrequent intervals, for such short periods of time, or under such conditions, as to amount to no proximate or contributing cause of Plaintiff's alleged injury.

16.     **ACTS OF ANOTHER** - If Plaintiffs suffered damages as alleged in the Complaint, which damages this Defendant specifically denies, such claimed damages did not result, directly or indirectly, from any act or omission of this Defendant, but such damages, if any, resulted from the acts or omissions of persons other than this Defendant, for which acts or omissions this Defendant is in no way liable, and Plaintiffs, therefore, are not entitled to recover from this Defendant.

17.     **SUPERSEDING/INTERVENING CAUSE -** Plaintiffs' claims are barred, in whole

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

or in part, to the extent the alleged injuries and damages were caused by superseding or intervening causes or the conduct of third parties over whom or over which Defendant had no control or authority, or to the extent they were caused by Plaintiffs (or either of them) or any other party or parties in this action. Further, none of the alleged injuries or damages were the proximate result of any negligence/wantonness or other alleged wrongful conduct on the part of Defendant, which alleged negligence/wantonness or other alleged wrongful conduct is denied by Defendant.

18.    **MODIFICATION/ALTERATION** - To the extent that any of the products allegedly used by Plaintiff or to which Plaintiff was allegedly exposed are found to be attributable to Defendant, which Defendant denies, and such products were modified, altered, or in any way varied from when they are alleged to have left Defendant's hands, Plaintiffs' claims against Defendant are barred.

19.    **STATE OF THE ART -** To the extent it may be found that Defendant manufactured, supplied, distributed, or sold any products alleged to be at issue in this action, which is denied, those products, when manufactured and distributed, conformed to the state of the art and were in conformity with the prevailing industry standards at the time, and the then-current medical, scientific, and industrial knowledge, art, and practice was such that Defendant did not know and could not know that any of those products about which Plaintiffs complain presented a foreseeable risk of harm to Plaintiff in the normal and expected use of those products during the relevant time period.

20.    **BENEFICIAL PRODUCT** - If the trier of fact determines that a risk of damages or harm is inherent in any product for which Defendant is found to be liable, which is denied, any risks or danger created by the alleged risk (which is denied) is outweighed by the benefits of the product(s).

21.    **RES JUDICATA** - Plaintiffs' claims are barred, in whole or in part, by the doctrine(s) of collateral estoppel, *res judicata*, release, discharge, and/or accord and satisfaction.

22.    **IMPROPER PARTY** - Defendant is not the proper party and/or the real party in

interest in connection with the claims asserted by Plaintiffs.

23.    **IMPROPER JOINDER -** There is a lack of joinder of one or more parties who should or must be joined and, without the joinder of these proper parties, complete relief cannot be accorded among those already attempted to be made parties to this civil action. Further, there is a misjoinder of parties. Therefore, Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to join one or more necessary and indispensable parties.

24.    **REGULATORY COMPLIANCE -** If Plaintiff was exposed to any products found to be associated with this Defendant, which is denied, said products at the time they were manufactured were in conformity with all applicable federal and state regulations, standards, specifications, and laws; therefore, Plaintiffs' claims against this Defendant are barred.

25.    **KNOWLEDGE OF RISK** - This Defendant asserts that the state of medical and scientific knowledge and all materials relating thereto at all times material herein were such that this Defendant would not have known, nor could have reasonably known, that products of the type it is alleged to have manufactured, supplied, distributed, or sold—which is denied—presented any risk of harm, which risk of harm is denied, to the Plaintiff if properly used.

26.    **PRIOR NUISANCE DOCTRINE** - Plaintiff's nuisance claims against the Defendants are barred by the doctrine of "coming to the nuisance," the prior nuisance doctrine, and/or the doctrine of consent.

27.    **COMMON LAW** - Plaintiffs' claims are or may be barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

28.    **LACK OF BREACH** - Plaintiffs' claims are barred, in whole or in part, because Defendant did not breach any duty owed to Plaintiffs or either of them.

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

29.    **INTERMITTENT/PERIODICAL** - Plaintiff's nuisance claim is barred, in whole or in part, because the alleged contamination of a public body of water was not so intermittent or periodical as described to be considered continuing.

30.    **UNIFORM COMMERCIAL CODE -** Defendant denies that there existed any warranties, express or implied, between it and Plaintiff. Even if such warranties existed, which is denied, Plaintiff's claims for breach of warranty are barred by Plaintiff's failure to comply with the notice provisions required by South Carolina law and Article 2 of the Uniform Commercial Code, because there is no privity of contract between Plaintiff(s) and Defendant, and because Defendant effectively disclaimed any warranties.

31.    **STRICT LIABILITY -** Defendant cannot be liable to Plaintiff under the doctrine of strict liability to the extent Plaintiff was not exposed to or injured by a product sold as new property after the effective date of the statute.

32.    **PRE-EXISTING -** Plaintiffs' claims are barred, in whole or in part, to the extent the alleged injuries and damages are the sole, direct, and proximate result of pre-existing conditions or idiosyncratic reactions of Plaintiff, for which Defendant is not liable.

33.    **FEDERAL PREEMPTION -** Plaintiff's claims may be barred, in whole or in part, under the doctrine of Federal Preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issues by Congress, federal agencies, or the executive branch.

34.    **CONCERT OF ACTION -** There has been no concert of action between Defendant and any of the other named Defendants. The Defendants are not joint tortfeasors and, therefore, Defendant may not be held jointly and severally liable with the other named Defendants.

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

35. **FAILURE TO MITIGATE -** Plaintiffs' alleged injuries and damages, if proven, are barred, in whole or in part, to the extent Plaintiff(s) failed to use reasonable diligence to mitigate them.

36. **DEGREEES OF FAULT -** If the factfinder determines that Plaintiffs are entitled to recover damages, the amount of damages must be apportioned according to the respective degrees of fault and legal responsibility of all parties and non-parties in this action according to proof presented at trial. Further, Defendant requests a judgment and declaration of indemnification and contribution against all other parties or persons in accordance with the apportionment of fault between the parties and non-parties.

37. **JUDGEMENT REDUCTION -** In the event Plaintiffs recover a verdict or judgment against Defendant, said verdict or judgment must be reduced by those amounts that have been, or will, with reasonable certainty, replace or indemnify Plaintiffs, in whole or in part, for any past or future claimed economic source such as insurance, social security, workers' compensation, or employee benefits programs.

38. **ATTORNEY'S FEES -** Any request by Plaintiffs for legal fees and/or expenses is barred, in whole or in part, to the extent not expressly authorized by the law of South Carolina or other applicable law.

39. **SPECULATIVE DAMAGES -** Plaintiffs' claims are barred, in whole or in part, to the extent the damages sought have not accrued and are contingent or are merely speculative and/or uncertain.

40. **INSUFFICIENT FACTS -** Plaintiffs' Complaint fails to state facts sufficient to warrant an award of punitive damages.

41. **ACCORD & SATISFACTION -** To the extent that Plaintiffs have, or either of them has, has received payment from any alleged joint tortfeasor in full satisfaction of any of the alleged

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

injuries and/or claims against this Defendant and/or other alleged joint tortfeasors, Plaintiffs' Complaint in each and every count and cause of action alleged therein is barred by the defenses of payment and accord and satisfaction.

42.     **SET-OFF -** If the Plaintiffs have, or either of them has, settled or should hereafter settle with any party or non-party with respect to any of the allegations in the Complaint or for any of the injuries or damages alleged in this action, Ascend is entitled to a credit, reduction, or set-off in the amount of said settlement(s).

43.     **STANDARDS OF LIMITATIONS -** To the extent Plaintiffs' Complaint asserts a demand for punitive damages, this Defendant specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards that arose in the decisions of *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001); and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

44.     **PUNITITVE DAMAGES -** To the extent Plaintiffs' Complaint seeks punitive damages, this Defendant affirmatively pleads the following in regard to punitive damages:

(a) An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the South Carolina Constitution;

(b) An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the South Carolina Constitution;

(c) The criteria used for determining whether and in what amount punitive damages may be awarded are impermissible, vague, imprecise, and inconsistent and, therefore, violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the South Carolina Constitution;

(d) An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the United States Constitution and the corresponding provisions of the South Carolina Constitution; and

(e) Plaintiffs' claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

45.    **BIFURACATION** - Pursuant to S.C. Code Ann. § 15-32-520, Defendant hereby requests trial bifurcation on the issues of actual damages and punitive damages. To the extent the Court submits the question of punitive damages to the jury, the award of punitive damages, if any, is subject to the caps and limitations set forth in S.C. Code Ann. § 15-32-530, and Defendant pleads and incorporates all defenses, limitations on damages, and other privileges contained in S.C. Code Ann. §§ 15-32-520 and 15-32-530 as if fully stated herein verbatim.

46.    **BANKRUPT DEFENDANTS** - Some or all of Plaintiffs' claims or causes of action may not be maintained to the extent that discharge in bankruptcy requires Defendant to defend this action without joining indispensable parties who have declared bankruptcy as co-defendants and prevents the triers of fact from being able to hear and judge all relevant evidence. Defendant further reserves the right to seek contribution and/or indemnity from those parties not joined in this action as a result of bankruptcy.

47.    **POST SALE DUTY** - This Defendant denies that it has any post-sale duty to warn

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

and asserts that South Carolina has affirmatively established that it does not recognize a post-sale duty to warn.

48.     **SECTION 15-73-10 et seq.** - The alleged injuries and damages to Plaintiffs are barred by Section 15-73-10 et seq. of the South Carolina Code of Laws; therefore, Plaintiffs are prohibited by law from asserting or recovering under a cause of action based on strict liability for actual or punitive damages.

49.     **FREE PUBLIC SERVICES DOCTRINE -** Plaintiff's claims are barred, in whole or in part, by the free public services doctrine and by the municipal cost recovery doctrine.

50.     **EQUAL PROTECTION -** Plaintiff's claims fail as a matter of substantive law and violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution and the South Carolina Constitution to the extent that by relying on market share or other aggregate proof of causation or liability, Plaintiff seeks to deprive Burlington of procedural and substantive safeguards including, but not limited to, statutory and common law defenses to liability and causation generally.

51.     **OTHER AFFIRMATIVE DEFENSES** - This Defendant adopts and incorporates by reference herein, as if fully set forth, all defenses, both affirmative and otherwise, raised, pleaded, or asserted by other Defendants but only to the extent applicable to Defendant sued by Plaintiffs as a premises defendant and only to the extent not inconsistent with the other responses and affirmative defenses asserted herein by this Defendant.

52.     **RESERVATION OF RIGHTS** - Defendant's first notice of the claims set forth in Plaintiffs' Complaint against it was service of said Complaint upon it, and accordingly, Defendant reserves the right to amend its Answer, if same becomes appropriate, after full investigation and discovery. Defendant further gives notice herein that it will rely on all defenses lawfully available to

it at the time of trial and intends to rely upon any other defenses that may become available to apparent during the discovery proceedings in this action, and hereby reserves its right to supplement or amend its standard set of affirmative defenses and to assert any such defenses, and/or supplement, alter, or change the affirmative defenses asserted herein upon ascertaining additional or different facts during and upon completion of discovery and investigation.

## RESERVATION OF CROSS-CLAIMS

All Cross-Claims for contribution and for indemnity by this Defendant against all Co-Defendants and Third-Party Defendants are hereby reserved and implied.

## JURY DEMAND

This Defendant requests trial by jury on all issues so triable.

**WHEREFORE**, this Defendant prays the Court for the following relief:

1.    That the Complaint be dismissed with prejudice as to this Defendant;

2.    That all Cross-Claims against this Defendant be dismissed with prejudice;

3.    That the Plaintiffs and other Defendants and/or Third-Party Defendants have and recover nothing from this Defendant;

4.    That the costs of this action be taxed against the Plaintiffs and/or other Defendants and/or Third-Party Defendants;

5.    That any judgment against this Defendant be reduced by any amount that any employer of Plaintiff, their successors or assigns, would be entitled to receive therefrom by way of subrogation;

6.    That there be a trial by jury on all issues of fact; and

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

7.     For such other and further relief as the Court deems just and proper.

Respectfully submitted,

 /s/ Yancey A. McLeod III
Yancey A. McLeod, III (S.C. Bar No. 80911)
Joshua M. W. Salley, Esq. (S.C. Bar No. 104243)
Maron Marvel Bradley Anderson & Tardy LLC
259 Seven Farms Drive Suite 300
Charleston, SC 29402
ymcleod@maronmarvel.com
Jsalley@maronmarvel.com

*Attorneys for J.P. Stevens & Company, Inc.*

July 24, 2025
Charleston, SC

ELECTRONICALLY FILED - 2025 Jul 24 4:51 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Aug 13 10:15 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

STATE OF SOUTH CAROLINA

COUNTY OF FLORENCE

IN THE COURT OF COMMON PLEAS

FOR THE TWELFTH
JUDICIAL CIRCUIT

In Re:
PFAS Litigation Coordinated Docket

---

City of Florence, South Carolina,

*Plaintiff*,

v.

ACG Chemicals Americas, Inc., et al.

*Defendants*.

C.A. No. 2024-CP-21-02844

**ACCEPTANCE OF SERVICE
ON BEHALF OF
AMERICHEM, INC.**

Pursuant to Rule 4(j), SCRCP, I hereby accept and acknowledge service and my receipt via email of the Second Amended Summons and Second Amended Complaint in the above captioned matter on behalf of Defendant AmeriChem, Inc. ("AmeriChem"), effective this 13th day of August, 2025, with no further service on AmeriChem being necessary.

/s/ Ruth Levy_____
Ruth Ann Levy, Esq.
SC Bar No. 103371
Womble Bond Dickinson (US) LLP
1221 Main Street, Ste. 1600
Columbia, SC
(803) 454-7718
Ruth.levy@wbd-us.com

Christopher M. Ward (*PHV forthcoming)*
Christopher Jones (*PHV forthcoming)*
Calfee, Halter & Griswold LLP
1200 Huntington Center
41 S. High Street
Columbus, OH 43215
(614) 621-1500
cward@calfee.com
cjones@calfee.com

*Counsel for AmeriChem, Inc.*

ELECTRONICALLY FILED - 2025 Aug 18 1:31 PM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

STATE OF SOUTH CAROLINA

COUNTY OF FLORENCE

IN THE COURT OF COMMON PLEAS

FOR THE TWELFTH
JUDICIAL CIRCUIT

In Re:
PFAS Litigation Coordinated Docket

City of Florence, South Carolina,

*Plaintiff*,

v.

ACG Chemicals Americas, Inc., et al.

*Defendants*.

C.A. No. 2024-CP-21-02844

**ACCEPTANCE OF SERVICE
ON BEHALF OF
CASCADES HOLDING US, INC.**

Pursuant to Rule 4(j), SCRCP, I hereby accept and acknowledge service and my receipt via email of the Second Amended Summons and Second Amended Complaint in the above captioned matter on behalf of Defendant Cascades Holding US, Inc. ("Cascades"), effective this 18th day of August, 2025, with no further service on Cascades being necessary.

s/ Michael J. Anzelmo
Michael J. Anzelmo
McGuire Woods, LLP
1301 Gervais Street, Ste. 1310
Columbia, SC 29201
(803) 251-2313
manzelmo@mcguirewoods.com

*Counsel for Cascades Holding US, Inc.*

ELECTRONICALLY FILED - 2025 Aug 18 11:00 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF FLORENCE | FOR THE TWELFTH JUDICIAL CIRCUIT |

In Re:
PFAS Litigation Coordinated Docket

City of Florence, South Carolina,

*Plaintiff*,

v.

ACG Chemicals Americas, Inc., et al.

*Defendants*.

C.A. No. 2024-CP-21-02844

**ACCEPTANCE OF SERVICE
ON BEHALF OF
DELTA MILLS, INC.**

Pursuant to Rule 4(j), SCRCP, I hereby accept and acknowledge service and my receipt via email of the Second Amended Summons and Second Amended Complaint in the above captioned matter on behalf of Defendant Delta Mills, Inc. ("Delta Mills"), effective this 18th day of August, 2025, with no further service on Delta Mills, Inc. being necessary.

s/ Peter D. Protopapas
Peter D. Protopapas, Receiver

This 18th Day of August, 2025

ELECTRONICALLY FILED - 2025 Aug 20 10:10 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

STATE OF SOUTH CAROLINA

COUNTY OF FLORENCE

IN THE COURT OF COMMON PLEAS

TWELFTH JUDICIAL CIRCUIT

IN RE:

PFAS LITIGATION COORDINATED DOCKET

---

| City of Florence, South Carolina, | C.A. No. 2024-CP-21-02844 |
|---|---|
| *Plaintiff*, | **PROOF OF SERVICE** |
| v. | |
| AGC Chemicals Americas, Inc. *et al.*, | |
| *Defendants*. | |

Plaintiff City of Florence, South Carolina ("Plaintiff") served Plaintiff's Second Amended Summons and Second Amended Complaint on Defendant AGC Chemicals Americas, Inc. ("AGC Chemicals") via certified mail, restricted delivery, mailed on August 8, 2025, from Spartanburg, SC to AGC Chemicals' registered agent, CT Corporation System, 2 Office Park Court, Ste. 103, Columbia, SC 29223. The date of delivery was August 13, 2025, as shown on the attached signed USPS Return Receipt Card.

*/s/ John B. White, Jr.*

John B. White, Jr. (SC Bar No. 05996)
Marghretta H. Shisko (SC Bar No. 100106)
Christopher R. Jones (SC Bar No. 101265)
Griffin L. Lynch (SC Bar No. 72518)
JOHN B. WHITE, JR., PA
PO Box 2465 (29304)
291 S. Pine Street

Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

Spartanburg, SC
August 20, 2025

ELECTRONICALLY FILED - 2025 Aug 20 10:10 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844



ELECTRONICALLY FILED - 2025 Aug 20 10:10 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Aug 20 10:10 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

STATE OF SOUTH CAROLINA

COUNTY OF FLORENCE

IN THE COURT OF COMMON PLEAS

TWELFTH JUDICIAL CIRCUIT

IN RE:

PFAS LITIGATION COORDINATED DOCKET

City of Florence, South Carolina,

*Plaintiff*,

v.

AGC Chemicals Americas, Inc. *et al.*,

*Defendants*.

C.A. No. 2024-CP-21-02844

**PROOF OF SERVICE**

Plaintiff City of Florence, South Carolina ("Plaintiff") served Plaintiff's Second Amended Summons and Second Amended Complaint on Defendant Arkema, Inc. ("Arkema") via certified mail, restricted delivery, mailed on August 8, 2025, from Spartanburg, SC to Arkema's registered agent, Corporation Service Company, 508 Meeting Street, West Columbia, SC 29169. The date of delivery was August 11, 2025, as shown on the attached signed USPS Return Receipt Card.

*/s/ John B. White, Jr.*
John B. White, Jr. (SC Bar No. 05996)
Marghretta H. Shisko (SC Bar No. 100106)
Christopher R. Jones (SC Bar No. 101265)
Griffin L. Lynch (SC Bar No. 72518)
JOHN B. WHITE, JR., PA
PO Box 2465 (29304)
291 S. Pine Street
Spartanburg, SC 29302
(864) 594-5988

jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

Spartanburg, SC
August 20, 2025

ELECTRONICALLY FILED - 2025 Aug 20 10:10 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Aug 20 10:10 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Arkema, inc.
c/o Registered Agent,
Corporation Service Company
508 Meeting Street
West Columbia, SC 29169

9590 9402 9527 5069 1550 15

2. Article Number (Transfer from service label)

9589 0710 5270 2830 3193 04

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X    *Daniele Kriz*
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
11 AUG 2025

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

Daniele Kriz

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ___il Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☒ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

ELECTRONICALLY FILED - 2025 Aug 20 10:10 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

STATE OF SOUTH CAROLINA

COUNTY OF FLORENCE

IN THE COURT OF COMMON PLEAS

TWELFTH JUDICIAL CIRCUIT

IN RE:

PFAS LITIGATION COORDINATED DOCKET

City of Florence, South Carolina,

*Plaintiff*,

v.

AGC Chemicals Americas, Inc. *et al.*,

*Defendants*.

C.A. No. 2024-CP-21-02844

**PROOF OF SERVICE**

Plaintiff City of Florence, South Carolina ("Plaintiff") served Plaintiff's Second Amended Summons and Second Amended Complaint on Defendant Celgard, LLC ("Celgard") via certified mail, restricted delivery, mailed on August 8, 2025, from Spartanburg, SC to Celgard's registered agent, CT Corporation System, 2 Office Park Court, Ste. 103, Columbia, SC 29223. The date of delivery was August 13, 2025, as shown on the attached signed USPS Return Receipt Card.

*/s/ John B. White, Jr.*
John B. White, Jr. (SC Bar No. 05996)
Marghretta H. Shisko (SC Bar No. 100106)
Christopher R. Jones (SC Bar No. 101265)
Griffin L. Lynch (SC Bar No. 72518)
JOHN B. WHITE, JR., PA
PO Box 2465 (29304)
291 S. Pine Street
Spartanburg, SC 29302
(864) 594-5988

jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

Spartanburg, SC
August 20, 2025

ELECTRONICALLY FILED - 2025 Aug 20 10:10 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Aug 20 10:10 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844



**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Celgard, LLC
c/o Registered Agent,
CT Corporation System
2 Office Park Court, Ste. 103
Columbia. SC 29223

9590 9402 9285 4295 4902 25

2. Article Number *(Transfer from service label)*

9589 0710 5270 2830 3193 66

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X        Pam Johnson
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*
Pam Johnson

C. Date of Delivery
8 13

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delive____ ____ ____  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ____ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt

ELECTRONICALLY FILED - 2025 Aug 20 10:10 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

STATE OF SOUTH CAROLINA

COUNTY OF FLORENCE

IN RE:

PFAS LITIGATION COORDINATED DOCKET

City of Florence, South Carolina,

*Plaintiff*,

v.

AGC Chemicals Americas, Inc. *et al.*,

*Defendants*.

IN THE COURT OF COMMON PLEAS

TWELFTH JUDICIAL CIRCUIT

C.A. No. 2024-CP-21-02844

**PROOF OF SERVICE**

Plaintiff City of Florence, South Carolina ("Plaintiff") served Plaintiff's Second Amended Summons and Second Amended Complaint on Defendant Clariant Corporation ("Clariant") via certified mail, restricted delivery, mailed on August 8, 2025, from Spartanburg, SC to Clariant's registered agent, Corporation Service Company, 508 Meeting Street, West Columbia, SC 29169. The date of delivery was August 11, 2025, as shown on the attached signed USPS Return Receipt Card.

*/s/ John B. White, Jr.*

John B. White, Jr. (SC Bar No. 05996)
Marghretta H. Shisko (SC Bar No. 100106)
Christopher R. Jones (SC Bar No. 101265)
Griffin L. Lynch (SC Bar No. 72518)
JOHN B. WHITE, JR., PA
PO Box 2465 (29304)
291 S. Pine Street

Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

Spartanburg, SC
August 20, 2025

ELECTRONICALLY FILED - 2025 Aug 20 10:10 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Aug 20 10:10 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Clariant Corporation
c/o Registered Agent,
Corporation Service Company
508 Meeting Street
West Columbia, SC 29169

9590 9402 9527 5069 1550 22

2. Article Number (Transfer from service label)

9589 0710 5270 2830 3193 11

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Daniele Kriz*    ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
1 1 AUG 2025

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

Daniele Kriz

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...Mail
☐ ...Mail Restricted Delivery
...0)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☒ Signature Confirmation Restricted Delivery

Domestic Return Receipt

ELECTRONICALLY FILED - 2025 Aug 20 10:10 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

STATE OF SOUTH CAROLINA

COUNTY OF FLORENCE

IN RE:

PFAS LITIGATION COORDINATED DOCKET

---

City of Florence, South Carolina,

*Plaintiff*,

v.

AGC Chemicals Americas, Inc. *et al.*,

*Defendants*.

IN THE COURT OF COMMON PLEAS

TWELFTH JUDICIAL CIRCUIT

C.A. No. 2024-CP-21-02844

**PROOF OF SERVICE**

Plaintiff City of Florence, South Carolina ("Plaintiff") served Plaintiff's Second Amended Summons and Second Amended Complaint on Defendant Solvay Specialty Polymers USA, LLC ("Solvay Specialty") via certified mail, restricted delivery, mailed on August 8, 2025, from Spartanburg, SC to Solvay Specialty's registered agent, Corporation Service Company, 508 Meeting Street, West Columbia, SC 29169. The date of delivery was August 11, 2025, as shown on the attached signed USPS Return Receipt Card.

*/s/ John B. White, Jr.*
John B. White, Jr. (SC Bar No. 05996)
Marghretta H. Shisko (SC Bar No. 100106)
Christopher R. Jones (SC Bar No. 101265)
Griffin L. Lynch (SC Bar No. 72518)
JOHN B. WHITE, JR., PA
PO Box 2465 (29304)
291 S. Pine Street

Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

Spartanburg, SC
August 20, 2025

ELECTRONICALLY FILED - 2025 Aug 20 10:10 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Aug 20 10:10 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Solvay Specialty Polymers USA, LLC
c/o Registered Agent,
Corporation Service Company
508 Meeting Street
West Columbia, SC 29169

9590 9402 9527 5069 1292 76

2. Article Number (Transfer from service label)

9589 0710 5270 2830 3193 42

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *Daniele Kriz*   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

11 AUG 2025

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

Daniele Kriz

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053        Domestic Return Receipt

STATE OF SOUTH CAROLINA

COUNTY OF FLORENCE

IN RE:

PFAS LITIGATION COORDINATED DOCKET

IN THE COURT OF COMMON PLEAS

TWELFTH JUDICIAL CIRCUIT

City of Florence, South Carolina,

*Plaintiff*,

v.

AGC Chemicals Americas, Inc. *et al.*,

*Defendants*.

C.A. No. 2024-CP-21-02844

**PROOF OF SERVICE**

Plaintiff City of Florence, South Carolina ("Plaintiff") served Plaintiff's Second Amended Summons and Second Amended Complaint on Defendant Thuasne, LLC ("Thuasne") via certified mail, restricted delivery, mailed on August 8, 2025, from Spartanburg, SC to Thuasne's registered agent, Corporation Service Company, 508 Meeting Street, West Columbia, SC 29169. The date of delivery was August 11, 2025, as shown on the attached signed USPS Return Receipt Card.

*/s/ John B. White, Jr.*
John B. White, Jr. (SC Bar No. 05996)
Marghretta H. Shisko (SC Bar No. 100106)
Christopher R. Jones (SC Bar No. 101265)
Griffin L. Lynch (SC Bar No. 72518)
JOHN B. WHITE, JR., PA
PO Box 2465 (29304)
291 S. Pine Street
Spartanburg, SC 29302
(864) 594-5988

ELECTRONICALLY FILED - 2025 Aug 20 10:10 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

Spartanburg, SC
August 20, 2025

ELECTRONICALLY FILED - 2025 Aug 20 10:10 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

ELECTRONICALLY FILED - 2025 Aug 20 10:10 AM - FLORENCE - COMMON PLEAS - CASE#2024CP2102844

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Thuasne, LLC
c/o Registered Agent, Corporation
Service Company
508 Meeting Street
Columbia, SC 29169

9590 9402 9527 5069 1292 83

2. Article Number (Transfer from service label)

9589 0710 5270 2830 3193 59

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature  _Daniele Kriz_
X  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
11 AUG 2020

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Daniele Kriz

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053   Domestic Return Receipt